| Information to identify the case: | | |
|---|---|---|
| Debtor 1: | Michael Kastrenakes<br>First Name    Middle Name    Last Name | Social Security number or ITIN: xxx–xx–5140<br>EIN: _ _–_ _ _ _ _ _ _ |
| Debtor 2:<br>(Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN: _ _ _ _<br>EIN: _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court: Middle District of Florida | | Date case filed for chapter:    11    3/27/22 |
| Case number: 8:22–bk–01210–CED | | |

Official Form 309E2 (For Individuals or Joint Debtors under Subchapter V)
# Notice of Chapter 11 Bankruptcy Case                                10/20

**For the debtors listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 11 plan may result in a discharge of debt. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Michael Kastrenakes | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 1755 McCauley Rd.<br>Clearwater, FL 33764 | |
| 4. | **Debtor's attorney**<br>Name and address | Edward J. Peterson III<br>Stichter, Riedel, Blain & Postler, P.A.<br>110 East Madison Street, Suite 200<br>Tampa, FL 33602 | Contact phone (813) 229–0144<br><br>Email epeterson@srbp.com |
| 5. | **Bankruptcy trustee**<br>Name and address | Ruediger Mueller<br>Dr. Mueller Associates, Inc.<br>1112 Watson Court<br>Reunion, FL 34747–6784 | Contact phone 678–863–0473<br><br>Email: trustee@tcmius.com |

**For more information, see page 2 >**

Debtor **Michael Kastrenakes**  Case number **8:22–bk–01210–CED**

| | | | |
|---|---|---|---|
| **6.** | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | Sam M. Gibbons United States Courthouse<br>801 North Florida Avenue, Suite 555<br>Tampa, FL 33602 | Hours open:<br>Mon–Fri 8:30am–4:00pm<br><br>Contact phone  813–301–5162<br><br>Date: March 31, 2022 |
| **7.** | **Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. You are reminded that Local Rule 5073–1 restricts the entry of personal electronic devices into the courthouse. | **April 22, 2022 at 12:00 PM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>*** Debtor must provide a Photo ID and acceptable proof of Social Security Number to the Trustee in the manner directed by the Trustee.*** | **Meeting will be held telephonically by the U.S. Trustee's Office.**<br>**For Tampa and Ft. Myers cases** Call in number: 866–910–0293, Passcode: 7560574. |
| **8.** | **Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to<br>  receive a discharge of any debts under 11 U.S.C. § 1141(d)(3) or<br>• if you want to have a debt excepted from discharge<br>  under 11 U.S.C § 523(a)(2), (4), or (6). | First date set for hearing on confirmation of plan. The court will send you a notice of that date later.<br><br>**Filing deadline for dischargeability complaints: 6/21/22** |
| | | **Deadline for filing proof of claim:**<br>**For a governmental unit: 180 days from the date of filing**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br><br>Your claim will be allowed in the amount scheduled unless:<br>• your claim is designated as *disputed*, *contingent*, or *unliquidated*;<br>• you file a proof of claim in a different amount; or<br>• you receive another notice.<br><br>If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.<br>You may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | June 6, 2022 |
| | | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing Deadline:**<br>30 days after the *conclusion* of the meeting of creditors |
| **9.** | **Creditors with a foreign address** | If you are a creditor receiving mailed notice at a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **10.** | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. The debtor will generally remain in possession of the property and may continue to operate the debtor's business. | |

**For more information, see page 3 >**

Debtor **Michael Kastrenakes**                                                                                                  Case number **8:22–bk–01210–CED**

| | | |
|---|---|---|
| **11.** | **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of a debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you believe that a particular debt owed to you should be excepted from the discharge under 11 U.S.C. § 523 (a)(2), (4), or (6), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1141 (d)(3), you must file a complaint and pay the filing fee in the clerk's office by the first date set for the hearing on confirmation of the plan. The court will send you another notice telling you of that date. |
| **12.** | **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 8. |
| **13.** | **Voice Case Info. System (McVCIS)** | McVCIS provides basic case information concerning deadlines such as case opening and closing date, discharge date and whether a case has assets or not. McVCIS is accessible 24 hours a day except when routine maintenance is performed. To access McVCIS toll free call 1–866–222–8029. |