UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                Chapter 11

MICHAEL KASTRENAKES,                          Case No. 8:22-bk-1210-CED

    Debtor.
_____/

**DEBTOR'S APPLICATION FOR AUTHORIZATION TO EMPLOY
STICHTER, RIEDEL, BLAIN & POSTLER, P.A. AS COUNSEL FOR
DEBTOR IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

MICHAEL KASTRENAKES, as debtor and debtor in possession (the "**Debtor**"), files his Application for Authorization to Employ Stichter, Riedel, Blain & Postler, P.A., as Counsel for Debtor (the "**Application**"), and requests that this Court authorize the employment of Stichter, Riedel, Blain & Postler, P.A. ("**Stichter Riedel**") as counsel for the Debtor in the above-captioned case effective as of the Petition Date (as defined below).  In support of the Application, the Debtor respectfully represents as follows:

**Jurisdiction and Venue**

1.    This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  The subject matter of this Application is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief requested herein are Section 327(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

## Background

3. On March 27, 2022 (the "**Petition Date**"), the Debtor filed his Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") and made an election to proceed in Subchapter V pursuant to the Small Business Reorganization Act of 2019, as amended.

4. The Debtor continues to manage his property as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. For more background, please see the Debtor's Chapter 11 Case Management Summary (Doc. No. 12).

## Relief Requested and Grounds for Relief

6. The Debtor desires to employ Stichter Riedel to represent him in this case.

7. All of the attorneys at Stichter Riedel are qualified to practice in this Court and are qualified to advise the Debtor on his relations with, and responsibilities to, the creditors and other interested parties in this case. Stichter Riedel has substantial experience in representing debtors in Chapter 11 bankruptcy cases.

8. The services to be rendered by Stichter Riedel include, but are not limited to, the following:

   a. rendering legal advice with respect to the Debtor's powers and duties as debtor in possession;

   b. preparing on behalf of the Debtor necessary motions, applications, orders, reports, pleadings, and other legal papers;

   c. appearing before this Court and the United States Trustee to represent and protect the interests of the Debtor;

   d. assisting with and participating in negotiations with creditors and other parties in interest in formulating a chapter 11 plan, drafting

     such a plan, and taking necessary legal steps to confirm such a plan;

  e. representing the Debtor in all adversary proceedings, contested matters, and matters involving administration of this case; and

  f. performing all other legal services that may be necessary for the proper preservation and administration of this Chapter 11 case.

9. It is necessary for the Debtor to employ counsel to perform the above-mentioned services.

10. To the best of the Debtor's knowledge, neither Stichter Riedel nor its attorneys has any connection with non-insider creditors of the Debtor, other parties in interest, or their respective attorneys. Neither Stichter Riedel nor its attorneys represent any interest adverse to the Debtor or to the estate with respect to the matters upon which it is to be employed by the Debtor.

11. The Debtor has agreed to compensate Stichter Riedel on an hourly basis in this case in accordance with Stichter Riedel's ordinary and customary rates which are in effect on the date the services are rendered, subject only to approval of this Court. The Debtor understands that Stichter Riedel's hourly rates are subject to periodic adjustments to reflect economic and other conditions.

12. The Debtor has also agreed to reimburse Stichter Riedel for the actual and necessary expenses Stichter Riedel incurs in connection with this representation.

13. Attached to this Application as **<u>Exhibit A</u>** and incorporated herein by reference is the Affidavit of Edward J. Peterson demonstrating that Stichter Riedel and its attorneys are disinterested as required by Section 327(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

14. Bankruptcy Rule 6003 provides that, except to the extent that relief is necessary to avoid immediate and irreparable harm, the Court shall not, within twenty (20) days after the filing of the voluntary petition, grant relief regarding an application under Bankruptcy Rule 2014. The Debtor submits that, absent representation by Stichter Riedel as of the Petition Date, he will suffer immediate and irreparable harm because he needs representation by counsel to proceed in this Court. Therefore, pursuant to Bankruptcy Rule 6003, interim relief is appropriate pending final approval of this Application. Consequently, the Debtor requests that the Court enter an order approving this Application subject to any party in interest filing an objection and request for hearing prior to or on the 21st day after the Petition Date and, if no such objection and request for hearing is timely filed with the Court, providing that such order shall become final on the 21st day after the Petition Date.

15. If the Court should find that interim relief pursuant to Bankruptcy Rule 6003 is inappropriate, the Debtor respectfully requests that the retention of Stichter Riedel be approved *nunc pro tunc* as of the Petition Date.

