**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

MICHAEL KASTRENAKES,

      Debtor.

_____/

Case No.: 8:22-bk-01210-CED
Chapter: 11
Subchapter V

## <u>VASILOUDES CREDITORS' OBJECTION TO IRS EXTENSION MOTION</u>

      Creditors, Dr. Panayiotis Vasiloudes, Cygram Heritage, LLLP, and Cygram Holdings, L.P. (collectively, the "Vasiloudes Creditors"), object on the following grounds to the "Debtor's Motion to Extend Time to File 2021 Tax Return" (the "IRS Extension Motion") [Doc. 48] filed on May 5, 2022, by Michael Kastrenakes (the "Debtor"):

### A.  <u>Brief Relevant Background</u>

      1.      The Vasiloudes Creditors possess millions of dollars in claims against the Debtor, in connection with a fraud scheme involving numerous business entities (collectively, the "Kastrenakes Entities") owned and controlled by the Debtor and his spouse, Maria Kokolakis Kastrenakes ("Ms. Kastrenakes").

      2.      Upon information and belief, the Debtor and Ms. Kastrenakes (together, the "Kastrenakeses") have utilized the Kastrenakes Entities as part of a shifting shell game, to continue an automobile sale, lease, and finance business (the "Automobile Business") under many names.

      3.      On March 27, 2022, the Debtor initiated this subchapter V chapter 11 case (this "Bankruptcy Case") shortly after the Vasiloudes Creditors initiated state court litigation against the Debtor and several of his business entities utilized in the fraud scheme.

      4.      The Debtor takes the position that the Kastrenakes Entities that he controlled are defunct; however, Ms. Kastrenakes has not filed for bankruptcy relief, and continues the

Automobile Business in the name of at least one other Kastrenakes Entity.[1]  The Vasiloudes Creditors have propounded discovery in state court litigation and herein, to better understand the business, financial, and legal relationship of the Kastrenakes Entities.

5.      In the Bankruptcy Case, the Vasiloudes Creditors and others have initiated a contested matter (the "Eligibility Contested Matter") challenging the Debtor's eligibility under subchapter V for many reasons, including his exceeding debt limits, the nature of his debt, and whether he is truly engaged in business.[2]

6.      Causes of action that may constitute "property of the estate" under Bankruptcy Code §541 are likely to be confirmed from the joint IRS filings of the Kastrenakeses for 2021.

**B.  Relief Requested and Basis for Opposition**

7.      In the IRS Extension Motion, the Debtor seeks to delay filing his 2021 income tax return, it being noted that the Kastrenakeses have historically filed jointly.  The extension is sought through October 15, 2022:  If the Vasiloudes Creditors do not prevail regarding the Eligibility Contested Matter, one would expect a confirmation hearing to have occurred by then.

8.      The implication is that this will not impact any substantive rights or otherwise impact the estate.  The Kastrenakeses' recent financial history, as well as the current status of the Bankruptcy Case, denies this contention.  The most useful evidence as to the joint ownership of the Automobile Business, the Kastrenakes Entities, and an array of other investments would be the most recent tax return for the Kastrenakeses.

---

[1] Ms. Kastrenakes purports to have formed a business entity known as CPX Holdings, LLC, on March 11, 2022, only 19 days after the Vasiloudes Creditors brought suit, and 16 days before the Debtor's petition date.  This business entity appears to be solvent and engaged in the Automobile Business, a copy of the relevant Sunbiz record being attached hereto as Exhibit "A."

[2] The Eligibility Contested Matter is framed by the "Vasiloudes and Cygram's Objection to the Debtor's Subchapter V Designation" [Doc. 29], filed April 15, 2022, "NextGear Capital, Inc.'s Joinder to Objection to Subchapter V Designation" [Doc. 46], filed on May 4, 2022, and "Debtor's Response in Opposition to the Subchapter V Elibility [sic] Objection" [Doc. 49], filed on May 5, 2022.

9.      In state court litigation, and events leading up to it, the Kastrenakeses have not disputed the fact that they used funds purloined from the Vasiloudes Creditors to satisfy an IRS tax lien filed on their home on May 2, 2017.[3]  This is indicative of problems that should not be permitted to complicate the progress of this Bankruptcy Case.

10.      The Debtor's problems involving timely and appropriate handling of his tax obligations additionally include a felony plea to sales tax evasion in a case (the "Criminal Case") that came of record three (3) days prior to the petition date.[4]

11.      The timely and complete tax filings of the Kastrenakeses will likely be very significant to a better understanding of the facts and issues impacting the Bankruptcy Case as to subchapter V eligibility.  An array of confirmation issues may be impacted by information on the 2021 tax return.[5]

12.      The expedited procedural framework of subchapter V, if in fact the Kastrenakeses were to prevail in making this designation, is such that completion of the most recent tax return will contain substantial important information necessary to determine whether and on what terms the Debtor might reorganize.  Delay in filing a tax return will either delay administration of the case or produce a result that might not be appropriate.

WHEREFORE the Vasiloudes Creditors object to the IRS Extension Motion, request that it be denied and request all other relief consistent with the foregoing.

DATED this 9th day of May, 2022.

---

[3] A copy of the "Certificate of Release of Federal Tax Lien" in the amount of $344,342.42, executed on June 29, 2017, is attached hereto as Exhibit "B."

[4] The Debtor's felony plea pertaining to a Florida Department of Revenue sales tax liability of $4,975,722.56, and a failure to remit $1,902,323.37 as of the date of the felony information, with the guilty plea on March 24, 2022, is evidenced by documentation attached hereto as Composite Exhibit "C."

