UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                          Chapter 11

MICHAEL KASTRENAKES,                                Case No. 8:22-bk-1210-CED

      Debtor.

_____/

### STATUS REPORT

**PLEASE TAKE NOTICE** that MICHAEL KASTRENAKES, the debtor and debtor-in-possession in this case ("**Debtor**"), is proceeding under subchapter V of chapter 11 of Title 11 of the United States Code ("**Bankruptcy Code**").[1] The Debtor is filing this Status Report pursuant to 11 U.S.C. § 1188(c).[2]

1.  **The Plan:**

    1.1    What type of plan will the Debtor propose?

    ☐    Consensual (i.e., with agreement or consent of creditors and other interested parties)

    ☐    Nonconsensual[3]

    ☒    Undetermined

    1.2    Explain why the Debtor expects the plan to be consensual or nonconsensual, or the reason why it is undetermined at this time:

    The Debtor has a complex debt structure, comprised largely of contingent, unliquidated, and/or disputed obligations, stemming from the failure of various business ventures. Although the case is less than 45 days old, the Debtor, directly or indirectly through counsel, has engaged several creditors (secured and unsecured) in discussions regarding potential plan treatment, including participating in mediation with the Vasiloudes creditors. While the parties made progress at mediation, they did not reach a settlement. The mediator, R. Scott Shuker, is holding the mediation open while the parties continue their settlement

---

[1] Subchapter V of chapter 11 (11 U.S.C. §§ 1181-1195) was adopted by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, and became effective on February 19, 2020. All references to "Section" or "§" are to the Bankruptcy Code or 11 U.S.C.

[2] "Not later than 14 days before the date of the status conference under subsection (a), the debtor shall file with the court and serve on the trustee and all parties in interest a report that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization." 11 U.S.C. § 1188(c).

[3] The term "nonconsensual plan" for purposes of this Status Report means a plan confirmed under § 1191(b).

discussions.  The Debtor will continue to engage the Vasiloudes creditors and other parties in interest in discussions regarding plan treatment in an effort to file a consensual plan.

1.3     Will the Debtor file the plan within the deadline of 90 days from the petition date imposed by § 1189(b)?

☒     Yes
☐     No

If "No," explain why, and state when the Debtor will file his plan:

1.4     Please summarize the basic nature of the plan:

The Plan provides for: (1) payment of administrative expense claims on the effective date, as otherwise agreed to by the parties, or in accordance with Section 1191(e) of the Bankruptcy Code; (2) payment of priority tax claims as agreed to by the parties or in accordance with Section 1129(a)(9)(C) of the Bankruptcy Code; (3) the sale of the Debtor's homestead and the payment of claims secured by the homestead from the net proceeds from the sale; (4) restructuring other secured claims in accordance with Section 1191(b) and (c)(1) of the Bankruptcy Code; and (5) payment of general unsecured claims from projected disposable income as contemplated by Sections 1191(b) and (c)(2) of the Bankruptcy Code.

## 2.     <u>Efforts Toward Consensual Plan:</u>[4]

2.1     Describe the efforts the Debtor has taken so far to obtain the consent of creditors for a consensual plan:

The Debtor, directly or indirectly through counsel, has engaged several creditors (secured and unsecured) in discussions regarding potential plan treatment, including participating in mediation with the Vasiloudes creditors.  While the parties made progress at mediation, they did not reach a settlement.  The mediator, R. Scott Shuker, is holding the mediation open while the parties continue their settlement discussions.  The Debtor will continue to engage the Vasiloudes creditors and other parties in interest in discussions regarding plan treatment in an effort to file a consensual plan.

---

[4] This Status Report does not ask the Debtor to disclose any confidential, secret, and/or privileged information. *See generally* 11 U.S.C. § 1188(c). Please govern your responses accordingly.

2.2    Describe the efforts the Debtor will take in the future to obtain the consent of creditors for a consensual plan:

The Debtor will continue to engage the Vasiloudes creditors and other parties in interest in discussions regarding plan treatment in an effort to file a consensual plan. The Debtor will also continue to cooperate with and utilize the services of Dr. Ruediger Mueller, the Subchapter V Trustee, to negotiate a consensual plan.

2.3    Describe the efforts that Debtor has taken so far to reach out to creditors and other parties in interest about a plan, and if none, explain the Debtor's reasons for not reaching out to creditors and parties in interest about a plan:

The Debtor, directly or indirectly through counsel, has engaged several creditors (secured and unsecured) in discussions regarding potential plan treatment, including participating in mediation with the Vasiloudes creditors. While the parties made progress at mediation, they did not reach a settlement. The mediator, R. Scott Shuker, is holding the mediation open while the parties continue their settlement discussions. The Debtor will continue to engage the Vasiloudes creditors and other parties in interest in discussions regarding plan treatment in an effort to file a consensual plan. The Debtor will also continue to cooperate with and utilize the services of Dr. Ruediger Mueller, the Subchapter V Trustee, to negotiate a consensual plan.

