UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                          Chapter 11

MICHAEL KASTRENAKES,                            Case No. 8:22-bk-1210-CED

     Debtor.

_____/

**DEBTOR'S APPLICATION TO EMPLOY MOFFA, SUTTON, & DONNINI, P.A.**
**AS SPECIAL TAX COUNSEL EFFECTIVE AS OF THE PETITION DATE**

MICHAEL KASTRENAKES, as debtor and debtor in possession (the "**Debtor**"), respectfully requests the entry of an order authorizing the employment of Moffa, Sutton, & Donnini, P.A. ("**Moffa Sutton**") as special tax counsel for the Debtor in the above-captioned case effective as of the Petition Date (as defined below).  In support of the Application, the Debtor respectfully represents as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§157 and 1334.  The subject matter of this Application is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.  The statutory predicates for the relief sought herein are 11 U.S.C. §§327(e) and 328(a) and Rule 2014 of the Bankruptcy Rules.

**Background**

2.      On March 27, 2022 (the "**Petition Date**"), the Debtor filed his Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") and

made an election to proceed in Subchapter V pursuant to the Small Business Reorganization Act of 2019, as amended.

3.      The Debtor continues to manage his property as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.      For more background, please see the Debtor's Chapter 11 Case Management Summary (Doc. No. 12).

**Relief Requested and Grounds for Relief**

5.      The Debtor requires the services of special tax counsel to provide legal services and advice in connection with the tax claim asserted by the Florida Department of Revenue and any other matter the Debtor determines is appropriate from time to time on the terms and conditions set forth in the Engagement Letter attached as **Exhibit A**.

6.      The Debtor believes that the Firm is eminently qualified to serve it in this case and that the retention of Moffa Sutton is in the best interest of the Debtor, its estate and creditors.

7.      The Debtor submits that Moffa Sutton's proposed retention meets the four prerequisites for retention of special counsel under §327(e) of the Bankruptcy Code:

> (a)      The retention is for a specific purpose;
>
> (b)      The proposed retention does not involve the conduct of the case;
>
> (c)      The proposed retention is in the best interest of the estate; and
>
> (d)      Moffa Sutton does not have a material interest adverse to the Debtor regarding the specific matters for which retention is proposed herein.

8.      The Debtor has agreed to compensate Moffa Sutton on an hourly basis in accordance with its ordinary and customary rates which are in effect on the date the services are rendered, subject only to approval of this Court. Moffa Sutton has advised the Debtor that its

2

standard hourly rates are between $200.00 and 385.00 for auditors and non-litigation associates or paralegals, between $330.00 to $550.00 per hour for litigation associates, $110.00 for administrative assistants, and between $550.00 and $715.00 per hour for shareholders.   Moffa Sutton has requested a retainer in the amount of $4,000.00 to be applied on an hourly basis to work performed.   The Debtor understands that these hourly rates are subject to periodic adjustments to reflect economic and other conditions.

10.    The Debtor has also agreed to reimburse Moffa Sutton for the actual and necessary expenses Moffa Sutton incurs, including, but not limited to, any costs advanced by Moffa Sutton specifically for these matters, at the rates commonly charged for such costs to other clients.

11.    Except as set forth in the Declaration of James H. Sutton, Jr., attached hereto as **Exhibit B** (the "**Declaration**"), Moffa Sutton does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matters upon which it is to be engaged which would preclude its employment.   Except as more fully described in the Declaration, Moffa Sutton has no connections with the Debtor, any creditors of the Debtor, any other party in interest, their respective attorneys and accountants, the Office of the United States Trustee, or any person employed in the Office of the United States Trustee.

WHEREFORE, the Debtor respectfully requests that this Court enter an order (a) approving this application; (b) authorizing the Debtor to employ Moffa Sutton as special tax counsel for the purposes set forth in this application; (c) authorizing the Debtor to pay the

4872-8390-9662, v. 2

retainer in the amount of $4,000.00; (d) compensate Moffa Sutton for services rendered, only upon application to and approval by this Court; and (e) providing such other and further relief as is just.

