ORDERED.

Dated:  May 19, 2022

*Caryl E. Delano*
Caryl E. Delano
Chief United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:

MICHAEL KASTRENAKES,

    Debtor.
_____/

Case No.: 8:22-bk-01210-CED
Chapter: 11
Subchapter V

**AGREED ORDER SCHEDULING EVIDENTIARY**
**HEARING ON SUBCHAPTER V ELIGIBILITY OBJECTION**

THIS CASE came before the Court for hearing on May 9, 2022, at 2:00 p.m. for consideration of the *Vasiloudes and Cygram's Objection to Debtor's Subchapter V Designation* (the "**Eligibility Objection**") [Doc. 29] filed on April 15, 2022, by Dr. Panayiotis Vasiloudes and Cygram Heritage, LLLP (together, the "**Objecting Creditors**") and the *Debtor's Response to Vasiloudes and Cygram's Objection to the Debtor's Subchapter V Designation* (the "**Response**"). The Eligibility Objection asserts that the Debtor is not eligible for relief under Subchapter V because: (i) the Debtor's noncontingent, liquidated scheduled debts exceed the debt limitation; (ii) the Debtor was not engaged in commercial or business activities as of the Petition Date; and (iii) the Debtor has not established that not less than 50% of his noncontingent, liquidated debts arose from commercial or business activities.   The Response asserts that the Debtor is eligible for relief

under Subchapter V because: (i) the Debtor's noncontingent, liquidated scheduled debts are less than the debt limitation; (ii) as of the Petition Date, the Debtor was engaged in collecting accounts receivable, liquidating and monetizing other non-liquid assets, and pursuing claims held by entities owned by the Debtor, and that such activities constitute commercial or business activities; and (iii) the Debtor has established that at least 50% of his scheduled noncontingent, liquidated debts arose from commercial or business activities.  The issues raised in the Eligibility Objection and the Response shall collectively be referred to as the "**Eligibility Issues.**"

At the hearing, the parties advised the Court of their agreement with respect to the scheduling of a final evidentiary hearing, discovery, and related pre-trial matters with respect to the Eligibility Objection.  Accordingly, it is

**ORDERED, ADJUDGED, AND DECREED** as follows:

1. **Final Evidentiary Hearing:**  A final evidentiary hearing (the "**FEH**") in this contested matter will be held in-person on **July 19 and 20, 2022, at 9:30 a.m**. in Courtroom 9A, Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602, with an estimated duration of one day, allocable one-half to the Debtor and one-half to the Objecting Creditors.  Written closing arguments will be submitted, in no more than six (6) pages in length, exclusive of case style and certificate of service, three (3) business days following the FEH.  2. **Additional Parties:**  Any party-in-interest wishing to take a position with respect to this contested matter must file a pleading setting forth the position, no later than fifteen days before the FEH.  The filing of such pleading, however, shall not extend the deadlines set forth below.

3.     **Reduced Discovery Compliance:**  The parties to this contested matter may serve written discovery directed toward the Eligibility Issues on a seven (7) day turnaround, subject to reasonableness and the limitations set forth below:

   a. No more than 20 requests for production of documents, including subparts;

   b. No more than 20 interrogatories, including subparts; and

   c. No more than 20 requests for admissions, including subparts.

4.     **Accelerated Depositions:**  Depositions related to the Eligibility Issues may be scheduled at a mutually acceptable time upon at least seven (7) days' prior notice so long as they are concluded seven (7) days prior to the FEH.

5.     **Witness List:**  The parties to this contested matter shall exchange the names and addresses of fact witnesses within five (5) days of the entry of this Order.  The parties to this contested matter shall be precluded from calling any witnesses not on a witness list timely provided to the other parties.  The parties do not anticipate calling any expert witnesses.

6.     **Discovery Cutoff:**  Discovery shall be completed no later than seven (7) days before the FEH.

7.     **Discovery Disputes:**  The parties shall first confer in good faith to resolve any discovery disputes.  If unsuccessful, any party may request a telephone conference with the Court so that the Court may render an informal, preliminary ruling on the discovery dispute, without prejudice to the right of any party to file a formal motion.

8.     **Mediation:**  The Objecting Creditors and the Debtor are in the midst of mediation, being presided over by R. Scott Shuker, Esquire, and mediation shall be reconvened between now and the FEH in an effort to resolve all pending matters within mediation confidentiality.

* * *

Attorney, Edward J. Peterson, III, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three (3) days of entry of this order.