UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                    Chapter 11

MICHAEL KASTRENAKES,                       Case No. 8:22-bk-1210-CED

    Debtor.
_____/

**DEBTOR'S APPLICATION TO EMPLOY
JERRY MAKRIS CPA, P.A. AS CERTIFIED PUBLIC
ACCOUNTANTS EFFECTIVE AS OF THE PETITION DATE**

MICHAEL KASTRENAKES, as debtor and debtor in possession (the "**Debtor**"), respectfully requests the entry of an order authorizing the employment of Jerry Makris CPA, P.A. ("**Makris**") as certified public accountants effective as of the Petition Date (defined below). In support of the application, the Debtor respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this application pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this application is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory predicates for the relief requested herein are Sections 327(a), 328(a) of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

**Background**

3. On March 27, 2022 (the "**Petition Date**"), the Debtor filed his Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") and

made an election to proceed in Subchapter V pursuant to the Small Business Reorganization Act of 2019, as amended.

4. The Debtor continues to manage his property as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. For more background, please see the Debtor's Chapter 11 Case Management Summary (Doc. No. 12).

**Relief Requested and Grounds for Relief**

6. The Debtor requests the entry of an order authorizing the employment of Makris as certified public accountants in this case for the purpose of preparing the Debtor's 2021 federal income tax return.

7. The Debtor selected Makris because it is an experienced certified public accounting firm that provides a variety of accounting and tax planning and preparation. In addition, Makris rendered services to the Debtor prior to the Petition Date. This historical knowledge will allow Makris to render the above services more economically.

8. It is necessary for the Debtor to employ accountants to perform the above-mentioned service. Indeed, in order to proceed in this Court, the Debtor must timely file his tax returns.

9. The Debtor has agreed to compensate Makris in accordance with its ordinary and customary rates which are in effect on the date the services are rendered, subject only to approval of this Court. Makris has advised the Debtor that it estimates the fee for its services will be $1,500.00.

10. The Debtor has also agreed to reimburse Makris for actual and necessary expenses it incurs in connection with its employment in this case.

11. Except as set forth in the Declaration of Jerry Makris attached hereto as **Exhibit A**, Makris does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matters upon which it is to be engaged which would preclude its representation herein. Except as set forth in **Exhibit A**, Makris has no connections with the Debtor, any creditors of the Debtor, any other party in interest, its respective attorneys and accountants, the Office of the United States Trustee, or any person employed in the Office of the United States Trustee. Accordingly, Makris is disinterested as such term is defined by §101(14) of the Bankruptcy Code.

WHEREFORE, the Debtor respectfully requests that this Court enter an order (a) approving this application; (b) authorizing the Debtor to employ Makris as its certified public accountants effective as of the Petition Date for the purposes set forth in this application; (c) authorizing the Debtor to compensate Makris for services rendered and reimbursement of expenses incurred, upon application to and approval by this Court; and (d) providing such other and further relief as is just.

*/s/ Edward J. Peterson*
Edward J. Peterson (FBN 0014612)
Amy Denton Harris (FBN 0634506)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida  33602
Telephone:  (813) 229-0144
Email:  epeterson@srbp.com
Attorneys for Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Application for Authorization to Employ Jerry Makris CPA, P.A. as Certified Public Accountant Effective as of the Petition Date* has been furnished on this 19th day of May, 2022, by the Court's CM/ECF electronic mail system to all parties receiving CM/ECF electronic noticing.

                                        */s/ Edward J. Peterson*
                                        Edward J. Peterson

# EXHIBIT A

4882-2606-7220, v. 1

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                Chapter 11

MICHAEL KASTRENAKES,                                  Case No. 8:22-bk-1210-CED

   Debtor.
_____/

## DECLARATION OF JERRY MAKRIS IN SUPPORT OF DEBTOR'S APPLICATION TO EMPLOY JERRY MAKRIS CPA, P.A. AS CERTIFIED PUBLIC ACCOUNTANTS EFFECTIVE AS OF THE PETITION DATE

I, Jerry Makris, declare as follows:

1. I am a licensed certified public accountant with Jerry Makris CPA, P.A. ("**Makris**") which maintains an office at 2110 Drew Street, Clearwater, Florida 33765.

2. I am over 18 years old.

3. Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

4. This Declaration is submitted in order to comply with Sections 327(a), 328(a), and 329(a) of the Bankruptcy Code, and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

5. Makris has been performing tax and related services for the Debtor, his non-debtor spouse, and entities in which one or both of them held or hold an interest for several years. Makris was not owed any monies for prepetition services rendered.

6. Makris currently performs tax and related services for the following: the Debtor, his non-debtor spouse, MK Automotive, Inc., New Wave Auto Finance, Inc., New Wave LLC,

Acceptance, LLC, and Instant Car Offer, LLC. As set forth in the *Debtor's Chapter 11 Case Management Summary*, the Debtor owns membership interests in each of those entities. *See* Doc. No. 12.

7. No employee of Makris has, or had, any interest adverse to the Debtor, the estate, or any other parties in interest. Therefore, as set forth in particular below, Makris is disinterested as defined in 11 U.S.C. §101(14).

8. No employee of Makris holds a direct or indirect equity interest in the Debtor, including stock, stock warrants, or a partnership interest in a Debtor partnership, or has a right to acquire such an interest.

9. No employee of Makris served as an employee of the Debtor within two years before the petition date.

10. No employee of Makris is in control of the Debtor or a relative of a person in control of the Debtor.

11. No employee of Makris is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

12. No employee of Makris served as an officer, director, or employee of a financial advisor which has been engaged by the Debtor in connection with the offer, sale, or issuance of a security of the Debtor within two years before the petition date.

13. No employee of Makris represented a financial advisor of the Debtor in connection with the offer, sale, or issuance of a security of the Debtor within three years before the petition date.

14. Except as set forth above, no employee of Makris presently represents a creditor, equity security holder of the Debtor, general partner, lessor, lessee, party to an executory contract

of the Debtor, or person otherwise adverse or potentially adverse to the Debtor or the estate, on any matter, whether such representation is related or unrelated to the Debtor or the estate.

15. Except as set forth above, no employee of Makris previously represented a creditor, equity security holder, general partner, lessor, lessee, party to an executory contract, or person who is otherwise or potentially adverse to the Debtor or the estate, on any matter substantially related to the case.

16. Except as set forth above, no employee of Makris represents an insider of the Debtor or the Debtor's parent, subsidiary, or other affiliate.

17. No employee of Makris has any other connection with the Debtor, creditors, or any other parties in interest.

18. Based on the foregoing, Makris is disinterested as defined in 11 U.S.C. § 101(14).

19. This concludes my Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge and belief after diligent inquiry.

Executed on May __18__, 2022.

Jerry Makris