UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

MICHAEL KASTRENAKES,

    Debtor.

_____/

Case No. 8:22-bk-01210-CED

Chapter 11

## NOTICE OF SERVING SUBPOENA PURSUANT TO RULE 2004
**(Document Production Only)**

NEXTGEAR CAPITAL, INC., ("Examining Party"), through counsel, has requested the production of documents from MARIA KASTRENAKES (the "Witness"), pursuant to Federal Rule of Bankruptcy Procedure 2004 and requests that the Witness produce or deliver on or before **July 14, 2022 at 5:00 p.m.** or such other date and time as may be agreed upon, to the office of Nelson Mullins Riley & Scarborough LLP, Attention Nicolette C. Vilmos, 390 N. Orange AVE, Suite 1400, Orlando, FL 32801,[1] all of the documents as detailed in the *Subpoena for Rule 2004 Examination* attached hereto.

The request is pursuant to Fed. R. Bankr. P. 2004 and Local Rule 2004-1. The scope of the request is as described in Bankruptcy Rule 2004, and will relate to the acts, conduct, or property or to the liabilities and financial condition of the Debtor, or to any matter which may affect the administration of the Debtor's estate, or to the Debtor's right to a discharge. The examination will occur as scheduled and without a court order, unless, prior to the examination, the Witness seeks a protective order from the Court.

---

[1] Responsive documents are to be delivered to this office via email, file transfer, U.S. Mail or overnight delivery. Contact us for a FedEx shipping label or a link to deliver the documents via secured portal.

WHEREFORE, the Examining Party provides notice to all interested parties of the Rule 2004 Examination *Duces Tecum*.

DATED: June 23, 2022

Respectfully submitted,

By: */s/ Nicolette Corso Vilmos*
Nicolette Corso Vilmos
Florida Bar No. 0469051
nicolette.vilmos@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH, LLP
390 North Orange Avenue, Suite 1400
Orlando, FL 32801
Telephone: 407.839.4200
Facsimile: 407.425.8377

*Attorneys for Nextgear Capital, Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 23, 2022 a true and correct copy of the foregoing has been furnished via transmission of Notices of Electronic Filing on all counsel of record or *pro se* parties identified on the CM/ECF service list maintained by the Court as follows:

- Adam L Alpert - aalpert@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com
- John A Anthony - janthony@anthonyandpartners.com, efilings@anthonyandpartners.com; sdavis@anthonyandpartners.com; euzonwanne@anthonyandpartners.com
- John Blair Boyd - bk@svllaw.com
- Kathleen L DiSanto - kdisanto@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com
- Robert Bruce George - rgeorge@thelilesfirm.com, aperry@thelilesfirm.com; rmittauer@thelilesfirm.com
- Andrew J Ghekas - aghekas@anthonyandpartners.com, crodriguez@anthonyandpartners.com; efilings@anthonyandpartners.com
- Teresa M Hair - teresa.hair@brockandscott.com, WBECF@brockandscott.com
- Danielle S Kemp - kempd@gtlaw.com, meyerp@gtlaw.com; FLService@gtlaw.com
- James Randolph Liebler, II - jrlii@lgplaw.com, mkv@lgplaw.com
- Amy Denton Mayer - amayer.ecf@srbp.com, srbpecf@srbp.com; aharris@srbp.com
- Ruediger Mueller - trustee@tcmius.com, crm11@trustesolutions.net

- Nicole Mariani Noel - bankruptcynotices@kasslaw.com, nmnoel@ecf.courtdrive.com
- Edward J. Peterson, III - epeterson@srbp.com, epeterson.ecf@srbp.com; srbpecf@srbp.com
- Robert C Schermer - rschermer@manateelegal.com
- United States Trustee - TPA - USTPRegion21.TP.ECF@USDOJ.GOV
- Nathan A Wheatley - nathan.a.wheatley@usdoj.gov
- J Steven Wilkes - steven.wilkes@usdoj.gov

*/s/ Nicolette C. Vilmos*
Nicolette C. Vilmos

Case 8:22-bk-01210-CED   Doc 77   Filed 06/23/22   Page 4 of 18

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle District of Florida

In re MICHAEL KASTRENAKES
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. 8:22-bk-01210-CED

