UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| MICHAEL KASTRENAKES, | Case No. 8:22-bk-01210-CED |
| Debtor._____/ | |

**NEXTGEAR CAPITAL, INC.'S RULE 2004**
**REQUEST FOR PRODUCTION OF DOCUMENTS TO MK AUTOMOTIVE, INC.**

Nextgear Capital, Inc. ("NextGear"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, requests that MK AUTOMOTIVE, INC. ("MK") produce for inspection and copying the documents and items listed herein at the offices of Nelson Mullins, 390 N. Orange Ave., Suite 1400, Orlando, FL 32801, or at such other location as may be mutually agreeable to counsel for the parties, within thirty (30) days after the date of service hereof. The production of documents and items and the discovery requested herein is subject to the Definitions and Instructions stated below.

**Definitions and Instructions:**

a.  The terms "you" or "your" refer to MK Automotive, Inc. ("MK"), and/or any employee of MK, including its officers, directors, agents, employees, representatives, consultants, experts, attorneys or any person or entity acting on behalf of MK.

b.  The term "Kastrenakes" means the debtor, Michael Kastrenakes.

c.  The term "NEXTGEAR" refers to NextGear Capital, Inc. ("NEXTGEAR"), a Delaware limited liability company, and/or any employee of NEXTGEAR, including its officers, directors, agents, employees, representatives, consultants, experts, attorneys or any person or entity acting on behalf of NEXTGEAR.

  d. The term "Collateral" refers to the Collateral, which is more fully described in the Complaint.

  e. The term "Complaint" refers to the Complaint for Damages and Replevin filed in Case No. 2020-CI-003846 in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida captioned *NextGear Captial Inc., vs. MK Automotive Inc., et al.*

  f. The term "Financing Statement Collateral" refers to all of the business collateral identified within the Financing Statements which is more fully described in the Complaint.

  g. The terms "person," "persons," and "party" shall mean and refer to any natural person, corporation, partnership, proprietorship, joint venture or any legal entity, as well as to any and all officers, directors, agents, servants, employees, legal representatives, experts and consultants of the entity, however denominated.  In addition, "person," "persons," and "party" shall be deemed to include artificial persons, government (or agencies thereof), quasi-public entities, and all other forms of organizations or associations.

  h. The term "document" means, without limitation, any writing and any other tangible thing in your custody, possession, control or that of your representatives and/or attorneys, whether printed, recorded, reproduced by any process, photocopied, or written or produced by hand, including, but not limited to, letters, reports, agreements, subcontracts, purchase orders, communications, correspondence, including electronically stored information, (computer stored data, electronic data, file or document directories, CDs, e-mail and the like), telegrams, memoranda, summaries or records or personal conversations, diaries, forecasts, photographs, tape recordings, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, circulars, drafts of any document, revisions of drafts of any document, canceled checks, bank statements, billings, deposit agreements, invoices, delivery tickets, sales journals, financial

records, receipts and any other original or photocopied document or paper. Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document." Specific reference to any other type of document in the ensuing document request shall not be construed as in any respect limiting the generality of the foregoing definitions.

    i.    "Relate to," "relating to," "refer to," and "referring to" means any and all information which is evidence of, relevant to, refers to, pertains to, reflects upon, concerns or in any way is logically or factually connected with and which may afford any information regarding the matters discussed.

    j.    "And" and "or" and "and/or" shall be construed as conjunctive or disjunctive to ensure the provision of additional information or more complete answers and to avoid the questions from being considered ambiguous, inaccurate or confusing.

    k.    The term "all" means "any and all" and the term "any" means "any and all."

    l.    The term "including" means "including without limitation."

    m.    The singular form of a word shall be construed to mean the plural, and the plural to mean the singular, when doing so would ensure the provision of additional information or more complete answers and would avoid questions from being considered ambiguous, inaccurate or confusing.

    n.    In the event you claim that a document is privileged or is otherwise not discoverable, identify each such document by stating with respect to each document:

        i.    The date the document was authored;

        ii.    The name and address of the author(s) of the document;

        iii.    The general substance of information contained in the document;

        iv.    The nature of the document (i.e., letter, telegram, memorandum, etc.);

      v.      The name and address of the person possessing the original document and the name and address of all persons possessing copies of the document or any part thereof; and

      vi.      The nature of the privilege asserted or the reason why you contend the document is not discoverable.

o.      In the event you claim that some portion but not all of a document is privileged or is otherwise not discoverable, produce the discoverable portions and as to the portions claimed to be privileged or undiscoverable state:

      i.      The general substance of the portion not produced; and

      ii.      The nature of the privilege asserted or the reason why you contend the document is not discoverable.

