UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 8:22-bk-01210-CED |
| | Chapter 11 |
| MICHAEL KASTRENAKES, | |
| Debtor. | |
| _____/ | |

**NON-DEBTOR MARIA KASTRENAKES'
EMERGENCY MOTION FOR PROTECTIVE ORDER AND
TO QUASH NEXTGEAR CAPITAL, INC.'S RULE 2004 SUBPOENA DUCES TECUM**

Maria Kastrenakes ("**Mrs. Kastrenakes**"), by counsel, pursuant to Federal Rules of Civil Procedure 45, made applicable to these matters by Bankruptcy Rules[1] 2004(c) and 9016, and Local Rules 2004-1(e) and 9013-1(d), seeks the entry of a protective order prohibiting NextGear Capital, Inc. ("**NextGear**") from obtaining discovery from Mrs. Kastrenakes via a Bankruptcy Rule 2004 notice pursuant to the pending proceeding rule and quashing the subpoena (the "**Subpoena**") issued by NextGear. In support of the relief requested in this motion (the "**Motion**"), Mrs. Kastrenakes states as follows:

**Relevant Background and Procedural History**

1. On May 1, 2020 (the "**Petition Date**"), Michael Kastrenakes (the "**Debtor**") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. Mrs. Kastrenakes is not a debtor in this chapter 11 case.

3. Prior to the Petition Date, on August 12, 2020, NextGear filed a Complaint for Damages and Replevin (the "**Complaint**") to initiate an action (the "**NextGear Action**") against the Debtor, Mrs. Kastrenakes, and other defendants, in the Circuit Court of the Sixth Judicial in and for Pinellas County, Florida (the "**State Court**").

---

[1] All references to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* All references to a "Bankruptcy Rule" or "Bankruptcy Rules" are to the applicable to the Federal Rules of Bankruptcy Procedure.

4. On January 14, 2022, NextGear served requests for production (the "**Requests for Production**") on the Debtor and Mrs. Kastrenakes which substantially overlap with the document requests appended to the Subpoena. (Removed Action, Doc. No. 1-2, p. 46-65).

5. On February 14, 2022, the Debtor and Mrs. Kastrenakes served responses and objections to the Requests for Production. (Removed Action, Doc. No. 1-2, p. 81-113). Despite offers from counsel, NextGear never scheduled a time to review documents responsive to the Requests for Production, nor did NextGear file a motion to compel.

6. On June 15, 2022, the Debtor filed a Notice of Removal, removing the NextGear Action to this Court, which has been assigned Adversary Proceeding No. 8:22-ap-00112 (the "**Removed Action**"). NextGear has not filed a motion seeking remand or abstention with respect to the Removed Action.

7. On June 23, 2022, NextGear filed a Notice of Serving Subpoena Pursuant to Rule 2004 (Doc. No. 77) (the "**Notice**"). The Subpoena for documents directed to Mrs. Kastrenakes was appended to the Notice.

8. On July 2, 2022, NextGear and Mrs. Kastrenakes filed a Stipulation of Dismissal Without Prejudice as to Defendant, Maria J. Kastrenakes (Removed Action, Doc. No. 8).[2]

9. Counsel for Mrs. Kastrenakes has attempted to confer with counsel for NextGear on the issues raised in this Motion on several occasions, but has been unable to ascertain NextGear's position on the relief sought by this Motion.

**Relief Requested**

10. Mrs. Kastrenakes seeks the entry of a protective order quashing the Subpoena based on the improperly broad scope of the document requests and the pending proceeding rule,

---

[2] The Court entered an order conditionally striking the Stipulation because it did not include the certification regarding signatures required by Local Rule 1001-2(e)(3). On July 6, 2022, the parties filed an amended stipulation with the appropriate certification (Removed Action, Doc. No. 11).

85D0683.DOCX

which prohibits NextGear from seeking discovery from Mrs. Kastrenakes outside of the Removed Action on issues that are germane to that litigation.

