UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                    Chapter 11

MICHAEL KASTRENAKES,                                 Case No. 8:22-bk-1210-CED

     Debtor.
_____/

**DEBTOR'S MOTION TO COMPEL TRACFONE WIRELESS, INC. D/B/A SIMPLE MOBILE TO PRODUCE DOCUMENTS PURSUANT TO RULE 2004 SUBPOENA**

Michael Kastrenakes, as debtor and debtor-in-possession (the "**Debtor**"), respectfully requests the entry of an order compelling TracFone Wireless, Inc. d/b/a Simple Mobile ("**TracFone**") to produce documents pursuant to a Subpoena (defined below) issued to and served upon TracFone. TracFone was required to respond to the subpoena no later than August 9, 2022. TracFone has not responded to the Subpoena, and the Court should compel it to respond and produce documents. In support thereof, the Debtor states the following:

1. On March 27, 2022 (the "**Petition Date**"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") and made an election to proceed in Subchapter V pursuant to the Small Business Reorganization Act of 2019, as amended. On June 13, 2022, the Debtor filed an amended petition eliminating the Subchapter V election.

2. The Debtor served a subpoena (the "**Subpoena**") under Rule 2004 on TracFone. The Subpoena was issued on July 7, 2022, and initially required a response by July 28, 2022. Service was delayed, however, and TracFone was not served until July 19, 2022. Therefore, TracFone was required to respond to the Subpoena and produce documents no later than August 9, 2022. *See* Composite Exhibit A.

3. No response to the Subpoena was received.

4. By this Motion, the Debtor requests that the Court enter an order: (a) compelling TracFone to produce the documents requested in the Subpoena, and (b) finding that TracFone has waived any objection that it may have asserted by its failure to respond timely to the Subpoena.

5. Rule 9016 permits the entry of an order compelling the production of documents. *See* Fed.R.Bankr.P. 9016(c).  Rule 9016 also permits the Court to hold in contempt a person who fails without adequate excuse to obey the subpoena or an order related to it. *See* Fed.R.Bankr.P. 9016(g).

6. To ensure the integrity of the Rule 2004 process and prevent further prejudice to the Debtor, the Debtor requests the entry of an order granting this motion, compelling the production of documents, and a finding that any objections to the Subpoena have been waived.

WHEREFORE, the Debtor respectfully requests the entry of an order (a) compelling TracFone to produce all responsive documents to the Subpoena within seven (7) days of the entry of an order granting this Motion; (b) deeming any objections to the Subpoena or requested documents waived; and (c) providing such other and further relief as the Court deems just and proper.

Dated: August 10, 2022.

*/s/ Amy Denton Mayer*
Amy Denton Mayer (FNB 0634506)
Stichter, Riedel, Blain & Postler, P.A.
110 E. Madison Street, Suite 200
Tampa, Florida 33602-4718
Telephone: (813) 229-0144
Email: amayer@srbp.com
Attorneys for Debtor

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished on August 10, 2022, by the Court's electronic CM/ECF noticing system to all parties receiving electronic noticing, and to the following parties by U.S. Mail:

TracFone Wireless, Inc. d/b/a Simple Mobile
Custodian of Records, Subpoena Compliance
9700 NW 112 Avenue
Miami, Florida 33178

                                              */s/ Amy Denton Mayer*
                                              Amy Denton Mayer

## COMPOSITE EXHIBIT A

4868-9734-1485, v. 1

UNITED STATES BANKRUPTCY COURT

In re   Michael Kastrenakes   Case No.  22-bk-1210-CED
              Debtor                     Chapter    11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   TracFone Wireless, Inc. d/b/a Simple Mobile
      Custodian of Records, Subpoena Compliance
      9700 NW 112 Avenue, Miami, FL   33178

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE                                      | DATE AND TIME    |
|--------------------------------------------|------------------|
| Stichter Riedel Blain & Postler, P.A.      | July 28, 2022    |
| 110 E. Madison Street, Suite 200           |                  |
| Tampa, FL 33602                            |                  |

The examination will be recorded by this method:  **Delivery of documents to attorney noted below.**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**Documents on attached Exhibit A.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   **July 7, 2022**

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *Michael Kastrenakes*, who issues or requests this subpoena, are:   **Edward J. Peterson, Esq.**
**Stichter Riedel Blain & Postler, P.A.**
**110 E. Madison Street, Suite 200**
**Tampa, FL   33602**
**813.229.0144**
**epeterson@srbp.com**

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____ .

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or
        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

---

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

As used herein, the terms listed below are defined as follows:

A. **"You"** and **"Your,"** as used herein means the person or entity to whom or to which this Subpoena Duces Tecum Without Deposition is addressed.

B. **"Document"** means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all nonidentical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, E-Mails, telegrams, teletype, telefax bulletins, meetings, or other communications, interoffice and intraoffice telephone calls, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphs or aural records of representations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures and electronic, mechanical or electric recordings or representations of any kind (including without limitation, tapes, cassettes, discs and recordings).

C. **"Communications"** means any oral or written statement, dialogue, colloquialism, discussion, conversation and agreement, including but not limited to text messages and emails.

D. **"Reflecting"** or **"regarding"** means relating to, having to do with, or otherwise connected to.

E. **"Person"** and **"Persons,"** means all entities including without limitation, all individuals, associations, companies, partnerships, joint ventures, corporations, trusts, estates, public agencies, departments, bureaus and boards.

