UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                          Chapter 11

MICHAEL KASTRENAKES,                             Case No. 8:22-bk-1210-CED

     Debtor.

_____/

## DEBTOR'S OBJECTION TO CLAIM NO. 11
## FILED BY NEXTGEAR CAPITAL, INC.

---

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

**IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PAPER YOU MUST FILE A RESPONSE WITH THE CLERK OF COURT AT SAM M. GIBBONS UNITED STATES COURTHOUSE, 801 NORTH FLORIDA AVENUE, SUITE 555, TAMPA, FLORIDA 33602, WITHIN THIRTY (30) DAYS FROM THE DATE OF THE ATTACHED PROOF OF SERVICE, PLUS AN ADDITIONAL THREE DAYS IF THIS PAPER WAS SERVED ON ANY PARTY BY U.S. MAIL.**

**IF YOU FILE AND SERVE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL EITHER NOTIFY YOU OF A HEARING DATE OR THE COURT WILL CONSIDER THE RESPONSE AND GRANT OR DENY THE RELIEF REQUESTED IN THIS PAPER WITHOUT A HEARING. IF YOU DO NOT FILE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL CONSIDER THAT YOU DO NOT OPPOSE THE RELIEF REQUESTED IN THE PAPER, AND THE COURT MAY GRANT OR DENY THE RELIEF REQUESTED WITHOUT FURTER NOTICE OR HEARING.**

**YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY IF YOU HAVE ONE. IF THE PAPER IS AN OBJECTION TO YOUR CLAIM IN THIS BANKRUPTCY CASE, YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED IF YOU DO NOT TIMELY FILE AND SERVE A RESPONSE.**

---

MICHAEL KASTRENAKES (the "**Debtor**") objects to Claim No. 11 (the "**Claim**") filed by NextGear Capital, Inc. ("**NextGear**") and respectfully requests the entry of an order disallowing the Claim in its entirety.  In support thereof, the Debtor states as follows:

     1.     On March 27, 2022 (the "**Petition Date**"), the Debtor filed with this Court his Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), and made an election to proceed under Subchapter V of the Small Business Reorganization Act, as amended.

2.      On June 13, 2022, the Debtor filed an Amended Petition eliminating the Subchapter V election.

3.      On June 2, 2022, NextGear filed the Claim in the total amount of $1,237,031.70, as a general unsecured claim in connection with the Debtor's Individual Personal Guaranty (the "**Guaranty**") of a Demand Promissory Note and Loan and Security Agreement executed by MK Automotive, Inc., d/b/a New Wave Auto Sales.

4.      The Claim is based upon the claims set forth in the six-count Complaint for Damages and Replevin filed by NextGear against, *inter alia*, the Debtor in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida as Case No. 20-003846-CI (the "**State Court Action**").  Only one of the counts—Count IV for breach of the Guaranty—is against the Debtor.

5.      On June 15, 2022, the Debtor removed the State Court Action to this Court as Adv. Proc. No. 8:22-ap-000112-CED (the "**Removed Action**").

6.      The Claim should be disallowed in its entirety.  The Debtor has defenses to the Claim as well as counterclaims against NextGear, which the Debtor asserts will completely offset the Claim.  These defenses and counterclaims were filed in the State Court Action and are set forth on **Composite Exhibit A** attached hereto.

7.      The Debtor intends to file a motion to consolidate this objection with the Removed Action for purposes of discovery and trial.

8.      The Debtor reserves the right to supplement or amend this objection as discovery proceeds.

WHEREFORE, the Debtor respectfully requests that this Court enter an order sustaining the objection, disallowing the Claim in its entirety, and providing such other and further relief as may be just.

/s/ Amy Denton Mayer
Edward J. Peterson (FBN 0014612)
Amy Denton Mayer (FBN 0634506)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida   33602
Telephone:  (813) 229-0144
Email:  epeterson@srbp.com; amayer@srbp.com
Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Objection to Claim No. 11 Filed by the NextGear Capital, Inc.* was furnished on this 26th day of August, 2022 by the Court's CM/ECF electronic noticing system to all parties receiving CM/ECF electronic noticing and by U.S. mail to:

NextGear Capital, Inc.
Attn:  Susan L. Smith, Paralegal
11799 N. College Ave.
Carmel, IN  46032

/s/ Amy Denton Mayer
Amy Denton Mayer

4873-0505-9120, v. 2

**COMPOSITE EXHIBIT A**

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

NEXTGEAR CAPITAL INC.,

     Plaintiff,

v.                                         CASE NO. 20-003846-CI

MK AUTOMOTIVE, INC., et al.,

     Defendants.

_____/

# EXHIBIT A TO DEFENDANT'S MOTION FOR
# LEAVE TO AMEND AFFIRMATIVE DEFENSES

## ENGLANDER FISCHER
### ATTORNEYS
721 First Avenue North • St. Petersburg, Florida 33701
Phone (727) 898-7210 • Fax (727) 898-7218
eflegal.com

***ELECTRONICALLY FILED 02/18/2022 04:45:33 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

NEXTGEAR CAPITAL INC.,

     Plaintiff,

v.                                 CASE NO. 20-003846-CI

MK AUTOMOTIVE, INC., et al.,

     Defendants.

