UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                      Chapter 11

MICHAEL KASTRENAKES,                        Case No. 8:22-bk-1210-CED

    Debtor.
_____/

**DEBTOR'S OBJECTION TO CLAIM NO. 2
FILED BY STATE OF FLORIDA – DEPARTMENT OF REVENUE**

> **NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PAPER YOU MUST FILE A RESPONSE WITH THE CLERK OF COURT AT SAM M. GIBBONS UNITED STATES COURTHOUSE, 801 NORTH FLORIDA AVENUE, SUITE 555, TAMPA, FLORIDA 33602, WITHIN THIRTY (30) DAYS FROM THE DATE OF THE ATTACHED PROOF OF SERVICE, PLUS AN ADDITIONAL THREE DAYS IF THIS PAPER WAS SERVED ON ANY PARTY BY U.S. MAIL.**
>
> **IF YOU FILE AND SERVE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL EITHER NOTIFY YOU OF A HEARING DATE OR THE COURT WILL CONSIDER THE RESPONSE AND GRANT OR DENY THE RELIEF REQUESTED IN THIS PAPER WITHOUT A HEARING. IF YOU DO NOT FILE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL CONSIDER THAT YOU DO NOT OPPOSE THE RELIEF REQUESTED IN THE PAPER, AND THE COURT MAY GRANT OR DENY THE RELIEF REQUESTED WITHOUT FURTER NOTICE OR HEARING.**
>
> **YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY IF YOU HAVE ONE. IF THE PAPER IS AN OBJECTION TO YOUR CLAIM IN THIS BANKRUPTCY CASE, YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED IF YOU DO NOT TIMELY FILE AND SERVE A RESPONSE.**

MICHAEL KASTRENAKES (the "**Debtor**") objects to Claim No. 2 (the "**Claim**") filed by the State of Florida – Department of Revenue (the "**DOR**") and respectfully requests the entry of an order disallowing the Claim in its entirety. In support thereof, the Debtor states as follows:

**Background**

1.    On March 27, 2022 (the "**Petition Date**"), the Debtor filed with this Court his Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the

"**Bankruptcy Code**"), and made an election to proceed under Subchapter V of the Small Business Reorganization Act, as amended.

2. On June 13, 2022, the Debtor filed an Amended Petition eliminating the Subchapter V election.

3. Prior to the Petition Date, the Debtor entered into a settlement with the DOR pursuant to which he paid the DOR in full settlement and satisfaction of any outstanding claims of the DOR.

4. On April 6, 2022, the DOR filed the Claim in the total amount of $1,903,523.64, asserting a priority claim in the amount of $951,761.82 and a non-priority, general unsecured claim in the amount of $951,761.82.

## Legal Argument

Introduction

5. The DOR's entire Claim is based on alleged tax liabilities of a completely separate taxpayer, MK Automotive, Inc. ("MK Auto"), rather than a tax assessment against the Debtor. The DOR does not have a valid, legal basis for asserting a "tax" against the Debtor. The Claim is invalid and should be disallowed for at least four reasons. First, the Debtor already paid the DOR in full settlement and satisfaction. Second, all but approximately $88,000 of the Claim is time barred. Third, the DOR failed to provide the requisite notice in order to enforce the Claim. Fourth, at best, the Claim is a penalty. Even if the Claim or a portion thereof is allowed, it is not a priority claim. At best, it is a non-priority, general unsecured claim, as it is a penalty.

I. The Claim was previously settled.

6. First, the Debtor settled with the DOR in full settlement and satisfaction of any claims. Therefore, the Claim should be disallowed in its entirety.

