**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:

                                                    Case No. 8:22-bk-01210-CED

MICHAEL KASTRENAKES,

                                                    Chapter 11

              Debtor.

_____/

**NEXTGEAR CAPITAL, INC.'S OBJECTION TO**
**ADEQUACY OF DISCLOSURE AND TO CONFIRMATION**
**OF DEBTOR'S PLAN OF REORGANIZATION**

Pursuant to Federal Rules of Bankruptcy Procedure 3017(a) and 3020(b)(1), Bankruptcy Code §§1125 and 1129, and other applicable law, NextGear Capital, Inc. ("NextGear") objects on the following grounds to the "Disclosure Statement and Plan of Reorganization for the Debtor Under Chapter 11" (the "Plan") [D.E. 96], proposed on July 21, 2022, by Michael Kastrenakes (the "Debtor"):

I.       **PRELIMINARY STATEMENT**

30.       The Debtor's Plan in this case raises serious concerns as to its feasibility and fairness. Here the Plan relief entirely on unspecified and unsupported revenues of non-debtors while offering full third-party releases to the Debtor's wife and affiliated companies. The Debtor's wife, Mrs. Kastrenakes, is liable for her debts pursuant to her own, independent actions and should not be allowed to obtain  a discharge of her independent liabilities by simply making unsubstantiated financial promises in the Debtor's bankruptcy.  The Plan falls far short of meeting the confirmation requirements in  Bankruptcy Code §1129(a). As such his Court should consider the appointment of a Chapter 11 Trustee or converting the case to Chapter 7 for cause as there is no reasonable likelihood of confirmation of any plan.

A.      **FACTUAL/PROCEDURAL BACKGROUND**

1.      The Debtor is an individual who resides in Pinellas County, Florida, and is the husband of Maria Kokolakis Kastrenakes ("Ms. Kastrenakes"), a non-filing party-in-interest in the above-captioned bankruptcy case (this "Bankruptcy Case"). Ms. Kastrenakes and the Debtor (together, the "Kastrenakeses") have been involved together as husband and wife in the restaurant business, the real estate business, and most notably the automobile business for many years.

2.      On or about September 13, 2013, NextGear and MK Automotive, Inc., a Florida corporation, d/b/a NEW WAVE AUTO SALES ("Dealer") entered into a Demand Promissory Note and Loan and Security Agreement (together with all amendments thereto, the "Note") whereby Dealer granted NextGear a security interest in all of Dealer's assets and properties, wherever located, and all proceeds thereof.

3.      The Note was, by its terms, an amendment to and restatement of all prior notes between NextGear and Dealer.

4.      In connection with the Note (and the prior notes between NextGear and Dealer), NextGear caused to be filed with the Florida Secured Transaction Registry a UCC-1 Financing Statement and seven (7) UCC-3 Financing Statement Amendment Forms (collectively, the "Financing Statements"). True and correct copies of the filed Financing Statements are attached hereto as **Composite Exhibit "A."**

5.      Mrs. Kastrenakes executed an Individual Guaranty (the "M.J. Kastrenakes Guaranty") in favor of NextGear, whereby Mrs. Kastrenakes personally guaranteed prompt and full payment to NextGear of all liabilities and obligations of Dealer pursuant to the Note. A true

and correct copy of the M.J. Kastrenakes Guaranty is attached hereto and incorporated herein by reference as **Exhibit "B."**

6.    The Debtor likewise executed an Individual Guaranty (the "Debtor Guaranty") in favor of NextGear, whereby the Debtor guaranteed prompt and full payment to NextGear of all liabilities and obligations of Dealer pursuant to the Note.

7.    As set forth in Section 2(g) of the M.J. Kastrenakes Guaranty, Mrs. Kastrenakes' Guaranty obligations are independent from the Debtor Guaranty.

> 2.(g) <u>Enforcement</u>.  In no event shall Lender have any obligation to proceed against Borrower, any other Guarantor or any other Person, or any security pledged in connection with the Liabilities, before seeking satisfaction from Guarantor.  Lender may, at its option, proceed, prior or subsequent to, or simultaneously with, the enforcement of its rights hereunder, to exercise any right or remedy it may have against Borrower, any other Guarantor or other Person, or any security pledged in connection with the Liabilities.

