UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                          Chapter 11

MICHAEL KASTRENAKES,                                       Case No. 8:22-bk-1210-CED

      Debtor.
_____/

**MOTION TO CONSOLIDATE DEBTOR'S OBJECTION
TO CLAIM NO. 11 FILED BY NEXTGEAR CAPTIAL, INC.
WITH ADVERSARY PROCEEDING CASE NO. 8:22-AP-112-CED**

MICHAEL KASTRENAKES, (the "**Debtor**") respectfully requests, pursuant to Rule 42 of the Federal Rules of Civil Procedure, the entry of an order consolidating the above-captioned adversary proceeding (the "**Adversary Proceeding**") with the *Debtor's Objection to Claim No. 11 Filed by the NextGear Capital, Inc.* (Doc. No. 127) (the "**Claim Objection**") which presents the exact same issues for trial. In support of this motion to consolidate (the "**Motion**"), the Debtor states as follows:

**Background**

1.     On March 27, 2022 (the "**Petition Date**"), the Debtor filed with this Court his Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), commencing bankruptcy case no 8:22-bk-1210-CED (the "**Bankruptcy Case**").

2.     The Plaintiff in the adversary proceeding, NextGear Capital, Inc. ("**NextGear**"), filed a general unsecured claim in the amount of $1,237,031.70 (the "**Claim**") in the Bankruptcy Case. The Claim is, in essence, an unsecured deficiency claim in connection with the Debtor's

Individual Personal Guaranty (the "**Guaranty**") of a Demand Promissory Note and Loan and Security Agreement executed by MK Automotive, Inc., d/b/a New Wave Auto Sales.

3. The Claim is predicated entirely upon the claims set forth in the six-count Complaint for Damages and Replevin filed by NextGear against, *inter alia*, the Debtor in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida as Case No. 20-003846-CI (the "**State Court Action**").

4. In February, 2022, the Debtor filed defenses and counterclaims in the State Court Action.

5. On June 15, 2022, the Debtor removed the State Court Action to this Court, commencing the Adversary Proceeding.

6. On August 26, 2022, 2022, the Debtor filed the Claim Objection, which asserts the same defenses and counterclaims that were filed in the State Court Action and are now pending in the Adversary Proceeding before this Court.

**Relief Requested and Basis for Relief**

7. The Debtor seeks consolidation of the Claim Objection with the Adversary Proceeding under Rule 42 of the Federal Rules of Civil Procedure.[1] The same exact issues must be determined by the Court in both the Claim Objection and the Adversary Proceeding, and no party would be prejudiced by consolidation.

8. Rule 42, Fed. R. Civ. P., provides:

   (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:

      (1) join for hearing or trial any or all matters at issue in the actions;

---

[1] Applicable to this case pursuant to Rule 7042 of the Federal Rules of Bankruptcy Procedure.

4877-1057-1062, v. 1

      (2)    consolidate the actions; or

      (3)    issue any other orders to avoid unnecessary cost or delay.

9.    Rule 42 is "a codification of a trial court's inherent managerial power " 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' " *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). A trial court's exercise of consolidation is "purely discretionary." *Id.* The primary consideration is whether consolidation "could lead to prejudice or confusion." *Ramsay v. Broward Cty. Sheriff's Office*, 303 F. App'x 761, 765–66 (11th Cir. 2008) (citing *Hendrix*).

10.    The Claims, defenses, and issues to be determined in the Claim Objection and the Adversary Proceeding are identical.

11.    Consolidation of these actions will not prejudice any party, and will allow all issues in both actions to be determined at the same time preserving judicial and other resources and promoting judicial economy.

WHEREFORE, the Debtor respectfully requests that this Court enter an order (i) consolidating the Claim Objection with the Adversary Proceeding and (ii) providing such further relief this Court deems equitable and just.

*/s/ Amy Denton Mayer*
Edward J. Peterson (FBN 0014612)
Amy Denton Mayer (FBN 0634506)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida   33602
Telephone:  (813) 229-0144
Email:  epeterson@srbp.com; amayer@srbp.com
Attorneys for Debtor

4

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing *Motion to Consolidate Debtor's Objection to Claim No. 11 Filed by the NextGear Capital, Inc. with Adversary Proceeding Case No. 8:22-ap-112-CED* was furnished on this 4th day of October, 2022 by the Court's CM/ECF electronic noticing system to all parties receiving CM/ECF electronic noticing.

                                                                    */s/ Amy Denton Mayer*
                                                                    Amy Denton Mayer

4877-1057-1062, v. 1