UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

IN RE:

MICHAEL KASTRENAKES

CASE NO.: 22-01210 CED
CHAPTER 11

Debtor.
_____/

FLORIDA DEPARTMENT OF REVENUE'S RESPONSE TO
DEBTORS' OBJECTION TO CLAIM No. 2 (DOC. #136)

Comes Now, State of Florida Department of Revenue, (hereinafter Florida), by and through its undersigned attorney, files this Response to Debtor, Michael Kastrenakes', (hereinafter Debtor), Objection to Florida's Claim No. 2 and states as follows:

1. Florida's Claim No. 2 represents unremitted Sales and Use Tax liabilities in the amount of $1,903,523.64 owed by MK Automotive Inc. and Pinellas Rent-A-Car Inc., with $951,761.82 bearing priority status pursuant to 11 U.S.C. 507(a)(8).

2. Filings with the State of Florida Department of State reflect that Debtor is a responsible party for the entities whose liabilities Claim No. 2 is premised upon.

3. Pursuant to Section 213.29, Fla. Stat. (2022), Debtor is liable for the unremitted sales and use tax of his related entities.

4. The attachment to Florida's Claim No. 2 provides *prima facia* evidence of the Claim's amount.

5. Sales and Use Tax is afforded priority status under 11 U.S.C. § 507(a)(8), and there is no argument on the record that the claim asserted by Florida is for anything other than Sales and Use Taxes owed by entities for which Debtor is a responsible party under §213.29, Fla. Stat.

6. Liabilities owed pursuant to § 213.29, Fla. Stat. are entitled to priority status pursuant to 11 U.S.C § 726(a)(1) for one half of the total potential penalty assessment as such an assessment is intended to compensate the State for the taxes that are unpaid, and the other one half should be treated as a penalty pursuant to 11 U.S.C. § 726(a)(4).

7. Debtor's objections raise multiple assertions as to why the liabilities of a corporate entity, MK Automotive Inc., should not be owed by the Debtor, including that he is not responsible for the liabilities, that the liabilities should be at most treated as a tax, and that there was insufficient notice of the liabilities to the Debtor via Jeopardy Assessment issued by Florida.

8. However, Debtor's Objection, fails to address that the bulk of the liabilities are related to Debtor's admitted theft of state funds during his operation of one of the related entities, MK Automotive Inc., as documented in Pinellas County Circuit Court Case 20-11345-CF (State of Florida v. Michael Kastrenakes).

9. In Case 20-11345-CF, Debtor entered a guilty plea in admission of collecting and not remitting Sales and Use Taxes to Florida following an investigation of MK Automotive Inc. conducted by Florida and the Pinellas County State Attorney's Office. As part of the plea agreement and probation order, Debtor paid restitution in the amount of $2,068,233.88 to Florida for taxes collected and not remitted.

10. During the investigation and based upon Debtor's own records that Debtor provided to the Pinellas County State Attorney's Office, it was discovered that an additional $621,618.76 of Sales and Use Taxes were collected and not remitted. This amount was not pursued by the Pinellas County State Attorney's Office as part of the criminal case and was referred to Florida for collections.

11. On or about June 3, 2021 – approximately ten months prior to the filing of his bankruptcy petition -- Debtor, through his Criminal Defense Counsel, was notified of the additional liabilities discovered after review of Debtor's records and that Florida would seek to collect these additional taxes.

12. Debtor entered into a plea agreement and was sentenced in the Pinellas County Case on March 24, 2022, three days prior to filing his bankruptcy petition in this case.

WHEREFORE, Florida asks this Honorable Court to enter an Order overruling Debtor's Objection (Doc. #136) and allowing Florida's Claim No. 2 as filed.

I hereby certify that I am admitted to the Bar of the United States District Court for the Middle District of Florida and I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2.01.

Respectfully Submitted,

Dated: October 6, 2022

/s/ Kristian S. Oldham
Kristian S. Oldham, Esq.
Assistant General Counsel
Frederick F. Rudzik, Esq.
Chief Assistant General Counsel
Florida Department of Revenue
P.O.Box 6668
Tallahassee, FL 32314-6668
Telephone No.:(850)617-8347
Facsimile No.: ((850)488-7112
Rudzik Fl. Bar No.: 0749052
Oldham Fl. Bar No.: 105448

CERTIFICATE OF SERVICE

I hereby certify that Edward J. Peterson, counsel for the debtor, Trustee, and all interested parties have been provided with the foregoing through electronic means through the CM/ECF system this 6th day of October, 2022.

/s/ Kristian S. Oldham
Kristian S. Oldham, Esq.
Assistant General Counsel
Florida Department of Revenue