UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

MICHAEL KASTRENAKES,

     Debtor.

_____/

Case No.: 8:22-bk-01210-CED
Chapter: 11

## UNOPPOSED AMENDMENT TO
## DEBTOR'S PLAN OF REORGANIZATION

Pursuant to Federal Rules of Bankruptcy Procedure 3017(a) and 3020(b)(1), Bankruptcy Code §§1125 and 1129, and other applicable law, Michael Kastrenakes (the "**Debtor**"), with the consent and approval of Dr. Panayiotis Vasiloudes ("**Vasiloudes**"), Cygram Heritage, LLLP ("**Heritage**"), Cygram Holdings, L.P. ("**Holdings**"), Panevas, LLC ("**Panevas**"), Trifon Houvardas ("**Houvardas**"), and K&M Insurance Investors, LLC ("**K&M**"), collectively referred to herein as the "Class 8 and 10 Creditors," hereby proposes this amendment (this "First Plan Amendment") to the "Disclosure Statement and Plan of Reorganization for the Debtor Under Chapter 11"[1] (the "Plan") [Doc. No. 96], filed on July 1, 2022:

## A.     Relevant Background

1.     The Class 8 and 10 Creditors were all investors in business entities controlled by the Kastrenakeses[2] that failed.  The Kastrenakeses and the Class 8 and 10 Creditors have

---

[1] All terms defined in the Plan shall have the same meanings in this First Plan Amendment.

[2] The term "Kastrenakeses" refers collectively to Michael and Maria Kastrenakes ("Mrs. Kastrenakes").

substantially conflicting views regarding the events and circumstances giving rise to Class 10 claims (collectively, the "Class 10 Claims") and the Class 8 claims (collectively, the "**Class 8 Claims**").  No relief under this First Plan Amendment or the Plan shall be construed as agreement on part of the Kastrenakeses with any allegations made by the Class 8 and 10 Creditors except as expressly set forth therein, and in the Confirmation Order.

2.    In this Reorganization, the Class 8 and 10 Creditors have timely filed the following proofs of claim:

a.  Vasiloudes has filed a proof of claim, claim number 19, in the amount of $6,000,000.

b.  Cygram Heritage, LLLP has filed a proof of claim, claim number 18, in the amount of $6,000,000.

c.  Cygram Holdings, L.P. has filed a proof of claim, claim number 17, in the amount of $85,914.76.

d.  Trifon Houvardas has filed a proof of claim, claim number 16, in the amount of $273,800.80.

e.  K&M Insurance Investors, LLC has filed a proof of claim, claim number 15, in the amount of $273,800.80.

One of the Class 8 and 10 Creditors, Panevas, LLC, has not filed a proof of claim; however, it possesses a potential and disputed inchoate claim.  This represents the totality of the Class 8 and 10 Claims.  For purposes of this First Plan Amendment, all of the Class 10 Claims will be allowed as filed, as an aggregate claim in the amount of $6,000,000, allocated as follows among the creditors.

| Creditor | Allowed Claim Amount |
| --- | --- |
| Vasiloudes | $2,683,241.82 |
| Cygram Heritage, LLLP | $2,683,241.82 |
| Cygram Holdings, L.P. | $85,914.76 |
| Trifon Houvardas | $273,800.80 |
| K&M Insurance Investors, LLC | $273,800.80 |
| **TOTAL** | **$6,000,000.00** |

The Class 8 Claims shall be allowed in the additional aggregate amount of $6,000,000 and represent the alleged claims against Mrs. Kastrenakes and shall be allocated in the same amounts as the Class 10 Claims.  Notwithstanding the allowed amounts of the claims, the Debtor has no position regarding allocation of distributions between and among the Class 8 and 10 Creditors inter se, which will be handled in all respects by the Class 8 and 10 Creditors under the guidance of Vasiloudes (the "**Claims Representative**").  In addition, as a result of this First Plan Amendment, each of the Class 8 and 10 Creditors will vote their Class 8 Claims in favor of Class 8 and each will vote their Class 10 Claims in favor of Class 10.

3.      The Debtor notes that several of the Class 8 and 10 Creditors have filed lawsuits in Pinellas County Circuit Court (the "**State Court**"), and all of those lawsuits are intended to be addressed in this First Plan Amendment as they relate to the Kastrenakeses.

