UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                         Chapter 11

MICHAEL KASTRENAKES,                           Case No. 8:22-bk-1210-CED

      Debtor.

_____

**NEXTGEAR CAPITAL, INC.'S OBJECTION TO
CLAIM NO. 19 FILED BY DR. PANAYIOTIS VASILOUDES**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

**IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PAPER YOU MUST FILE A RESPONSE WITH THE CLERK OF COURT AT SAM M. GIBBONS UNITED STATES COURTHOUSE, 801 NORTH FLORIDA AVENUE, SUITE 555, TAMPA, FLORIDA 33602, WITHIN THIRTY (30) DAYS FROM THE DATE OF THE ATTACHED PROOF OF SERVICE, PLUS AN ADDITIONAL THREE DAYS IF THIS PAPER WAS SERVED ON ANY PARTY BY U.S. MAIL.**

**IF YOU FILE AND SERVE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL EITHER NOTIFY YOU OF A HEARING DATE OR THE COURT WILL CONSIDER THE RESPONSE AND GRANT OR DENY THE RELIEF REQUESTED IN THIS PAPER WITHOUT A HEARING. IF YOU DO NOT FILE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL CONSIDER THAT YOU DO NOT OPPOSE THE RELIEF REQUESTED IN THE PAPER, AND THE COURT MAY GRANT OR DENY THE RELIEF REQUESTED WITHOUT FURTHER NOTICE OR HEARING.**

**YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY IF YOU HAVE ONE. IF THE PAPER IS AN OBJECTION TO YOUR CLAIM IN THIS BANKRUPTCY CASE, YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED IF YOU DO NOT TIMELY FILE AND SERVE A RESPONSE.**

---

NEXTGEAR CAPITAL, INC. (**"NextGear"**), a party in interest, objects to Claim No. 19 (the **"Claim"**) filed by Dr. Panayiotis Vasiloudes (**"Claimant"**) and respectfully requests the entry of an order disallowing the Claim in its entirety. In support thereof, NextGear states as follows:

1.      On March 27, 2022 (the **"Petition Date"**)**,** the Debtor filed with this Court his Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the

**"Bankruptcy Code")**, and made an election to proceed under Subchapter V of the Small Business Reorganization Act, as amended.

2.    On June 13, 2022, the Debtor filed an Amended Petition eliminating the Subchapter V election.

3.    On June 6, 2022, Claimant filed the Claim in the total amount of $6,000,000.00 for "Money Loaned, Diverted/Converted Funds, Theft, Fraud."

4.    The Claim is based upon the claims set forth in the Complaint filed by Claimant against, *inter alia,* the Debtor in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida as Case No. 22-000956-CI (the **"State Court Action")**.

5.    On June 15, 2022, the Debtor removed the State Court Action to this Court as Adv. Proc. No. 8:22-ap-000114-CED (the **"Removed Action")**.

6.    The Claim is duplicative of Claim No. 17 filed by Cygram Holdings, L.P., Claim No. 18 filed by Cygram Heritage, LLLP and Claim No. 20 filed by Cygram Heritage, LLLP.

7.    The Claim is based upon a "investment opportunity" allegedly by and between Claimant and the Debtor.  Attached to the Claim are a Promissory Note dated February 8, 2016 wherein New Wave Acceptance, LLC is the borrower and Cygram Heritage, LLLP is the lender ("Note 1") and a Note dated April 1, 2018 wherein Platinum Auto Finance LLC, and MK Automotive, Inc. are borrower and Cygram Heritage, LLLP is the lender ("Note 2"). Debtor is not a party to Note 1 or Note 2. Dr. Vasiloudes is not a party to Note 1 or Note 2 and there is no basis for Note 1 and Note 2 to support a personal claim allegedly owed to Dr. Vasiloudes by the Debtor.  Additionally, Exhibit C to the Claim appears to include treble damages as part of the $6 million Claim amount yet there has been no judicial findings that would warrant an award of

treble damages. The Claim is unliquidated and the Court must determine the amount owed on the Claim.

8.    The Claim should be disallowed in its entirety.

9.    NextGear intends to file a motion to intervene in the Removed Action and consolidate this objection with the Removed Action for purposes of discovery and trial.

10.    NextGear reserves the right to supplement or amend this objection as discovery proceeds.

**WHEREFORE**, NextGear Capital, Inc. respectfully requests that this Court enter an order sustaining the objection, disallowing the Claim in its entirety, and providing such other and further relief as may be just.

DATED: November 4, 2022

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By: */s/ Nicolette Corso Vilmos*
Nicolette Corso Vilmos
Florida Bar No. 0469501
390 North Orange Avenue, Suite 1400
Orlando, FL  32801
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
nicolette.vilmos@nelsonmullins.com

**BOSE McKINNEY & EVANS LLP**
David J. Jurkiewicz *(Admitted Pro Hac Vice)*
Indiana Bar No. 18018-53
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 684-5364
Facsimile:  (317) 223-0364
djurkiewicz@boselaw.com

*Attorneys for NextGear Capital, Inc.*

4464973

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Objection to Claim No. 19 Filed by Dr. Panayiotis Vasiloudes* was furnished on this 4th day of November, 2022 by the Court's CM/ECF electronic noticing system to all parties receiving CM/ECF electronic noticing and by U.S. mail to:

Dr. Panayiotis Vasiloudes
c/o John Anthony, Esq.
Anthony & Partners
100 S. Ashley Dr., #1600
Tampa, FL  33602

/s/ *Nicolette C. Vilmos*
Nicolette C. Vilmos