**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:

MICHAEL KASTRENAKES,

    Debtor.

_____/

Case No.: 8:22-bk-01210-CED
Chapter: 11

**VASILOUDES CREDITORS'**
**RESPONSE TO NEXTGEAR CLAIM OBJECTIONS**

Pursuant to Bankruptcy Code §502(b), Federal Rule of Bankruptcy Procedure 3007, L.B.R. 3007-1, and other applicable law, Dr. Panayiotis Vasiloudes ("Vasiloudes"), Cygram Heritage, LLLP ("Heritage"), Cygram Holdings, L.P. ("Holdings"), Cygram Heritage, LLLP, derivatively on behalf of New Wave Acceptance, LLC ("Heritage Derivatively"), Trifon Houvardas ("Houvardas"), and K&M Insurance Investors, LLC ("K&M"), collectively referred to herein as the "Vasiloudes Creditors," hereby respond to the following claim objections (collectively, the "NextGear Claim Objections") filed by filed by NextGear Capital, Inc. ("NextGear"):

    a. "NextGear Capital, Inc.'s Objection to Claim No. 15 filed by K&M Insurance Investors, LLC" (the "K&M Claim Objection") [Doc. 173];

    b. "NextGear Capital, Inc.'s Objection to Claim No. 16 filed by Trifon Houvardas" (the "Houvardas Claim Objection") [Doc. 167];

    c. "NextGear Capital, Inc.'s Objection to Claim No. 17 filed by Cygram Holdings, L.P." (the "Holdings Claim Objection") [Doc. 169];

    d. "NextGear Capital, Inc.'s Objection to Claim No. 18 filed by Cygram Heritage, LLLP" (the "Heritage Claim Objection") [Doc. 170];

    e. "NextGear Capital, Inc.'s Objection to Claim No. 19 filed by Dr. Panayiotis Vasiloudes" (the "Vasiloudes Claim Objection") [Doc. 171]; and

    f. "NextGear Capital, Inc.'s Objection to Claim No. 20 filed by Cygram Heritage, LLLP" (the "Heritage Derivatively Claim Objection") [Doc. 172].

The Vasiloudes Creditors allege that the NextGear Claim Objections are procedurally and substantively unsupportable in light of events transpiring in this bankruptcy case (this "Reorganization"), and further state as follows:

### A. Background Allegations and Relevant Procedural History

1. The Debtor did pre-petition business with the Vasiloudes Creditors and NextGear.

2. Both the Vasiloudes Creditors and NextGear initiated State Court litigation against the Debtor pre-petition.

3. On March 27, 2022, the Debtor sought protection from creditors under chapter 11 of the Bankruptcy Code, thereby initiating this Reorganization.

4. On June 6, 2022, the Vasiloudes Creditors filed the following claims (collectively, the "Vasiloudes Creditors Claims"):

    a. K&M filed its proof of claim no. 15 (the "K&M Claim"), in the amount

of $273,800.80;

b. Houvardas filed his proof of claim no. 16 (the "Houvardas Claim"), in the amount of $273,800.80;

c. Holdings filed its proof of claim no. 17 (the "Holdings Claim"), in the amount of $85,914.76;

d. Heritage filed its proof of claim no. 18 (the "Heritage Claim"), in the amount of $6,000,000;

e. Vasiloudes filed his proof of claim no. 19 (the "Vasiloudes Claim"), in the amount of $6,000,000; and

f. Heritage filed its proof of claim no. 20 (the "Heritage Derivatively Claim"), in the amount of $3,000,000.

The Vasiloudes Creditors Claims are all subject to adjustment based upon events and circumstances, but were filed in good faith, based upon the information and documentation known at the time. Substantial additional documentation would show the exact amounts owed to each of the Vasiloudes Creditors, although the matter is largely moot.

5. Throughout this Reorganization, NextGear has joined in or copied certain pleadings and papers filed by the Vasiloudes Creditors in opposition to positions taken by the Debtor.[1] Yet in seven (7) months that this Reorganization has been pending, with the Vasiloudes Creditors being the primary protagonist creditors, NextGear never suggested

---

[1] See e.g., (a) "NextGear Capital, Inc.'s Joinder to Objection to Subchapter V Designation" [Doc. 46], and (b) "NextGear Capital, Inc.'s Objection to Adequacy of Disclosure and to Confirmation of Debtor's Plan of Reorganization" [Doc. 141].

