**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:

MICHAEL KASTRENAKES,

    Debtor.
_____/

Case No. 8:22-bk-01210-CED

Chapter 11

**NEXTGEAR CAPITAL, INC.'S OBJECTION TO THE**
**UNOPPOSED AMENDMENT TO DEBTOR'S PLAN OF REORGANIZATION**

Pursuant to Federal Rules of Bankruptcy Procedure 3017(a) and 3020(b)(1), Bankruptcy Code §§1125 and 1129, and other applicable law, NextGear Capital, Inc. ("NextGear") objects on the following grounds to the "Unopposed Amendment to Debtor's Plan of Reorganization" (the "Plan Amendment") [D.E. 164], filed on October 31, 2022, by Michael Kastrenakes (the "Debtor"):

**I.     PRELIMINARY STATEMENT**

Contrary to its title, the Plan Amendment is not "unopposed." The Plan Amendment is the embodiment of a confidential mediated resolution between Debtor and six specific creditors referred to by the Debtor as "Class 8 and 10 Creditors," each of which invested in failed business entities controlled by the Debtor (collectively the "Investors"). The Investors made equity investments in non-debtor enterprises in pursuit of profit. These investments may not even qualify under the definition of a creditor "claim" and there is no basis to separately classify the Investors to receive preferential treatment over the claims of legitimate creditors, as is proposed by the Plan Amendment.

The Plan Amendment is drafted in an indecipherable manner. Confirmation of the Plan as modified by the Plan Amendment, would leave the Court and creditors left scratching their heads

as to plan treatment. The convoluted drafting is no accident. The Plan Amendment is a blatant attempt to gerrymander creditor classes in order to obtain approval of the proposed Chapter 11 Plan over the objection of non-Investor creditors. Furthermore, the Plan Amendment fails to provide the same treatment for each claim or interest of the Class 8 creditors.

The Plan Amendment falls far short of meeting the confirmation requirements in Bankruptcy Code §1129(a). As such, this Court should consider the appointment of a Chapter 11 Trustee or converting the case to Chapter 7 for cause as there is no reasonable likelihood of confirmation of any plan.

A.  **Overview of the Plan Amendment:**

1. Debtor filed its Disclosure Statement and Plan of Reorganization for Debtor under Chapter 11 on July 21, 2022 [D.E. 96]. ("Original Plan")

2. NextGear filed its Objection to Confirmation of Plan and Objection to Disclosure Statement on September 12, 2022 [D.E. 141]. ("NextGear Objection") NextGear incorporates by reference the NextGear Objection.

3. The Plan Amendment fails in its duty to provide adequate information as it is the embodiment of a confidential mediated settlement between Debtor and the Investors.

4. In the Original Plan, Class 8, as defined by the Debtor, consisted of JOINT CREDITORS, those creditors holding personal guaranties of both the Debtor and Mrs. Kastrenakes.

5. The Plan Amendment proposes to classify the Investors, who hold no personal guaranties and have no contract-based claims against Mrs. Katrenakes, as both Class 8 and Class 10 members. The Original Plan ended at Class 9. Class 10 is a new category.

6. Based upon this straddle classification of the Investors in both Class 8 and Class 10, the Plan Modification now asserts that impaired Class 8 supports confirmation of the Plan.

7. The Investor claims were disputed by Debtor and are the subject of both state court and adversary litigation.[1] The Plan Amendment now proposes to allow these claims in amounts determined by the Investors and Debtor at the confidential mediation.

8. The Plan Amendment proposes one Investor, Mr. Vasiloudes as the "Claims Representative" vesting Mr. Vasiloudes with the power of allocating distributions between and among the "Class 8 and Class 10 creditors." NextGear objects to Mr. Vasiloudes as Claims Representative.

9. The Plan Amendment, page 8, under the heading <u>Classification</u> states "Each of the Class 8 creditors are deemed allowed as filed, and are deemed to have voted for the Plan, as amended." This is not true. NextGear has not voted in favor of the Original Plan and Debtor has objected to the Class 8 claim of NextGear.