WHEREFORE, the Debtor respectfully requests that this Court enter an order approving this Application *nunc pro tunc* to the Petition Date; authorizing the Debtor to employ Stichter Riedel and its attorneys as counsel for the purposes set forth in this Application *nunc pro tunc* to the Petition Date; authorizing the Debtor to compensate Stichter Riedel for services rendered and reimbursement of costs upon application to and approval by this Court; and providing such other and further relief as is just.

_____
Michael Kastrenakes

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Application for Authorization to Employ Stichter, Riedel, Blain & Postler, P.A. as Counsel for Debtor in Possession Effective as of the Petition Date with attached Affidavit of Edward J. Peterson* has been furnished on this 15th day of April, 2022, by the Court's CM/ECF electronic mail system to all parties receiving electronic noticing.

                                                       */s/ Edward J. Peterson*
Edward J. Peterson
Florida Bar No. 0014612
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida   33602
Telephone:  (813) 229-0144
Email:  epeterson@srbp.com
Attorneys for Debtor

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:	Chapter 11

MICHAEL KASTRENAKES,	Case No. 8:22-bk-1210-CED

    Debtor.
_____/

**AFFIDAVIT IN SUPPORT OF DEBTOR'S
APPLICATION FOR AUTHORIZATION TO EMPLOY
STICHTER, RIEDEL, BLAIN & POSTLER, P.A. AS COUNSEL FOR DEBTOR**

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

    BEFORE ME, the undersigned authority, personally appeared Edward J. Peterson, an attorney with the firm of Stichter, Riedel, Blain & Postler, P.A., who, being duly sworn, submits the following statement in compliance with 11 U.S.C. §§327, 328 and 329 and Bankruptcy Rules 2014 and 2016 and deposes and says:

    1.    I am Edward J. Peterson.  I am an attorney employed by the law firm of Stichter, Riedel, Blain & Postler, P.A. ("**Stichter Riedel**"), which is located at 110 East Madison Street, Suite 200, Tampa, Florida 33602.  I am duly authorized to practice law in the State of Florida and am admitted to the bar of the United States District Court for the Middle District of Florida, as are all other attorneys with Stichter Riedel.  Stichter Riedel and I represent the Debtor in this Chapter 11 case.  It is anticipated that Stichter Riedel will staff the case with senior and junior attorneys, as well as paralegals, depending upon the skill and experience required, the difficulty of the particular project, and the client's desires.

2.      Unless otherwise stated, this Affidavit is based upon facts of which I have personal knowledge.

3.      This Affidavit is submitted in order to comply with 11 U.S.C. §§327, 328 and 329, and Bankruptcy Rules 2014 and 2016.

4.      In preparing this affidavit, I reviewed a list of creditors of the Debtor.

5.      Stichter Riedel was contacted to advise Michael Kastrenakes (the "**Debtor**") with respect to various legal and financial issues. Stichter Riedel received the aggregate sum of $41,738.00 on account of prepetition services and as a retainer for postpetition services from the Maria Kastrenakes IRR Trust 12/30/2009. The retainer was to be applied first to prepetition services (including costs) and the balance was to reduce Stichter Riedel's application for postpetition fees and costs.

6.      To the best of my knowledge, formed after reasonable inquiry, no attorney employed by Stichter Riedel holds any interest adverse to the Debtor, the estate, or any other parties in interest.

7.      No attorney in Stichter Riedel is, or has ever been, a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

8.      To the best of my knowledge, no attorney in Stichter Riedel presently represents any creditor, general partner, lessor, lessee, party to an executory contract with the Debtor, or person otherwise adverse to the Debtor or the estate, on any matter related to the Debtor or the estate. Stichter Riedel does not believe that any actual conflict of interest exists with respect to its representation of the Debtor.

9.      Based on the foregoing, Stichter Riedel is disinterested as defined in 11 U.S.C. §101(14).

10. There is no agreement of any nature as to the sharing of any compensation to be paid to Stichter Riedel. The compensation of attorneys at Stichter Riedel is fixed from time to time by its board of directors.

11. Nothing herein is intended to waive, and does not waive, any attorney-client privilege with respect to confidential communications between the Debtor and Stichter Riedel.

12. This concludes my Affidavit.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Edward J. Peterson

SWORN TO AND SUBSCRIBED BEFORE ME this 14th day of April, 2022, by Edward J. Peterson, who is personally known to me and who did not take an oath.

_____
Notary Public State of Florida
My Commission Expires:

[Notary Seal: SUSAN T. JEFFCOAT, NOTARY PUBLIC, MY COMMISSION EXPIRES 3-13-2026, STATE OF FLORIDA, COMMISSION NUMBER HH 199229]

4866-4920-5524, v. 1