[5] Upon information and belief, the Kastrenakeses formed a series of trusts for the benefit of Ms. Kastrenakes and the couple's four (4) children following a recognition that the problems with the Vasiloudes Creditors and the onset of the Criminal Case were inevitable, among other reversals.  Recovery of joint assets for the benefit of creditors, likely to be revealed in recent IRS tax filings, could substantially impact the rights of creditors in this Bankruptcy Case.

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQ.**
Florida Bar Number:  0731013
janthony@anthonyandpartners.com
**ANDREW J. GHEKAS, ESQ.**
Florida Bar Number: 0119169
aghekas@anthonyandpartners.com
**ANTHONY & PARTNERS, LLC**
100 S. Ashley Drive, Suite 1600
Tampa, Florida 33602
Telephone:  813/273-5616
Facsimile:  813/221-4113
Attorneys for the Vasiloudes Creditors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of May, 2022, a true and correct copy of the foregoing has been served through this Court's CM/ECF System, via E-mail, and/or U.S. Mail on the following parties:

**Notice has been served through E-mail to:**

Adam L Alpert on behalf of Creditor CPX Holdings, LLC
aalpert@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

Adam L Alpert on behalf of Interested Party Maria Kastrenakes
aalpert@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

John Blair Boyd on behalf of Creditor Grow Financial Federal Credit Union
bk@svllaw.com

Kathleen L DiSanto on behalf of Creditor CPX Holdings, LLC
kdisanto@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

Kathleen L DiSanto on behalf of Interested Party Maria Kastrenakes
kdisanto@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

Teresa M Hair on behalf of Creditor Wells Fargo Bank, N.A.
teresa.hair@brockandscott.com, WBECF@brockandscott.com

Amy Denton Harris on behalf of Debtor Michael Kastrenakes
aharris.ecf@srbp.com, srbpecf@srbp.com; aharris@srbp.com

Amy Denton Harris on behalf of Plaintiff Michael Kastrenakes

aharris.ecf@srbp.com, srbpecf@srbp.com; aharris@srbp.com

Danielle S Kemp on behalf of Creditor Courtney Leasing, Inc.
kempd@gtlaw.com, meyerp@gtlaw.com; FLService@gtlaw.com

Ruediger Mueller
trustee@tcmius.com, crm11@trustesolutions.net

Edward J. Peterson, III on behalf of Debtor Michael Kastrenakes
epeterson@srbp.com, epeterson.ecf@srbp.com; srbpecf@srbp.com

Edward J. Peterson, III on behalf of Plaintiff Michael Kastrenakes
epeterson@srbp.com, epeterson.ecf@srbp.com; srbpecf@srbp.com

United States Trustee - TPA
USTPRegion21.TP.ECF@USDOJ.GOV

Nicolette C Vilmos on behalf of Creditor NextGear Capital, Inc.
nicolette.vilmos@nelsonmullins.com, francis.santelices@nelsonmullins.com;
christine.howard@nelsonmullins.com

Nicolette C Vilmos on behalf of Defendant NextGear Capital, Inc.
nicolette.vilmos@nelsonmullins.com, francis.santelices@nelsonmullins.com;
christine.howard@nelsonmullins.com

Nathan A Wheatley on behalf of U.S. Trustee United States Trustee - TPA
nathan.a.wheatley@usdoj.gov

J Steven Wilkes on behalf of U.S. Trustee United States Trustee - TPA
steven.wilkes@usdoj.gov

**Notice has been served through U.S. Mail:**

Michael Kastrenakes
1755 McCauley Road
Clearwater, Florida 33764
Debtor

/s/ John A. Anthony
**ATTORNEY**

# EXHIBIT "A"



Department of State  /  Division of Corporations  /  Search Records  /  Search by Entity Name  /

# Detail by Entity Name

Florida Limited Liability Company
CPX HOLDINGS, LLC

**Filing Information**

| | |
|---|---|
| **Document Number** | L22000107061 |
| **FEI/EIN Number** | NONE |
| **Date Filed** | 03/15/2022 |
| **Effective Date** | 03/11/2022 |
| **State** | FL |
| **Status** | ACTIVE |

**Principal Address**

1755 MCCAULEY ROAD,
CLEARWATER, FL 33765

**Mailing Address**

1755 MCCAULEY ROAD,
CLEARWATER, FL 33765

**Registered Agent Name & Address**

BUSH ROSS REGISTERED AGENT SERVICES, LLC
1801 N. HIGHLAND AVENUE,
TAMPA, FL 33602

**Authorized Person(s) Detail**

**Name & Address**

Title MGR

KASTRENAKES, MARIA
1755 MCCAULEY ROAD,
CLEARWATER, FL 33765

**Annual Reports**

**No Annual Reports Filed**

**Document Images**

**No images are available for this filing.**

EXHIBIT "B"

I#: 2017215538 BK: 19700 PG: 1267, 07/12/2017 at 08:39 PM, RECORDING 1 PAGES
$10.00 KEN BURKE, CLERK OF COURT AND COMPTROLLER PINELLAS COUNTY, FL BY
DEPUTY CLERK: CLKDU08

Case 8:22-bk-01210-CED Doc 31 Filed 05/09/22 Page 9 of 37

| Form 668 (Z)<br>(Rev. 10-2000) | 16600 | Department of the Treasury - Internal Revenue Service<br>**Certificate of Release of Federal Tax Lien** |
|---|---|---|

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #3<br>Lien Unit Phone: (800) 913-6050 | Serial Number<br><br>258293817 | For Use by Recording Office |
|---|---|---|

I certify that the following-named taxpayer, under the requirements of section 6325 (a) of the Internal Revenue Code has satisfied the taxes listed below and all statutory additions. Therefore, the lien provided by Code section 6321 for these taxes and additions has been released. The proper officer in the office where the notice of internal revenue tax lien was filed on __May 02__ ____2017__, is authorized to note the books to show the release of this lien for these taxes and additions.