2.4    Identify the parties with whom the Debtor has discussed a plan? Select all that apply:

☒    Secured creditors
☒    Priority creditors
☒    Unsecured creditors
☐    Equity interest holders
☒    The subchapter V trustee
☐    Others (describe: <fill in>)

## 3.    Appointment of Committees and Disclosure Statement:

3.1    In the Debtor's view, is there any "cause" for the Court to order the appointment of a committee of creditors pursuant to § 1181(b) and § 1102(b)?

☐    Yes
☒    No

Explain your answer:

The Bankruptcy Code does not define cause for the appointment of a committee of creditors, and the undersigned is unaware of any Subchapter V cases where a

committee was appointed for cause.  The Debtor submits that appointment of a committee is unwarranted because it: (1) will substantially increase the administrative expenses in the case reducing and perhaps eliminating any recovery for unsecured creditors; (2) will substantially delay the expeditious administration of the case given the Debtor's expedient efforts to engage creditors in the plan negotiation process; and (3) be duplicative of the roles of Dr. Ruediger Mueller, in his capacity as the Subchapter V Trustee, the United States Trustee, and other creditors and parties in interest.

3.2    In the Debtor's view, is there any "cause" for the Court to order the filing of a separate disclosure statement pursuant to § 1181(b) and § 1125?

☐    Yes

☒    No

Explain your answer:

The plan will contain the disclosures required by Section 1190 of the Bankruptcy Code, including: (1) a brief history of the Debtor's business ventures and the circumstances leading to the filing of the Subchapter V case; (2) a liquidation analysis, and (3) projections demonstrating the Debtor's ability to make the payments under the plan.  The Debtor submits that no additional disclosure is necessary for creditors to cast ballots on the plan.

**4.    Reporting Compliance:**

4.1    Has the Debtor filed all the documents required under § 1187(a)?[5]

☐    Yes

☒    No

If "No," identify the documents that were required to be filed[6] but were not:

☒    (a) the Debtor's most recent balance sheet

☒    (b) the most recent statement of the Debtor's operations

☒    (c) the Debtor's most recent cash-flow statement

☒    (d) the Debtor's most recent Federal income tax return

---

[5] The filing of this Status Report does not relieve the Debtor of the requirements of 11 U.S.C. § 1187(a) and § 1116(1)(A) to append the required documents to the bankruptcy petition.

[6] Section 1116(1) requires these documents to be "append[ed] to the voluntary petition."

- 4 -

Has the Debtor filed a statement under penalty of perjury that the Debtor has not prepared a balance sheet, statement of operations, and/or cash-flow statement and/or that Debtor has not filed its Federal income tax return as required by § 1116(1)(B)?

☐       Yes
☒       No
☐       Not applicable

If "Yes," identify each unprepared or unfiled document, and explain why the document was not prepared or filed and how the Debtor intends to prepare or file the document:

The Debtor will be filing a statement under penalty of perjury attesting that the Debtor has not prepared a balance sheet, statement of operations, and/or cash-flow statement.  The Debtor will be filing a copy of his 2020 federal income tax return along with that statement.   The Debtor submitted a Form 4868 Application for Automatic Extension of Time to File U.S. Individual Income Return to the Internal Revenue Service for the 2021 tax year.  Such extension extends until October 17, 2022, the time within which the Debtor has to file his federal income tax return.  The Debtor also filed with this Court a corresponding motion requesting an extension of time to file his 2021 federal income tax return.

4.2    Has the Debtor filed all Small Business Monthly Operating Reports (Official Form B 425C) ("**MORs**") as required under § 308?

☒       Yes
☐       No – The first report is not due yet

If "No," or if portions of the MORs are deficient, identify which portions are deficient or not reported fully:

☐       (a) Reports regarding Debtor's profitability

☐       (b) Reports regarding reasonable approximations of projected cash receipts and disbursements over a reasonable period

☐       (c) Reports regarding comparisons of actual cash receipts and disbursements with projections in prior reports

☐       (d) Reports regarding whether the Debtor is (i) in compliance in all material respects with postpetition requirements imposed by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and (ii) timely filing tax returns and other required government filings and paying taxes and other administrative expenses when due

    ☐    (e) Reports regarding Debtor's failure to make either of the reports in the immediately preceding paragraph (d) (as required by § 308(b)(5))

    ☐    (f) Reports regarding such other matters as are in the best interests of the Debtor and creditors, and in the public interest in fair and efficient procedures under chapter 11

For any deficiencies in the MORs, identify each specific portion that is deficient, and explain why it is deficient and how Debtor intends to correct the deficiency:

4.3    Has the Debtor complied with the reporting requirements of § 704(a)(8)?[7]

    ☐    Yes
    ☒    No

If "No," explain why and when the Debtor intends to comply:

Section 704(a)(8) of the Bankruptcy Code is not applicable to this case.