/s/ Edward J. Peterson
Edward J. Peterson (FBN 0014612)
Stichter, Riedel, Blain & Postler, P.A.
110 E. Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Email: epeterson@srbp.com
Counsel for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the *Debtor's Application for Authorization to Employ Moffa, Sutton, & Donnini, P.A. as Special Tax Counsel Effective as of the Petition Date* has been furnished on this 12th day of May, 2022, by the Court's CM/ECF electronic mail system to all parties receiving electronic noticing.

/s/ Edward J. Peterson
Edward J. Peterson

# EXHIBIT A

SHAREHOLDERS
JOSEPH C. MOFFA, CPA, ESQUIRE
JAMES H. SUTTON, JR., CPA, ESQUIRE
GERALD J. DONNINI, II, ESQUIRE

LAW OFFICES OF
# MOFFA, SUTTON, & DONNINI, P.A.
8875 HIDDEN RIVER PKWY, SUITE 230
TAMPA, FLORIDA 33637
OFFICE (813) 775-2131 – FAX (866) 388-3029
WWW.FLORIDASALESTAX.COM
WWW.MSDTAXLAW.COM

OFFICES
FT LAUDERDALE, FL
TALLAHASSEE, FL
TAMPA, FL

---

April 29, 2022

Michael Kastrenakes
4592 Ulmerton Rd., Ste 200
Clearwater, FL 33762

      Re:     Representation – Florida Sales and Use Tax Collections Matter

Dear Michael Kastrenakes:

Thank you for selecting us as your attorneys in the above referenced matter. This letter describes the basis on which The Law Office of Moffa, Sutton, & Donnini, P.A. (the "Attorney") will provide legal services to you, Michael Kastrenakes, (hereinafter Client), and how we will be compensated for our services. If you concur with the provisions of this letter, please have an authorized officer sign the line at the end of this letter and this letter will constitute the written professional fee/ engagement agreement by which you have retained the Attorney to represent you.

We agree to perform legal services for you and to keep you advised of the services performed on your behalf. We cannot guarantee the success of any given venture, but we will strive to represent your interests professionally and efficiently. I will have primary responsibility for your representation and will utilize other attorneys and legal assistants in the best exercise of my professional judgment. If, at any time, you have questions, concerns or criticism, please contact me at once.

The Attorney's representation of the Client is limited to a Florida Sales and Use Tax collections matter, as well as any matters directly related thereto.

The Attorney accepts this employment for the payment of the fees described below, and agrees to render and perform all legal services, and counsel and advice to the Client on all matters within the above defined scope of employment. The representation will commence immediately upon execution of this agreement and payment of the retainer discussed below.

For the representation described above, the Client agrees to pay to Attorney a retainer totaling $4,000.00, made payable to Moffa, Sutton, & Donnini, P.A. The initial retainer will be considered earned when received and shall be the minimum fee payable in this case for the first 18 months of this engagement. If the Attorney withdraws prior to having earned the total retainer, as calculated by hourly charges, they will refund any unearned amount. In all other circumstances such as early settlement, discharge of Attorney by the Client, or any other event, the retainer is considered earned. The fee will be for work performed regarding the above described services.

Michael Kastrenakes
April 29, 2022
Page 2

Client shall receive credit for the retainer which will be applied on an hourly basis to work performed. The standard hourly rates are between $200 and $385 per hour for auditors and non-litigation associates or paralegals, between $330 to $550 per hour for litigation associates, $110 for administrative assistants, and between $550 and $715 per hour for shareholders. Standard hourly rates may be increased at the beginning of any calendar year by the Attorney to the extent that they are also increased generally for other clients of the Attorney. Client understands that in periods of inactivity on their matter, Attorney may periodically review the matter and communicate with all parties regarding the matter at standard billing rates. In addition, Client agrees to pay Attorney for any reasonable out of pocket expenses incurred by Attorney which were necessary in the administration of this engagement.