Chapter 11

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: MARIA J. KASTRENAKES

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED.

| PLACE | DATE AND TIME |
|---|---|
| Nelson Mullins<br>c/o Nicolette Vilmos<br>390 N. Orange Ave., Suite 1400, Orlando, FL 32801<br>(documents may be produced via email to nicolette.vilmos@nelsonmullins.com) | July 14, 2022 5:00 P.M. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

   The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/31/2022

CLERK OF COURT

OR

_____       /s/ Nicolette C. Vilmos
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Nextgear Capital, Inc. , who issues or requests this subpoena, are:

Nicolette C. Vilmos, Nelson Mullins, 390 N. Orange Ave., Suite 1400, Orlando, FL 32801 - nicolette.vilmos@nelsonmullins.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 8:22-bk-01210-CED   Doc 77   Filed 06/23/22   Page 5 of 18

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

   I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                                  _____
                                                                           *Server's signature*

                                                                  _____
                                                                           *Printed name and title*

                                                                  _____
                                                                           *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE "A"

## Definitions and Instructions

For purposes of responding to this duces tecum request, the following definitions shall apply:

1. The terms "you" or "your" refer to MARIA J. KASTRENAKES, and/or any employee of MARIA J. KASTRENAKES, including its officers, directors, agents, employees, representatives, consultants, experts, attorneys or any person or entity acting on behalf of MARIA J. KASTRENAKES.

2. The term "MK" refers to MK Automotive, Inc.

3. The term "MICHAEL KASTRENAKES" means the Debtor, Michael Kastrenakes.

4. The term "NEXTGEAR" refers to NextGear Capital, Inc. ("NEXTGEAR"), a Delaware limited liability company., and/or any employee of NEXTGEAR, including its officers, directors, agents, employees, representatives, consultants, experts, attorneys or any person or entity acting on behalf of NEXTGEAR.

5. The term "Collateral" refers to the Collateral, which is more fully described in the Complaint.

6. The term "Complaint" refers to the Complaint for Damages and Replevin filed in Case No. 2020-CI-003846 in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida captioned *NextGear Capital Inc., vs. MK Automotive Inc., et al*.

7. The term "Financing Statement Collateral" refers to all of the collateral identified within the Financing Statements, which are more fully described in the Complaint.

8. The terms "person," "persons," and "party" shall mean and refer to any natural person, corporation, partnership, proprietorship, joint venture or any legal entity, as well as to any

and all officers, directors, agents, servants, employees, legal representatives, experts and consultants of the entity, however denominated.  In addition, "person," "persons," and "party" shall be deemed to include artificial persons, government (or agencies thereof), quasi-public entities, and all other forms of organizations or associations.

        9.       The term "document" means, without limitation, any writing and any other tangible thing in your custody, possession, control or that of your representatives and/or attorneys, whether printed, recorded, reproduced by any process, photocopied, or written or produced by hand, including, but not limited to, letters, reports, agreements, subcontracts, purchase orders, communications, correspondence, including electronically stored information, (computer stored data, electronic data, file or document directories, CDs, e-mail and the like), telegrams, memoranda, summaries or records or personal conversations, diaries, forecasts, photographs, tape recordings, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, circulars, drafts of any document, revisions of drafts of any document, canceled checks, bank statements, billings, deposit agreements, invoices, delivery tickets, sales journals, financial records, receipts and any other original or photocopied document or paper.  Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document."  Specific reference to any other type of document in the ensuing document request shall not be construed as in any respect limiting the generality of the foregoing definitions.

        10.     "Relate to," "relating to," "refer to," and "referring to" means any and all information which is evidence of, relevant to, refers to, pertains to, reflects upon, concerns or in any way is logically or factually connected with and which may afford any information regarding the matters discussed.

11. "And" and "or" and "and/or" shall be construed as conjunctive or disjunctive to ensure the provision of additional information or more complete answers and to avoid the questions from being considered ambiguous, inaccurate or confusing.

12. The term "all" means "any and all" and the term "any" means "any and all."

13. The term "including" means "including without limitation."

14. The singular form of a word shall be construed to mean the plural, and the plural to mean the singular, when doing so would ensure the provision of additional information or more complete answers and would avoid questions from being considered ambiguous, inaccurate or confusing.