### **Items To Be Produced:**

1. All documents which you contend comprise any contract(s) or agreement(s) between You and NEXTGEAR regarding this matter, including but not limited to Purchase Agreements, Notes and Guaranties executed by any person regarding any or all of the Collateral and/or any or all of the Financing Statement Collateral.

2. All documents which you contend comprise any contract(s) or agreement(s) between You and any third party regarding this matter, including but not limited to Purchase Agreements, Notes and Guaranties executed by any person regarding any or all Collateral and/or any or all Financing Statement Collateral.

3. All correspondence, text messages, memoranda, electronic mail messages, facsimile transmissions, notes or other documents received from or directed regarding any purchase or lease of any or all of the Collateral and/or any or all of the Financing Statement Collateral.

4. All correspondence, text messages, memoranda, electronic mail messages, facsimile transmissions, notes or other documents received from regarding any loan or note related to the purchase or lease of any or all of the Collateral and/or any or all of the Financing Statement Collateral.

5. All correspondence, text messages, memoranda, electronic mail messages, facsimile transmissions, notes or other documents received referring or relating to payments made regarding any or all of the Collateral and/or any or all of the Financing Statement Collateral.

6. All correspondence, text messages, memoranda, electronic mail messages, facsimile transmissions, notes or other documents received referring or relating to any or all of the Collateral and/or any or all of the Financing Statement Collateral.

7. All correspondence, text messages, memoranda, electronic mail messages, facsimile transmissions, notes or other documents received from or directed to any person or entity referring or relating to any or all of the Collateral and/or any or all of the Financing Statement Collateral.

8. All proofs of payment, including but not limited to cancelled checks, receipts, and amortization schedules regarding the purchase or lease of any or all of the Collateral and/or any or all of the Financing Statement Collateral.

9. All documents concerning accidents, body damage or alterations to or referring or relating to any or all of the Collateral and/or any or all of the Financing Statement Collateral.

10. All estimates, receipts or other documents concerning any repair or enhancement referring or relating to any or all of the Collateral and/or any or all of the Financing Statement Collateral.

11. All photographs, videotapes or other recording referring or relating to any or all of the Collateral and/or any or all of the Financing Statement Collateral.

12. All documents concerning any and all insurance claims made regarding any or all of the Collateral and/or any or all of the Financing Statement Collateral within the past 5 years.

13. All documents showing the current location of any or all of the Collateral and/or any or all of the Financing Statement Collateral.

14. All documents showing the location of any or all of the Collateral and/or any or all of the Financing Statement Collateral within the past 24 months.

15. Your complete file regarding the Collateral and Financing Statement Collateral.

16. Documents sufficient to permit NEXTGEAR to identify the names, addresses, account numbers and amounts due all creditors of MK as of the date of response to the instant requests.

17. Any and all customer lists maintained by MK or Kastrenakes.

18. Copies of all documents evidencing the sale or transfer of any beneficial, legal or equitable interest held by MK in real estate or personal property, within the past five (5) years.

19. Copies of the Articles of Corporation and amendments thereto for MK.

20. All financial statements, whether audited or not, including income statements and cash flow statements for MK within the past five (5) calendar years immediately preceding the date of this request.

21. Any pension plan, profit-sharing plan, Keogh retirement plan, IRA accounts or professional association in which you or Kastrenakes have been an owner, contributor, or participant within the past five (5) calendar years immediately preceding the date of this request.

22. Copies of all promissory notes and other written documentation supporting loans taken by MK or Kastrenakes within the past five (5) calendar years immediately preceding the date of this request.

23. All stock certificates held individually or jointly of any corporation in which MK or Kastrenakes has or had a beneficial, legal or equitable interest, whether closely held or otherwise, and whether listed on one of the stock exchanges or traded over the counter, or otherwise, within the past five (5) calendar years immediately preceding the date of this request.

24. All bonds, stock certificates, option contracts or other securities presently owned or copies of any bonds, stock certificates or option contracts which MK or Kastrenakes has owned, including copies of any stock brokerage accounts maintained, during the past five (5) calendar years immediately preceding the date of this request.