## Argument and Memorandum of Law

11.  Bankruptcy Rule 2004 permits the examination of a person or entity only with respect to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."[3]  Legitimate goals of Bankruptcy Rule 2004 examinations include "discovering assets, examining transactions, and determining whether wrongdoing has occurred."[4]  The party requesting a 2004 examination bears the burden of showing good cause for the examination sought.  "Generally, good cause is shown if the [Rule 2004] examination is necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice."[5]  However, "2004 examinations cannot be used for the purpose of abuse or harassment and the examination cannot go beyond the bounds of what is, or may be, relevant to the inquiry."[6]

12.  "Despite its characterization as being tantamount to a 'fishing expedition,' a Rule 2004 examination must be both relevant and reasonable."[7]  Thus, notwithstanding the broad scope of discovery generally permissible under Bankruptcy Rule 2004, "parties do not have an absolute right to Rule 2004 examinations—the granting of a Rule 2004 examination is dependent on the discretion of the court.  The rule requires a balancing of 'the competing interests of the parties, weighing the relevance and necessity of the information sought by examination.'"[8]

---

[3] Fed. R. Bankr. P. 2004.
[4] *In re Millennium Lab Holds. II, LLC*, 562 B.R. 614, 625-27 (Bankr. D. Del. 2016).
[5] *In re Millennium Lab Holds. II, LLC*, 562 B.R. at 625-27.
[6] *In re Strecker*, 251 B.R. 878, 882 (Bankr. D. Colo. 2000); *In re Symington*, 209 B.R. 678, 684-85 (Bankr. D. Md. 1997).
[7] *In re Symington*, 209 B.R. at 684.
[8] *In re Millennium Lab Holds. II, LLC*, 562 B.R. at 625-27.

13. Indeed, Bankruptcy Rule 2004 provides examinees with less procedural safeguards than the discovery rules in the Federal Rules of Civil Procedure.[9] As such, the pending proceeding rule precludes the use of Bankruptcy Rule 2004 to obtain documents and testimony from another party or a witness on an issue that is the subject of a pending action, and discovery must be made pursuant to the Federal Rules of Bankruptcy Procedure.[10]

14. NextGear has not met its burden of establishing that good cause exists for the 2004 examination of Mrs. Kastrenakes. The information sought by the Subpoena is not necessary to establishing the disputed claim of NextGear and is duplicative and cumulative in light of the Requests for Production previously served while the action was still pending in State Court.

15. Moreover, in several instances, the discovery sought by NextGear through the Subpoena is beyond the scope of discovery that is permissible under Bankruptcy Rule 2004, in that many of the document requests do not seek information germane to discovering assets, examining transactions with the Debtor, or determining whether wrongdoing has occurred. Multiple document requests also run afoul of the pending proceeding rule. Therefore, the Court should grant the Motion, quash the Subpoena, and protect Mrs. Kastrenakes from responding to the Subpoena.

**(i) The Subpoena seeks information that is beyond even the broad scope of Bankruptcy Rule 2004.**

16. Bankruptcy Rule 2004 "may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs."[11] Merely adding the Debtor's name to

---

[9] *In re Defoor Centre, LLC*, 634 B.R. 630, 639 (Bankr. M.D. Fla. 2021); *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (N.D. N.Y. 1996).

[10] *In re Millennium Lab Holds. II, LLC*, 562 B.R. at 625-27; *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267, 274-75 (D. Colo. 1991); *In re Blackjewel, L.L.C.*, 2020 WL 6948815, at *6 (S.D. W.Va. Jul. 14, 2020) (granting bank's motion to discontinue responses to debtor's pending Bankruptcy Rule 2004 requests because debtor had initiated adversary proceeding against bank).

[11] *In the Matter of Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985).

the document requests included in the Subpoena concerning Mrs. Kastrenakes' personal and confidential financial information does not bring the requests within the ambit of discovery permissible under Bankruptcy Rule 2004. The broad scope of the document requests go far beyond seeking the joint financial information of the Debtor and Mrs. Kastrenakes, and attempts to compel the production of Mrs. Kastrenakes' personal, privileged, and private financial information, which she rightfully expects will remain private. Specifically, the Requests 38 through 66 seek broad discovery of (i) Mrs. Kastrenakes' financial affairs, including four years of bank statements for all financial accounts, check copies, check registers, and deposit slips, (ii) information concerning real estate transactions, and (iii) Mrs. Kastrenakes' private business transactions and dealings. The information sought by the document requests go far beyond the scope of Rule 2004.