F. The terms **"evidencing, documenting, or relating to"** and **"supporting"** each mean concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, identifying, establishing or not establishing, tending to establish or not to establish, evidencing or not evidencing, supporting or not supporting, compromising, connected with, commonly known as, responding to, agreeing or disagreeing with, showing, describing, analyzing, representing, constituting or including and contained in the usual course of business or shall be organized and labeled to correspond to the categories specified in this request.

G. **"All"** includes the word **"any"** and **"any"** includes the word **"all."** **"Each"** includes the word **"every"** and **"every"** includes the word **"each."**

H. **"And"** as well as **"or"** shall be construed either conjunctively or disjunctively as necessary in order to bring within the scope of the interrogatory any information which might otherwise be construed to be outside their scope.

I. The singular and masculine form of a noun or pronoun shall embrace the plural, the feminine, and/or the neuter, and vice versa.

J. If any document requested is withheld on the basis of any claim of privilege, that document shall be identified by title, author, addressee, date, subject matter, number of pages, attachments or appendices and the nature of the privilege asserted with respect to each such document shall be specifically stated.

K. Documents shall be provided in PDF format.

## REQUESTS

1. All statements and billing records from November 1, 2021 to present for the user of phone number 213-200-1483 from November 20, 2021 to present.

2. All text messages and emails from phone number 213-200-1483 and any other phone from November 1, 2021 to present.

3. All phone records, including any documents identifying calls to and from this phone number from November 1, 2021 to present for phone number 213-200-1483.

4. All voicemails left for phone number 213-200-1483 from November 1, 2021 to present.

5. All payment records identifying the purchaser, user or owner of a phone associated with phone number 213-200-1483.

6. All payment records identifying the person paying for any bill associated with the phone number 213-200-1483 from November 1, 2021 to present, including the name of the person, any credit card information, any billing address or other address affiliated with payments, the payment type or method, and any other information which would tend to reveal the identity of the user or payor of the use for the account.

7. Subscriber information for the above listed numbers, including financially responsible party, billing address, features and services and equipment.

8. All stored SMS content, MMS content and / or Browser Cache if available.

9. Beginning and ending switch and cell site / tower identifiers for each call, SMS MMS and data transmission, including the location information and azimuth for the tower and sector used for the call.

10. A complete table of cell towers / cell site information for all cell towers / cell sites in the LAC, NEID or service area and or for all switches used, active at the time period for the call detail records requested. This shall include:

    a. cell tower location information including latitude and longitude

    b. cell tower / cell site designation information / identification numbers

    c. information for each cell site sector including azimuth.

    d. equipment type used at the cell site, i.e. Lucent or Nortel, etc.

11.    A legend and definition for any and all abbreviations used in the reports provided.

12.    All recorded conversations You had with any person contacting You from phone number 213-200-1483 from November 1, 2021 until present, including but not limited to conversations regarding payments or customer service calls.

13.    All historical notes You kept regarding the user, subscriber, payor, account holder or anyone else calling regarding or on behalf of the user of 213-200-1483.

# RETURN OF SERVICE

UNITED STATES BANKRUPTCY COURT
District of

Case Number: 22-bk-1210-CED

IN RE:  DEBTOR:
**MICHAEL KASTRENAKES**

vs.

DEFENDANT:


SP30000325546

For:
EDWARD J. PETERSON
STICHTER, RIEDEL, BLAIN & PROSTLER, P.A.
110 EAST MADISON STREET STE 200
TAMPA, FL 33602

Received by S & W PROCESS SERVICE on the 18th day of July, 2022 at 2:54 pm to be served on **TRACFONE WIRELESS, INC., D/B/A SIMPLE MOBILE, CUSTODIAN OF RECORDS, SUBPOENA COMPLIANCE, 9700 NW 112 Avenue, Miami, FL 33178**.

I, GLENVILLE SMITH, do hereby affirm that on the **19th day of July, 2022** at **10:42 am, I:**

**.CORPORATE:**  served by delivering a true copy of the **SUBPOENA FOR RULE 2004 EXAMNATION; PROOF OF SERVICE; FEDERAL RULE OF CIVIL PROCEDURE 45 (c), (d), (e), and (g) (Effective 12/1/13); EXHIBIT A**  with the date and hour of service endorsed thereon by me, to: **JACK DELUS** as **RECORDS CUSTODIAN** of **TRACFONE WIRELESS, INC., D/B/A SIMPLE MOBILE, CUSTODIAN OF RECORDS, SUBPOENA COMPLIANCE 9700 NW 112 Avenue, Miami, FL 33178**, and informed said person of the contents therein. Service was completed on the named individual after due diligence to locate the registered agent or any other officer for **TRACFONE WIRELESS, INC., D/B/A SIMPLE MOBILE, CUSTODIAN OF RECORDS, SUBPOENA COMPLIANCE** without success. This service is in compliance with either Federal Rules of Civil Procedure, Florida Statute 48.081 or other state statute as applicable.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525. ELECTRONIC SIGNATURES ARE NOW PERMITTED PURSUANT TO FLORIDA STATUTE 48.21. NOTARY ARE NOT REQUIRED PURSUANT TO F.S. 92.525(2).

**GLENVILLE SMITH**
CPS # 502

**S & W PROCESS SERVICE
2801 N. FLORIDA AVE
TAMPA, FL 33602
(813) 251-9197**

Our Job Serial Number: SP3-0000325546
Ref: 325546