_____/

### DEFENDANTS' AMENDED AFFIRMATIVE DEFENSES

Defendants, MICHAEL KASTRENAKES and MK AUTOMOTIVE, INC. d/b/a NEW WAVE AUTO SALES ("***Defendants***") by and through undersigned counsel and pursuant to Fla. R. Civ. P. 1.190 hereby amend their affirmative defenses in this action as follows:

### First Affirmative Defense – Accord

As a full and complete defense to all of Plaintiff's claims against Defendants, Defendants would show that Plaintiff's claims are barred by the doctrine of accord and satisfaction. An accord and satisfaction results when: (1) the parties mutually intend to effect a settlement of an existing dispute by entering into a superseding agreement; and (2) there is actual performance in accordance with the new agreement. *Cirrus Design Corp. v. Sasso*, 95 So.3d 308, 311 (Fla. 4th DCA 2012). If a party accepts an offer for a superseding agreement, it is bound to each of the conditions in the new agreement and abandons the rights previously held. *Id*. at 312. A new agreement was formed based upon the terms set forth in **Exhibit A** whereby Plaintiff agreed to release all remaining debt as long as Defendant complied with the terms of the Agreement. Defendant performed all of its obligations under the agreement causing an accord and satisfaction.

ENGLANDER FISCHER
ATTORNEYS
721 First Avenue North • St. Petersburg, Florida 33701
Phone (727) 898-7210 • Fax (727) 898-7218
eflegal.com

WHEREFORE, Defendants pray the Court find no recovery for the Plaintiff and for an award of attorney's fees and costs against Plaintiff and in favor of Defendants.

### Second Affirmative Defense – Off Set and Marshaling of Assets

As a full and complete defense to all of Plaintiff's claims against Defendants, Defendants would show that Plaintiff's claims for damages are set off as a result of marshalling of assets. Prior to the Plaintiff pursuing a claim of damages, it must determine a liquidated amount after it marshals and sells off all collateral to avoid a windfall for the Plaintiff. Under information and belief, the total debt claimed by Plaintiff is exceeded by the value of the vehicles turned over to Plaintiff by Defendant pursuant to the agreement in Exhibit A.

WHEREFORE, Defendants pray the Court find no recovery for the Plaintiff and for an award of attorney's fees and costs against Plaintiff and in favor of Defendants.

### Third Affirmative Defense – Offset

As a full and complete defense to all of Plaintiff's claims against Defendants, Defendants would show that Defendants are entitled to a setoff of its award of damages against Plaintiff in Defendants' counterclaim.

WHEREFORE, Defendants pray the Court find no recovery for the Plaintiff and for an award of attorney's fees and costs against Plaintiff and in favor of Defendants.

### Fourth Affirmative Defense – Failure to Mitigate

As a full and complete defense to all of Plaintiff's claims against Defendants, Defendants would show that Plaintiff's claims are barred because of its failure to mitigate its damages. Plaintiff failed to exercise reasonable diligence in failing to resell of New Wave's inventory and assets. To date, Defendants are unaware of what Plaintiff did with the returned inventory and business assets. Vehicles have been returned to the Plaintiff as a result of the agreement between Plaintiff and

Defendant found in Exhibit A. Plaintiff has not accounted for the sale of such vehicles. Under information and belief, the total debt claimed by Plaintiff is exceeded by the value of the vehicles turned over to Plaintiff by Defendant pursuant to the agreement in Exhibit A.

WHEREFORE, Defendants pray the Court find no recovery for the Plaintiff and for an award of attorney's fees and costs against Plaintiff and in favor of Defendants.

### Fifth Affirmative Defense – Plaintiff's Prior Breach

As a full and complete defense to all of Plaintiff's claims against Defendants, Defendants would show that any breaches by Defendants are excused by Plaintiff's prior material breach. Plaintiff seized all of Defendants' inventory and business assets and has not provided any information as to the value of those seized assets. Plaintiff was required to apply the value of those assets as a credit to any amounts it claims are due and owning. To date, Plaintiff has retained the assets and their value without applying any credit to the alleged debt.

WHEREFORE, Defendants pray the Court find no recovery for the Plaintiff and for an award of attorney's fees and costs against Plaintiff and in favor of Defendants.

### Sixth Affirmative Defense – Unclean Hands

As a full and complete defense to all of Plaintiff's claims against Defendants, Defendants would show that Plaintiff's claims are barred by the doctrine of unclean hands. As described in more detail in the Counterclaim, Plaintiff purposefully sent a letter to all of Defendants' known creditors falsely representing that Defendants were in default of their loan obligations, causing Defendants lines of credit and banking relationships to end. Consequently, Defendants could not conduct any business, making it impossible for Defendants to pay any money toward the loan.

WHEREFORE, Defendants pray the Court find no recovery for the Plaintiff and for an award of attorney's fees and costs against Plaintiff and in favor of Defendants.

### Seventh Affirmative Defense – Documentary Taxes

As a full and complete defense to all of Plaintiff's claims against Defendants, Defendants would show that Plaintiff's claim for breach of promissory note in Count I, the foreclosure action in Count II, and breach of personal guaranties in Counts IV and V are barred by its failure to pay documentary taxes. Promissory notes for which documentary taxes have not been paid are, as a matter of law, unenforceable by any Florida court. *See Somma v. Metra Elecs. Corp.*, 727 So.2d 302, 304 (Fla. 5th DCA 1999); *Rappaport v. Hollywood Beach Resort Condominium Ass'n, Inc.*, 905 So.2d 1024 (Fla. 4th DCA 2005).

WHEREFORE, Defendants pray the Court find no recovery for the Plaintiff and for an award of attorney's fees and costs against Plaintiff and in favor of Defendants.