II.     All but approximately $88,000 of the Claim is time-barred.

7.      Second, all but approximately $88,000 of the Claim is time barred under Florida law. Florida Statute § 95.091 establishes the statute of limitations for taxes due under Chapter 212 (sales and use tax) and Chapter 213 (State Revenue Laws, General Provisions). *See* Fla. Stat. § 72.011. Florida Statute § 95.091(3)(a)1.b., provides that the statute of limitations for penalties due under Chapter 213, (including § 213.29) is 3 years from the date the tax is due or the return is filed, whichever is later. The DOR is asserting a claim under § 213.29 based on transactions that were more than 3 years old at the time the Claim was filed. The due dates for the returns and taxes on such returns are also more than 3 years old. Therefore, the portion of the Claim for penalties under § 213.29 is time barred under § 95.091(3)(a)1.b. *See also, Verizon Business Purchasing, LLC v. State, Dept. of Revenue,* 164 So.3d 806 (Fla. 1st DCA 2015) (*citing De Vore v. Gay*, 39 So.2d 796 (Fla.1949), assessment barred by statute of limitations when NOPA issued less than 60 days before extended limitations period expired); *Harris Corp. v. Dep't of Revenue*, 409 So. 2d 91, 93 (Fla. 1st DCA 1982) (statutes conferring authority to impose taxes must be strictly construed, and that if they are so drawn that the legislative intent is in doubt, such statutes should be construed most strongly against the government, and liberally in favor of the taxpayer or citizen).

8.      The Claim incorrectly seeks recovery for taxes purportedly due for specific periods, when such taxes were not actually due for those periods. For example, the portion of the Claim which asserts that $621,618.76 of tax and $621.618.76 of penalties are due for the 7/2019 period are not for amounts due for the 7/2019 period. *See*, Claim 2. Instead, the transactions for which the DOR alleges these amounts are due were for periods going back to 2017. By incorrectly claiming the amounts are due for July 2019 instead of between 2017 and 2019, the DOR is hoping to avoid the Florida statue of statute of limitations, § 95.091(3)(a)1.b as a bar to recovery.

9.  Only approximately $88,455.72 of the Claim would not be time barred.

III.  The DOR failed to follow statutory notice requirements.

10.  Third, the DOR failed to follow the statutory requirements for asserting claims against MK Auto, thereby invalidating any claims for tax or penalties against the Debtor.

11.  Each state taxing authority in this country is required to comply with basic due process rights under the Fifth and Fourteenth amendments of the United States Constitution. These due process rights are to afford taxpayers with proper notice of a proposed tax liability and to afford the taxpayer time and proper procedural safeguards to challenge proposed tax liabilities. To comply with the constitutional due process requirements, Florida law imposes very strict requirements on the DOR for providing notice to taxpayers of a proposed tax assessment and to provide the taxpayer specific periods of time to challenge the assessment through administrative appeals or in court. *See*, Florida Taxpayer Bill of Rights §§ 213.015(5), (6), (7), & (8).

12.  Proposed assessments do not become final assessments until the taxpayer has been given valid notice and the statutorily required period for challenging the assessment has passed. "It is common sense that a tax assessment, as a formal act with significant consequences, cannot occur before it is final...." *In re Gen. Dev. Corp.*, 165 B.R. 691, 696 (S.D. Fla. 1994). Prior to this finality, the assessment is best described as a tentative calculation which the taxpayer has no obligation to pay. *Id. In re Gen. Dev. Corp.* supports the view that the Bankruptcy Court must look to Florida tax law to determine the Debtor's rights and liability, if any.

13.  Even in extreme circumstances that require the DOR to determine tax liabilities quickly to protect the state through Jeopardy Tax Assessments, *see*, Fla. Stat. § 213.732, the DOR is still required to provide proper notice to the taxpayer and give the taxpayer twenty (20) days to challenge the assessment before the tax assessment becomes final and enforceable.

14. The requirement for the DOR to provide a taxpayer notice and the ability to challenge a proposed tax assessment is extremely pertinent in this case. After the DOR conducted an entire review of the taxpayer's records and assessed tax, which the Debtor paid, the DOR then did a second review of the records and unilaterally determined that more taxes were due from the business, MK Auto. The business was not given any required notice of a proposed assessment, no ability to review the state's calculations, no ability to review the records, and no ability to question or challenge the proposed tax assessment by the DOR. The DOR has thousands of proposed tax assessments challenged and millions of dollars of proposed tax assessments reduced annually for inaccurately assessed taxes by the DOR personnel. The DOR violated MK Auto's due process rights and is now attempting to circumvent that violation in an attempt to impose § 213.29 penalties on the Debtor, as the owner of MK Auto, based on the invalid tax assessment on MK Auto.