8.    NextGear advanced funds to Dealer and to certain third parties on Dealer's behalf in order to finance Dealer's inventory pursuant to the terms of the Note.

9.    The funds advanced by NextGear to Dealer and to certain third parties on Dealer's behalf have not been fully repaid as agreed.

10.    Dealer defaulted under the Note by, *inter alia*, failing to make payments of principal and/or interest due thereunder.

11.    As a result of the occurrence and continuance of an Event of Default, as that term is defined in the Note, NextGear declared the entire Indebtedness due.  As of August 15, 2022, the amounts due and owing under the Note total $1,286,115.13, exclusive of attorneys' fees and costs (the "Indebtedness").

12.     The amount due from Dealer pursuant to the Note has not been paid.  As a result of Dealer's default, NextGear has incurred additional expenses under the Note, including, without limitation, attorneys' fees and court costs, all of which amounts NextGear is entitled to recover as the holder of the Note.

13.     On or about March 27, 2022, the Debtor filed a petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  Dealer has not filed any bankruptcy petition, nor has Mrs. Kastrenakes.

14.     On June 2, 2022, NextGear filed its Proof of Claim ("POC," Claim No. 11). A copy of the POC is attached as **Exhibit "C."**

15.     On August 26, 2022 Debtor filed an objection to POC ("Claim Objection").

16.     On August 15, 2022, NextGear initiated an arbitration against Mrs. Kastrenakes, JAMS Ref. No. 5340000243 (the "Arbitration").

17.     Mrs. Kastrenakes remains contractually obligated under the M.J. Kastrenakes Guaranty to pay the Indebtedness in its entirety. In a desperate effort to attempt to delay enforcement of Mrs. Kastrenakes' contractual obligation—a contractual obligation entirely separate and distinct from the Debtor's obligations under the Debtor Guaranty—the Debtor seeks to stay the Arbitration.

*18.*     Prior to initiating this Reorganization, the Kastrenakeses owned and operated a consortium of auto businesses that sold, leased, and financed vehicles (collectively, the "Auto Business"). However, as of the date of initiating this Reorganization, the Debtor takes the position that the Auto Businesses had all "shut down" *See Plan at P. 5*

4

19.     The Auto Business does appear to be operating, through a myriad of business entities in which the Debtor has been involved, but now claims to have no interest or only a small interest.

20.     The Debtor has a history of fraudulent dealings. For example, the Debtor failed to pay the Florida Department of Revenue (the "FDOR") nearly $5,000,000 in sales tax liability. With Florida's sales tax for automobiles at six (6%) percent, $5,000,000 in sales tax liability translates to $83,000,000 in automobile sales. Nobody knows where that money went.

21.     Shortly before initiating this Reorganization, the Debtor pled guilty to tax fraud in the context of a criminal case pending in the State Court.[1] The Kastrenakeses paid a large tax liability just before the filing, and Ms. Kastrenakes formed a business entity[2] to handle the logistics of the payment which appears to be vulnerable under Bankruptcy Code § 547, among other things. However, it remains to be seen whether the FDOR still has claims unpaid, or whether there is continuing liability.

22.     On March 27, 2022 (the "Petition Date"), the Debtor filed a voluntary chapter 11 petition (the "Petition") electing treatment as a Subchapter V case under the provisions of the Small Business Reorganization Act of 2019. However, the Debtor has dropped this subchapter designation and is proceeding under chapter 11.

---

[1] *State of Florida v. Michael Kastrenakes*, Case No.: 20-11345-CF, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida (the "Criminal Case").

[2] CPX, LLC ("CPX") was formed by Ms. Kastrenakes days before the Debtor initiated this Reorganization. Any real or imagined claim CPX may possess in this Reorganization arises in the context of the Kastrenakeses' self-dealing, at the expense of arms' length creditors and this estate.

**B.**    <u>Ancillary Litigation Against The Debtor and Maria Kastrenakes</u>

23.    The Debtor is or claims to be a party to a total of five (5) actions (collectively, the "State Actions"), initiated by various creditors against the Debtor or insiders of the Debtor in the Sixth Judicial Circuit in and for Pinellas County, Florida (the "State Court"). The Debtor has systematically removed each of the State Actions. Following removal, each of these removed adversary proceedings (collectively, the "Removed Adversary Proceedings") has been slowed by remand motions, the requirement for Rule 26 conferences, and motions to dismiss. None of the State Actions are close to adjudication.