4.      The Debtor is or claims to be a party to the following adversary proceedings either removed from State Court or initiated in the Reorganization (the "**Relevant Adversary Proceedings**"), all of which involve one or more of the Class 8 and 10 Creditors as parties:

a. **New Wave Proceeding:**[3]  On February 20, 2022, some of the Class 8 and 10 Creditors commenced this as a State Action[4] in State Court, and the Debtor removed the action to this Court.  A set of unliquidated claims is asserted against the Kastrenakeses, and others (collectively, the "New Wave Defendants").

b. **ICO Proceeding:**[5]  On February 28, 2022, some of the Class 8 and 10 Creditors commenced this as a State Action[6] shortly before the Debtor initiated this Reorganization.  The Debtor removed the action to this Court.  A set of unliquidated claims is asserted against the Debtor and others (collectively, the "ICO Defendants").

---

[3] Dr. Panayiotis Vasiloudes and Cygram Heritage, LLLP v. Michael Kastrenakes; Maria Kokolakis Kastrenakes; New Wave Acceptance LLC; Platinum Auto Finance, LLC n/k/a New Wave Auto Finance, LLC, and MK Automotive, Inc., d/b/a New Wave Auto Sales, Adv. Proc. No. 8:22-ap-00113-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Removed New Wave Proceeding").

[4] Dr. Panayiotis Vasiloudes and Cygram Heritage, LLLP v. Michael Kastrenakes; Maria Kokolakis Kastrenakes; New Wave Acceptance LLC; Platinum Auto Finance, LLC n/k/a New Wave Auto Finance, LLC, and MK Automotive, Inc., d/b/a New Wave Auto Sales, Adv. Proc. No.: 22-000829-CI, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida (the "New Wave Case").

[5] Panayiotis Vasiloudes, Cygram Heritage, LLLP, Cygram Holdings, L.P., Trifon Houvardas, and K&M Insurance Investors, LLC v. Michael Kastrenakes; William Hilgenfeldt, Thomas K. Rowe, and Kevin E. Hawkins, Adv. Proc. No. 8:22-ap-00114-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Removed ICO Proceeding").

[6] Panayiotis Vasiloudes, Cygram Heritage, LLLP, Cygram Holdings, L.P., Trifon Houvardas, and K&M Insurance Investors, LLC v. Michael Kastrenakes; William Hilgenfeldt, Thomas K. Rowe, and Kevin E. Hawkin, Case No.: 22-000956-CI, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida (the "ICO Case").

c. **The Trusts Proceeding:**[7]  On May 20, 2022, some of the Class 8 and 10 Creditors commenced this as a State Action[8] while this Reorganization was pending.  The Debtor removed the action to this Court.  A set of unliquidated claims is asserted against Mrs. Kastrenakes and others (collectively, the "**Trusts Defendants**").  The Debtor filed a motion to intervene in the Trusts Case and takes the position that he is a party to the Removed Trusts Proceeding.  Some of the Class 8 and 10 Creditors have disputed this.

d. **The Injunction Proceeding:**[9]  At the outset of this Reorganization, the Debtor sought an injunction for Mrs. Kastrenakes from any litigation by creditors, including the Class 8 and 10 Creditors who had initially commenced the New Wave Proceeding and the ICO Proceeding.  The Debtor's rationale for requesting relief under Bankruptcy Code §105(a)

---

[7] Panayiotis Vasiloudes, M.D. PH.D., and Cygram Heritage, LLLP, Cygram Holdings, L.P., and Panevas, L.L.C. v. Maria Kastrenakes, individually and as trustee for the Maria Kastrenakes Irrevocable Trust; The Emmanuel Kastrenakes Irrevocable Trust; The Evangelia Kastrenakes Irrevocable Trust, The John Kastrenakes Irrevocable Trust, and The Joseph Kastrenakes Irrevocable Trust, Case No. 8:22-ap-00115-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Removed Trusts Proceeding").

[8] Panayiotis Vasiloudes, M.D. PH.D., and Cygram Heritage, LLLP, Cygram Holdings, L.P., and Panevas, L.L.C. v. Maria Kastrenakes, individually and as trustee for the Maria Kastrenakes Irrevocable Trust; The Emmanuel Kastrenakes Irrevocable Trust; The Evangelia Kastrenakes Irrevocable Trust, The John Kastrenakes Irrevocable Trust, and The Joseph Kastrenakes Irrevocable Trust, Case No. 22-CI-2403, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida (the "Trusts Case").