3

that any of the Vasiloudes Creditors Claims were objectionable.

6.   Since April 22, 2022, the Vasiloudes Creditors have participated in a mediation odyssey with the Debtor and his wife Maria (the "Kastrenakeses"). Based upon the best efforts of the participants and mediator Scott R. Shuker, Esquire, a settlement of sorts has taken the form of the Debtor's "Unopposed Amendment to Debtor's Plan of Reorganization" (the "Plan Amendment") [Doc. 164], filed on October 31, 2022.

7.   The Plan Amendment is intended to globally resolve a set of bilateral controversies as between all Vasiloudes Creditors and the Kastrenakeses. This includes any issues regarding the Vasiloudes Creditors Claims. The Plan Amendment has the support of the Vasiloudes Creditors, and modifies the "Disclosure Statement and Plan of Reorganization for the Debtor Under Chapter 11" (the "Plan") [Doc. No. 96], initially proposed by the Debtor on July 1, 2022.

### B.  Response to NextGear Claim Objections

8.   Although the Plan, as modified by the Plan Amendment, has not yet been confirmed by this Court, any effort by NextGear to frustrate this process would be Pyrrhic at best:  A continuation of this Reorganization would surely lead to the development of the estate's case against NextGear for exercising self-help in a verboten manner pre-petition. Not only would this call into question NextGear's standing to object to claims, but it would also open up NextGear to liability to the estate and its legitimate creditors.

9.   Only days after the filing of the Plan Amendment, revealing as it did the conditional settlement between the Vasiloudes Creditors and the Kastrenakeses, NextGear

has filed the NextGear Claim Objections. No Delphic skills are required to see that NextGear is merely frustrated that the Vasiloudes Creditors have worked things out with the Kastrenakeses.

10. There is no substance to the NextGear Claim Objections. NextGear makes no substantive objections other than to point out that certain claims are asserted in the alternative, such as (a) the K&M Claim and the Houvardas Claim, and (b) the Heritage Claim and the Heritage Derivatively Claim, which is clear from the filings themselves.

11. NextGear has done no research, conducted no discovery, made no inquiries, and yet objects to all the claims of all the Vasiloudes Creditors. Byzantine strategies are not well suited to this Reorganization.

12. The NextGear Claim Objections object tersely, but not laconically, to the sum and substance of the Vasiloudes Creditors Claims.

13. Federal Rule of Bankruptcy Procedure makes clear that a proof of claim is <u>prima</u> <u>facie</u> evidence of its validity and amount. <u>See also</u> <u>In re Brickell Inv. Corp.</u>, 85 B.R. 164, 166 (Bankr. S.D. Fla. 1988). Thus, the NextGear bears the burden of proof of establishing that the Vasiloudes Creditors Claims are not valid. When it is clear that (a) NextGear has no substantive objections to make apart from those that are acknowledged in the filings themselves, (b) NextGear has done no discovery under Federal Rule of Bankruptcy Procedure 2004 or otherwise, (c) NextGear has dubious standing in light of its own pre-petition self-help, this burden clearly cannot be met.

14. Notwithstanding the fact that the Vasiloudes Creditors Claims are valid, and

understated to the extent that they are inaccurate, the mediation has largely succeeded: The parties have cut the Gordian Knot, resolved the Vasiloudes-Kastrenakes controversy. The Debtor may join with the Vasiloudes Creditors to seek relief under Federal Rule of Bankruptcy Procedure 9019 to memorialize the result that has been reached. Under such circumstances, the Debtor, in the exercise of his business judgment, should be able to conclude the deal embodied in the Plan Amendment under the standard established by the Eleventh Circuit in <u>In re Justice Oaks II, Ltd</u>, 898 F.2d 1544, 1549 (11th Cir. 1990), <u>cert. denied</u>, 498 U.S. 959 (1990). This will save time and money and achieve a just and proper result.

      WHEREFORE, the Vasiloudes Creditors respectfully request that the Court overrule the NextGear Claim Objections, allowing the Vasiloudes Creditors Claims as filed, subject only to the Plan Amendment, and for such other and further relief that this Court determines necessary.