10. Under the heading <u>FHB Obligation</u> on page 9, the Plan Amendment proposes to transfer to FHB full ownership of the Atlas Stock and Debtor's ownership interest in Kaz Reinsurance. Why? Pursuant to the Original Plan, FHB is treated as a fully secured creditor to be paid in full. Additional collateral for FHB is unwarranted and unexplained.[2]

11. Likewise on page 10 under the heading <u>New Collateral</u>, the Debtor pulls $2.6 million in aged accounts receivable out of a hat and pledges the receivables to FHB, again without reason or explanation.

12. Plan Amendment, page 17, under the heading <u>Equitable Subordination Proceeding</u> provides "the Kastrenakeses may continue to contribute up to $2,500.00 per month in the ordinary

---

[1] NextGear has objected to the claims of Investors.
[2] NextGear has objected to the claim of FHB.

course of business towards the living expenses of Evangeline Kastrenakes (collectively, the 'Support Payment')." Yet, this same section provides that Insider Creditors will receive no distribution. The Original Plan makes no reference to "Support Payment." The Support Payment is nothing more than a disguised preferential treatment of the claim of an Insider Creditor.

**B.      Objections**

13.     Bankruptcy Code Section 1125(b) requires disclosure statements to be approved by the court as containing "adequate information" before being transmitted to holders of claims or interests. 11 U.S.C. § 1125(b). Section 1125(a) defines "adequate information" as "information of a kind, and in sufficient detail, as fair as reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records" that would enable a hypothetical investor "to make an informed judgment about the plan."

14.     The Plan Amendment fails to satisfy even the basic disclosure requirement. The Plan Amendment provides additional collateral to FHB without explaining why the additional collateral is needed or why these assets which could otherwise be paid to unsecured creditors such as NextGear should be newly pledged to FHB. Additionally, the Plan Amendment provides a shadow class called the "Support Payment" without explaining the nature of any such claim or the source of payment to the Support Payment creditor. Finally, the creation of the Investor class that straddles both Class 8 and Class 10 is unclear as to how the Investors class and Original Plan Class 8 creditors are to be treated and paid. At the very least a Second Amended Plan is required so that all creditors can be provided sufficient information to understand the plan details.

15.     "The Debtor has the burden of proof on each element of 1129(a) and (b)." *In re New Midland Plaza Assoc.*, 247 B.R. 877, 883 (Bankr. S.D. Fla. 2000). "The appropriate standard of proof at the hearing on confirmation is the clear and convincing evidence standard, rather than

the preponderance of the evidence standard." *Id.* Preponderance means that the existence of a fact is simply more likely than not, while clear and convincing is a higher standard and requires a high probability of success." *Id.* "A Chapter 11 plan may be confirmed only if each class of creditors affected by the plan consents." *In re Westport Holdings Tampa, LP*, 604 B.R. 82, 86 (Bankr. M.D. Fla. 2019).

16. Here, the Original Plan as modified by the Plan Amendment is not confirmable for a number of reasons, which include, but are not limited to: Debtor's creation and treatment of Class 8 claims is both arbitrary and unfairly discriminatory. If confirmed, NextGear will be prejudiced by receiving only, with other guarantor unsecured creditors, a *pro rata* share of income related to non-Debtor Mrs. Kastrenakes. Not only is payment of Class 8 by a non-debtor unfair, but revising Class 8 to include the Investors claim is inappropriate for two additional reasons. First, the Investor claims are dumped into Class 8 solely to gerrymander the classes so as to obtain approval of impaired Class 8. Second, this classification scheme violates 11 USC 1123(a)(4) which requires that a Chapter 11 Plan must provide the same treatment for each claim of a particular class. The Plan Amendment falls short of the legal and equitable requirements for the Plan to be confirmed.

C. **Gerrymandering**.

17. 11 U.S.C. § 1122 addresses classification of claims and states "a plan may place a claim or interest in a particular class only if such claim or interest is substantially similar to the other claims or interests in such class." Section 1122 clearly prevents dissimilar claims from being classified together.