Name of Taxpayer
MICHAEL & MARIA J KASTRENAKES

Residence 1755 MCCAULEY RD
CLEARWATER, FL 33765-1510

COURT RECORDING INFORMATION:
Liber   Page   UCC No.   Serial No.
19612   558    n/a       2017134815

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2013 | XXX-XX-5140 | 11/24/2014 | 12/24/2024 | 132580.01 |
| 1040 | 12/31/2014 | XXX-XX-5140 | 11/23/2015 | 12/23/2025 | 211762.41 |
| ******** | ************** | ***************** | *********** | ************ | **************** |

| Place of Filing | | |
|---|---|---|
| | CLERK OF CIRCUIT COURT<br>PINELLAS COUNTY<br>CLEARWATER, FL 33756 | Total $    344342.42 |

This notice was prepared and signed at ____BALTIMORE, MD____ , on this,

the __29th__ day of __June__ , __2017__.

| Signature _Joan Flach_ | Title<br>Operations Manager,<br>Centralized Lien Operation |
|---|---|

**(NOTE:** Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Certificate of Release of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 1 - RECORDING OFFICE**

Form **668 (Z)** (Rev. 10-2000)
CAT. NO 600261

# Composite Exhibit "C"

# IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
## OF FLORIDA IN AND FOR PINELLAS COUNTY

STATE OF FLORIDA

VS.

**MICHAEL KASTRENAKES**
PID 884352
W/M; DOB: ████████

20-11345-CF    *K*

**FELONY INFORMATION**

1.  THEFT OF STATE FUNDS, 1°F
2.  FAILURE TO PRODUCE RECORDS
    FOR INSPECTION, 1°M

```
┌─────────────┐
│   ISSUE     │
│   CAPIAS    │
└─────────────┘
```

IN THE NAME AND BY THE AUTHORITY FOR THE STATE OF FLORIDA

BERNIE McCABE, State Attorney for the Sixth Judicial Circuit of Florida, in and for Pinellas County, prosecuting for the State of Florida, in the said County, under oath, Information makes that

MICHAEL KASTRENAKES

in the County of Pinellas and State of Florida, on or between the 1st day of May 2017 through the 31st day of August, in the year of our Lord, two thousand nineteen, did with intent to unlawfully deprive or defraud the State of Florida of its monies, or the use or benefit thereof, fail to remit taxes collected in the amount of $100,000 or more; contrary to Chapter 212.15(2)(d), Florida Statues, and against the peace and dignity of the State of Florida. [68U]/7

COUNT TWO

And the State Attorney aforesaid, under oath as aforesaid, further information makes that MICHAEL KASTRENAKES, in the County of Pinellas, State of Florida, on the 10th day of January, in the year of our Lord, two thousand twenty, did fail to open for inspection by the Department of Revenue all records required to be kept by Statute 213.35; contrary to Chapter 212.13(2)/26.012, Florida Statutes, and against the peace and dignity of the State of Florida. [6F]

STATE OF FLORIDA
PINELLAS COUNTY

Personally appeared before me, BERNIE McCABE, State Attorney for the Sixth Judicial Circuit of Florida, in and for Pinellas County, or his duly designated Assistant State Attorney, who being first duly sworn, says that the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true, and which if true, would constitute the offense therein charged; hence this information is filed in good faith in instituting this prosecution, and that he has received testimony under oath from the material witness or witnesses for the offense.

The foregoing instrument was acknowledged before me by means of ☒physical presence or ☐online notarization this December 2, 2020 by Bruce L. Bartlett , who is personally known to me and who did take an oath.

Assistant State Attorney for the Sixth
Judicial Circuit of the State of Florida,
Prosecuting for said State

CARRIE E. LAPKA
NOTARY PUBLIC
Commission # GG 263874
Expires October 1, 2022
Bonded Thru Troy Fain Insurance 800-385-7019

OT3000009897    NAF20-01328-K    JR/1130pc6

# PROBABLE CAUSE AFFIDAVIT

STATE OF FLORIDA                     DEPARTMENT OF REVENUE
COUNTY OF PINELLAS                   CASE NUMBER: 3000009897

Defendant:          Michael Kastrenakes
Sex:                Male
Race:               Caucasian
Date of Birth:      ███████████
Height:             5'11"
Drivers' License #: Florida ████████████

Address:            ██████████████████
                    Clearwater, Florida 33765

Offense (1):        Theft of State Funds (Sales Tax)
                    Section 212.15(2)(d), Fla. Stat.
                    Felony of the 1st Degree, 1 Count
                    Applied Period Dates: April 2017 through December
                    2017, July 2018 through July 2019
                    Offense Period Dates:  May 2017 through January
                    2018, August 2018 through August 2019

Offense (2):        Failure to Produce Records for Inspection
                    Section 212.13(2), Fla. Stat.
                    Misdemeanor of 1st Degree, 1 Count
                    Offense Date: January 10, 2020

Business Name:      Mk Automotive, Inc. doing business as New Wave Auto
                    Sales

Business Address:   8000 Park Boulevard, North
                    Pinellas Park, Florida 33781

Victim:             State of Florida

Before me this day personally appeared Philip J Wilk, who, being first duly
sworn, deposes and says that the above-named defendant committed the offense
charged and the facts and circumstances showing probable cause to believe same
are as follows:

I, Philip J. Wilk, am a Revenue Investigator - Criminal Enforcement with the state
of Florida, Department of Revenue. I have conducted an investigation of Mk

1

Automotive, Inc doing business as New Wave Auto Sales., an open business engaging in the retail sales of automobiles, located in Pinellas County, Florida.