## 5.    <u>Other Code Compliance:</u>

5.1    Did the Debtor attend the initial debtor interview, the § 341(a) meeting of creditors, and otherwise comply with § 1116(2)?

    ☒    Yes
    ☐    No

If "No," explain why and when the Debtor intends to comply with these requirements:

5.2    Has the Debtor filed all schedules and statements of financial affairs, or otherwise complied with exceptions or extensions in § 1116(3)?

    ☒    Yes
    ☐    No

If "No," explain why and when the Debtor intends to comply with these requirements:

---

[7] If payments are made to employees, the subchapter V debtor in possession is also required to include in its § 704(a)(8) reporting "a statement . . . of the amounts of deductions for all taxes required to be withheld or paid for and in behalf of employees and the place where these amounts are deposited." Fed. R. Bankr. P. 2015(a)(3), made applicable to subchapter V debtors in possession via 11 U.S.C. § 1187(b); § 1116(4); Fed. R. Bankr. P. 2015(b) (2019 interim).

4864-4503-3503, v. 1

5.3    Has the Debtor maintained insurance customary and appropriate to the industry, subject to § 363(c)(2), in compliance with § 1116(5)?

    ☒    Yes
    ☐    No

If "No," explain why and when the Debtor intends to comply with this requirement:

5.4    Has the Debtor timely filed tax returns and other governmental filings with the appropriate governmental entities, and paid all taxes entitled to administrative expense priority required to be paid under § 1116(6)?

    ☐    Yes
    ☒    No

If "No," explain why the Debtor has not timely filed tax returns and other governmental filings or paid all required administrative expense priority taxes and when the Debtor intends to comply with these requirements:

The Debtor submitted a Form 4868 Application for Automatic Extension of Time to File U.S. Individual Income Return to the Internal Revenue Service for the 2021 tax year. Such extension extends until October 17, 2022, the time within which the Debtor has to file his federal income tax return. The Debtor also filed with this Court a corresponding motion requesting an extension of time to file his 2021 federal income tax return.

5.5    Has the Debtor allowed the United States Trustee to inspect the Debtor's premises, books, and records, and otherwise complied with § 1116(7)?

    ☐    Yes
    ☒    No

If "No," explain why and when the Debtor intends to comply with this requirement:

The United States Trustee has not made any such request.

## 6. <u>Cash Collateral:</u>

6.1    Does any entity assert that any property of the bankruptcy estate constitutes its cash collateral?

    ☐    Yes
    ☒    No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

6.2    Is the Debtor currently using, selling, and/or leasing any property of the bankruptcy estate that any entity contends is its cash collateral?

☐    Yes
☒    No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

6.3    Since the filing of this bankruptcy case, has the Debtor used, sold, and/or leased any property of the bankruptcy estate that an entity contends is its cash collateral?

☐    Yes
☒    No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

6.4    Has the Court approved any orders authorizing the use of cash collateral?

☐    Yes
☒    No

6.5    Has every entity having any interest in cash collateral that is property of the bankruptcy estate consented to its use?

☐    Yes
☐    No
☒    Not applicable

7.    **"First Day" Motions:**

7.1    Has the Debtor filed any of the following "first day" motions, if applicable:

☐    Cash collateral
☐    DIP financing
☐    Prepetition non-insider wage payments
☐    Cash management authority
☐    Utilities

☐    Limit notice
☐    Joint administration
☐    Critical vendor
☐    Others (describe: <fill in>)

7.2    Do prepetition plan support agreements exist?

☐    Yes
☒    No

If "Yes," attach copies to this Status Report.

## 8.    __Additional Information:__

8.1    What additional information would the Debtor like to disclose to the Court concerning this chapter 11 case or the plan (e.g., executory contracts or unexpired leases, setting or extending bar date for proofs of claims or interests, sale or surrender of real and/or personal property)?

*See* Case Management Summary, Docket No. 12.

Dated: May 9, 2022

*/s/ Amy Denton Mayer*
Edward J. Peterson (FBN 0014612)
Amy Denton Mayer (FBN 0634506)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida   33602
Telephone:  (813) 229-0144
Email:  epeterson@srbp.com; amayer@srbp.com
Attorneys for Debtor

4864-4503-3503, v. 1