Should the initial retainer be fully utilized or near depletion, Attorney may require an additional $2,500. Should the matter progress into litigation that involves the Attorney General's Office, the Client shall pay an additional $10,000 retainer, which must be replenished if utilized.  Such additional retainers shall be due 10 days upon request. Continued representation is contingent upon payment of these additional retainers. Attorney will deposit additional retainers ($2,500 or $10,000) into an attorney trust account, however, Client authorized Attorney to use any additional retainers to pay invoices when issued.  Any portion of such additional retainer not utilized would be refundable to client at the end of this engagement.

At the conclusion of this matter, we will retain your legal files in electronic format for a period of 5 years after we close our file.  At the conclusion of the 5 year period, we will destroy your files unless you notify us in writing that you wish to take possession of them.

If this letter accurately reflects our agreement, please sign the letter on the signature line provided and send it to me.  If you have any questions or require any clarification, please telephone me.

We are looking forward to a long and pleasant relationship with you and sincerely trust that we will render the services which you require in a manner which will be of the greatest assistance and value to you.

Sincerely,

James H Sutton Jr

I have read and fully understand the terms and conditions of this engagement agreement and indicate my agreement by signing below on or after April 29, 2022.

Michael Kastrenakes

By:

_____          _____
Michael Kastrenakes                                      Date

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                          Chapter 11

MICHAEL KASTRENAKES,                            Case No. 8:22-bk-1210-CED

      Debtor.

_____/

**DECLARATION OF JAMES H. SUTTON, JR. IN SUPPORT OF
DEBTOR'S APPLICATION TO EMPLOY MOFFA, SUTTON, & DONNINI, P.A.
<u>AS SPECIAL TAX COUNSEL EFFECTIVE AS OF THE PETITION DATE</u>**

I, James H. Sutton, Jr., declare as follows:

1.      I am James H. Sutton, Jr., and I am admitted to practice in the State of Florida and the United States District Court for the Middle District of Florida.

2.      I am an attorney with the firm of Moffa, Sutton, & Donnini, P.A. ("**Moffa Sutton**") which maintains an office at 8875 Hidden River Pkwy, Suite 230, Tampa, Florida 33637.

3.      This declaration is submitted in order to comply with 11 U.S.C. §§327, 328 and 329, and Bankruptcy Rules 2014 and 2016. Unless otherwise stated, this declaration is based upon facts of which I have personal knowledge. In preparing this affidavit, I reviewed a list of creditors of the Debtor.

4.      To the best of my knowledge, formed after reasonable inquiry, Moffa Sutton holds no interest adverse to the Debtor, the estate, or any other parties in interest.

5.      Moffa Sutton has never held a direct or indirect equity interest in the Debtor, or any of his affiliates, nor has Moffa Sutton ever had, any right to acquire such an interest.

6.      Moffa Sutton has never served in the past, as an officer, director or employee of the Debtor.

7.      Moffa Sutton has never been, in control of the Debtor nor is Moffa Sutton a relative of a director, officer or person in control of the Debtor.

8.      Moffa Sutton has never been, a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

9.      Moffa Sutton has never served as an officer, director or employee of a financial advisor which has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor.

10.     Moffa Sutton has never represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor.

11.     Except as set forth above, Moffa Sutton does not presently represent any creditor, general partner, lessor, lessee, party to an executory contract with the Debtor, or person otherwise adverse or potentially adverse to the Debtor or the estate, on any matter, whether such representation is related or unrelated to the Debtor or the estate.

12.     There is no agreement of any nature as to the sharing of any compensation to be paid to Moffa Sutton.

13.     Nothing herein is intended to waive, and does not waive, any attorney-client privilege.

4877-5367-1710, v. 1

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge and belief after diligent inquiry.

Executed on May __12___, 2022.


_____

James H. Sutton, Jr.