15. In the event you claim that a document is privileged or is otherwise not discoverable, identify each such document by stating with respect to each document:

    a) The date the document was authored;
    b) The name and address of the author(s) of the document;
    c) The general substance of information contained in the document;
    d) The nature of the document (i.e., letter, telegram, memorandum, etc.);
    e) The name and address of the person possessing the original document and the name and address of all persons possessing copies of the document or any part thereof; and
    f) The nature of the privilege asserted or the reason why you contend the document is not discoverable.

16. In the event you claim that some portion but not all of a document is privileged or is otherwise not discoverable, produce the discoverable portions and as to the portions claimed to be privileged or undiscoverable state:

    a) The general substance of the portion not produced; and
    b) The nature of the privilege asserted or the reason why you contend the document is not discoverable.

**Please provide copies of the following:**

1. All documents which you contend comprise any contract(s) or agreement(s) between You and NEXTGEAR regarding this matter, including but not limited to Notes and Guaranties executed by any person or entity regarding any or all of the Collateral and/or any or all of the Financing Statement Collateral.

2. All documents which you contend support your assertion that you did not execute an Individual Guaranty of the obligations of MK to NEXTGEAR.

3. All documents which you contend support your assertion that you revoked your Individual Guaranty of the obligations of MK to NEXTGEAR.

4. All documents which you contend comprise any contract(s) or agreement(s) between You and any third party regarding this matter, including but not limited to Purchase Agreements, Notes and Guaranties executed by any person regarding any or all of the Collateral and/or any or all of the Financing Statement Collateral.

5. All correspondence, text messages, memoranda, electronic mail messages, facsimile transmissions, notes or other documents received from or directed regarding any purchase or lease of any or all of the Collateral and/or any or all of the Financing Statement Collateral.

6. All correspondence, text messages, memoranda, electronic mail messages, facsimile transmissions, notes or other documents received from or regarding any loan or note related to the purchase or lease of any or all of the Collateral and/or any or all of the Financing Statement Collateral.

7. All correspondence, text messages, memoranda, electronic mail messages, facsimile transmissions, notes or other documents received referring or relating to payments made regarding any or all of the Collateral and/or any or all of the Financing Statement Collateral.

8. All correspondence, text messages, memoranda, electronic mail messages, facsimile transmissions, notes or other documents received referring or relating to any or all of the Collateral and/or any or all of the Financing Statement Collateral.

9. All correspondence, text messages, memoranda, electronic mail messages, facsimile transmissions, notes or other documents received from or directed to any person or entity referring or relating to any or all of the Collateral and/or any or all of the Financing Statement Collateral.

10. All proofs of payment, including but not limited to cancelled checks, receipts, and amortization schedules regarding the purchase or lease of any or all of the Collateral and/or any or all of the Financing Statement Collateral.

11. All documents concerning accidents, body damage or alterations to or referring or relating to any or all of the Collateral and/or any or all of the Financing Statement Collateral.

12. All estimates, receipts or other documents concerning any repair or enhancement referring or relating to any or all of the Collateral and/or any or all of the Financing Statement Collateral.

13. All photographs, videotapes or other recording referring or relating to any or all of the Collateral and/or any or all of the Financing Statement Collateral.

14. All documents concerning any and all insurance claims made regarding any or all of the Collateral and/or any or all of the Financing Statement Collateral within the past 5 years.

15.     All documents showing the current location of any or all of the Collateral and/or any or all of the Financing Statement Collateral.

16.     All documents showing the location of any or all of the Collateral and/or any or all of the Financing Statement Collateral within the past 24 months.

17.     Your complete file regarding the Collateral and Financing Statement Collateral.

18.     Documents sufficient to permit NEXTGEAR to identify the names, addresses, account numbers and amounts due all your creditors as of the date of response to the instant requests.

19.     Copies of all documents evidencing the sale or transfer of any beneficial, legal or equitable interest held by you or MICHAEL KASTRENAKES in either real estate or personal property, within the past five (5) years.

20.     Copies of the Articles of Incorporation, Articles of Organization, and amendments thereto for any corporation, LLC or any other entity of which you are an officer, director, member or silent partner.