25. All titles and license tag registrations and certificates for all automobiles, boats or other vehicles in the ownership, control or possession of MK within the past five (5) calendar years immediately preceding the date of this request.

26. All financial statements prepared by or on behalf of MK or Kastrenakes within the past five (5) calendar years immediately preceding the date of this request.

27. Copies of all applications for credit or loans and all financial statements given to any bank, credit union or lending institution in support thereof prepared by or on behalf of MK or Kastrenakes within the past five (5) calendar years immediately preceding the date of this request.

28. Copies of all notes and mortgage instruments securing same to which MK or Kastrenakes is a party, within the past five (5) calendar years immediately preceding the date of this request.

29. Copies of all written inventories, appraisals, lists and/or descriptions of personal property of MK or Kastrenakes which have been prepared within the past five (5) calendar years immediately preceding the date of this request.

30. Rental statements for any safety deposit box or boxes that you have or had during the past five (5) calendar years immediately preceding the date of this request.

31. All correspondence, documents, contracts, distribution statements or other writings showing the amounts of salary paid by MK within the forty-eight (48) months immediately preceding the date of this request.

32. All accounts receivable and payable ledgers for the past five (5) calendar years immediately preceding the date of this request.

33. All deeds, leases, mortgages or any other written instruments evidencing a present or prior interest or ownership in real property, within the past five (5) calendar years immediately preceding the date of this request.

34. Copies of the last account statement for every depository or investment account in which MK had any legal, equitable or beneficial interest since December 2016.

35. Copies of MK's Federal and State Tax Returns for the past five (5) calendar years.

36. The corporate minute book of MK and all outstanding shares of stock.

37. Documents sufficient to identify the name and address of all shareholders of MK at any time.

38. Copies of all bank accounts of MK from January 1, 2018.

Dated: June 20, 2022

NELSON MULLINS RILEY & SCARBOROUGH, LLP
*Counsel for Plaintiff*

*/s/ Nicolette C. Vilmos*
Nicolette C. Vilmos, Esq.
Florida Bar No. 0469051
390 North Orange Avenue - Suite 1400
Orlando, Florida  32801
Telephone: (407) 839-4200
Facsimile:  (407) 425-8377
nicolette.vilmos@nelsonmullins.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 23, 2022 a true and correct copy of the foregoing has been furnished via transmission of Notices of Electronic Filing on all counsel of record or *pro se* parties identified on the CM/ECF service list maintained by the Court as listed below, and via U.S. Mail to: MK Automotive, Inc., Attn: Michael Kastrenakes, Registered Agent, 1755 McCauley Road, Clearwater, FL 33765.

/s/ Nicolette C. Vilmos
Nicolette C. Vilmos

- Adam L Alpert - aalpert@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com
- John A Anthony - janthony@anthonyandpartners.com, efilings@anthonyandpartners.com; sdavis@anthonyandpartners.com; euzonwanne@anthonyandpartners.com
- John Blair Boyd - bk@svllaw.com
- Kathleen L DiSanto - kdisanto@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com
- Robert Bruce George - rgeorge@thelilesfirm.com, aperry@thelilesfirm.com; rmittauer@thelilesfirm.com
- Andrew J Ghekas - aghekas@anthonyandpartners.com, crodriguez@anthonyandpartners.com; efilings@anthonyandpartners.com
- Teresa M Hair - teresa.hair@brockandscott.com, WBECF@brockandscott.com
- Danielle S Kemp - kempd@gtlaw.com, meyerp@gtlaw.com; FLService@gtlaw.com
- James Randolph Liebler, II - jrlii@lgplaw.com, mkv@lgplaw.com
- Amy Denton Mayer - amayer.ecf@srbp.com, srbpecf@srbp.com; aharris@srbp.com
- Ruediger Mueller - trustee@tcmius.com, crm11@trustesolutions.net
- Nicole Mariani Noel - bankruptcynotices@kasslaw.com, nmnoel@ecf.courtdrive.com
- Edward J. Peterson, III - epeterson@srbp.com, epeterson.ecf@srbp.com; srbpecf@srbp.com
- Robert C Schermer - rschermer@manateelegal.com
- United States Trustee - TPA - USTPRegion21.TP.ECF@USDOJ.GOV
- Nathan A Wheatley - nathan.a.wheatley@usdoj.gov
- J Steven Wilkes - steven.wilkes@usdoj.gov