**(ii) The pending proceeding rule limits the discovery that can be sought by NextGear under Bankruptcy Rule 2004.**

17. The discovery sought by the Subpoena is precluded by the pending proceeding rule, as a comparison of the areas of inquiry and document requests in the Subpoena with the allegations in the Complaint and the Requests for Production previously served by NextGear makes it abundantly clear that the majority of the documents sought by NextGear are subsumed by the issues raised in the Removed Action. Of the 66 document requests appended to the Subpoena, more than thirty are identical or substantially similar to the requests included in the Requests for Production, which have already been responded to by the Debtor and Mrs. Kastrenakes.[12] In addition to the Subpoena seeking discovery that is duplicative and cumulative of discovery already sought while the Removed Action was pending in State Court, the pending proceeding rule bars NextGear from continuing its efforts to obtain this discovery from Mrs.

---

[12] More specifically, the first 37 document requests substantially align with the document requests included in the Requests for Production.

Kastrenakes through Bankruptcy Rule 2004. To the extent NextGear wishes to compel additional discovery from the Debtor relating to the Requests for Production, those issues should be addressed in the Removed Action, where the parties have the benefit of the additional procedural safeguards provided by the applicable rules of civil procedure.

WHEREFORE, Mrs. Kastrenakes respectfully requests that this Court consider this Motion on an emergency basis and enter an order (i) granting this Motion, (ii) quashing the Subpoena and protecting Mrs. Kastrenakes from responding to the Subpoena, and (iii) granting such other and further relief as the Court deems appropriate.

| | |
|---|---|
| Dated: Tampa, Florida<br>July 13, 2022 | BUSH ROSS, P.A.<br>Post Office Box 3913<br>Tampa, Florida  33601-3913<br>(813) 224-9255 (telephone)<br>(813) 223-9620 (fax)<br>Counsel for Maria Kastrenakes<br><br>By:   /s/ Kathleen L. DiSanto<br>      Kathleen L. DiSanto<br>      Florida Bar No. 58512<br>      kdisanto@bushross.com |

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 13, 2022, I electronically filed a true and correct copy of the foregoing *Non-Debtor Maria Kastrenakes' Emergency Motion for Protective Order and to Quash NextGear Capital, Inc.'s Rule 2004 Subpoena Duces Tecum* with the Clerk of the United States Bankruptcy Court for the Middle District of Florida by using the CM/ECF system, and I furnished a copy of the foregoing document(s) to the following parties in the manner of service indicated below:



            /s/ Kathleen L. DiSanto
            ATTORNEY

**Via the CM/ECF system which will send a Notice of Electronic Filing to:**

United States Trustee (USTPRegion21.TP.ECF@USDOJ.GOV)
Nathan A. Wheatley, Esq. (nathan.a.wheatley@usdoj.gov)
J. Steven Wilkes, Esq. (steven.wilkes@usdoj.gov)
Ruediger Mueller, Subchapter V Trustee (trustee@tcmius.com)
Amy Denton Mayer, Esq. (amayer.ecf@srbp.com)
Edward J. Peterson, III, Esq. (epeterson@srbp.com)
Nicolette C. Vilmos, Esq. (nicolette.vilmos@nelsonmullins.com)
John A. Anthony, Esq. (janthony@anthonyandpartners.com)
Andrew J. Ghekas, Esq. (aghekas@anthonyandpartners.com)
Joel M. Aresty, Esq. (aresty@icloud.com)
John Blair Boyd, Esq. (bk@svllaw.com)
Teresa M. Hair, Esq. (teresa.hair@brockandscott.com)
Danielle S. Kemp, Esq. (kempd@gtlaw.com)
James Randolf Liebler, II, Esq. (jrlii@lgplaw.com)
Nicole Mariani Noel, Esq. (bankruptcynotices@kasslaw.com)
Shirley R. Palumbo, Esq. (shirley.palumbo@gmlaw.com)
Robert C. Shermer, Esq. (rschermer@manateelegal.com)
All parties who receive electronic service via the CM/ECF system