### Eighth Affirmative Defense – Original Note

As a full and complete defense to all of Plaintiff's claims against Defendants, Defendants would show that Plaintiff's claim for breach of promissory note in Count I, the foreclosure action in Count II, and breach of personal guaranties in Counts IV and V are barred by its failure to produce and surrender the original note. A promissory note is clearly a negotiable instrument within the definition of § 673.1041(1), and either the original must be produced, or the lost document must be reestablished under § 673.3091, Florida Statutes. See Mason v. Rubin, 727 So.2d 283 (Fla. 4th DCA 1999).

WHEREFORE, Defendants pray the Court find no recovery for the Plaintiff and for an award of attorney's fees and costs against Plaintiff and in favor of Defendants.

### Ninth Affirmative Defense – Waiver

As a full and complete defense to all of Plaintiff's claims against Defendants, Defendants would show that Plaintiff's claims are barred by the doctrine of waiver. Waiver is the voluntary

4

and intentional relinquishment of a known right or conduct which infers the relinquishment of a known right. Kirschner v. Baldwin, 988 So.2d 1138, 1142 (Fla. 5th DCA 2008). The elements are: (1) the existence at the time of the waiver of a right, privilege, advantage, or benefit that may be waived; (2) the actual or constructive knowledge thereof; and (3) an intention to relinquish that right, privilege, advantage or benefit. *Destin Sav. Bank v. Summerhouse of FWB, Inc.*, 579 So.2d 232, 235 (Fla. 1991). As more thoroughly described in the Counterclaim, Plaintiff waived remedies available under the terms of the Promissory Note and Personal Guaranties in exchange for the new agreement reached by the parties.

WHEREFORE, Defendants pray the Court find no recovery for the Plaintiff and for an award of attorney's fees and costs against Plaintiff and in favor of Defendants.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date a true and correct copy of the foregoing has been electronically filed with the Clerk of Court by using the Florida Courts E-Filing Portal which will send a notice of electronic filing to the following:

| | |
|---|---|
| Nicolette C. Vilmos, Esq.<br>Nelson Mullins Broad and Cassel<br>390 N. Orange Ave., Suite 1400<br>Orlando, FL 32801<br>Nicolette.vilmos@nelsonmullins.com<br>Katie.bartoo@nelsonmullins.com<br>Christine.howard@nelsonmullins.com<br>*Attorneys for Plaintiff* | Brian R. Hummel, Esq.<br>Wright Law Group, PLLC<br>1060 Woodcock Road, Suite 128<br>PMB 84356<br>Orlando, FL 32801<br>flservice@replevinlawfirm.com<br>brh@replevin.com<br>*Attorney for Ascentium Capital, LLC* |
| Jennifer Smith Thomas, Esq., and<br>Christina H. Tiblier, Esq.<br>Rumberger, Kirk & Caldwell, P.A.<br>300 South Orange Ave., Suite 1400 (32801)<br>Post Office Box 1873<br>Orlando, FL 32802-1872<br>jthomas@rumberger.com<br>docketingorlando@rumberger.com<br>jthomassecy@rumberger.com<br>ctiblier@rumberger.com | Christopher R. Thompson, Esq.<br>Burr & Forman LLP<br>200 S. Orange Ave., Suite 800<br>Orlando, FL 32801<br>crthompson@burr.com<br>*Attorney for Republic Bank and Trust Company* |

| | |
|---|---|
| ctibliersecy@rumberger.com<br>*Attorneys for Automotive Finance Corporation* | |
| Kathleen L. DiSanto, Esq.<br>Bush Ross, P.A.<br>1801 N. Highland Ave.,<br>P.O. Box 3913<br>Tampa, FL 33602-3913<br>kdisanto@bushross.com<br>ksprehn@bushross.com<br>*Attorney for Maria Kastrenakes* | By U.S. Mail to:<br>Steve Louvar<br>Litigation Specialist<br>GreatAmerica Financial Services Corporation<br>One GreatAmerica Plaza<br>625 First St., SE, Suite 800<br>Cedar Rapids, IA 52401<br>slouvar@greatamerica.com |
| By U.S. Mail to:<br>Centerstate Bank, N.A.<br>c/o Office of General Counsel,<br>Registered Agent<br>1951 8th Street N.W.<br>Winter Haven, FL 33881 | |

DATED this ___ day of February, 2022.

ENGLANDER FISCHER

BY:    /s/_____
David S. Delrahim, Esq.
Florida Bar No.: 0066368
Primary: ddelrahim@eflegal.com
Secondary: creeder@eflegal.com
ALICIA GANGI
Florida Bar No. 1002753
Primary: agangi@eflegal.com
Secondary: tdillon@eflegal.com
**ENGLANDER AND FISCHER LLP**
721 First Avenue North
St. Petersburg, Florida 33701
Tel: (727) 898-7210/Fax: (727) 898-7218
*Attorneys for MK Automotive, Inc., d/b/a New Wave Auto Sales; Michael Kastrenakes and New Wave Auto Finance, LLC f/k/a Platinum Auto Finance, LLC*

6

**EXHIBIT A**

---

**From:** Mike Kastrenakes
**Sent:** Friday, August 21, 2020 11:18 AM
**To:** Steve Fishman <steve@attorneystevenfishman.com>
**Subject:** FW: CIT Inventory



**From:** White, Logan (CAI - Florida) <Logan.White@coxautoinc.com>
**Sent:** Wednesday, April 15, 2020 11:04 AM
**To:** Mike Kastrenakes <mikek@newwaveautosales.com>
**Subject:** RE: CIT Inventory

Agreed.