15. Therefore, the DOR failed to follow Florida statutory due process requirements located in s.72.011 and Chapter 213 for asserting claims based on the underlying assessments of tax on MK Auto. The DOR may not impose § 213.29 penalties on the owner of a business—the Debtor—based upon invalid tax liabilities of the business—MK Auto. Therefore, the Claim should be disallowed.

16. In addition, the DOR failed to give the Debtor proper notice regarding his appeal rights. Without proper notice to permit the Debtor to exercise his appeal rights, there can be no final assessment against the Debtor. Any attempt by the DOR to impose a § 213.29 penalty on an owner of a business must follow the same U.S. Constitutional requirements and Florida law notice and appeal processes as any other tax or penalty listed under § 72.011(1)(a). The DOR failed to give the Debtor his notice and appeal rights to the proposed § 213.29 penalties. Therefore, the Claim should be disallowed.

IV.    At best, the Claim is a penalty.

17.    Finally, assuming *arguendo* that any tax is owed, it is owed by MK Auto, not the Debtor.  The only mechanism for the DOR to collect the tax of a legal entity from the owner of the entity is through the imposition of penalties, as described below.

18.    The DOR is attempting to assert a claim for tax <u>and</u> penalties against the Debtor based on the alleged sales tax liabilities of a separate and distinct legal entity, MK Auto, by somehow asserting that the legal entity and the owner are one and the same.  However, it is well established under Florida sales tax law that the business and the owners are separate and distinct taxpayers.  *See* Fla. Stat. § 202.02(12)&(13).[1]  Under Florida law, in most situations even transactions between owners and the entity are subject to sales tax under Florida law.  *See Uscardio Vascular v. Florida Dep't*, 993 So. 2d 81 (Fla. 1st DCA 2008) (subjecting to Florida sales tax the rental payments from the legal entity doctor's business to the individual doctor owners of the land and building where the business operated).  Florida raises millions of dollars every year imposing sales and use taxes on transactions between legal entities and the owners of such entities.  It would cost the state of Florida millions of dollars of tax revenue if legal entities and their owners were held not to be separate and distinct taxpayers.

19.    The only means under Florida law for the DOR to pierce the veil to assert a claim that the liabilities of MK Auto (one taxpayer) may be civilly imposed on the Debtor as the owner of that legal entity (a separate taxpayer) in a bankruptcy case is through penalties (not tax) under § 213.29, which provides in part (emphasis added):

> **Any person who is required to collect, truthfully account for, and pay over any tax enumerated in** chapter 201, chapter 206, or **chapter 212 and who willfully fails to collect such tax or truthfully account for and pay over such tax** or willfully attempts

---

[1] Even entities disregarded for federal tax purposes are treated as separate taxpayers for Florida sales tax purposes. *See* Fla. Stat. § 605.1103(3).

6

>in any manner to evade or defeat such tax or the payment thereof; or any officer or director of a corporation who has administrative control over the collection and payment of such tax and who willfully directs any employee of the corporation to fail to collect or pay over, evade, defeat, or truthfully account for such tax shall, in addition to other penalties provided by law, ***be liable to a penalty*** **equal to twice the total amount of the tax** evaded or not accounted for or paid over. The filing of a protest based upon doubt as to liability or collection of a tax shall not be determined to be an attempt to evade tax under this section. The penalty imposed hereunder shall be in addition to any other penalty imposed or that should have been imposed under the revenue laws of this state, but shall be abated to the extent that the tax is paid. Any penalty may be compromised by the executive director of the Department of Revenue as set forth in s. 213.21. [ ]

20. By the very plain and unambiguous wording, the statute does not authorize the imposition of a tax, only a penalty. The DOR filed the Claim for tax <u>and</u> penalties in this case. The Debtor objects to the allowance of any portion of the Claim for tax as it is without basis under Florida law.