24.    <u>**NextGear Adversary Proceeding:**</u>[3] The Debtor has removed the underlying State Action,[4] that was initiated by one of the Kastrenakeses' largest creditors.

25.    On August 15, 2022, NextGear initiated an arbitration against Mrs. Kastrenakes, JAMS Ref. No. 5340000243 (the "Arbitration").

---

[3] *NextGear Capital, Inc. v. MK Automotive, Inc., d/b/a New Wave Auto Sales; Maria J. Kastrenakes; Michael Kastrenakes; New Wave Auto Finance, LLC; Automotive Finance Corporation; Centerstate Bank, N.A., Ascentium Capital, LLC; Republic Bank and Trust Company; Great America Financial Services Corporation; U.S. Small Business Administration, and Unknown Persons-in-Possession*, Case No. 8:22-ap-00112-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Removed NextGear Proceeding").

[4] *NextGear Capital, Inc. v. MK Automotive, Inc., d/b/a New Wave Auto Sales; Maria J. Kastrenakes; Michael Kastrenakes; New Wave Auto Finance, LLC; Automotive Finance Corporation; Centerstate Bank, N.A., Ascentium Capital, LLC; Republic Bank and Trust Company; Great America Financial Services Corporation; U.S. Small Business Administration, and Unknown Persons-in-Possession*, Case No.: 22-003846-CI, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida (the "NextGear Case").

26.    **Zervas Adversary Proceeding:**[5] Similarly, the Debtor has removed another State

Action[6] filed by two (2) other creditors of the Kastrenakeses from the State Court to this Court,

where it is also pending as an adversary proceeding, also relating to the Auto Business.

27.    **New Wave Adversary Proceeding:**[7] On February 20, 2022, some of the

Vasiloudes Creditors commenced this State Action[8] in State Court, and the Debtor removed the

action to this Court. A set of unliquidated claims is asserted against the Debtor and others that are

tied to his mishandling of the Auto Business, with Ms. Kastrenakes also a defendant.

28.    **ICO Adversary Proceeding:**[9] On February 28, 2022, Dr. Panayiotis Vasiloudes

("Vasiloudes"), Cygram Heritage, LLLP ("Heritage"), Cygram Holdings, L.P. ("Holdings"),

Panevas, LLC ("Panevas"), Trifon Houvardas ("Houvardas"), and K&M Insurance Investors, LLC

---

[5] *Thomas Zervas and Konstantinos Papaspanos v. Platinum Auto Finance, LLC n/k/a New Wave Auto Finance, LLC, Michael Kastrenakes, and Maria Kastrenakes*, Adv. Proc. No. 8:22-ap-00122-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Removed Zervas Proceeding").

[6] *Thomas Zervas and Konstantinos Papaspanos v. Platinum Auto Finance, LLC n/k/a New Wave Auto Finance, LLC, Michael Kastrenakes, and Maria Kastrenakes*, Case No.: 21-001223-CI, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida (the "Zervas Case").

[7] *Dr. Panayiotis Vasiloudes and Cygram Heritage, LLLP v. Michael Kastrenakes; Maria Kokolakis Kastrenakes; New Wave Acceptance LLC; Platinum Auto Finance, LLC n/k/a New Wave Auto Finance, LLC, and MK Automotive, Inc., d/b/a New Wave Auto Sales*, Adv. Proc. No. 8:22-ap-00113-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Removed New Wave Proceeding").

[8] *Dr. Panayiotis Vasiloudes and Cygram Heritage, LLLP v. Michael Kastrenakes; Maria Kokolakis Kastrenakes; New Wave Acceptance LLC; Platinum Auto Finance, LLC n/k/a New Wave Auto Finance, LLC, and MK Automotive, Inc., d/b/a New Wave Auto Sales*, Adv. Proc. No.: 22-000829-CI, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida (the "New Wave Case")

[9] *Panayiotis Vasiloudes, Cygram Heritage, LLLP, Cygram Holdings, L.P., Trifon Houvardas, and K&M Insurance Investors, LLC v. Michael Kastrenakes; William Hilgenfeldt, Thomas K. Rowe, and Kevin E. Hawkins*, Adv. Proc. No. 8:22-ap-00114-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Removed ICO Proceeding").