[9] Michael Kastrenakes v. Nextgear Capital, Inc., Panayiotis Vasiloudes, Cygram Heritage, LLLP, Thomas Zervas, and Konstantinos Papaspanos, Adv. Proc. No. 8:22-ap-00055-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Injunction Proceeding").

4880-4706-4885, v. 20

is premised upon Mrs. Kastrenakes's anticipated contribution to the Debtor's reorganization effort.

e.  **The Dischargeability Proceeding:**[10]  The Class 8 and 10 Creditors have objected to the Debtor's discharge under Bankruptcy Code §523(a)(2)(4) and (6), based upon all of the conduct articulated in their complaints initiated the New Wave Case and the ICO Case.

f.  **The Derivative Proceeding:**[11]   New Wave Acceptance is a business entity that was half-owned by Vasiloudes and other Class 8 and 10 Creditors, and half-owned by the Debtor.  On behalf of non-debtor New Wave Acceptance, the relevant Class 8 and 10 Creditors initiated the Derivative Proceeding to pursue derivative claims on behalf of New Wave Acceptance under Bankruptcy Code §523(a)(2)(4) and (6).

g.  **The Equitable Subordination Proceeding:**[12]  Pursuant to Bankruptcy Code §510(c), the Class 8 and 10 Creditors seek the subordination of

---

[10] Dr. Panayiotis Vasiloudes, Cygram Heritage, LLLP, and Cygram Holdings, L.P. v. Michael Kastrenakes, Adv. Proc. No. 8:22-ap-00095-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Dischargeability Proceeding").

[11] Cygram Heritage, LLLP, Derivatively, on behalf of New Wave Acceptance, LLC v. Michael Kastrenakes and New Wave Acceptance, LLC, Adv. Proc. No. 8:22-ap-00096-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Derivative Proceeding").

[12] Dr. Panayiotis Vasiloudes, Cygram Heritage, LLLP, Cygram Holdings, L.P., Trifon Houvardas, and K&M Insurance Investors, LLC v. Michael Kastrenakes, Maria Kastrenakes, CPX Holdings, LLC, Pagona Kokolakis, and Evangeline Kastrenakes, Adv. Proc. No. 8:22-ap-00114-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Equitable Subordination Proceeding").

claims asserted by the Debtor's immediate family and their wholly-owned business entities (the "Insider Creditors").

5.      On April 20, 2022, BayFirst Bank, f/k/a First Home Bank ("FHB") initiated another action in the State Court, styled <u>First Home Bank v. New Wave Acceptance, LLC, Panayiotis Vasiloudes, Panevas LLC, and Unknown Parties in Possession</u>, Case No. 22-001852-CI (the "FHB Action").  The FHB Action remains pending and relates to a demand letter dated April 21, 2021, attempting to collect a debt (the "FHB Obligation") against the Kastrenakeses, Vasiloudes, Panevas, and New Wave Acceptance; however, the Debtor was not joined as a defendant due to the pendency of this Reorganization.  The Plan reflects that the balance of the FHB Obligation is $1,674,992.40, and is treated as a "Class 5" claim thereunder.

6.      **The Mediation:**  The Class 8 and 10 Creditors and the Kastrenakeses have participated in a continuing mediation process (the "Mediation") presided over by R. Scott Shuker, Esquire (the "**Mediator**"), with FHB participating during a portion of the Mediation.  The Mediation is and shall remain confidential.

7.      **Acceptance of Plan:**  As modified by this First Plan Amendment, Vasiloudes as the Claims Representative, represents and warrants that he has authority to act on behalf of each of the holders of the Class 8 and 10 Claims and is acknowledging that the Class 8 and 10 Creditors will support confirmation, provided that the Debtor refrains from filing any future amendment to the Plan and this First Plan Amendment that either (a) expressly conflicts with the material terms of this First Plan Amendment, or (b) renders the material terms of this First Plan Amendment unfeasible, unlikely to occur, and/or

unconfirmable under Bankruptcy Code §1129(a)(11).  Notwithstanding the foregoing, if the Debtor fails to obtain confirmation of the Plan, as amended by this First Plan Amendment, and any other or additional amendments or modifications as do not conflict herewith, within sixty (60) days from the date of filing of this First Plan Amendment, the parties shall be <u>status quo ante</u>, and this First Plan Amendment shall be avoidable at the option of either the Kastrenakeses or the Class 8 and 10 Creditors.  Nothing in this Plan Amendment will be construed to be an admission of any fact or otherwise be binding upon the Debtor, Mrs. Kastrenakes, or any other person in any manner prior to the effective date of the Plan.