      DATED this 6th day of November, 2022.

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQ.**
Florida Bar Number: 0731013
janthony@anthonyandpartners.com
**ANTHONY & PARTNERS, LLC**
100 S. Ashley Drive, Suite 1600
Tampa, Florida 33602
Telephone: 813/273-5616
Facsimile: 813/221-4113
Attorneys for Vasiloudes Creditors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of November, 2022, a true and correct

copy of the foregoing has been served via e-mail on the following parties:

    Adam L Alpert on behalf of Creditor CPX Holdings, LLC
    aalpert@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

    Adam L Alpert on behalf of Interested Party Maria Kastrenakes
    aalpert@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

    John Blair Boyd on behalf of Creditor Grow Financial Federal Credit Union
    bk@svllaw.com

    Kathleen L DiSanto on behalf of Creditor CPX Holdings, LLC
    kdisanto@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

    Kathleen L DiSanto on behalf of Interested Party Maria Kastrenakes
    kdisanto@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

    Robert Bruce George on behalf of Creditor First Home Bank
    rgeorge@thelilesfirm.com, aperry@thelilesfirm.com; rmittauer@thelilesfirm.com

    Teresa M Hair on behalf of Creditor Wells Fargo Bank, N.A.
    teresa.hair@brockandscott.com, WBECF@brockandscott.com

    Danielle S Kemp on behalf of Creditor Courtney Leasing, Inc.
    kempd@gtlaw.com, meyerp@gtlaw.com; FLService@gtlaw.com

    Amy Denton Mayer on behalf of Debtor Michael Kastrenakes
    amayer.ecf@srbp.com, srbpecf@srbp.com; aharris@srbp.com

    Amy Denton Mayer on behalf of Plaintiff Michael Kastrenakes
    amayer.ecf@srbp.com, srbpecf@srbp.com; aharris@srbp.com

    Ruediger Mueller
    trustee@tcmius.com, crm11@trustesolutions.net

    Edward J. Peterson, III on behalf of Attorney Stichter, Riedel, Blain & Postler, P.A.
    epeterson@srbp.com, epeterson.ecf@srbp.com; srbpecf@srbp.com

    Edward J. Peterson, III on behalf of Debtor Michael Kastrenakes
    epeterson@srbp.com, epeterson.ecf@srbp.com; srbpecf@srbp.com

Edward J. Peterson, III on behalf of Plaintiff Michael Kastrenakes
epeterson@srbp.com, epeterson.ecf@srbp.com; srbpecf@srbp.com

Robert C Schermer on behalf of Creditor SouthState Bank, N.A.
rschermer@manateelegal.com

United States Trustee - TPA
USTPRegion21.TP.ECF@USDOJ.GOV

Nicolette C Vilmos on behalf of Creditor NextGear Capital, Inc.
nicolette.vilmos@nelsonmullins.com, francis.santelices@nelsonmullins.com; allison.abbott@nelsonmullins.com

Nicolette C Vilmos on behalf of Defendant NextGear Capital, Inc.
nicolette.vilmos@nelsonmullins.com, francis.santelices@nelsonmullins.com; allison.abbott@nelsonmullins.com

Nathan A Wheatley on behalf of U.S. Trustee United States Trustee - TPA
nathan.a.wheatley@usdoj.gov

J Steven Wilkes on behalf of U.S. Trustee United States Trustee - TPA
steven.wilkes@usdoj.gov

Nicole Mariani Noel on behalf of Thomas Zervas and Konstantinos Papaspanos
nmnoel@kasslaw.com

Murray B. Silverstein, Esquire, on behalf of William Hilgenfeldt,
Murray.Silverstein@gmlaw.com

Andrew J. Mongelluzzi, Esquire, on behalf of Thomas Rowe,
sarah@clearwaterbusinesslaw.com, and courtdocs@ clearwaterbusinesslaw.com

  I further certify that a true copy of the foregoing has been furnished by U.S. first class mail on the 6th day of November, 2022, to the following non-CM/ECF participants:

Michael Kastrenakes
1755 McCauley Road
Clearwater, Florida 33764
Debtor

            /s/ John A. Anthony
            **ATTORNEY**