18. A plan proponent may not gerrymander creditor classes in order to obtain approval of a proposed Chapter 11 plan by at least one impaired class. 11 U.S.C.A. §§ 1122, 1123(a)(1), 1129(a)(10). *In re Carolina Tobacco Co.*, 360 B.R. 702 (D. Or. 2007), decision vacated on other

grounds, 2012 WL 12527885 (D. Or. 2012).  Stacking claims in a class to assure it is accepted is gerrymandering.  Here the Plan Amendment cobbles together two separate and dissimilar claimants: those third party lender creditors holding personal guaranties of both the Debtor and Mrs. Kastrenakes such as NextGear, and the Investor claims.

19.     The Investor claims are largely not supported by written documentation and lack personal guaranties.  Furthermore, the Investor claims may be simple equity investments by the Investors making them yet further dissimilar to the guarantor claim of NextGear.  It appears that the Investor class which consists of Class 8 and Class 10 creditors was devised solely to obtain plan acceptance by the impaired Class 8.  This is inappropriate gerrymandering which should not be permitted.

**D.     Treating Claims in the Same Class Differently in Violation of 1123.**

20.     11 U.S.C. § 1123(a)(4) directs that a Chapter 11 plan must provide the same treatment for each claim or interest of a particular class, unless the holder of the claim or interest agrees to less favorable treatment of such particular claim or interest.  This section implements a fundamental bankruptcy policy of fostering equitable distributions among all creditors of the same class.

21.     Where discrimination under § 1123(a)(4) exists in a plan that does not provide the same treatment of each claim or interest of a particular class, the associated plan shall not be confirmed.  The Plan Amendment violates § 1123(a)(4) by giving the Investors dual citizenship in both Class 8 and Class 10 thus allowing the Investors to control the approval of impaired Class 8 and then participate in the benefits of each of Class 8 and Class 10.  There can be no clearer example of discriminatory treatment of claims in the same class, thus confirmation of the Plan Amendment must be denied.

  E. **Appointment of Trustee or Conversion to Chapter 7.**

  22. The Debtor is unable to propose a confirmable Plan. Furthermore, the relationship between the Debtor and Investors is more than just Debtor/Creditor. Pursuant to the Plan Amendment, the Investors were family friends of the Debtor that made voluntary investments in proposed business opportunities. These opportunities failed and the Debtor's judgment may be motivated more than just a contractual obligation (if any) to repay the Investor claims. This may cloud the Debtor's ability to propose a good faith plan that treats all creditors fairly. Accordingly, this Court should consider the appointment of a Chapter 11 Trustee or converting the case to Chapter 7 for cause as there is no reasonable likelihood of confirmation of any plan.

  WHEREFORE, NextGear objects to confirmation of the Plan and request the Court deny confirmation of the Plan, convert the case to Chapter 7, and enter such other and further relief as may be just and proper.

DATED: November 7, 2022      Respectfully submitted,

                **NELSON MULLINS RILEY & SCARBOROUGH, LLP**

                By: */s/ Nicolette Corso Vilmos*
                Nicolette Corso Vilmos
                Florida Bar No. 0469051
                390 North Orange Avenue, Suite 1400
                Orlando, FL  32801
                Telephone: (407) 839-4200
                Facsimile: (407) 425-8377
                nicolette.vilmos@nelsonmullins.com

**BOSE McKINNEY & EVANS LLP**
David J. Jurkiewicz *(Admitted Pro Hac Vice)*
Indiana Bar No. 18018-53
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 684-5364
Facsimile:  (317) 223-0364
djurkiewicz@boselaw.com
*Attorneys for NextGear Capital, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via transmission of Notices of Electronic Filing on all counsel of record or *pro se* parties identified on the CM/ECF service list maintained by the Court on November 7, 2022.

*/s/ Nicolette C. Vilmos*
Nicolette C. Vilmos

4853-6760-8637