As the designated custodian of records of the Department of Revenue regarding Department of Revenue criminal cases, I obtained a copy of the business' Florida Business Tax Application from the Department of Revenue's System for Unified Taxation. The application revealed that the business is registered with the Florida Department of Revenue as a corporation and is engaging as a retail seller of automobiles. The application identifies Michael Kastrenakes, via driver's license number, as owner with 100% ownership/control. The declaration and signature line bears the name of Michael Kastrenakes as president, who also acknowledged thereon he understands that it is a criminal offense to underreport a tax on a return or report filed and not remit a collected tax. The company is required to file monthly sales and use tax returns with the Florida Department of Revenue.

I reviewed the records of the Florida Department of State and found that Mk Automotive, Inc. is registered with the Secretary of State as a corporation. The business was incorporated on September 28, 2007 with the address listed as 8000 Park Boulevard, Pinellas Park, Florida 33781. The company status is active. Michael Kastrenakes is the sole corporate officer listed as the registered agent and president. The review of these records also found that the business is registered with the Secretary of State as a fictitious name. The fictitious name is New Wave Auto Sales and was filed on April 16, 2019. The address is 8000 Park Blvd N, Pinellas Park, FL 33781. The fictitious name status is active. MK Automotive Inc is listed is listed as owner of the fictitious name. Michael Kastrenakes electronically signed the application as owner.

I obtained the most recent renewal application for MK Automotive, Inc.'s Dealer license from the Department of Highway Safety and Motor Vehicles. The application contains what appears to be the signature of Michael Kastrenakes as president. There was also a certificate of completion for the online continuing education course required, for renewal of the license, certifying that Michael Kastrenakes completed it. The course contains a module of sales tax laws and requirements for motor vehicles dealers.

I obtained a sworn statement from Sandra Christian, manager of Eide Wholesale LLC, who owns the business property at 8000 Park Boulevard. Ms. Christian stated that she dealt with Michael Kastrenakes in the past on wholesale car deals. She also stated that Michael Kastrenakes signed the lease for the property and was the person who she dealt with exclusively as he was the owner and operator of the business. From her experience with Mk Automotive, Inc. Michael Kastrenakes made the financial decisions for the business.

2

A review of the Florida Department of Revenue records revealed that Michael Kastrenakes electronically filed sales and use tax returns on behalf of MK Automotive, Inc. for the periods January 2017 through July 2019. These returns bear the electronic signature of Michael Kastrenakes. Amended returns were filed for the monthly periods January 2017 through March 2017 and January 2018 through June 2018. These returns and bear signatures that appears to be that of Michael Kastrenakes and payments demonstrate that Michael Kastrenakes was aware of his legal responsibility to collect, report and remit sales tax collections of Mk Automotive, Inc. Moreover, these returns and payment demonstrate Michael Kastrenakes's knowledge of the sales and sales tax collection amounts listed on these returns.

I obtained the sworn statement from Martha Erdberg, office manager/comptroller for the business. After being sworn in, she stated that she worked for Mk Automotive, Inc. for approximately 10 years. She helps Michael Kastrenakes pay bills by printing out checks that he requests and signs. She also stated that Michael Kastrenakes prepares and files the sales tax returns using his access to the Dealer Trak software to obtain figures for the returns.

I obtained a sworn statement from Michael Taylor, General Manager of Mk Automotive, Inc. He was hired by Michael Kastrenakes and has worked there for approximately 10 years. Mr. Taylor is in charge of sales and marketing for Mk Automotive, Inc. including the off premises "tent sales". He has nothing to do with paying bills or financial decisions. He stated Michael Kastrenakes makes the major financial decisions for the business and is the person responsible for the collection reporting and remittance of sales tax for Mk Automotive, Inc. He also stated that Michael Kastrenakes is a hands-on owner who is aware of everything going on in his business.

I obtained a sworn statement from Suann (Ford) Dabrowski who was an employee of Mk Automotive, Inc. from May 2012 until June 2018. She started out answering phones but for the last few years she was the title clerk and was doing accounts payable and receivable. As title clerk, she processed all titles for sales at the location and all tent sales. She stated that she only processed titles for deals that were completed. She paid most of the recurring bills without authorization. Other bills were brought to general manager Mike Taylor or owner Michael Kastrenakes. Michael Kastrenakes was often a "slow payer" but after she would bring up bills to him, the bills would eventually get paid. Michael Kastrenakes was always at the dealership and was a hands-on owner who was aware of everything going on in the business.

A review of the Department's System for Unified Taxation indicated that the business was previously audited by the Department of Revenue. The results of

3

these audits show that discrepancies were found with regards to tax credits, under-reported sales and incomplete reports. The business was informed of the results of these audits. I obtained a statement from a senior revenue consultant who was involved in the audit of MK Automotive, Inc. for the period of January 2014 to December 2016 and reviewed two previous audits conducted by the Department of Revenue dating back to 2003. A Stipulated Time Payment Agreement and a Closing Agreement bear signatures that appear to be that of Michael Kastrenakes as president. These audits and signed agreements demonstrate that Michael Kastrenakes, as sole corporate officer of MK Automotive Inc, was aware of his legal responsibility to collect, report and remit sales tax collections of the business.

I made several efforts to obtain an interview with Michael Kastrenakes through his attorney's. Two tentative plans for an interview were canceled.

Michael Kastrenakes did not provide business records after my in-person request during a meeting on September 18, 2019. The request was again made through his attorney on multiple occasions via email beginning on September 23, 2019.

I obtained title transfer records for MK Automotive, Inc. from the Florida Department of Highway Safety & Motor Vehicles database. These records documented sales transactions for Mk Automotive, Inc. for the period January 2017 through July 2019. The database documents each title transfer the amount of sales tax paid by the customer from the title transfer documents submitted by Mk Automotive, Inc. Each of the over 6,000 title transfers were individually reviewed, electronically captured, and forwarded to the Florida Department of Highway Safety and Motor Vehicle for certification.