21.     All financial statements, whether audited or not, including income statements and cash flow statements for you or MICHAEL KASTRENAKES within the past five (5) calendar years immediately preceding the date of this request.

22.     All financial statements, whether audited or not, including income statements and cash flow statements for any company that you are an officer, director, member or silent partner within the past five (5) calendar years immediately preceding the date of this request.

23.     Any pension plan, profit-sharing plan, retirement plan, IRA accounts or professional association in which you or MICHAEL KASTRENAKES have been a participant within the past five (5) calendar years immediately preceding the date of this request.

6

24. Copies of all promissory notes and other written documentation supporting loans taken by you or MICHAEL KASTRENAKES within the past five (5) calendar years immediately preceding the date of this request.

25. All stock certificates held individually or jointly of any corporation in which you or MICHAEL KASTRENAKES have or had a beneficial, legal or equitable interest, whether closely held or otherwise, and whether listed on one of the stock exchanges or traded over the counter, or otherwise, within the past five (5) calendar years immediately preceding the date of this request.

26. All bonds, stock certificates, option contracts or other securities presently owned or copies of any bonds, stock certificates or option contracts which you or MICHAEL KASTRENAKES have owned, including copies of any stock brokerage accounts maintained, during the past five (5) calendar years immediately preceding the date of this request.

27. All titles and license tag registrations and certificates for all automobiles, boats or other vehicles in the ownership, control or possession of MICHAEL KASTRENAKES or you within the past five (5) calendar years immediately preceding the date of this request.

28. All financial statements prepared by or on behalf of you or MICHAEL KASTRENAKES within the past five (5) calendar years immediately preceding the date of this request.

29. Copies of all applications for credit or loans and all financial statements given to any bank, credit union or lending institution in support thereof prepared by you or MICHAEL KASTRENAKES or on behalf of any company that you are an officer, director, member or silent partner within the past five (5) calendar years immediately preceding the date of this request.

30. Copies of all notes and mortgage instruments securing same to which you or MICHAEL KASTRENAKES are a party or signatory within the past five (5) calendar years immediately preceding the date of this request.

31. Copies of all written inventories, appraisals, lists and/or descriptions of personal property belonging to you or MICHAEL KASTRENAKES which have been prepared within the past five (5) calendar years immediately preceding the date of this request.

32. Rental statements for any safety deposit box or boxes that you or MICHAEL KASTRENAKES, individually or jointly, have or had during the past five (5) calendar years immediately preceding the date of this request.

33. All correspondence, documents, contracts, distribution statements or other writings showing the amounts of salary or distributions you have received since January 1, paid by MK or MICHAEL KASTRENAKES within the forty-eight (48) months immediately preceding the date of this request.

34. All accounts receivable and payable ledgers for the past five (5) calendar years immediately preceding the date of this request.

35. All deeds, leases, mortgages or any other written instruments evidencing a present or prior interest or ownership by you or MICHAEL KASTRENAKES in real property, within the past five (5) calendar years immediately preceding the date of this request.

36. Copies of the last account statement for every depository or investment account in which you or MICHAEL KASTRENAKES had any legal, equitable or beneficial interest since December 2016.

37. Copies of your Federal and State Tax Returns for the past five (5) calendar years.

38. Copies of all your monthly bank account statements from January 1, 2018 through the present.

39. Documents and records of checking, savings, money market, trust, brokerage, annuities, investment, or any other type of account, foreign or domestic, maintained by you or MICHAEL KASTRENAKES with any type of financial institution since January 1, 2018, including, but not limited to, monthly account statements, checks, check registers, check stubs, canceled checks, and deposit slips.

40. All check registers, deposit slips, canceled checks, bank statements or certificates of deposit, or copies thereof, for all checking accounts, savings accounts, certificate of deposit account, credit union accounts, money market accounts, or any other type of checking, savings or cash investment accounts in which you or MICHAEL KASTRENAKES has or had any legal, beneficial or equitable interest since January 1, 2018.

41. All documents that refer to, reflect, or relate to any transfers made to or from any financial account held for the benefit of MICHAEL KASTRENAKES or you, by any third party, for the last five (5) years.

42. All deeds, leases, mortgages, or any other written instruments evidencing a present or prior interest or ownership in real property since January 1, 2018.