LW

---

**From:** Mike Kastrenakes <mikek@newwaveautosales.com>
**Sent:** Wednesday, April 15, 2020 10:49 AM
**To:** White, Logan (CAI - Florida) <Logan.White@coxautoinc.com>
**Subject:** RE: CIT Inventory

Logan one quick point of clarification.  The next payment of 75k will happen as soon as we receive the funds from the PPP loan.  I spoke to by banker yesterday and he said they are required to fund within 10 business days.  I just want to make sure we don't have a problem with NG if it takes longer than 10 calendar days from today.  Of course if it comes in sooner we will pay the 75k sooner.  You can respond to this email that you agree.

Thanks Again,



**Mike Kastrenakes**
President
**New Wave Auto Sales**
Direct: **1-727-475-5170**
Email: mikek@newwaveautosales.com

www.newwaveautosales.com

---

**From:** White, Logan (CAI - Florida) <Logan.White@coxautoinc.com>
**Sent:** Wednesday, April 15, 2020 10:01 AM
**To:** Mike Kastrenakes <mikek@newwaveautosales.com>
**Subject:** RE: CIT Inventory

Mike,

Just wanted to confirm that NGC is on board with the following:

- $75k today / $75 in the next 10 days
- Remainder of SOT cleared when Disaster relief funds
- CIT units are paid off as they fund
- Three remaining NGC financed units that have not been picked up are returned to NGC for pickup
- NGC releases SOT titles upon receipt of $75k today
- NGC will not pursue any collections/default remedies (KO Book, lawsuit, etc) that is has not already pursued as long as dealer is in compliance

LW

---

**From:** Mike Kastrenakes <mikek@newwaveautosales.com>
**Sent:** Tuesday, April 14, 2020 6:09 PM
**To:** White, Logan (CAI - Florida) <Logan.White@coxautoinc.com>
**Subject:** RE: CIT Inventory

Logan
As we discussed on the phone  that New Wave is remaining in business as we are fortunate that we have a private line that  will be providing us more inventory.  Things remain very slow; however we are optimistic that when things do come back we will be positioned to rebound and grow our sales.  In order for us to remain in business it is critical that we receive the titles for the SOT  units so that we don't lose our banks that finance our customers.  Of course, remaining in business and with the SBA funds coming in we are confident that we can make both NG and AFC whole on the SOT units.  The unknown for all  of us right now is the market value of the cars that were picked up.  Overall we had equity a month ago, especially since we made all of our curtailment payments.  However, with the pandemic that has all changed.  I guess we will cross that bridge later.  Hopefully NG will be strategic and not sell at the market low.  In light of our current cash position and funds that we need to continue paying operating expenses here is what I propose.

1. New Wave will pay the pending funding units off as soon as funding happens.  We will update you daily and as we did today payoff any units as soon as they fund.
2. New Wave will pay now $50,000 towards the SOT balance.
3. When the PPP loan closes New Wave will pay an additional $75,000 towards the SOT.  I heard from my banker today and he told me that this loan will close and fund within 7-10 business days at the latest.  The bank is required to fund all approved applications within 10 business days.  I will ask him to put this in writing tomorrow.
4. New Wave has applied for 2mm from the economic disaster loan.  The timing of this is vague but I am hearing its 30 days away.  I called the SBA and they have my application and I should be receiving  a document list soon.  For this loan we will need to show proof of loss from the pandemic which will be very easy for us to do.  A good portion of these funds will be used to clean up the SOT.  Again, I don't know the specifics and if there will be any restrictions on this loan.  If there is still a balance after these loans fund that we would look to enter into a short term payment plan.
5. We are also expecting other relief loans specific to the car rental business.  We don't have specifics on these yet but we think there

could be additional funds for us since car rental was a big part of our losses.

Finally, we would need AFC and NG to agree to terms in order for this to happen.  Again, we want to remain in business and payback NG ASAP as described above.

Please let me know if you have any questions regarding this proposal.  I am available by cell if you need to discuss.

Thank You,



**From:** Mike Kastrenakes
**Sent:** Tuesday, April 14, 2020 3:21 PM
**To:** White, Logan (CAI - Florida) <Logan.White@coxautoinc.com>
**Subject:** RE: CIT Inventory

Your stock number if its easier is 120482.
Thank You,



**From:** White, Logan (CAI - Florida) <Logan.White@coxautoinc.com>
**Sent:** Tuesday, April 14, 2020 2:58 PM
**To:** Mike Kastrenakes <mikek@newwaveautosales.com>
**Subject:** Re: CIT Inventory

Yes, Let me know which one.

LW

Get Outlook for iOS

**From:** Mike Kastrenakes <mikek@newwaveautosales.com>
**Sent:** Tuesday, April 14, 2020 2:21:29 PM
**To:** White, Logan (CAI - Florida) <Logan.White@coxautoinc.com>
**Subject:** RE: CIT Inventory

Yes that is fine.  Can you send me one extra title?   If so 120482.
Thank You,



**From:** White, Logan (CAI - Florida) <Logan.White@coxautoinc.com>
**Sent:** Tuesday, April 14, 2020 2:10 PM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

NEXTGEAR CAPITAL INC.,

      Plaintiff,

v.

                                           CASE NO. 20-003846-CI

MK AUTOMOTIVE, INC., et al.,

      Defendants.

_____/

# EXHIBIT A TO DEFENDANT'S MOTION FOR <u>LEAVE TO FILE COUNTERCLAIM</u>

# ENGLANDER FISCHER
## A T T O R N E Y S
721 First Avenue North • St. Petersburg, Florida 33701
Phone (727) 898-7210 • Fax (727) 898-7218
eflegal.com

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

NEXTGEAR CAPITAL INC.,

     Plaintiff,

v.                                  CASE NO. 20-003846-CI

MK AUTOMOTIVE, INC., et al.,

     Defendants.