21. The DOR's entire claim is based on alleged tax liabilities of a completely separate Debtor, MK Auto. The DOR has no legal means civilly to impose tax liabilities of a separate legal entity on the Debtor in this case. The only possible path for the DOR to assert any claim against an individual for the state tax liabilities of a legal entity is for penalties under Section 213.29, Florida Statutes. The DOR, by virtue of the construction of its Claim, conflates excise taxes asserted against MK Auto with a personal assessment made against the Debtor by using Florida Statute § 213.39. Plainly, that cannot be done under the Florida Constitution absent the blessing of the legislature. In the only appellate opinion on the statute, from the Second DCA, the court characterized the statute as a penalty. *VMOB, LLC v. Dep't of Revenue*, 292 So. 3d 23, 28 (Fla. 2d DCA 2020) ("section 213.29 imposes a penalty for the willful failure to 'pay over' a tax and for willful attempts to 'evade' or 'defeat' a tax").

V.    <u>The Claim is not a priority claim.</u>

22.    Further, the Claim is not for "actual pecuniary loss," as required for priority status under Section 507(a)(8)(G) of the Bankruptcy Code. "Courts addressing the issue of tax-penalty priority have generally found that tax penalties levied in addition to interest, and in particular flat-percent tax penalties, are punitive in nature rather than compensatory." *In re Hovan, Inc.*, 172 B.R. 974, 975 (Bankr. W.D. Wash. 1994) (holding that tax-penalties are not for "actual pecuniary loss" and therefore dischargeable); *In re Jones*, 2021 WL 1157895 *4 (Bankr. N.D. Ga. Mar 25, 2021) (holding that a "failure-to-pay [tax] penalty" is dischargeable); *Cassidy v. Dumler (In re Cassidy)*, 983 F.3d 161, 164-165 (10th Cir. 1992) (holding that a 10% tax penalty for early withdrawal from a pension plan "bear[s] no relationship to the direct financial loss of the government" and therefore is not for actual pecuniary loss).

23.    Here, the Claim asserted by the DOR—which is assessed against a different taxpayer, MK Auto—is a "failure-to-pay tax penalty" because it asserts a flat-percentage tax penalty "equal to twice the total amount of the tax evaded or not accounted for or paid over." *See* Fla. Stat. § 213.29. Therefore, the Claim is not entitled to priority under 11 U.S.C. § 507(a)(8)(G).

24.    Accordingly, to the extent that this Court allows any portion of the Claim, it is a penalty (not in compensation for actual pecuniary loss) and is therefore a non-priority, general unsecured claim. Accordingly, at best, the Claim is a non-priority unsecured claim.

### Reservation of Rights

25.    The Debtor reserves the right to supplement or amend this objection as discovery proceeds and more information becomes available.

4857-1923-3063, v. 12

WHEREFORE, the Debtor respectfully requests that this Court enter an order sustaining the objection, disallowing the Claim in its entirety, and providing such other and further relief as may be just.

 */s/ Edward J. Peterson*
 Edward J. Peterson (FBN 0014612)
 Amy Denton Mayer (FBN 0634506)
 Stichter Riedel Blain & Postler, P.A.
 110 East Madison Street, Suite 200
 Tampa, Florida   33602
 Telephone:  (813) 229-0144
 Email:  epeterson@srbp.com; amayer@srbp.com
 Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Objection to Claim No. 2 Filed by the State of Florida - Department of Revenue* was furnished on this 7th day of September, 2022 by the Court's CM/ECF electronic noticing system to all parties receiving CM/ECF electronic noticing and by U.S. mail to:

Frederick F. Rudzik, Esquire
P.O. Box 6668
Tallahassee, FL  32314-6668
Counsel for Claimant

Florida Department of Revenue
Attn: April Long, Tax Specialist I
P.O. Box 8045
Tallahassee, FL 32314-8045

 */s/ Edward J. Peterson*
 Edward J. Peterson

9

4857-1923-3063, v. 12