("K&M") ("Vasiloudes Creditors") commenced a State Action[10] shortly before the Debtor initiated

this Reorganization. Although a different business entity is involved, the Debtor's methods are

consistent with all of the allegations in the New Wave Adversary Proceeding.

29.     **The Removed Trusts Proceeding:**[11] On May 20, 2022, some of the Vasiloudes

Creditors commenced this State Action[12] against Ms. Kastrenakes and a set of trusts (the

"Concealed Family Trusts") that she formed for herself and her children to receive closing sale

proceeds for properties liquidated in advance of this Reorganization at a time that the

Kastrenakeses and the Auto Business were insolvent or in the zone of insolvency.

31.     When all of the Removed Adversary Proceedings have been fully adjudicated, the

claims and liabilities of the relevant parties will be determined. Until the pleadings are framed,

discovery is completed, and the causes of action are either adjudicated or settled in some manner,

determining the Debtor's overall ability to reorganize will remain impossible.

---

[10] *Panayiotis Vasiloudes, Cygram Heritage, LLLP, Cygram Holdings, L.P., Trifon Houvardas, and K&M Insurance Investors, LLC v. Michael Kastrenakes; William Hilgenfeldt, Thomas K. Rowe, and Kevin E. Hawkin*, Case No.: 22-000956-CI, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida (the "ICO Case").

[11] *Panayiotis Vasiloudes, M.D. PH.D., and Cygram Heritage, LLLP, Cygram Holdings, L.P., and Panevas, L.L.C. v. Maria Kastrenakes, individually and as trustee for the Maria Kastrenakes Irrevocable Trust; The Emmanuel Kastrenakes Irrevocable Trust; The Evangelia Kastrenakes Irrevocable Trust, The John Kastrenakes Irrevocable Trust, and The Joseph Kastrenakes Irrevocable Trust*, Case No. 8:22-ap-00115-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Removed Trusts Proceeding").

[12] *Panayiotis Vasiloudes, M.D. PH.D., and Cygram Heritage, LLLP, Cygram Holdings, L.P., and Panevas, L.L.C. v. Maria Kastrenakes, individually and as trustee for the Maria Kastrenakes Irrevocable Trust; The Emmanuel Kastrenakes Irrevocable Trust; The Evangelia Kastrenakes Irrevocable Trust, The John Kastrenakes Irrevocable Trust, and The Joseph Kastrenakes Irrevocable Trust*, Case No. 22-CI-2403, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida (the "Trusts Case").

C.    **Summary of Developments During this Reorganization:**

32.    There are four (4) additional adversary proceedings that have not been removed but were commenced before this Court and seek relief under the Bankruptcy Code (collectively, the "Four Adversary Proceedings").

- **The Injunction Adversary Proceeding:**[13] At the outset of this Reorganization, the Debtor sought an injunction against himself and Ms. Kastrenakes from any litigation by the plaintiffs identified in the NextGear Case, the Zervas Case, the New Wave Case, the ICO Case, and the Maria Kastrenakes arbitration. The Injunction Adversary Proceeding does not expressly address the Trusts Case or Arbitration, but it is clear that the Debtor does not want his wife sued even on cases where he is not named. The Debtor's rationale for requesting relief under Bankruptcy Code §105(a) is premised upon her anticipated but undisclosed planned contribution to her husband's reorganization effort, which is contradictory to what the Debtor testified to at the 341 meeting.

- **The Dischargeability Adversary Proceeding:**[14] The Vasiloudes Creditors have objected to the Debtor's discharge under Bankruptcy Code §523(a)(2)(4) and (6), based upon all of the conduct articulated in their complaints initiated the New Wave Case and the ICO Case. Confirmability of the Plan cannot be determined until the Dischargeability Adversary Proceeding is adjudicated or otherwise resolved.

---

[13] *Michael Kastrenakes v. NextGear Capital, Inc., Panayiotis Vasiloudes, Cygram Heritage, LLLP, Thomas Zervas, and Konstantinos Papaspanos*, Adv. Proc. No. 8:22-ap-00055-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Injunction Proceeding").

[14] *Dr. Panayiotis Vasiloudes, Cygram Heritage, LLLP, and Cygram Holdings, L.P. v. Michael Kastrenakes*, Adv. Proc. No. 8:22-ap-00095-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Dischargeability Adversary Proceeding").