## B.    <u>Treatment of Class 8 and 10 Creditors</u>

1.    **<u>Classification</u>:**  For purposes of the Plan and this First Plan Amendment, each of the Class 10 Claims are deemed allowed as filed, are deemed to have voted for the Plan, as amended.  The Class 10 Creditors shall forego any distribution except as set forth in the Plan, this First Plan Amendment, and the Confirmation Order.  Each of the Class 8 Claims are deemed allowed as filed, and are deemed to have voted for the Plan, as amended.  The distribution to which the Class 8 and 10 Creditors would be entitled on account of the Class 8 Claim is hereinafter referred to as the "Class 8 Distribution."  The Class 8 and 10 Creditors have agreed to forbear from receiving the Class 8 Distribution unless and until Vasiloudes is required to pay any amounts toward the FHB Obligation.  Proof of escrowing distribution payments in a segregated account at FHB shall be provided to the Claims Representative when reasonably requested.  The Debtor shall reserve the Class 8 Distribution until the FHB Obligation is paid in full.  Upon payment in full of the

FHB Obligation, the Class 8 Distribution shall be distributed to the remaining Creditors in Class 8 on a pro rata basis.

    2.    **FHB Obligation:**  In addition to the terms already set forth in the Plan relating to the balance, repayment schedule, interest rate, and the like, the treatment of the FHB Obligation is hereby modified in the following respects:

    a.    **Transferred Collateral:**  On the Effective Date, the Kastrenakeses shall transfer to FHB full ownership of the Atlas Stock and the Debtor's ownership interest in Kaz Reinsurance (the "Transferred Collateral"), in consideration for a reduction of the outstanding principal balance of the FHB Obligation to $900,000.  The Kastrenakeses will reasonably cooperate in all efforts of FHB to realize maximum value on account of these assets.

    b.    **Several Liability Guarantees:**  Of the remaining $900,000 balance of the FHB Obligation, Mrs. Kastrenakes shall guarantee half of the current outstanding principal balance (i.e., $450,000.00) until the FHB Obligation is paid in full, and Vasiloudes shall guarantee half of the outstanding principal balance until the FHB Obligation is paid in full.  To the extent the FHB Obligation is partially satisfied, the guaranty obligations of Mrs. Kastrenakes and Vasiloudes shall be reduced in equal corresponding amounts.  FHB shall be required to release all guarantor rights except those expressly set forth herein, including without limitation the disputed claim and lien that FHB asserts against Panevas, and that is

the basis for the contingent claims of Panevas against the Kastrenakeses, the Trusts Defendants, and others.  The release of the disputed claim and lien that FHB has asserted against Panevas is part of the consideration for Panevas' release of its contingent claims, included among the claims of the Class 8 and 10 Creditors.  FHB shall not make any concession for the benefit of one of the emergent guarantors, Mrs. Kastrenakes or Vasiloudes, without making the same concession to the other, under a "most favored nation" covenant to be approved by the Bankruptcy Court.

c.  **Mrs. Kastrenakes' Guaranty of Vasiloudes' Guaranty:**  If the Debtor defaults on the FHB Obligation under the Plan, and such default is not timely cured in a manner acceptable to FHB, and Vasiloudes is required to pay amounts to FHB pursuant to his limited guaranty of one-half the FHB Obligation ($450,000), Mrs. Kastrenakes shall guarantee in favor of Vasiloudes the amount actually paid by Vasiloudes to FHB on account of his limited guaranty of one-half the FHB Obligation, up to a maximum of $450,000.  Prior to the Confirmation Hearing, the parties shall present a proposed form of Mrs. Kastrenakes' guaranty of any and all payments on his limited guaranty to FHB by Vasiloudes, that shall properly track the documentation evidencing the FHB Obligation and its repayment.

d.  **New Collateral:**  In the Debtor's Case Management Summary, it is stated that $2,600,000 in aged accounts receivable (the "New Collateral") exists that have not yet been collected by the entities that own them free and

clear of liens, all of which are controlled by the Kastrenakes. A description of the New Collateral will be provided to FHB in advance of confirmation, together with a current aging. The Kastrenakeses will pledge the New Collateral and pay all net proceeds to FHB to reduce the FHB Obligation. Vasiloudes shall have a reasonable right of inspection to verify collection activities. Nothing about the pledge of the New Collateral and paying down proceeds toward the FHB Obligation will excuse the Debtor's obligation to make monthly payments as provided in the Plan for so long as any portion of it remains outstanding.