I examined the title transfer records obtained from the Florida Department of Highway Safety and Motor Vehicles. These records revealed that Mk Automotive, Inc. collected $4,975,722.56 in state sales tax for the periods April 2017 through December 2017 and July 2018 through July 2019. These business records were compared with the Department of Revenue records regarding Mk Automotive, Inc. This comparison indicated that Michael Kastrenakes, while acting in his capacity as an agent of the State, collected and failed to remit **$1,902,323.37** in state sales tax during these same periods to the Florida Department of Revenue, as was required by law; tax monies that pursuant to Florida Statute §212.15(1) became State funds at the moment of collection.

I reviewed bank statements and signature cards for the MK Automotive, Inc. bank accounts at Jefferson Bank, Harbor Community Bank and Center State Bank, obtained via subpoena from the Office of Bernie McCabe, State Attorney. These documents showed that Michael Kastrenakes was a signatory the accounts

4

## FINDING OF PROBABLE CAUSE

I ___Susan St. John, Circuit Judge___ have reviewed this Affidavit and find that there IS probable cause

to hold and bind over for trial the Defendant in this Affidavit, MICHAEL KASTRENAKES.


_(signature)_
JUDGE                                    DATE  12/3/2020

---

The Clerk of this Court is hereby directed to ISSUE CAPIAS for the arrest of the Defendant

### MICHAEL KASTRENAKES

Defendant is to be admitted to Bail in the following amounts:

Count 1 – Theft of State Funds, 1F                         $ 300,000

Count 2 – Failure to Produce Records for Inspection, 1M     $ 1,000

TOTAL:                                                      $ 301,000


Advisory Judge _____ MAY  ⟨MAY NOT⟩ modify bail at first appearance.


_(signature)_
CIRCUIT/COUNTY JUDGE

---

6

and exercised that authority. The monthly bank statements showed that Michael Kastrenakes had enough funds in the accounts to remit the collected sales tax and pay the Department of Revenue the taxes due.

Under penalties of perjury, I declare that I have read the foregoing probable cause affidavit and that the facts stated in it are true and correct to the best of my knowledge and belief.

Philip J. Wilk

Sworn to (or affirmed) and subscribed before me this _10_ day of January 2020 by Philip J. Wilk.

Personally known

Notary Public

JOHN B. CHIANCO
MY COMMISSION #GG068668
EXPIRES: MAR 04, 2021
Bonded through 1st State Insurance

5

# PERSONAL DATA INFORMATION SHEET

**ALL INFORMATION MUST BE PROVIDED BY THE INVESTIGATING OFFICER!**

*Note: Starred lines are required for computer warrant entries. *FCIC System (local) **NCIC System

| * Defendant's Full Name: | | |
|---|---|---|
| Michael Kastrenakes | | |

| * Alias: | *SSN: ▮▮▮▮▮ |
|---|---|
| | *SID #: |

| Last Known Address: |
|---|
| ▮▮▮▮▮▮▮▮▮▮ Clearwater, FL 33765 |

| Place of Employment: |
|---|
| (company) MK Automotive (business address) 8000 Park Blvd. Pinellas Park FL 33781 |

| *DOB: ▮▮▮▮ | *SEX: M | *RACE: W | FINGERPRINTS AVAILABLE: YES ☐   NO . |
|---|---|---|---|

| **HT: 5' 11" | **WT: | **HAIR: Br | I EYES: |
|---|---|---|---|

OTHER FEATURES: (BEARD, MARKS, SCARS, TATTOOS)

Per FLCrRule 3.121 attach photo - SOPICS preferred!
Originating Source of PHOTO:

☐   SOPICS Docket #

☐   FL DL # DAVID Photo confirmed
accurate by:

☐   Other State DL #
     State

☐   Other Photo Source #

☐   NO PHOTO AVAILABLE — Explanation For No Photo:

| *AGENCY: Fla. Dept. of Revenue | OFFENSE NUMBER: 300009897 |
|---|---|

*INVESTIGATING OFFICER: Philip J Smith

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, PINELLAS COUNTY

STATE OF FLORIDA,

       Plaintiff,          Case No. 20-11345-CF

vs.

MICHAEL KASTRENAKES,

       Defendant.

_____/

     PROCEEDINGS:     Change of Plea
                    Sentencing

     DATE:           March 24, 2022

     BEFORE:       The Honorable Susan St. John
                    Circuit Court Judge

     PLACE:        Pinellas County Justice Center
                    14250 49th Street North
                    Clearwater, Florida 33762

     REPORTER:     Mary Tolson
                    Digital Court Reporter


COPY

Administrative Office of the Courts
Digital Court Reporting Department
Pinellas County Justice Center
14250 49th Street North, Ste. H-2000
Clearwater, Florida 33762
(727)453-7474

2

A P P E A R A N C E S

APPEARING ON BEHALF OF THE STATE OF FLORIDA:
Julia L. Rice, Assistant State Attorney
Office of Bruce Bartlett, State Attorney
Sixth Judicial Circuit, Pinellas County
14250 49th Street North
Clearwater, Florida 33762


APPEARING ON BEHALF OF THE DEFENDANT:
Kym B. Rivellini, Attorney at Law
deVlaming and Rivellini, P.A.
1101 Turner Street
Clearwater, Florida 33756

```
 1                    P R O C E E D I N G S
 2          THE COURT:  We have Mr. Kastrenakes on Page 11,
 3          MS. RIVELLINI:  We do.  Ms. Rice is on her way.
 4          THE COURT:  Okay.
 5          MS. RIVELLINI:  I'm going to step out, go over a
 6      plea form.  You have some representatives from the
 7      Department of Revenue who are going to take a check
 8      from me once we resolve it all, but we should be able
 9      to conclude the matter today.
10          THE COURT:  Sounds great.  All right.
11          MS. RIVELLINI:  Yes.  It does sound great.
12  (Thereupon, unrelated proceedings recorded and not
13  included in this transcript.)
14          THE COURT:  Ready?
15          MS. RIVELLINI:  Yes, we are.
16          THE COURT:  All right.  Great.
17          Mr. Kastrenakes, Page 11 pretrials.
18          All right.  Ms. Rice, good morning.
19          MS. RICE:  Good morning, Your Honor.
20          THE COURT:  I understand there's been a
21      resolution.
22          MS. RICE:  Yes, Your Honor.
23          THE COURT:  Okay.  Who wants to tell me about
24      it?
25          MS. RICE:  Your Honor, Mr. Kastrenakes is
```

1    charged with a first-degree felony theft of state

2    sales tax over $100,000.  We're going to amend that

3    charge to a second-degree felony.  I can make that

4    announcement now if Your Honor would like.