43. Documents that refer to, reflect, or relate to any real property owned by you or MICHAEL KASTRENAKES since January 1, 2018.

44. Documents evidencing ownership of real property in which you or MICHAEL KASTRENAKES are the landlord or currently enjoys a direct or indirect beneficial interest.

45. Documents, including closing statements, reflecting your or MICHAEL KASTRENAKES's purchase, sale, or conveyance of any interest in real property since January 1, 2018.

46. Documents reflecting your or MICHAEL KASTRENAKES's purchase, sale, or conveyance of any property, tangible or intangible, outside the ordinary course of business since January 1, 2018.

47. Copies of any appraisals or other forms of valuation for any property that you or MICHAEL KASTRENAKES have an interest in or held any interest in since January 1, 2018.

48. Promissory notes or mortgages you or MICHAEL KASTRENAKES signed since January 1, 2018.

49. Any and all documents evidencing any application signed by you or MICHAEL KASTRENAKES or on behalf of you, MICHAEL KASTRENAKES or your children, to open a foreign or offshore financial account in the name of deponent or any other entity.

50. Documents reflecting loans or outstanding accounts receivable which are now due and payable to you or MICHAEL KASTRENAKES or that will become due to you or MICHAEL KASTRENAKES in the future, including billing and collection reports listing all of your billings, collection, and write-offs since January 1, 2018.

51. Any correspondence, promissory notes, contracts, or other writings which show or document any monies owed to you or MICHAEL KASTRENAKES, regardless of whether said monies are still due and owing, since January 1, 2018.

52. Copies of IRA contracts for all IRAs that you or MICHAEL KASTRENAKES currently have.

53. Any and all checks, receipts, deeds, or other evidence of the sale or transfer of any real property in which you or MICHAEL KASTRENAKES had a legal or equitable ownership interest since January 1, 2018.

54. Copies of all applications for credit or loans and all financial statements given to any bank, credit union, or lending institution in support thereof, prepared by or on behalf of you or MICHAEL KASTRENAKES, since January 1, 2018.

55. All titles and license tag registrations and certificates for all automobiles, boats, or other vehicles in the ownership, control, or possession of you or MICHAEL KASTRENAKES since January 1, 2018.

56. Documents reflecting any property which you or MICHAEL KASTRENAKES hold or have held for another person or entity that in fact belongs to the other person or entity and not to you or MICHAEL KASTRENAKES, since January 1, 2018.

57. Documents reflecting any interest you or MICHAEL KASTRENAKES have or had in property held in the name of another person or entity or held in the possession of the other person or entity, including any safety deposit box inventories, since January 1, 2018.

58. Documents that list your or MICHAEL KASTRENAKES's current creditors by name and amount.

59. All property (casualty or hazard) insurance policies issued to you or MICHAEL KASTRENAKES and covering property owned by you or MICHAEL KASTRENAKES, or any hazard insurance policy for which you or MICHAEL KASTRENAKES paid premiums since January 1, 2018, and all insurance riders and property schedules.

60. All documents referring in any way, directly, or indirectly, to any and all businesses in which you or MICHAEL KASTRENAKES are a stockholder, partner, officer, director, owner, or registered agent.

61. All documents referring or pertaining to any records of salaries, commissions, bonuses, income from employment, wages, pay stubs, dividends, royalties, allowances, expenses, or other sums of money paid to you or MICHAEL KASTRENAKES within the past five (5) years.

62. Documents that reflect the captions of all legal pleadings and any lawsuit involving a claim or counterclaim made by you or MICHAEL KASTRENAKES against another person or entity, or pertaining to lawsuits presently pending or which have been concluded within the past four years, to which you or MICHAEL KASTRENAKES were or are a party (other than the instant action).

63. All documents reflecting any fine, assessment, indictment, accusation, or investigation by any governmental entity for your or MICHAEL KASTRENAKES's alleged or possible violation of any law, which remained open at any time since January 1, 2018.

64. All documents evidencing any trust or amendments to trust in which you or MICHAEL KASTRENAKES are a settlor, trustee, or beneficiary.

65. Copies of all prenuptial and postnuptial agreements, to include the list of assets and liabilities to be held separately.

66. Copy of any wills, including amendments in which you or MICHAEL KASTRENAKES are or were named as a beneficiary.