_____/

## COUNTERCLAIM

Counter-Plaintiff, MK AUTOMOTIVE, INC. d/b/a NEW WAVE AUTO SALES, by and through undersigned counsel and pursuant to Fla. R. Civ. P. 1.170 hereby sues Counter-Defendant, NEXTGREAR CAPITAL, INC., as follows:

### *General Allegations*

1.     This is an action for damages in excess of $30,000.00, exclusive of attorneys' fees, interest, or court costs.

2.     Counter-Plaintiff, MK Automotive, Inc., a Florida corporation d/b/a New Wave Auto Sales does business in Pinellas County, Florida (***"New Wave"***).

3.     Michael Kastrenakes is an individual residing in Pinellas County, Florida (***"Kastrenakes"***).

4.     Counter-Defendant, NextGear Capital, Inc., a Delaware Corporation filed a lawsuit against MK Automotive in Pinellas County, Florida regarding the same subject matter alleged in this Counterclaim (***"Nextgear"***).

## ENGLANDER FISCHER
### A T T O R N E Y S
721 First Avenue North • St. Petersburg, Florida 33701
Phone (727) 898-7210 • Fax (727) 898-7218
eflegal.com

5.      The Court has jurisdiction over Nextgear pursuant to Fla. Stat. §48.193 and Fla. Stat. §685.102 because it submitted itself to the jurisdiction of the courts of this state by operating, conducting, engaging in, and carrying on business in this state which this cause of action arises, being engaged in substantial and not isolated activity within this state, committing a tort in this state from which this cause of action arises, by entering into a contract in this state, and by filing a lawsuit regarding the same subject matter as alleged herein in Pinellas County, Florida.

6.      Venue is appropriate in this Court because Nextgear filed a lawsuit regarding the same subject matter as alleged herein in this Court and selected the forum.

7.      All conditions precedent to the institution of this action have been performed, have occurred, or have been waived.

### *Factual Allegations*

8.      In September 2013, Nextgear advanced funds to New Wave by way of a Promissory Note and a $3,000,000.00 line of credit.

9.      Kastrenakes executed a personal guaranty ("***Guaranty***") in favor of Nextgear related to New Wave's liabilities under the Promissory Note.

10.     During the Covid-19 pandemic in 2020, New Wave's sales decreased dramatically, and it applied for a $2,000,000.00 disaster relief loan.

11.     While waiting for the disaster relief loan, New Wave still needed Nextgear to fund its operating expenses.

12.     Accordingly, on April 14, 2020, Kastrenakes, as President of New Wave, proposed via email the following to Nextgear:

> a.      New Wave will pay Nextgear $50,000.00 immediately toward outstanding line of credit balance;

      b.     New Wave will pay Nextgear an additional $75,000.00 after it receives a PPP loan; and

      c.     New Wave will pay the remaining unpaid balance from the $2MM disaster relief loan as soon as the loan is approved and the funds clear.

13.    On April 15, 2020, Nextgear made a counteroffer to New Wave's proposal and asked New Wave to confirm agreement with the following terms:

      a.     New Wave pays Nextgear $75,000.00 on April 15, 2020 and an additional $75,000.00 within ten days;

      b.     Nextgear will release vehicles sold out of trust titles (a/k/a SOT) upon receipt of the $75,000.00

      c.     The remainder of New Wave's unpaid balance will be repaid after New Wave receives its disaster relief loan funds;

      d.     Contracts in transit (a/k/a CIT) units (ie. cars sold but not funded) will be paid off by New Wave as they fund;

      e.     Three remaining units financed by Nextgear will be returned to Nextgear; and

      f.     **"Nextgear agrees not to pursue any collections/default remedies (KO Book, lawsuit, etc) that it has not already pursued as long as dealer is in compliance"** (emphasis added).

14.    On the same day in response, M Kastrenakes clarified that the next payment of $75,000.00 will be paid as soon as New Wave receives its funds from a PPP loan.

3

15. On April 15, 2020, Nextgear agreed to the terms outlined in the email, as clarified by M Kastrenakes. A true and correct copy of the written and confirmed agreement is attached hereto as **Exhibit "A."**

16. Accordingly, on April 15, 2020, Nextgear and New Wave entered into a valid contract regarding the parties obligations regarding the promissory note and line of credit (***"Contract"***).

17. This Contract was an accord and satisfaction of New Wave's, Kastrenakes's, and Nextgear's rights and obligations under the original Promissory Note and which would then relieve the obligations under Guaranty.

18. New Wave complied with all of its payment obligations outlined in the Contract. However, New Wave never received the disaster relief loan.

19. Accordingly, New Wave was not under any obligation to repay the remaining unpaid balance because it did not receive the $2MM loan as outlined in the Contract.

20. Separately, while the parties were negotiating the terms of the Contract, Nextgear sent letters to New Wave's creditors, indicating that New Wave is in default of its loan obligations and that Nextgear intends to repossess and sell New Wave's inventory:

     a.     Bank of America

     b.     Centerstate Bank

     c.     Jefferson Bank of Florida

     d.     Automotive Finance Corporation

     e.     CT Corporation System

     f.     Republic Bank & Trust Company

     g.     Great America Financial Services Corporation

(*"Finance Companies"*)

A copy of an email from Nextgear indicating that the letters were sent to the Finance Companies is attached hereto as **Exhibit "B."**

21.     After the letters were sent to the Finance Companies, Nextgear emailed New Wave admitting that the letters should not have been sent. A copy of the email is attached hereto as **Exhibit "C."**

22.     After receiving Nextgear's letter, the Finance Companies discontinued their lines of credit and stopped doing business with New Wave.