- **The Derivative Adversary Proceeding:**[15] New Wave is a business entity that was half owned by Vasiloudes and other Vasiloudes Creditors, and by the Debtor. Vasiloudes put money in, and the Debtor secretly withdrew it to pay debts and buy inventory for other businesses owned by his wife or in-laws. On behalf of non-debtor New Wave, the plaintiffs have initiated the Derivative Adversary Proceeding to pursue derivative claims on behalf of New Wave under Bankruptcy Code §523(a)(2)(4) and (6).

- **The Equitable Subordination Adversary Proceeding:**[16] Pursuant to Bankruptcy Code §510(c), the Vasiloudes Creditors seek to subordination of claims asserted by the Debtor's immediate family and their wholly-owned business entities. Information and documentation supporting these claims has not been forthcoming. If the Debtor's obligations to his mother, wife, mother-in-law, or wife's company are truly arms' length, that would be important to the Debtor's reorganization efforts.

D.    **Overview of the Plan And Purported Disclosure Statement:**

33.    Bankruptcy Code Section 1125(b) requires disclosure statements to be approved by the court as containing "adequate information" before being transmitted to holders of claims or interests. 11 U.S.C. § 1125(b). Section 1125(a) defines "adequate information" as "information of a kind, and in sufficient detail, as fair as reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records" that would enable a hypothetical

---

[15] *Cygram Heritage, LLLP, Derivatively, on behalf of New Wave Acceptance, LLC v. Michael Kastrenakes and New Wave Acceptance, LLC*, Adv. Proc. No. 8:22-ap-00096-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Derivative Adversary Proceeding").

[16] *Dr. Panayiotis Vasiloudes, Cygram Heritage, LLLP, Cygram Holdings, L.P., Trifon Houvardas, and K&M Insurance Investors, LLC v. Michael Kastrenakes, Maria Kastrenakes, CPX Holdings, LLC, Pagona Kokolakis, and Evangeline Kastrenakes*, Adv. Proc. No. 8:22-ap-00114-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Equitable Subordination Adversary Proceeding").

investor "to make an informed judgment about the plan."  In determining whether a disclosure

statement provides adequate information, "the court shall consider the complexity of the case, the

benefit of additional information to creditors and other parties in interest, and the cost of providing

additional information." 11 U.S.C. § 1125(a).  In evaluating the adequacy of information provided

in a disclosure statement under Section 1125, courts assess a number of factors, including, but not

limited to, the following:

> (1) the events which led to the filing of a bankruptcy petition;
> (2) a description of the available assets and their value;
> (3) the anticipated future of the company;
> (4) the source of information stated in the disclosure statement;
> (5) a disclaimer;
> (6) the present condition of the debtor while in Chapter 11;
> (7) the scheduled claims;
> (8) the estimated return to creditors under a Chapter 7 liquidation;
> (9) the accounting method utilized to produce financial information
> and the name of the accountants responsible for such information;
> (10) the future management of the debtor;
> (11) the Chapter 11 plan or a summary thereof;
> (12) the estimated administrative expenses, including attorneys' and
> accountants' fees;
> (13) the collectability of accounts receivable;
> (14) financial information, data, valuations or projections relevant
> to the creditors' decision to accept or reject the Chapter 11 plan;
> (15) information relevant to the risks posed to creditors under
> the plan;  and
> (16) the actual or projected realizable value from recovery of
> preferential or otherwise voidable transfers.

34.     *In re United States Brass Corp.*, 194 B.R. 420, 424-25 (Bankr. E.D. Tex. 1996)

(citing *In re Metrocraft Pub. Servs., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984)).   In addition

to all of the foregoing, it is impossible to see how any disclosure statement would have "adequate

information" regarding any plan of reorganization until all of the Removed Adversary

Proceedings, Four Adversary Proceedings, and Claim Objections are substantially further along.

F.      **Objections to Confirmation**

35.      "The Debtor has the burden of proof on each element of 1129(a) and (b)." *In re New Midland Plaza Assoc.*, 247 B.R. 877, 883 (Bankr. S.D. Fla. 2000). "The appropriate standard of proof at the hearing on confirmation is the clear and convincing evidence standard, rather than the preponderance of the evidence standard." *Id.* Preponderance means that the existence of a fact is simply more likely than not, while clear and convincing is a higher standard and requires a high probability of success." *Id.* "A Chapter 11 plan may be confirmed only if each class of creditors affected by the plan consents." *In re Westport Holdings Tampa, LP*, 604 B.R. 82, 86 (Bankr. M.D. Fla. 2019).