e. **No Prepayment Penalty:** Any of the obligors of the FHB Obligation are entitled, at any time and without penalty or premium, to pay off the then-outstanding balance of the FHB Obligation.

f. **105(a) Matching Injunction:** For so long as the Debtor complies with the payment terms of the Plan as they relate to the Class 5 Claim of FHB, the FHB Action shall be stayed and FHB will be precluded from pursuing any further claims asserted therein and from pursuing any guaranty obligations. Nothing about the matching injunction under Bankruptcy Code §105(a) prevents Mrs. Kastrenakes, or any business entity owned or controlled by the Kastrenakeses or either of them, from making payments on the FHB Obligation on behalf of the Debtor in order to extend said injunction.

3.    **PAFTB Account**:  Vasiloudes has alleged that there are certain funds in an account titled in the name of Platinum Auto Finance of Tampa Bay, LLC at Valley Bank (the "PAFTB Account").  As of the Effective Date, the Vasiloudes Creditors shall be authorized to pursue any claims of the estate to the funds in the PAFTB Account, without having an obligation to do so or any specific threshold objectives.  Any net proceeds that are recovered from the PAFTB Account shall be applied first to the FHB Obligation, and shall be subject to a dollar for dollar reduction of the Vasiloudes limited guaranty, notwithstanding any other term and condition hereof.  Any funds in excess of the balance, if any, of Vasiloudes' limited guaranty obligation, shall be paid to the Vasiloudes Creditors. The objective of this treatment is to prevent the applicable Class 8 and 10 Creditors from being pursued by FHB for any portion of the FHB Obligation.  The Class 8 and 10 Creditors deny liability for all or any portion of the FHB Obligation, and Vasiloudes's willingness to provide the guarantee referenced above is intended to resolve that dispute as it relates to any and all of the Class 8 and 10 Creditors.  To the extent that this First Plan Amendment conflicts with the Plan, this First Plan Amendment will control.

4.    **Relevant Adversary Proceedings**:    The Kastrenakeses propose the following disposition of the Relevant Adversary Proceedings, and this Court will retain exclusive jurisdiction of each of the Relevant Adversary Proceedings through adjudication, in furtherance of confirmation, with all pending motions for remand, abstention, and withdrawal of the reference being denied as moot:

5.    **Removed New Wave Proceeding**:  The resolution of this proceeding shall contain the following terms:

a. As of the Effective Date, the Debtor shall transfer his ownership of New Wave Acceptance to the Class 8 and Class 10 Creditors.

b. Pursuant to Federal Rule of Civil Procedure 41, the Kastrenakeses will be dropped/dismissed with prejudice as defendants in the Removed New Wave Proceeding as of the Effective Date, with the Kastrenakeses and the Plaintiffs to bear their own respective fees and costs bilaterally.

c. The Confirmation Order will reflect the Bankruptcy Court's retained jurisdiction over the Removed New Wave Proceeding, through the point of full adjudication, with motions for remand, abstention, and withdrawal of the reference denied as moot in light of the fact that retention of jurisdiction shall be in furtherance of a confirmed plan of reorganization. Ten percent of any net recoveries in the Removed New Wave Proceeding shall be paid pro rata to the Holders of Allowed Unsecured Claims in Class 8.

d. Each of the Kastrenakeses shall appear without subpoena to testify truthfully in connection with all proceedings before this Court regarding the merits of the claims to be asserted by the Class 8 and 10 Creditors.

e. Each of the Kastrenakeses shall maintain, preserve, and provide reasonable access to documentation relevant to the claims currently asserted against the New Wave Defendants, to the extent such documentation exists.