5         THE COURT:  Sure.

6         MS. RICE:  The State will be amending it to

7    Florida Statute 212.15(2)(c), it's a second-degree

8    felony, it's a Level 4.  So with the new score sheet

9    he does not score.  He's non-state prison up to 30

10   years.

11        THE COURT:  Okay.

12        MS. RICE:  And the agreement is a guilty plea, a

13   withhold of adjudication, five years of probation, no

14   early term from the Court, but the State may consider

15   early term half way upon request by the Defendant if

16   he's no longer working in a position of

17   responsibilities of financial matters or sales tax.

18        There's fines and court costs, standard fines

19   and court costs, state attorney fee, $100 [*sic*]

20   community service hours.

21        THE COURT:  A hundred hours?

22        MS. RICE:  I'm sorry.  A hundred community

23   service hours.

24        And then restitution, Your Honor, is going to be

25   paid in full today.  He has brought a check with him

```
1      and we have two representatives from the Department
2      of Revenue here.
3               THE COURT:  Okay.
4               MS. RICE:  Mike David (phonetic) and Dana Floyd
5      (phonetic) and they're going to -- Defense Counsel is
6      going to hand the check to them.  The restitution is
7      $2,068,233.88.
8               THE COURT:  Okay.  So let me repeat it back to
9      you.
10              Withhold, five years of probation to the second-
11     degree felony Level 4 offense.  He scores non state.
12     It's essentially no early term without the state
13     attorney approval --
14              MS. RICE:  Correct.
15              THE COURT:  -- and it needs to be at the halfway
16     point.  Restitution is going to be paid today,
17     hundred hours of community service, a condition of
18     his probation.
19              MS. RICE:  Yes, Your Honor.
20              THE COURT:  Okay.  All right.
21              Ms. Rivellini, do you have anything to add to
22     that?
23              MS. RIVELLINI:  No.  At some point before or
24     after or during the plea in terms of probation we
25     just wanted to bring up some travel --
```

```
 1          THE COURT:  Okay.

 2          MS. RIVELLINI:  -- so that he can travel.

 3          THE COURT:  All right.  Did you want to do the

 4     checks now?

 5          MS. RIVELLINI:  We can so long as they stay

 6     until everything is --

 7          THE COURT:  Absolutely.

 8          MS. RIVELLINI:  -- absolutely finalized.

 9          THE COURT:  Sure.

10          MS. RICE:  And I would say, Your Honor, that

11     restitution is a condition of probation, it's going

12     to be paid today, but just in case there was a issue

13     with the check.

14          THE COURT:  Well, what --

15          MS. RICE:  I don't suspect there would be, but…

16          THE COURT:  Right.  I would just like to be able

17     to announce when I go through the colloquy that I

18     observed it being paid and that it's a condition of

19     probation, but it's been handed over.

20          MS. RIVELLINI:  Yes.

21          THE COURT:  Once the check clears, it's no

22     longer a condition of his probation.

23          MS. RIVELLINI:  Correct.

24          MS. RICE:  And I --

25          THE COURT:  It was will be a satisfied condition
```

1    of his probation.

2         MS. RICE:  And for Madam Clerk I can write down

3    the statute that I'm amending it to as well as the

4    restitution amount.

5         THE CLERK:  That was 212.15(2)(c) as in Charlie?

6         THE COURT:  Yep.  It's (2)(d) now so it's just

7    going to go to(2)(c).

8         MS. RIVELLINI:  Your Honor, I just handed the

9    Department of Revenue a certified check.  So all

10   funds are cleared --

11        THE COURT:  Okay.

12        MS. RIVELLINI:  -- from our trust account.  That

13   check should clear immediately and we just presented

14   a bank check for the full amount.

15        THE COURT:  Okay.  Sounds good.

16        MS. RICE:  And I don't -- we've never read a --

17   facts.  I don't know if Your Honor would --

18        THE COURT:  If you'd like to do that now, sure.

19        MS. RICE:  Okay.  From May 1, 2017 through

20   August 31, 2019 the Defendant Michael Kastrenakes was

21   operating -- he was the owner and operator of MK

22   Automotive doing business as New Wave Auto Sales at

23   8000 Park Boulevard, Pinellas Park in Pinellas

24   County, Florida.

25        This was a car dealership.  As a result of the

1    dealership he was required to collect sales tax and

2    then remit that sales tax to the State of Florida.

3    He did, over this time period, from May 1, 2017

4    through August 31, 2019 collected $4,975,000 and --

5    $4,975,722.56.  However, he failed to pay the full

6    amount that was owed to the State of Florida.  He did

7    not remit $1,902,323.32.  The total, however, owed

8    was $2,068,233.88.  That doesn't include -- that does

9    include invest costs.

10        And the second count is a misdemeanor, Your

11   Honor, failure to maintain records that is actually

12   pursuant to the statute he is required -- anyone who

13   operates a business in the State to collect sales tax

14   is required to allow Department of Revenue to come in

15   and inspect their business records at any time.