23.     The letters caused a ripple effect throughout New Wave's operations and ultimately caused New Wave to shut down completely.

24.     Nextgear's actions did not give New Wave the ability to continue its business operations, and as a result lost millions of dollars from forcing its business to shutdown.

## COUNT I
### Breach of Contract – New Wave v. Nextgear

25.     New Wave realleges paragraphs 1 through 24 as if fully set forth herein.

26.     Nextgear entered into a Contract with New Wave.

27.     Nextgear agreed to an accord and satisfaction of the debt owed by New Wave to Nextgear upon performance.

28.     Nextgear materially breached the terms of the Contract by filing a lawsuit against New Wave and Kastrenakes.

29.     Additionally, Nextgear materially breached the terms of the Contract by contacting New Wave's creditors and incorrectly informing them that New Wave was in default of its loan obligations with New Wave.

5

30.     MK Automotive suffered damages as a result of Nextgear's breaches.

WHEREFORE, New Wave respectfully request that this Court enter a judgment against Nextgear for damages, interest, court costs, and any other relief as the Court deems necessary under the circumstances.

## COUNT II
### *Tortious Interference – New Wave v. Nextgear*

31.     New Wave realleges Paragraphs 1 through 24 as if fully set forth herein.

32.     A business and contractual relationship existed between New Wave and each of the Finance Companies.

33.     Nextgear had knowledge of those business relationships and New Wave's rights and obligations thereunder.

34.     Nextgear intentionally or acted in gross negligence or reckless disregard when it unjustifiably interfered with New Wave's business relationships by incorrectly informing them that Nextgear was going to repossess all of New Wave's equipment, making it impossible for New Wave to carry on its business.

35.     Nextgear, had no legitimate, justifiable reason for its interference. Instead, the interference was motivated by malice, as there is no justifiable reason to contact all of New Wave's creditors about its status on payments to Nextgear.

36.     New Wave has been damaged by Nextgear's tortious interference because the Finance Companies refused to do business with New Wave, closed lines of credits with New Wave, and caused New Wave's operations to stop completely.

37.     New Wave reserves its right to amend this pleading to plead and prove punitive damages.

WHEREFORE, New Wave respectfully requests this Court enter judgment against Nextgear for damages, special damages including lost profits, damages for reputational harm, interest, court costs, and any other relief as the Court deems necessary under the circumstances.

### COUNT III
### *Slander of Credit – New Wave v. Nextgear*

38.     New Wave realleges Paragraphs 1 through 24 as if fully set forth herein.

39.     Nextgear willfully and maliciously made false statements to the Finance Companies regarding New Wave's indebtedness to Nextgear.

40.     Nextgear new at the time the statements were made that they were false. In fact, Nextgear admitted that the statements were false and should not have been made to the Finance Companies. *See* Exhibit "B."

41.     Nextgear's intent at the time of making the statement was with malice intent of preventing New Wave from procuring credit from the Finance Companies.

42.     As a direct result of Nextgear's false statements to the Finance Companies, New Wave has been damaged.

43.     The Finance Companies, relying on Nextgear's false statements, closed lines of credit with New Wave that New Wave relied on to conduct its business.

44.     Nextgear's actions were malicious and libel per se because Nextgear disregarded the truth, made no effort to cure the misrepresentations despite admitting that they were made in error, and continues to persist its wrongful position in this litigation.

45.     New Wave reserves its right to amend its pleading to plead and prove punitive damages.

WHEREFORE, New Wave respectfully requests this Court enter judgment against Nextgear for damages, special damages including lost profits, damages for reputational harm, interest, court costs, and any other relief as the Court deems necessary under the circumstances.

## COUNT IV
### *Declaratory Judgment – New Wave, M Kastrenakes, MJ Kastrenakes v. Nextgear*

46.     New Wave realleges Paragraphs 1 through 24 as if fully set forth herein.

47.     This is an action for declaratory judgment pursuant to Ch. 86, *Florida Statutes*.

48.     Nextgear improperly claims it is entitled to repayment under the terms of a Promissory Note and related Guaranty.

49.     New Wave is in doubt as to whether there has been an accord and satisfaction of the Promissory Note and Guaranty after New Wave and Nextgear entered into the Contract. *See* Exhibit "A."

50.     New Wave is entitled to have their doubts regarding their rights and obligations under the Contract, Promissory Note and Guaranty resolved.

51.     Accordingly, there exists a present, actual, and justiciable controversy between Nextgear and Counterclaim Plaintiffs.

52.     The relief sought would dispose of the current controversy and is not intended as a request for legal advice or an advisory opinion from the Court.

WHEREFORE, Counterclaim Plaintiffs respectfully request that this Honorable Court enter judgment declaring that: (1) the Contract is an accord and satisfaction of the Promissory Notes and the Guaranty; (2) Nextgear's claims are prohibited under the doctrine of accord and satisfaction; (3) and New Wave only had an obligation to repay any additional funds to Nextgear if it received the economic disaster relief loan; and (4) any other relief as the Court deems necessary under the circumstances, including supplemental relief to determine that any other