36.      Here, the Plan is not confirmable for a number of reasons, which include, but are not limited to:

•      The insider release of Ms. Kastrenakes provided in the Plan is completely inappropriate under the facts of this case. The proposed Plan and third party release do not meet the stringent 11th Circuit standards required in *In re Seaside Eng'g & Surveying, Inc.,* 780 F.3d 1070 (11th Cir. 2015). As a result, the Plan also fails to meet the requirements of Bankruptcy Code § 1129(a)(1) because NextGear, as well as others who have  independent claims against Ms. Kastrenakes, would likely recover the full amount of their allowed claims if allowed to pursue Ms. Kastrenakes in arbitration. The Debtor has taken actions to shuffle his assets around to attempt to shield them from creditors.  This shell game includes his wife as a willing participant.  Because she is complicit in attempting to conceal the Debtor's assets, Mrs. Kastrenakes should not be afforded the extraordinary protection that an injunction would provide.

37.     Debtor's creation and treatment of Class 8 claims is both arbitrary and unfairly discriminatory.  If confirmed, Nextgear will be prejudiced by only receiving a *pro rata* share of income related to non-Debtor, Mrs. Kastrenakes, with other unsecured creditors who are owed over $21,000,000.00. This falls short of the equitable requirements for the Plan to be confirmed.

- The Plan fails to meet the requirements of Bankruptcy Code § 1129(a)(c). The Debtor is not proceeding in good faith, and has a primary goal of shielding Ms. Kastrenakes and the Concealed Family Trusts after fraudulently moving substantially all of the Debtor's assets to Ms. Kastrenakes and other related companies. The Debtor has defrauded NextGear. Granting a third party release to Ms. Kastrenakes would significantly limit NextGear's recovery while allowing the Debtor and Ms. Kastrenakes to continue fraudulently operating their businesses.

- Alternatives to the Plan are viable. The significant amount of debt and does not account for a straight liquidation. A fiduciary for the Debtor's estate could pursue substantial claims for the benefit of creditors and easily fund a distribution far in excess of what the Debtor seems to propose in the Plan, which would also allow NextGear to pursue its independent claims against Ms. Kastrenakes.

- NextGear reserves the right to file or voice further objections to the Plan prior to or at the confirmation hearing scheduled to occur in this Reorganization, particularly once (a) the Adversary Proceedings, the Removed Adversary Proceedings, Claim Objection have been further developed, (b) the Debtor and related taxpayers have filed tax returns that are relevant and discoverable in present contexts, and (c) adequate information appears in the form of a legally sufficient disclosure statement.

**G**.    **Appointment of Trustee or Conversion to Chapter 7.**

38.    The Debtor is unable to reorganize its business without the illegal third-party release proposed herein.  Accordingly, this Court should consider the appointment of a Chapter 11 Trustee or converting the case to Chapter 7 for cause as there is no reasonable likelihood of confirmation of any plan.

WHEREFORE, NextGear objects to confirmation of the Plan and request the Court deny confirmation of the Plan, convert the case to Chapter 7, and enter such other and further relief as may be just and proper.

DATED: September 12, 2022                   Respectfully submitted,

**NELSON MULLINS RILEY &
SCARBOROUGH, LLP**

By: */s/ Nicolette Corso Vilmos*
Nicolette Corso Vilmos
Florida Bar No. 0469051
390 North Orange Avenue, Suite 1400
Orlando, FL  32801
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
nicolette.vilmos@nelsonmullins.com

**BOSE McKINNEY & EVANS LLP**
David J. Jurkiewicz *(Admitted Pro Hac Vice)*
Indiana Bar No. 18018-53
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 684-5364
Facsimile:  (317) 223-0364
djurkiewicz@boselaw.com

*Attorneys for NextGear Capital, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via transmission of Notices of Electronic Filing on all counsel of record or *pro se* parties identified on the CM/ECF service list maintained by the Court on September 12, 2022.

/s/ Nicolette C. Vilmos
Nicolette C. Vilmos