4880-4706-4885, v. 20

6.    **Removed ICO Proceeding:** The resolution of this proceeding shall contain
the following terms:

a.    As of the Effective Date, the Debtor shall transfer his ownership of ICO
to the Class 8 and Class 10 Creditors.

b.    Pursuant to Federal Rule of Civil Procedure 41, the Kastrenakeses and
Kevin Hawkins will be dropped/dismissed as defendants with prejudice
in the Removed ICO Proceeding as of the Effective Date, with the
Kastrenakeses, Kevin Hawkins, and the Plaintiffs to bear their own
respective fees and costs.

c.    The Confirmation Order will reflect the Bankruptcy Court's retained
jurisdiction over the Removed ICO Proceeding, through the point of full
adjudication, with motions for remand, abstention, and withdrawal of the
reference denied as moot in light of the fact that retention of jurisdiction
shall be in furtherance of a confirmed plan of reorganization.  Ten percent
of any net recoveries in the Removed ICO Proceeding shall be paid pro
rata to the Holders of Allowed Unsecured Claims in Class 8.

d.    Each of the Kastrenakeses shall appear without subpoena to testify
truthfully in connection with all proceedings before this Court regarding
the merits of the claims to be asserted by the Class 8 and 10 Creditors.

e.    Each of the Kastrenakeses shall maintain, preserve, and provide
reasonable access to documentation relevant to the claims currently

asserted against the ICO Defendants, to the extent such documentation exists.

7.    **The Removed Trusts Proceeding:**  Resolution of this proceeding shall be reflected in an order abating this proceeding, pending satisfaction of the FHB Obligation.

a.  Upon payment in full of the FHB Obligation by the Debtor, without any funds being paid by Vasiloudes on account of his guarantee referenced above, the Removed Trusts Proceeding shall be dismissed with prejudice, with all parties to bear their own attorneys' fees and costs incurred in connection therewith.

b.  To the extent that the Trust Defendants keep books and records in the ordinary course of business, Mrs. Kastrenakes will use best efforts to ensure that such books and records are maintained.  Mrs. Kastrenakes shall retain all records provided to her with respect to the Trusts Defendants, all of which will remain confidential pending satisfaction of the FHB Obligation.

c.  To the extent that Vasiloudes is required to pay any portion of the FHB Obligation based upon the guarantee referenced above, the Class 8 and 10 Creditors shall be entitled to reopen the Removed Trusts Proceeding and pursue claims against the Trust Defendants, but only to the extent of the guarantee referenced above and any payment actually made by Vasiloudes to FHB on account of such guaranty.  All parties retain their

rights, claims, and defenses with respect to the Removed Trusts Proceeding.

d.  The Confirmation Order will reflect the Bankruptcy Court's retained jurisdiction over the Removed Trusts Proceeding, through the point of full adjudication, with motions for remand, abstention, and withdrawal of the reference denied as moot in light of the fact that retention of jurisdiction shall be in furtherance of a confirmed plan of reorganization.

8.     **The Injunction Proceeding:**  Based upon all of the other relief set forth in the Plan, this First Plan Amendment, and the Confirmation Order, the Kastrenakeses and the relevant Class 8 and 10 Creditors shall stipulate for the relevant Class 8 and 10 Creditors to be dismissed from the Injunction Proceeding with prejudice, with all parties to bear their own attorneys' fees and costs incurred in connection therewith.

9.     **The Dischargeability Proceeding:**  Based upon all of the other relief set forth in the Plan, this First Plan Amendment, and the Confirmation Order, the Kastrenakeses and the relevant Class 8 and 10 Creditors shall stipulate for the Dischargeability Proceeding to be dismissed with prejudice, with all parties to bear their own attorneys' fees and costs incurred in connection therewith.  The objective is to enable the Debtor to obtain a discharge at confirmation, apart from those obligations arising by virtue of confirmation.

10.    **The Derivative Proceeding:** Based upon all of the other relief set forth in the Plan, this First Plan Amendment, and the Confirmation Order, the Kastrenakeses and the relevant Class 8 and 10 Creditors shall stipulate for the Derivative Proceeding to be

dismissed with prejudice, with all parties to bear their own attorneys' fees and costs incurred in connection therewith. The Kastrenakeses will transfer ownership of New Wave Acceptance to the Class 8 and 10 Creditors as of the Effective Date.

11.   **The Equitable Subordination Proceeding:**   The disposition of this proceeding shall be memorialized in a consent judgment granting some of the relief requested by the Class 8 and 10 Creditors, but denying other relief.

    a. The claims of the Insider Creditors shall be allowed as filed, but the Insider Creditors shall receive no distribution or other transfer of value from either of the Kastrenakeses for so long as all or any portion of the FHB Obligation remains due and owing to FHB. Notwithstanding the foregoing, the Kastrenakes may continue to contribute up to $2,500.00 per month in the ordinary course of business towards the living expenses of Evangeline Kastrenakes (collectively, the "Support Payment"), for any month in which the Debtor has also made a monthly payment to FHB on account of the FHB Obligation. The Debtor will not make a Support Payment unless FHB has received an installment payment, for so long as the FHB Obligation is outstanding.

    b. To the extent that Vasiloudes is required to pay any portion of the FHB Obligation pursuant to the guarantee referenced above and any payment actually made by Vasiloudes to FHB on account of such guaranty, his resulting claim may be reimbursed from any distributions that would

otherwise be paid to the Insider Creditors, with the exception of the Support Payment.