16   Department of Revenue attempted to do that on several

17   occasions and he denied them access to the records.

18        THE COURT:  All right.  So we're going to do

19   withhold time served on Count II?

20        MS. RICE:  Yes, please.

21        THE COURT:  Okay.  All right.  Mr. Kastrenakes,

22   can you raise your right hand for me.

23   (Defendant sworn.)

24        THE COURT:  All right.  Thank you.  You can put

25   your hand down.

1          Sir, you had a first-degree felony that was

2     punishable by up to 30 years.  The State just reduced

3     that to a second-degree felony punishable by up to 15

4     years in exchange for a withhold of adjudication,

5     five years of probation, no early term without state

6     attorney approval.  You have to wait at least until

7     the halfway point before you make application for

8     that.

9          One hundred hours of community service.  And

10    restitution, my understanding, has just been paid?

11    Everybody's nodding, they have the check in their

12    hand.  And once that's cleared then you won't owe any

13    additional funds for restitution purposes.

14          You will still have court costs, fines and fees.

15    550 court costs, $100 cost of prosecution.  Those

16    will be conditions of your probation as well.

17          Do you have any questions for me about any of

18    that?

19          THE DEFENDANT:  No.  No, Your Honor.

20          THE COURT:  Do you understand the entirety of

21    your sentence?

22          THE DEFENDANT:  Yes, I do.

23          THE COURT:  Believe it to be in your best

24    interest to resolve your case this way?

25          THE DEFENDANT:  I do.

```
1              THE COURT:  Tell me your full name, please.
2              THE DEFENDANT:  Michael Kastrenakes.
3              THE COURT:  How old are you?
4              THE DEFENDANT:  Fifty eight.
5              THE COURT:  How far did you get in school?
6              THE DEFENDANT:  Graduate degree.
7              THE COURT:  All right.  So you can read and
8       write.
9              THE DEFENDANT:  Yes, ma'am.
10             THE COURT:  You've had a chance to go over the
11      plea form with your lawyer?
12             THE DEFENDANT:  I did.
13             THE COURT:  You understand all of the
14      constitutional rights contained in that form?
15             THE DEFENDANT:  Yes.
16             THE COURT:  You understand that by pleading
17      guilty today you're waiving or giving up those
18      rights?
19             THE DEFENDANT:  Yes.
20             THE COURT:  That includes the right to a jury
21      trial where the State has the burden of proving this
22      case beyond a reasonable doubt.  Do you understand
23      that?
24             THE DEFENDANT:  Yes, I do.
25             THE COURT:  Waiving all of your rights freely
```

1    and voluntarily?

2        THE DEFENDANT:  Yes.

3        THE COURT:  Has anyone threatened or coerced you

4    in any way to enter a plea today?

5        THE DEFENDANT:  No.

6        THE COURT:  Are you currently under the

7    influence of drugs, alcohol, or medication of any

8    kind?

9        THE DEFENDANT:  No.

10        THE COURT:  Satisfied with the help and advice

11    of your lawyer?

12        THE DEFENDANT:  Yes, I am.

13        THE COURT:  Good.  Do you understand if you're

14    not a United States citizen you could be deported or

15    removed?

16        THE DEFENDANT:  Yes.

17        THE COURT:  Any DNA evidence, State, that would

18    exonerate Mr. Kastrenakes?

19        MS. RICE:  No, Your Honor.

20        THE COURT:  Ms. Rivellini?

21        MS. RIVELLINI:  No.

22        THE COURT:  All right.  Thank you.

23        I've heard a factual basis, I've had the

24    announcement of the reduction from the State, I've

25    personally observed restitution being paid to the

1   Department of Revenue, I'll accept the plea.  The

2   Court will find you are alert and intelligent, your

3   change of plea is entered freely and voluntarily, you

4   understand your rights, the rights you're giving up

5   and the consequences of your plea and you've been

6   represented by able trial counsel with whom you say

7   you're satisfied.

8       At this time I'll withhold adjudication,

9   sentence you to five years of probation, 550 court

10   costs, $100 costs of prosecution, 100 hours of

11   community service, no early term until you reach the

12   halfway point and without the state attorney

13   approval.

14      You have 30 days to appeal the judgment and

15   sentence of the Court.  If you cannot afford a

16   lawyer, one will be appointed for you.

17      And Count II will be withhold, time served.

18      Sir, when you're done in court today, you'll

19   need to go downstairs to the first floor, Room 1930,

20   and check in with probation.  Okay?

21      THE DEFENDANT:  Yes, ma'am.

22      THE COURT:  All right.

23      MS. RIVELLINI:  Can we just discuss the ability

24   to travel?