8

obligations by Kastrenakes or Maria Kastrenakes have been resolved or satisfied as a result of this Court's findings.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date a true and correct copy of the foregoing has been electronically filed with the Clerk of Court by using the Florida Courts E-Filing Portal which will send a notice of electronic filing to the following:

| | |
|---|---|
| Nicolette C. Vilmos, Esq.<br>Nelson Mullins Broad and Cassel<br>390 N. Orange Ave., Suite 1400<br>Orlando, FL 32801<br>Nicolette.vilmos@nelsonmullins.com<br>Katie.bartoo@nelsonmullins.com<br>Christine.howard@nelsonmullins.com<br>*Attorneys for Plaintiff* | Brian R. Hummel, Esq.<br>Wright Law Group, PLLC<br>1060 Woodcock Road, Suite 128<br>PMB 84356<br>Orlando, FL 32801<br>flservice@replevinlawfirm.com<br>brh@replevin.com<br>*Attorney for Ascentium Capital, LLC* |
| Jennifer Smith Thomas, Esq., and<br>Christina H. Tiblier, Esq.<br>Rumberger, Kirk & Caldwell, P.A.<br>300 South Orange Ave., Suite 1400 (32801)<br>Post Office Box 1873<br>Orlando, FL 32802-1872<br>jthomas@rumberger.com<br>docketingorlando@rumberger.com<br>jthomassecy@rumberger.com<br>ctiblier@rumberger.com<br>ctibliersecy@rumberger.com<br>*Attorneys for Automotive Finance Corporation* | Christopher R. Thompson, Esq.<br>Burr & Forman LLP<br>200 S. Orange Ave., Suite 800<br>Orlando, FL 32801<br>crthompson@burr.com<br>*Attorney for Republic Bank and Trust Company* |
| Kathleen L. DiSanto, Esq.<br>Bush Ross, P.A.<br>1801 N. Highland Ave.,<br>P.O. Box 3913<br>Tampa, FL 33602-3913<br>kdisanto@bushross.com<br>ksprehn@bushross.com<br>*Attorney for Maria Kastrenakes* | By U.S. Mail to:<br>Steve Louvar<br>Litigation Specialist<br>GreatAmerica Financial Services Corporation<br>One GreatAmerica Plaza<br>625 First St., SE, Suite 800<br>Cedar Rapids, IA 52401<br>slouvar@greatamerica.com |
| By U.S. Mail to:<br>Centerstate Bank, N.A.<br>c/o Office of General Counsel, | |

| Registered Agent<br>1951 8th Street N.W.<br>Winter Haven, FL 33881 | |

DATED this __ day of February, 2022.

ENGLANDER FISCHER

BY:    */s/ Alicia Gangi*
David S. Delrahim, Esq.
Florida Bar No.: 0066368
Primary:  ddelrahim@eflegal.com
Secondary:  creeder@eflegal.com
ALICIA GANGI
Florida Bar No. 1002753
Primary: agangi@eflegal.com
Secondary: tdillon@eflegal.com
**ENGLANDER AND FISCHER LLP**
721 First Avenue North
St. Petersburg, Florida 33701
Tel:  (727) 898-7210/Fax:  (727) 898-7218
*Attorneys for MK Automotive, Inc., d/b/a New Wave
Auto Sales; Michael Kastrenakes and New Wave
Auto Finance, LLC f/k/a Platinum Auto Finance,
LLC*

**EXHIBIT A**

---

**From:** Mike Kastrenakes
**Sent:** Friday, August 21, 2020 11:18 AM
**To:** Steve Fishman <steve@attorneystevenfishman.com>
**Subject:** FW: CIT Inventory



**From:** White, Logan (CAI - Florida) <Logan.White@coxautoinc.com>
**Sent:** Wednesday, April 15, 2020 11:04 AM
**To:** Mike Kastrenakes <mikek@newwaveautosales.com>
**Subject:** RE: CIT Inventory

Agreed.

LW

**From:** Mike Kastrenakes <mikek@newwaveautosales.com>
**Sent:** Wednesday, April 15, 2020 10:49 AM
**To:** White, Logan (CAI - Florida) <Logan.White@coxautoinc.com>
**Subject:** RE: CIT Inventory

Logan one quick point of clarification. The next payment of 75k will happen as soon as we receive the funds from the PPP loan. I spoke to by banker yesterday and he said they are required to fund within 10 business days. I just want to make sure we don't have a problem with NG if it takes longer than 10 calendar days from today. Of course if it comes in sooner we will pay the 75k sooner. You can respond to this email that you agree.

Thanks Again,



**From:** White, Logan (CAI - Florida) <Logan.White@coxautoinc.com>
**Sent:** Wednesday, April 15, 2020 10:01 AM
**To:** Mike Kastrenakes <mikek@newwaveautosales.com>
**Subject:** RE: CIT Inventory

Mike,

Just wanted to confirm that NGC is on board with the following:

- $75k today / $75 in the next 10 days
- Remainder of SOT cleared when Disaster relief funds
- CIT units are paid off as they fund
- Three remaining NGC financed units that have not been picked up are returned to NGC for pickup
- NGC releases SOT titles upon receipt of $75k today
- NGC will not pursue any collections/default remedies (KO Book, lawsuit, etc) that is has not already pursued as long as dealer is in compliance

LW

**From:** Mike Kastrenakes <mikek@newwaveautosales.com>
**Sent:** Tuesday, April 14, 2020 6:09 PM
**To:** White, Logan (CAI - Florida) <Logan.White@coxautoinc.com>
**Subject:** RE: CIT Inventory

Logan
As we discussed on the phone that New Wave is remaining in business as we are fortunate that we have a private line that will be providing us more inventory. Things remain very slow; however we are optimistic that when things do come back we will be positioned to rebound and grow our sales. In order for us to remain in business it is critical that we receive the titles for the SOT units so that we don't lose our banks that finance our customers. Of course, remaining in business and with the SBA funds coming in we are confident that we can make both NG and AFC whole on the SOT units. The unknown for all of us right now is the market value of the cars that were picked up. Overall we had equity a month ago, especially since we made all of our curtailment payments. However, with the pandemic that has all changed. I guess we will cross that bridge later. Hopefully NG will be strategic and not sell at the market low. In light of our current cash position and funds that we need to continue paying operating expenses here is what I propose.