12. **The Mediation and Related Logistics:** The following miscellaneous terms and conditions apply:

a. Mrs. Kastrenakes and Vasiloudes shall each be responsible for half of the expenses of the Mediator, through the Effective Date.

b. Attached as exhibits to the Confirmation Affidavit to be filed in anticipation of confirmation, the Debtor shall provide (i) a proposed form of guarantee for Mrs. Kastrenakes and Vasiloudes, (ii) a proposed form of order or judgment corresponding to the disposition of the Relevant Adversary Proceedings to conform to the preceding provisions hereof, and (iii) documents of conveyance or transfer with respect to the Transferred Collateral.

c. The Confirmation Order shall be deemed to release not only the Debtor, but also Mrs. Kastrenakes, from all claims of the Class 8 and 10 Creditors except as expressly contemplated under this First Plan Amendment. However, if the Debtor fails to pay any or all of the FHB Obligation as provided herein and in the Plan, Vasiloudes shall have indemnification rights against the Debtor for any sums that Vasiloudes is required to pay on account of his guarantee. In addition, in such circumstance, the Class 8 and 10 Creditors shall be entitled to their pro rata share of the Class 8 Distribution.

d. The Parties shall continue to utilize the Mediator for so long as he remains available, at his standard hourly rates, based upon the same allocation, with this Court retaining jurisdiction to ensure payment. In connection with all of the Relevant Adversary Proceedings not fully adjudicated pursuant to this First Plan Amendment upon confirmation, the Mediator will preside at any mediations unless he is precluded based upon a conflict or otherwise for cause.

WHEREFORE, the Debtor seeks confirmation of the Plan as hereby amended, and all other relief consistent with the foregoing.

DATED this 31st day of October, 2022.

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQ.**
Florida Bar Number: 0731013
janthony@anthonyandpartners.com
**ANTHONY & PARTNERS, LLC**
100 S. Ashley Drive, Suite 1600
Tampa, Florida 33602
Telephone: 813/273-5616
Facsimile: 813/221-4113
Counsel for Class 8 and 10 Creditors

/s/ Edward J. Peterson
**EDWARD J. PETERSON, III, ESQ.**
Florida Bar Number: 14612
epeterson@srbp.com
**STICHTER, RIEDEL, BLAIN &
POSTLER P.A.**
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone: 813-229-0144
Facsimile: 813-229-1811
Counsel for the Debtor

The Class 8 and 10 Creditors hereby agree that they support confirmation of the Plan as Modified by this First Plan Amendment, through their Counsel

**DR. PANAYIOTIS VASILOUDES,** individually and as Class 8 and 10 Representative for himself and Cygram Heritage, LLLP, Cygram Holdings, L.P., Panevas, LLC, Trifon Houvardas, and

**MICHAEL KASTRENAKES**
1755 McCauley Road
Clearwater, Florida 33764
Debtor

d.  The Parties shall continue to utilize the Mediator for so long as he remains available, at his standard hourly rates, based upon the same allocation, with this Court retaining jurisdiction to ensure payment.  In connection with all of the Relevant Adversary Proceedings not fully adjudicated pursuant to this First Plan Amendment upon confirmation, the Mediator will preside at any mediations unless he is precluded based upon a conflict or otherwise for cause.

WHEREFORE, the Debtor seeks confirmation of the Plan as hereby amended, and all other relief consistent with the foregoing.

DATED this 31st day of October, 2022.