25      THE COURT:  Yes.  Sure.

```
 1            MS. RIVELLINI:  So what I would love ideally is
 2    for him to have the freedom to travel for work
 3    purposes so long as he were to provide probation with
 4    itinerary.
 5            He also has a preplanned --
 6            THE DEFENDANT:  Wedding.
 7            MS. RIVELLINI:  -- wedding to go to in Greece,
 8    which because of COVID has been delayed --
 9            THE COURT:  Delayed.
10            MS. RIVELLINI:  -- over the years and is
11    currently planned out of the country.  So we would
12    like for him to have permission to do that so long as
13    he provides itinerary to probation.
14            THE COURT:  Okay.
15            Do you have any objection to that?
16            MS. RICE:  No, Your Honor.
17            THE COURT:  Okay.  That's fine.
18            Ms. Rivellini is correct with the itinerary
19    portion.  If you do that, I generally don't have a
20    problem with it.  Okay.
21            THE DEFENDANT:  Okay.  Thank you, Your Honor.
22    Yes.
23            THE COURT:  So, for the flights, just make sure
24    you're giving them your flight date, the day you're
25    flying out, the day you're coming back --
```

```
1              THE DEFENDANT:  Okay.
2              THE COURT:  -- where you're staying, that kind
3       of stuff.  Okay.
4              THE DEFENDANT:  Sure.  Uh-huh.
5              MS. RIVELLINI:  So for all travel he just
6       provides itinerary --
7              THE COURT:  Yes.
8              MS. RIVELLINI:  -- to probation in advance?
9              THE COURT:  Yes.
10             MS. RIVELLINI:  Perfect.
11             THE COURT:  All right.  Thank you.
12             THE DEFENDANT:  Very good.  Thank you.  Thank
13      you.
14             MS. RICE:  Your Honor, may I approach with the
15      score sheet?
16             THE COURT:  Sure.
17             MS. RICE:  I'm just going to have you sign
18      first.
19  (Courtroom conversations.)
20             MS. RIVELLINI:  That's all I have before you.
21             THE COURT:  Thanks.  Have a good day.
22             MS. RIVELLINI:  Thanks.  You too.
23             MS. RICE:  May I approach?
24  (Proceedings concluded.)
25
```

CERTIFICATE OF COURT REPORTER

STATE OF FLORIDA

COUNTY OF PINELLAS

I, Mary Tolson, a digital court reporter for the
Sixth Judicial Circuit, do hereby certify that I was
authorized to and did transcribe the foregoing proceedings
and that the transcript is a true and correct record of
said proceedings.

DATED this 30th day of March, 2022.


                          /S Mary Tolson
                          Mary Tolson
                          Digital Court Reporter
                          Sixth Judicial Circuit

Pinellas Park car dealership owner didn't pay $1.9 million in taxes, investigators say



A D V E R T I S E M E N T



NEWS / **CRIME**

# Pinellas Park car dealership owner didn't pay $1.9 million in taxes, investigators say

The company, New Wave Auto Sales, also was tied to a COVID-19 stimulus scheme earlier this year and paid a fine, records show.

    



MICHAEL KASTRENAKES HAS BEEN CHARGED WITH FAILING TO PAY $1.9 MILLION IN TAXES TO THE STATE OF FLORIDA.
[ PINELLAS COUNTY SHERIFF'S OFFICE ]

SUBSCRIBE TO THE TAMPA BAY TIMES:
Act now!
Savings up to 70%!





2/7/22, 7:51 PM

## Tampa Bay Times

Authorities served an arrest warrant to Michael Kastrenakes, the 57-year-old owner of New Wave Auto Sales, on Friday. He was arrested on charges of theft of state funds and failing to produce records for inspection.

According to an affidavit, Kastrenakes' business, MK Automotive, Inc., was registered with the Florida Department of Revenue and was incorporated in 2007. The company was also registered under a fictitious name, New Wave Auto Sales, in 2019, with MK Automotive Inc. listed as its owner, an investigator found. Both are active, according to state records.

ADVERTISEMENT



A Department of Revenue investigator requested title transfer records for the company from the Florida Department of Highway Safety and Motor Vehicles. These records documented MK Automotive Inc.'s sales from January 2017 to July 2019.

Upon examination, the investigator found that the company had collected state sales taxes amounting to just under $5 million from April 2017 to December 2017 and from July 2018 to July 2019. The investigator compared these records to Department of Revenue files for MK Automotive Inc. and found Kastrenakes had collected and failed to

SUBSCRIBE TO THE TAMPA BAY TIMES:
Act now!
Savings up to 70%!

 

## Tampa Bay Times

credits, incomplete reports and underreported sales, the affidavit said.

The investigator tried to interview Kastrenakes through his lawyers. Two meetings were canceled and Kastrenakes also failed to deliver business records to the investigator after an in-person request and multiple requests through his attorneys, the affidavit states.

This isn't the first time Kastrenakes' company has been in the sight of state investigators this year.

In April, New Wave Auto Sales agreed to pay $11,000 to the state Attorney General's Office, after an investigation into potential fraudulent marketing practices conducted by another company on behalf of New Wave Auto Sales.

---

A D V E R T I S E M E N T



Florida wants to shield hea...
officials in COVID data law

Read More

---

A mail advertisement for a car tent sale in Bushnell included fake COVID-19 stimulus checks sent to tens of thousands of Floridians and claimed that New Wave Auto Sales was associated with a COVID-19 automotive program, according to an Attorney General's Office investigation. The mail advertisement also claimed that New Wave Auto Sales had coronavirus relief money for car purchases and that consumers could obtain funds "at a designated stimulus temporary relief site," according to Attorney General's Office

SUBSCRIBE TO THE TAMPA BAY TIMES:
Act now!
Savings up to 70%!





created and mailed the advertisements, which New Wave Auto Sales did not review or pay for. Upon learning about the marketing scheme, the company stopped using the mailers and repudiated its claims, state records say.

After his arrest, Kastrenakes was booked at the Pinellas County jail on $301,000 bail. He was released after posting bail Friday night.

Attorney Kym Rivellini began representing Kastrenakes about a year ago. She said he had been working with business attorneys to devise a plan to pay the taxes he owed, after the Department of Revenue made him aware of the money he needed to pay.

"We were making some pretty good strides in getting the restitution saved up and then COVID hit and his business took a big hit," Rivellini said. "So we took a big step backward, but the goal has been and continues to be to get the restitution gathered to pay everything back."

A D V E R T I S E M E N T



Sponsored by Charles Schwab
**Tax-Smart Investing: Wha Should Know**

SEE MORE

Rivellini said accounting issues and penalty fees contributed to the $1.9 million investigators said Kastrenakes owed.

"He's put some provisions in place to keep that from ever happening again," Rivellini



SUBSCRIBE TO THE TAMPA BAY TIMES:
Act now!
Savings up to 70%!