1. New Wave will pay the pending funding units off as soon as funding happens. We will update you daily and as we did today payoff any units as soon as they fund.
2. New Wave will pay now $50,000 towards the SOT balance.
3. When the PPP loan closes New Wave will pay an additional $75,000 towards the SOT. I heard from my banker today and he told me that this loan will close and fund within 7-10 business days at the latest. The bank is required to fund all approved applications within 10 business days. I will ask him to put this in writing tomorrow.
4. New Wave has applied for 2mm from the economic disaster loan. The timing of this is vague but I am hearing its 30 days away. I called the SBA and they have my application and I should be receiving a document list soon. For this loan we will need to show proof of loss from the pandemic which will be very easy for us to do. A good portion of these funds will be used to clean up the SOT. Again, I don't know the specifics and if there will be any restrictions on this loan. If there is still a balance after these loans fund that we would look to enter into a short term payment plan.
5. We are also expecting other relief loans specific to the car rental business. We don't have specifics on these yet but we think there

could be additional funds for us since car rental was a big part of our losses.

Finally, we would need AFC and NG to agree to terms in order for this to happen.  Again, we want to remain in business and payback NG ASAP as described above.

Please let me know if you have any questions regarding this proposal.  I am available by cell if you need to discuss.

Thank You,



**From:** Mike Kastrenakes
**Sent:** Tuesday, April 14, 2020 3:21 PM
**To:** White, Logan (CAI - Florida) <Logan.White@coxautoinc.com>
**Subject:** RE: CIT Inventory

Your stock number if its easier is 120482.
Thank You,



**From:** White, Logan (CAI - Florida) <Logan.White@coxautoinc.com>
**Sent:** Tuesday, April 14, 2020 2:58 PM
**To:** Mike Kastrenakes <mikek@newwaveautosales.com>
**Subject:** Re: CIT Inventory

Yes, Let me know which one.

LW

Get Outlook for iOS

**From:** Mike Kastrenakes <mikek@newwaveautosales.com>
**Sent:** Tuesday, April 14, 2020 2:21:29 PM
**To:** White, Logan (CAI - Florida) <Logan.White@coxautoinc.com>
**Subject:** RE: CIT Inventory

Yes that is fine.  Can you send me one extra title?   If so 120482.
Thank You,



**From:** White, Logan (CAI - Florida) <Logan.White@coxautoinc.com>
**Sent:** Tuesday, April 14, 2020 2:10 PM

# EXHIBIT B

---

**From:** Mike Kastrenakes
**Sent:** Tuesday, April 7, 2020 11:13 AM
**To:** White, Logan (CAI - Florida) <Logan.White@coxautoinc.com>
**Subject:** Re: Letters Sent

Ok please email me letter ASAP.
Mike.

Sent from my iPhone

> On Apr 7, 2020, at 11:11 AM, White, Logan (CAI - Florida) <Logan.White@coxautoinc.com> wrote:

Mike,
Letters were sent to the following:

| | |
|---|---|
| MK AUTOMOTIVE INC DBA NEW WAVE AUTO SALES | 8000 Park Blvd N |
| MK AUTOMOTIVE INC DBA NEW WAVE AUTO SALES | 19206 US 19 NORTH |
| MARIA J KASTRENAKES | 1755 MCCAULEY RD |
| MICHEAL KASTRENAKES | 1755 MCCAULEY RD |
| BANK OF AMERICA, N.A | 9000 SOUTHSIDE BLVD |
| BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT | 231 SOUTH LASALLE STREET, IL1-231-08-30 |
| BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT | 101 N. TRYON STREET, NC1-001-05-45 |
| CENTERSTATE BANK | 3711 TAMPA RD |
| JEFFERSON BANK OF FLORIDA | 3711 TAMPA RD |
| AUTOMOTIVE FINANCE CORPORATION | 13085 HAMILTON CROSSING BLVD, SUITE 300 |
| C T CORPORATION SYSTEM, AS REPRESENTATIVE | 330 N BRAND BLVD, SUITE 700 |
| REPUBLIC BANK & TRUST COMPANY | 601 W. MARKET ST. |
| GREATAMERICA FINANCIAL SERVICES CORPORATION | 625 FIRST STREET |

**Logan White**
e: Logan.White@CoxAutoInc.com
m: 317-681-3363

# EXHIBIT C

---

**From:** "White, Logan (CAI - Florida)" <Logan.White@coxautoinc.com>
**Date:** April 7, 2020 at 11:31:44 AM EDT
**To:** Mike Kastrenakes <mikek@newwaveautosales.com>
**Subject: 16435 - New Wave Auto Sales**

Mike,

I want to start by apologizing, this is not an e-mail that I was intending to have to write. Unfortunately, due to an administrative error by our Corporate team, letters were sent (in two batches) out to likely creditors indicating that NGC has repossessed and intends to sell financed inventory. I want to reiterate and confirm that this is not the case. Everything we discussed is still moving forward as planned. Inventory will be held at auction, to allow you to payoff and redeem vehicles you wish to keep.

Yes, the lending relationship between New Wave Auto Sales and NGC will be discontinued. However, at this time NGC does not plan on self liquidating any inventory and/or utilizing any default/collection remedies.

New Wave and NGC have had 10+ year very successful relationship and we have every intention of ending it on the right note. Again, I sincerely apologize for the mistake.

**Logan White**
e: Logan.White@CoxAutoInc.com
m: 317-681-3363