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQ.**
Florida Bar Number:  0731013
janthony@anthonyandpartners.com
**ANTHONY & PARTNERS, LLC**
100 S. Ashley Drive, Suite 1600
Tampa, Florida 33602
Telephone:  813/273-5616
Facsimile:  813/221-4113
Counsel for Class 8 and 10 Creditors


The Class 8 and 10 Creditors hereby agree that they support confirmation of the Plan as Modified by this First Plan Amendment, through their Counsel


**DR. PANAYIOTIS VASILOUDES**, individually and as Class 8 and 10 Representative for himself and Cygram Heritage, LLLP, Cygram Holdings, L.P., Panevas, LLC, Trifon Houvardas, and

/s/ Edward J. Peterson
**EDWARD J. PETERSON, III, ESQ.**
Florida Bar Number:  14612
epeterson@srbp.com
**STICHTER, RIEDEL, BLAIN & POSTLER P.A.**
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone: 813-229-0144
Facsimile: 813-229-1811
Counsel for the Debtor


**MICHAEL KASTRENAKES**
1755 McCauley Road
Clearwater, Florida 33764
Debtor

19

4880-4706-4885_v.20

K&M Insurance Investors, LLC, collectively referred to herein as the "Class 8 and 10 Creditors."

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of October, 2022, a true and correct copy

of the foregoing has been served via e-mail on the following parties:

Adam L Alpert on behalf of Creditor CPX Holdings, LLC
aalpert@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

Adam L Alpert on behalf of Interested Party Maria Kastrenakes
aalpert@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

John Blair Boyd on behalf of Creditor Grow Financial Federal Credit Union
bk@svllaw.com

Kathleen L DiSanto on behalf of Creditor CPX Holdings, LLC
kdisanto@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

Kathleen L DiSanto on behalf of Interested Party Maria Kastrenakes
kdisanto@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

Robert Bruce George on behalf of Creditor First Home Bank
rgeorge@thelilesfirm.com, aperry@thelilesfirm.com; rmittauer@thelilesfirm.com

Teresa M Hair on behalf of Creditor Wells Fargo Bank, N.A.
teresa.hair@brockandscott.com, WBECF@brockandscott.com

Danielle S Kemp on behalf of Creditor Courtney Leasing, Inc.
kempd@gtlaw.com, meyerp@gtlaw.com; FLService@gtlaw.com

Amy Denton Mayer on behalf of Debtor Michael Kastrenakes
amayer.ecf@srbp.com, srbpecf@srbp.com; aharris@srbp.com

Amy Denton Mayer on behalf of Plaintiff Michael Kastrenakes
amayer.ecf@srbp.com, srbpecf@srbp.com; aharris@srbp.com

Ruediger Mueller trustee@tcmius.com, crm11@trustesolutions.net

Edward J. Peterson, III on behalf of Attorney Stichter, Riedel, Blain & Postler, P.A. epeterson@srbp.com, epeterson.ecf@srbp.com; srbpecf@srbp.com

Edward J. Peterson, III on behalf of Debtor Michael Kastrenakes epeterson@srbp.com, epeterson.ecf@srbp.com; srbpecf@srbp.com

Edward J. Peterson, III on behalf of Plaintiff Michael Kastrenakes epeterson@srbp.com, epeterson.ecf@srbp.com; srbpecf@srbp.com

Robert C Schermer on behalf of Creditor SouthState Bank, N.A. rschermer@manateelegal.com

United States Trustee - TPA USTPRegion21.TP.ECF@USDOJ.GOV

Nicolette C Vilmos on behalf of Creditor NextGear Capital, Inc. nicolette.vilmos@nelsonmullins.com, francis.santelices@nelsonmullins.com; allison.abbott@nelsonmullins.com

Nicolette C Vilmos on behalf of Defendant NextGear Capital, Inc. nicolette.vilmos@nelsonmullins.com, francis.santelices@nelsonmullins.com; allison.abbott@nelsonmullins.com

Nathan A Wheatley on behalf of U.S. Trustee United States Trustee - TPA nathan.a.wheatley@usdoj.gov

J Steven Wilkes on behalf of U.S. Trustee United States Trustee - TPA steven.wilkes@usdoj.gov

Joel M. Aresty, P.A. on behalf of Platinum Auto Finance of Tampa Bay, LLC, Aresty@Mac.com

Nicole Mariani Noel on behalf of Thomas Zervas and Konstantinos Papaspanos nmnoel@kasslaw.com

Shirley Palumbo on behalf of Defendant William Hilgenfeldt shirley.palumbo@gmlaw.com, bankruptcy@gmlaw.com; Edmund.Loos@gmlaw.com

I further certify that a true copy of the foregoing has been furnished by U.S. first class mail on the 31st day of October, 2022, to the following non-CM/ECF participants:

Michael Kastrenakes

1755 McCauley Road
Clearwater, Florida 33764
Debtor

/s/ Edward J. Peterson
**EDWARD J. PETERSON**