UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                              Chapter 11

MICHAEL KASTRENAKES,                                Case No. 8:22-bk-1210-CED

     Debtor.

_____/          *Expedited Consideration Requested*

### MOTION TO APPROVE COMPROMISE WITH DR. PANAYIOTIS VASILOUDES, CYGRAM HERITAGE, LLLP, CYGRAM HOLDINGS, L.P., PANEVAS, LLC, TRIFON HOUVARDAS, AND K&M INSURANCE INVESTORS, LLC

MICHAEL KASTRENAKES, as debtor and debtor in possession (the "**Debtor**"), pursuant to Section 105 of the Bankruptcy Code,[1] Bankruptcy Rule[2] 9019, and Local Rule[3] 9019-1 requests the entry of an order authorizing and approving the terms of a settlement (the "**Settlement**") as set forth in that certain *Unopposed Amendment to Debtor's Plan of Reorganization* (Doc. No. 164) (the "**First Plan Amendment**") attached hereto as **Exhibit A**, by and between (i) Dr. Panayiotis Vasiloudes ("**Vasiloudes**"), (ii) Cygram Heritage, LLLP ("**Heritage**"), (iii) Cygram Holdings, L.P. ("**Holdings**"), (iv) Panevas, LLC ("**Panevas**"), (v) Trifon Houvardas ("**Houvardas**"), and (vi) K&M Insurance Investors, LLC ("**K&M**," together with Vasiloudes, Heritage, Holdings, Panevas, and Houvardas, collectively the "**Vasiloudes Creditors**"), on the one hand, and (ii) the Debtor on the other hand.  The Debtor and the Vasiloudes Creditors are referred to below collectively as the "**Parties**."  The Settlement resolves all claims, contested matters, adversary proceedings brought or that could have been brought and are pending between and among the

---

[1] All references herein to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*.

[2] All references herein to the "Bankruptcy Rules" are to the applicable Federal Rules of Bankruptcy Procedure.

[3] All references herein to the "Local Rules" are to the applicable Local Rules of the United States Bankruptcy Court for the Middle District of Florida.

Parties in State Court (defined below) and this Court, as more particularly described in the First Plan Amendment.  In support of this Motion, the Debtor states as follows:

## GENERAL BACKGROUND

1.    On March 27, 2022, the Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), and made an election to proceed under Subchapter V of the Small Business Reorganization Act, as amended.

2.    On June 13, 2022, the Debtor filed an Amended Petition eliminating the Subchapter V election.

3.    The Debtor continues to manage his property as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.    Prior to the Petition Date, the Vasiloudes Creditors filed various lawsuits against the Debtor and others in Pinellas County Circuit Court ("**State Court**"), which lawsuits the Debtor removed to this Court.

5.    After the Petition Date, the Vasiloudes Creditors filed various adversary proceedings against the Debtor and others in this Court.

6.    On July 1, 2022, the Debtor filed his *Disclosure Statement and Plan of Reorganization for the Debtor Under Chapter 11* (Doc. No. 96).

7.    On October 31, 2022, the Debtor filed the First Plan Amendment.

8.    Since the Petition Date, the Parties have been engaged in settlement discussions and mediation with R. Scott Shuker to resolve their disputes.

9.    The Parties have reached an agreement to resolve their disputes, the terms of which are set forth in the First Plan Amendment and below.[4]

---

[4] To the extent there is any difference between the terms of the Plan Amendment and statements in this Motion, the Plan Amendment shall control.

4893-2657-0301, v. 3

**THE PROPOSED SETTLEMENT**

10.     Subject to approval of the Settlement by this Court and the entry of a final, non-appealable order granting this Motion and approving the order, in substantially the form proposed as **Exhibit B** (the "**Approval Order**"), the Parties have agreed to the terms set forth in the First Plan Amendment and as described below:

## A.     Treatment of Class 8 and 10 Creditors

1.     **Classification:**  For purposes of the Plan and this First Plan Amendment, each of the Class 10 Claims are deemed allowed as filed, are deemed to have voted for the Plan, as amended.  The Class 10 Creditors shall forego any distribution except as set forth in the Plan, this First Plan Amendment, and the Confirmation Order.  Each of the Class 8 Claims are deemed allowed as filed, and are deemed to have voted for the Plan, as amended.  The distribution to which the Class 8 and 10 Creditors would be entitled on account of the Class 8 Claim is hereinafter referred to as the "Class 8 Distribution."  The Class 8 and 10 Creditors have agreed to forbear from receiving the Class 8 Distribution unless and until Vasiloudes is required to pay any amounts toward the FHB Obligation. Proof of escrowing distribution payments in a segregated account at FHB shall be provided to the Claims Representative when reasonably requested.  The Debtor shall reserve the Class 8 Distribution until the FHB Obligation is paid in full.  Upon payment in full of the FHB Obligation, the Class 8 Distribution shall be distributed to the remaining Creditors in Class 8 on a pro rata basis.

2.      **FHB Obligation:**  In addition to the terms already set forth in the Plan relating to the balance, repayment schedule, interest rate, and the like, the treatment of the FHB Obligation is hereby modified in the following respects:

a.  **Transferred Collateral:**  On the Effective Date, the Kastrenakeses shall transfer to FHB full ownership of the Atlas Stock and the Debtor's ownership interest in Kaz Reinsurance (the "Transferred Collateral"), in consideration for a reduction of the outstanding principal balance of the FHB Obligation to $900,000.  The Kastrenakeses will reasonably cooperate in all efforts of FHB to realize maximum value on account of these assets.

b.  **Several Liability Guarantees:**  Of the remaining $900,000 balance of the FHB Obligation, Mrs. Kastrenakes shall guarantee half of the current outstanding principal balance (i.e., $450,000.00) until the FHB Obligation is paid in full, and Vasiloudes shall guarantee half of the outstanding principal balance until the FHB Obligation is paid in full.  To the extent the FHB Obligation is partially satisfied, the guaranty obligations of Mrs. Kastrenakes and Vasiloudes shall be reduced in equal corresponding amounts.  FHB shall be required to release all guarantor rights except those expressly set forth herein, including without limitation the disputed claim and lien that FHB asserts against Panevas, and that is the basis for the contingent claims of Panevas against the Kastrenakeses, the Trusts Defendants, and others.  The release of the disputed claim and

4

lien that FHB has asserted against Panevas is part of the consideration for Panevas' release of its contingent claims, included among the claims of the Class 8 and 10 Creditors. FHB shall not make any concession for the benefit of one of the emergent guarantors, Mrs. Kastrenakes or Vasiloudes, without making the same concession to the other, under a "most favored nation" covenant to be approved by the Bankruptcy Court.

c.  **Mrs. Kastrenakes' Guaranty of Vasiloudes' Guaranty:** If the Debtor defaults on the FHB Obligation under the Plan, and such default is not timely cured in a manner acceptable to FHB, and Vasiloudes is required to pay amounts to FHB pursuant to his limited guaranty of one-half the FHB Obligation ($450,000), Mrs. Kastrenakes shall guarantee in favor of Vasiloudes the amount actually paid by Vasiloudes to FHB on account of his limited guaranty of one-half the FHB Obligation, up to a maximum of $450,000. Prior to the Confirmation Hearing, the parties shall present a proposed form of Mrs. Kastrenakes' guaranty of any and all payments on his limited guaranty to FHB by Vasiloudes, that shall properly track the documentation evidencing the FHB Obligation and its repayment.

d.  **New Collateral:** In the Debtor's Case Management Summary, it is stated that $2,600,000 in aged accounts receivable (the "New Collateral") exists that have not yet been collected by the entities that own them free and clear of liens, all of which are controlled by the Kastrenakes. A description of the New Collateral will be provided to FHB in advance of

5

confirmation, together with a current aging.  The Kastrenakeses will pledge the New Collateral and pay all net proceeds to FHB to reduce the FHB Obligation.  Vasiloudes shall have a reasonable right of inspection to verify collection activities.  Nothing about the pledge of the New Collateral and paying down proceeds toward the FHB Obligation will excuse the Debtor's obligation to make monthly payments as provided in the Plan for so long as any portion of it remains outstanding.

e. **No Prepayment Penalty:**  Any of the obligors of the FHB Obligation are entitled, at any time and without penalty or premium, to pay off the then-outstanding balance of the FHB Obligation.

f. **105(a) Matching Injunction:**  For so long as the Debtor complies with the payment terms of the Plan as they relate to the Class 5 Claim of FHB, the FHB Action shall be stayed and FHB will be precluded from pursuing any further claims asserted therein and from pursuing any guaranty obligations.  Nothing about the matching injunction under Bankruptcy Code §105(a) prevents Mrs. Kastrenakes, or any business entity owned or controlled by the Kastrenakeses or either of them, from making payments on the FHB Obligation on behalf of the Debtor in order to extend said injunction.

3.    **PAFTB Account:**  Vasiloudes has alleged that there are certain funds in an account titled in the name of Platinum Auto Finance of Tampa Bay, LLC at Valley Bank (the "PAFTB Account").  As of the Effective Date, the Vasiloudes Creditors shall be

6

authorized to pursue any claims of the estate to the funds in the PAFTB Account, without having an obligation to do so or any specific threshold objectives.  Any net proceeds that are recovered from the PAFTB Account shall be applied first to the FHB Obligation, and shall be subject to a dollar for dollar reduction of the Vasiloudes limited guaranty, notwithstanding any other term and condition hereof.  Any funds in excess of the balance, if any, of Vasiloudes' limited guaranty obligation, shall be paid to the Vasiloudes Creditors. The objective of this treatment is to prevent the applicable Class 8 and 10 Creditors from being pursued by FHB for any portion of the FHB Obligation.  The Class 8 and 10 Creditors deny liability for all or any portion of the FHB Obligation, and Vasiloudes's willingness to provide the guarantee referenced above is intended to resolve that dispute as it relates to any and all of the Class 8 and 10 Creditors.  To the extent that this First Plan Amendment conflicts with the Plan, this First Plan Amendment will control.

4.    **Relevant Adversary Proceedings:**    The Kastrenakeses propose the following disposition of the Relevant Adversary Proceedings, and this Court will retain exclusive jurisdiction of each of the Relevant Adversary Proceedings through adjudication, in furtherance of confirmation, with all pending motions for remand, abstention, and withdrawal of the reference being denied as moot:

5.    **Removed New Wave Proceeding:**  The resolution of this proceeding shall contain the following terms:

    a.  As of the Effective Date, the Debtor shall transfer his ownership of New Wave Acceptance to the Class 8 and Class 10 Creditors.

b.  Pursuant to Federal Rule of Civil Procedure 41, the Kastrenakeses will be dropped/dismissed with prejudice as defendants in the Removed New Wave Proceeding as of the Effective Date, with the Kastrenakeses and the Plaintiffs to bear their own respective fees and costs bilaterally.

c.  The Confirmation Order will reflect the Bankruptcy Court's retained jurisdiction over the Removed New Wave Proceeding, through the point of full adjudication, with motions for remand, abstention, and withdrawal of the reference denied as moot in light of the fact that retention of jurisdiction shall be in furtherance of a confirmed plan of reorganization. Ten percent of any net recoveries in the Removed New Wave Proceeding shall be paid pro rata to the Holders of Allowed Unsecured Claims in Class 8.

d.  Each of the Kastrenakeses shall appear without subpoena to testify truthfully in connection with all proceedings before this Court regarding the merits of the claims to be asserted by the Class 8 and 10 Creditors.

e.  Each of the Kastrenakeses shall maintain, preserve, and provide reasonable access to documentation relevant to the claims currently asserted against the New Wave Defendants, to the extent such documentation exists.

6.  **Removed ICO Proceeding:** The resolution of this proceeding shall contain the following terms:

a.  As of the Effective Date, the Debtor shall transfer his ownership of ICO to the Class 8 and Class 10 Creditors.

b.  Pursuant to Federal Rule of Civil Procedure 41, the Kastrenakeses and Kevin Hawkins will be dropped/dismissed as defendants with prejudice in the Removed ICO Proceeding as of the Effective Date, with the Kastrenakeses, Kevin Hawkins, and the Plaintiffs to bear their own respective fees and costs.

c.  The Confirmation Order will reflect the Bankruptcy Court's retained jurisdiction over the Removed ICO Proceeding, through the point of full adjudication, with motions for remand, abstention, and withdrawal of the reference denied as moot in light of the fact that retention of jurisdiction shall be in furtherance of a confirmed plan of reorganization.  Ten percent of any net recoveries in the Removed ICO Proceeding shall be paid pro rata to the Holders of Allowed Unsecured Claims in Class 8.

d.  Each of the Kastrenakeses shall appear without subpoena to testify truthfully in connection with all proceedings before this Court regarding the merits of the claims to be asserted by the Class 8 and 10 Creditors.

e.  Each of the Kastrenakeses shall maintain, preserve, and provide reasonable access to documentation relevant to the claims currently asserted against the ICO Defendants, to the extent such documentation exists.

4893-2657-0301, v. 3

7.    **The Removed Trusts Proceeding:**  Resolution of this proceeding shall be reflected in an order abating this proceeding, pending satisfaction of the FHB Obligation.

    a.  Upon payment in full of the FHB Obligation by the Debtor, without any funds being paid by Vasiloudes on account of his guarantee referenced above, the Removed Trusts Proceeding shall be dismissed with prejudice, with all parties to bear their own attorneys' fees and costs incurred in connection therewith.

    b.  To the extent that the Trust Defendants keep books and records in the ordinary course of business, Mrs. Kastrenakes will use best efforts to ensure that such books and records are maintained.  Mrs. Kastrenakes shall retain all records provided to her with respect to the Trusts Defendants, all of which will remain confidential pending satisfaction of the FHB Obligation.

    c.  To the extent that Vasiloudes is required to pay any portion of the FHB Obligation based upon the guarantee referenced above, the Class 8 and 10 Creditors shall be entitled to reopen the Removed Trusts Proceeding and pursue claims against the Trust Defendants, but only to the extent of the guarantee referenced above and any payment actually made by Vasiloudes to FHB on account of such guaranty.  All parties retain their rights, claims, and defenses with respect to the Removed Trusts Proceeding.

4893-2657-0301, v. 3

d. The Confirmation Order will reflect the Bankruptcy Court's retained jurisdiction over the Removed Trusts Proceeding, through the point of full adjudication, with motions for remand, abstention, and withdrawal of the reference denied as moot in light of the fact that retention of jurisdiction shall be in furtherance of a confirmed plan of reorganization.

8.      **The Injunction Proceeding**:  Based upon all of the other relief set forth in the Plan, this First Plan Amendment, and the Confirmation Order, the Kastrenakeses and the relevant Class 8 and 10 Creditors shall stipulate for the relevant Class 8 and 10 Creditors to be dismissed from the Injunction Proceeding with prejudice, with all parties to bear their own attorneys' fees and costs incurred in connection therewith.

9.      **The Dischargeability Proceeding**:  Based upon all of the other relief set forth in the Plan, this First Plan Amendment, and the Confirmation Order, the Kastrenakeses and the relevant Class 8 and 10 Creditors shall stipulate for the Dischargeability Proceeding to be dismissed with prejudice, with all parties to bear their own attorneys' fees and costs incurred in connection therewith.  The objective is to enable the Debtor to obtain a discharge at confirmation, apart from those obligations arising by virtue of confirmation.

10.      **The Derivative Proceeding**: Based upon all of the other relief set forth in the Plan, this First Plan Amendment, and the Confirmation Order, the Kastrenakeses and the relevant Class 8 and 10 Creditors shall stipulate for the Derivative Proceeding to be dismissed with prejudice, with all parties to bear their own attorneys' fees and costs

4893-2657-0301, v. 3

incurred in connection therewith.  The Kastrenakeses will transfer ownership of New Wave Acceptance to the Class 8 and 10 Creditors as of the Effective Date.

11.    **The Equitable Subordination Proceeding**:    The disposition of this proceeding shall be memorialized in a consent judgment granting some of the relief requested by the Class 8 and 10 Creditors, but denying other relief.

a.  The claims of the Insider Creditors shall be allowed as filed, but the Insider Creditors shall receive no distribution or other transfer of value from either of the Kastrenakeses for so long as all or any portion of the FHB Obligation remains due and owing to FHB.  Notwithstanding the foregoing, the Kastrenakes may continue to contribute up to $2,500.00 per month in the ordinary course of business towards the living expenses of Evangeline Kastrenakes (collectively, the "Support Payment"), for any month in which the Debtor has also made a monthly payment to FHB on account of the FHB Obligation.  The Debtor will not make a Support Payment unless FHB has received an installment payment, for so long as the FHB Obligation is outstanding.

b.  To the extent that Vasiloudes is required to pay any portion of the FHB Obligation pursuant to the guarantee referenced above and any payment actually made by Vasiloudes to FHB on account of such guaranty, his resulting claim may be reimbursed from any distributions that would otherwise be paid to the Insider Creditors, with the exception of the Support Payment.

12

4893-2657-0301, v. 3

## RELIEF REQUESTED

11.     The Debtor seeks approval of the Settlement pursuant to Bankruptcy Rule 9019, and requests the Court enter the Approval Order. The Settlement is fair and equitable, is in the best interest of the estate, and should be approved. Additionally, the Debtor seeks, pursuant to Bankruptcy Rule 6004(h), a waiver of any stay of the effectiveness of the Approval Order.

## BASIS FOR RELIEF AND MEMORANDUM OF LAW

12.     The Debtor asks the Court to approve the Settlement pursuant to Bankruptcy Rule 9019. It is generally recognized that the law favors compromise of disputes over litigation. *E.g., In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (Paskay, C.J.). Some courts have held that a proposed settlement should be approved unless it yields less than the lowest amount that the litigation could reasonably produce. *In re Holywell Corp.*, 93 B.R. 291, 294 (Bankr. S.D. Fla. 1988) (Weaver, J.).

13.     In *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied* 498 U.S. 959, (1990), the Eleventh Circuit enunciated certain factors which must be considered in determining whether to approve a compromise. These factors include the following:

> a.     The probability of success in the litigation;
>
> b.     The difficulties, if any, to be encountered in the matter of collection;
>
> c.     The complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and
>
> d.     The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id*.

14.     As courts have has reasoned, bankruptcy courts consider the *Justice Oaks* factors

to "determine the fairness, reasonableness [,] and adequacy of a proposed settlement." *In re Gaddy*, 622 B.R. 440, 448–49 (Bankr. S.D. Ala. 2020), *aff'd sub nom. In re Gaddy*, 851 F. App'x 996 (11th Cir. 2021). Moreover, in examining the relevant factors, a bankruptcy court generally defers to a trustee's [or debtor in possession's] reasonable business judgment and must not substitute its own business judgment for that of the trustee [or debtor in possession]. *See id.* (citations omitted).

15.    As discussed below, the Settlement satisfies the *Justice Oaks* factors and should be approved.

16.    The first factor, probability of success on the merits, weighs in favor of settlement. Absent settlement, the Debtor would be required to litigate six adversary proceedings before this Court, including two nondischargeability proceedings and claims litigation regarding the Vasiloudes Creditors' asserted claims which exceed $6 million.  In addition, to confirm a Chapter 11 plan of reorganization, the Debtor would be required to litigate the Vasiloudes Creditors' objections to confirmation and resort to the "cramdown" provisions of Section 1129(b) of the Bankruptcy Code.  Although the Debtor believes that he would ultimately prevail and confirm a plan, there is substantial risk inherent in litigating the multifaceted adversary proceedings and contested matters.  Accordingly, this factor weighs in favor of approving the Settlement.

17.    The second factor, difficulty of collection, is not an applicable factor to the Settlement, as the Debtor is not compromising affirmative claims against the Vasiloudes Creditors. Thus, this factor does not weigh for or against the Settlement.

18.    The third factor, complexity of litigation and attendant expense, is sufficient in and of itself to warrant approval of the Settlement.  Litigating six adversary proceedings (including two nondischargeability proceedings) which involve discovery disputes, motions for

remand/abstention, and motions to dismiss, as well as $6 million in claims litigation, and objections to confirmation would impose a significant six figure administrative expense burden on the estate.

19.    The fourth factor, paramount interest of creditors, also weighs in favor of approval of the Settlement. The less administrative expense burden imposed upon the estate, the greater the Debtor's ability to fund distributions to creditors.

20.    The Settlement provides for a global resolution of the Parties' disputes, results in satisfaction of creditor claims, and avoids the delay, uncertainty, risk, and cost attendant with further litigation. The Settlement satisfies the *Justice Oaks* factors and should be approved.

21.    In addition, by this motion, the Debtor seeks a waiver of any stay of the effectiveness of the order approving this motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h). Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the fourteen (14) day stay period, commentators have suggested that the fourteen (14) day stay period should be eliminated to allow a transaction to close immediately "where there has been no objection to the procedure." 10 Collier on Bankruptcy, ¶6004.11. The relief requested herein is essential to avoiding substantial litigation and implementing a global resolution of the Parties' disputes.

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (a) granting this motion; (b) approving the Settlement; (c) waiving any stay of the effectiveness of the Approval

4893-2657-0301, v. 3

Order, (d) authorizing the parties to take all steps necessary to effectuate the Settlement; and (e) providing such further relief as is just.

*/s/ Amy Denton Mayer*
Edward J. Peterson (FBN 0014612)
Amy Denton Mayer (FBN 0634506)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida   33602
Telephone:  (813) 229-0144
Email:  epeterson@srbp.com; amayer@srbp.com
Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing *Motion to Approve Compromise with Dr. Panayiotis Vasiloudes, Cygram Heritage, LLLP, Cygram Holdings, L.P., Panevas, LLC, Trifon Houvardas, and K&M Insurance Investors, LLC* has been furnished on this 7th day of November, 2022, by either the Court's electronic noticing system or by U.S. mail to all creditors on the Court's matrix.

*/s/ Amy Denton Mayer*
Amy Denton Mayer

Label Matrix for local noticing
113A-8
Case 8:22-bk-01210-CED
Middle District of Florida
Tampa
Mon Nov  7 14:57:06 EST 2022

(p)AUTOMOTIVE FINANCE CORPORATION
11299 N ILLINOIS ST
CARMEL IN 46032-8887

CPX Holdings, LLC
c/o Bush Ross, P.A.
Attn. Kathleen L. DiSanto, Esq.
PO Box 3913
Tampa, FL 33601-3913

Cygram Heritage, LLLP
c/o John A. Anthony, Esq.
Anthony & Partners, LLC, 100 South Ashle
100 South Ashley Drive, Suite 1600
Tampa, FL 33602-5318

Cygram Heritage, LLLP, Derivatively, on beha
Anthony & Partners, LLC
100 S. Ashley Drive, Suite 1600
Tampa, FL 33602-5318

Cygram Holdings, L.P.
c/o John A. Anthony, Esq.
100 South Ashley Drive, Suite 1600
Tampa, FL 33602-5318

First Home Bank
c/o Robert B. George, Esq.
The Liles Firm, PA
50 N Laura St., Ste 1200
Jacksonville, FL 32202-3670

Grow Financial Federal Credit Union
Sorenson Van Leuven, PLLC
c/o J. Blair Boyd
Post Office Box 3637
Tallahassee, FL 32315-3637

Trifon Houvardas
c/o John A. Anthony, Esq.
100 South Ashley Drive, Suite 1600
Tampa, FL 33602-5318

K&M Insurance Investors, LLC
c/o John A. Anthony, Esq.
Anthony & Partners, LLC, 100 South Ashle
100 South Ashley Drive, Suite 1600
Tampa, FL 33602-5318

Maria Kastrenakes
c/o Bush Ross, P.A.
Attn. Kathleen L. DiSanto, Esq.
PO Box 3913
Tampa, FL 33601-3913

Michael Kastrenakes
1755 McCauley Rd.
Clearwater, FL 33765-1510

Jerry Makris, C.P.A.
Jerry Makris C.P.A., P.A.
2110 Drew Street
Clearwater, FL 33765-3231

Shirley Palumbo
Greenspoon Marder LLP
City Place, 525 Okeechobee Blvd., Suite
West Palm Beach, FL 33401-6306

Platinum Auto Finance of Tampa Bay
c/o Joel Aresty, Esq.
309 1st Ave S
Tierra Verde, Fl 33715-2231

Thomas K. Rowe
19 Harbour Isle W.
#105
Ft. Pierce, FL 34949-2771

Murray B. Silverstein
401 East Jackson Street
Suite 3650
Tampa, FL 33602-5252

SouthState Bank, N.A.
c/o Robert C. Schermer, Esq.
Greene Hamrick Schermer & Johnson PA
410 43rd St. W., Ste. N
Bradenton, FL 34209-2923

James H Sutton
Moffa, Sutton & Donnini, P.A.
8875 Hidden River Parkway
Suite 300
Tampa, FL 33637-2087

Thomas Zervas And Konstantinos Papaspanos
c/o Nicole Mariani Noel
P.O. Box 800
Tampa, FL 33601-0800

Martha Thorn
The Thorn Collection
Coldwell Banker International Real Estat
598 Indian Rocks Road
Belleair Bluffs, FL 33770-2016

Panayiotis Vasiloudes
c/o John A. Anthony, Esq.
Anthony & Partners, LLC, 100 South Ashle
100 South Ashley Drive, Suite 1600
Tampa, FL 33602-5318

Wells Fargo Bank, N.A.
3476 Stateview Blvd
Fort Mill, SC 29715-7200

Westlake Flooring Company, LLC
c/o Liebler Gonzalez & Portuondo
44 West Flagler St.
Courthouse Tower - 25th FL
Miami, FL 33130-1808

William Hilgenfeldt
Greenspoon Marder LLP
c/o Shirley Palumbo, Esq.
City Place, 525 Okeechobee Blvd.
Suite 900
West Palm Beach, FL 33401

Automotive Finance Corporation
Jennifer Smith Thomas
Rumberger Kirk & Caldwell P.A.
300 South Orange Avenue, Suite 1400
Orlando, Florida 32801-3380

CPX Holdings, LLC
1755 McCauley Rd.
Clearwater, FL 33765-1510

CPX Holdings, LLC
c/o Bush Ross, P.A.
Attn. Adam Lawton Alpert, Esq.
Post Office Box 3913
Tampa, FL 33601-3913

CallPass, LLC
4592 Ulmerton Rd., #201
Clearwater, FL 33762-4107

Carlouel Yacht Club
1091 El Dorado Ave.
Clearwater Beach, FL 33767-1099

Courtney Leasing, Inc.
8126 Benrus Street
Orlando, FL 32827-5074

Courtney Leasing, Inc.
Danielle S. Kemp, Esq.
GREENBERG TRAURIG, P.A.
101 E. Kennedy Blvd., Suite 1900
Tampa, FL 33602-5148

Cygram Heritage, LLLP
c/o Andrew J. Ghekas, Esq.
Anthony & Partners, LLC
100 S. Ashley Dr., Suite 1600
Tampa, FL 33602-5318

Cygram Heritage, LLLP
c/o John A. Anthony, Esquire
Anthony & Partners, LLC
100 S. Ashley Drive, Suite 1600
Tampa, FL 33602-5318

Cygram Heritage, LLLP
c/o John Anthony, Esq.
Anthony & Partners
100 S. Ashley Dr., #1600
Tampa, FL 33602-5318

Cygram Heritage, LLLP, derivatively on behal
c/o John A. Anthony, Esquire
Anthony & Partners, LLC
100 S. Ashley Drive, Suite 1600
Tampa, FL 33602-5318

Cygram Holdings, L.P. -
c/o John A. Anthony, Esquire
Anthony & Partners, LLC
100 S. Ashley Drive, Suite 1600
Tampa, FL 33602-5318

Cygram Holdings, LP
c/o John Anthony, Esq.
Anthony & Partners
100 S. Ashley Dr., #1600
Tampa, FL 33602-5318

Deanna Tsetsekas
300 Lepredhaun Lane
Dunedin, FL 34698

Department of Revenue -
PO Box 6668
Tallahassee FL 32314-6668

Dr. Panayiotis Vasiloudes
c/o Andrew J. Ghekas, Esq.
Anthony & Partners, LLC
100 S. Ashley Dr., Suite 1600
Tampa, FL 33602-5318

Dr. Panayiotis Vasiloudes -
c/o John A. Anthony, Esquire
Anthony & Partners, LLC
100 S. Ashley Drive, Suite 1600
Tampa, FL 33602-5318

Evangeline Kastrenakes
1780 McCauley Rd.
Clearwater, FL 33765-1541

First Home Bank
5250 Park Blvd. N.
Pinellas Park, FL 33781-3417

First Home Bank
ATT: Robert B. George & Ryan J. Mittauer
The Liles Firm, PA
50 N Laura St., Ste. 1200
Jacksonville, FL 32202-3670

Florida Department of Revenue
5050 W. Tennessee St.
Tallahassee, FL 32399-0100

George Lagos
1473 Sturbridge Ct.
Dunedin, FL 34698-2263

Gilbert M. Singer, Esquire
5104 South Westshore Blvd.
Tampa, FL 33611-5650

Greenspoon Marder LLP
C/O Shirley Palumbo, Esq.
City Place,525 Okeechobee Blvd, Suite 90
West Palm Beach, FL 33401-6306

Grow Financial
P.O. Box 89909
Tampa, FL 33689-0415

Grow Financial Credit Union
Sorenson Van Leuven, PLLC.
J. Blair Boyd, Esquire
Post Office Box 3637
Tallahassee, FL  32315-3637

HF Financial, LLC
701 Spottis Woode Lane
Clearwater, FL 33756-5267

Howard Howell
701 Spottis Woode Lane
Clearwater, FL 33756-5267

Internal Revenue Service -
P.O. Box 7346
Philadelphia, PA 19101-7346

Irene Pappas, Trustee of the Irene
Pappas Revocable Trust utd 8/23/99
2632 Velventos Dr.
Clearwater, FL 33761-1710

Jeff Hackett
1515 E. Lake Woodlands Pkwy.
Oldsmar, FL 34677-1903

Julia Rice, Esq.
State Attorney's Office
P.O. Box 5028
Riverview, FL 33578

K&M Insurance Investors, LLC -
c/o John Anthony, Esq.
Anthony & Partners
100 S. Ashley Dr., #1600
Tampa, FL 33602-5318

Konstantinos Papaspanos
c/o Gilbert M. Singer, Esq.
5104 S. Westshore Blvd.
Tampa, FL 33611-5650

Maria Kastrenakes -
c/o Kathleen L. DiSanto, Esq.
Post Office Box 3913
Tampa, FL 33601-3913

New York Life Insurance and
Annuity Corp.
P.O. Box 139052
Dallas, TX 75313-9052

New York Life Insurance and
Annuity Corporation
P.O. Box 6916
Cleveland, OH 44101-1916

NextGear Capital, Inc. -
11799 North College Avenue
Carmel, IN 46032-5605

NextGear Capital, Inc.
c/o Nicolette C. Vilmos, Esq.
Nelson Mullins Riley & Scarborough LLP
390 North Orange Avenue
Suite 1400
Orlando, FL 32801-1687

NextGear Capital, Inc.
c/o Nicolette Vilmos, Esq.
390 N. Orange Ave., #1400
Orlando, FL 32801-1687

Office of the Attorney General, State of Flo
Department of Legal Affairs
3507 E. Frontage Road, Suite 325
Tampa, FL 33607-1795

Pagona Kokolakis
103 Buena Vista Dr. S.
Dunedin, FL 34698-3305

Panayiotis Vasiloudes, MD, PHD
c/o John Anthony, Esq.
Anthony & Partners
100 S. Ashley Dr., #1600
Tampa, FL 33602-5318

Platinum Auto Finance of Tampa Bay, LLC
c/o Joel M. Aresty, P.A.
309 1st Ave S.
Tierra Verde, FL 33715-2231

Shirley Palumbo, Esq.
Edmund O. Loos, III, Esq.
201 E. Pine St., Ste 500
Orlando FL 32801-2718

Shirley Palumbo, Esq.
Greenspoon Marder LLP
401 E Jackson Street, Suite 3650
Tampa FL 33602-5252

South State Bank
P.O. Box 9602
Nichols, FL 33863

SouthState Bank
3711 Tampa Rd.
Oldsmar, FL 34677-6309

SouthState Bank N.A. -
Attn: Bankruptcy
PO Box 1900
Cornelia, GA 30531-7900

SouthState Bank, N.A. -
c/o Robert C. Schermer, Esq.
410 43rd St. W., Ste. N
Bradenton, FL 34209-2923

SouthState Bank, NA
Att: Edward J Peterson III, Esq
Stichter Riedel Blain & Postler, PA
110 East Madison Street, Suite 200
Tampa, FL 33602-4718

Teresa M. Hair
Brock and Scott, PLLC
Attorneys at Law
8757 Red Oak Blvd.
Charlotte, NC 28217-3983

Thomas Zervas
2632 Velventos Dr.
Clearwater, FL 33761-1710

Thomas Zervas
c/o Gilbert Singer, Esq.
5104 S. Westshore Blvd.
Tampa, FL 33611-5650

Thomas Zervas and Konstantinos Papaspanos -
5104 South Westshore Blvd.
Tampa, FL 33611-5650

Trifon Houvardas -
c/o John Anthony, Esq.
Anthony & Partners
100 S. Ashley Dr., #1600
Tampa, FL 33602-5318

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

Vasilios and Eva Gargeros
2132 Gulf View Blvd., Unit 14/24
Dunedin, FL 34698-2101

WESTLAKE FLOORING COMPANY, LLC
c/o Ira Scot Silverstein, Esquire
Liebler Gonzalez & Portuondo
44 West Flagler Street- 25th Floor
Miami, FL 33130-1817

Wells Fargo Bank, N.A. -
Default Document Processing
MAC# N9286-01Y
P.O. Box 1629
Minneapolis MN 55440-1629

Wells Fargo Mortgage
101 N. Phillips Ave.
Sioux Falls, SD 57104-6714

Wells Fargo, N.A.
3476 Stateview Blvd
Fort Mill, SC 29715-7200

Westlake Flooring Co LLC
c/o Liebler, Gonzales & Portuondo
44 West Flagler Street - 25th Floor
Miami, FL 33130-1808

Westlake Flooring Co., LLC
8000 Wilshire Blvd.
Los Angeles, CA 90010

Westlake Flooring Co., LLC
c/o James R. Liebler, II, Esq.
Liebler Gonzalez & Portuondo
44 West Flagler Street 25th Floor
Miami, FL 33130-1817

Joel M Aresty +
Joel M. Aresty, P.A.
309 1st Ave S
Tierra Verde, FL 33715-2231

United States Trustee - TPA +
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949

Robert Schermer I +
Greene Hamrick Perrey Quinlan & Schermer
PO Box 551
Bradenton, FL 34206-0551

Ira Scot Silverstein +
Liebler, Gonzalaez & Portuondo
44 West Flagler Street, 25th Floor
Miami, FL 33130-1808

Nicolette C Vilmos +
Nelson Mullins Broad and Cassel
390 North Orange Avenue, Suite 1400
Orlando, FL 32801-1687

Amy Denton Mayer +
Stichter Riedel Blain & Postler, P.A.
110 E Madison Street
Suite 200
Tampa, FL 33602-4718

Adam L Alpert +
Bush Ross P.A.
Post Office Box 3913
Tampa, FL 33601-3913

John A Anthony +
Anthony & Partners, LLC
100 S. Ashley Drive, Suite 1600
Tampa, FL 33602-5318

David J. Jurkiewicz +
Bose McKinney & Evans LLP
135 N. Pennsylvania St, #2700
Suite 2700
Indianapolis, IN 46204-4407

Edward J. Peterson III +
Stichter, Riedel, Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, FL 33602-4718

Robert Bruce George +
The Liles Firm, PA
50 N Laura St
Suite 1200
Jacksonville, FL 32202-3670

J Steven Wilkes +
Office of United States Trustee
501 East Polk Street
Tampa, FL 33602-3949

Teresa M Hair +
Brock and Scott, PLLC
8757 Red Oak Blvd
Ste #150
Charlotte, NC 28217-3977

Danielle S Kemp +
Greenberg Traurig, P.A.
Bank of America Plaza
101 E. Kennedy Blvd., Suite 1900
Tampa, FL 33602-5148

State Of Florida Dept. of Revenue (LL) +
PO Box 6668
Tallahassee, FL 32314-6668

Nicole Mariani Noel +
Kass Shuler, P.A.
PO Box 800
Tampa, FL 33601-0800

Andrew J Mongelluzzi +
Clearwater Business Law, LLC
30846 US Hwy 19 N
Palm Harbor, FL 34684-4409

Shirley R Palumbo +
Greenspoon Marder Law
City Place
525 Okeechobee Boulevard, Suite 900
West Palm Beach, FL 33401-6306

John Blair Boyd +
Sorenson Van Leuven Law Firm
Post Office Box 3637
Tallahassee, FL 32315-3637

Andrew J Ghekas +
Anthony & Partners, LLC
100 S. Ashley Drive, Suite 1600
Tampa, FL 33602-5318

James Randolph Liebler II +
Liebler, Gonzalez & Portuondo
25th Floor Courthouse Tower
44 West Flagler Street
Miami, FL 33130-1817

(p)KATHLEEN L  DISANTO  TRUSTEE
BUSH ROSS P A
PO BOX 3913
TAMPA FL 33601-3913

Murray B Silverstein +
Greenspoon Marder, PA
401 E Jackson Street, Suite 1825
Tampa, FL 33602-5841

Nathan A Wheatley +
Office of the U.S. Trustee
501 E. Polk St., Suite1200
Tampa, FL 33602-3945

Ruediger Mueller +
Dr. Mueller Associates, Inc.
1112 Watson Court
Reunion, FL 34747-6784

Jennifer Smith Thomas +
Rumberger Kirk
300 South Orange Avenue
Orlando, FL 32801-3372

Kristian S Oldham +
Florida Department of Revenue
2450 Shumard Oak Blvd.
Tallahassee, FL 32399-7022

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Automotive Finance Corporation      U.S. Bank National Association -     (d)U.S. Bank, N.A.
11299 N. Illinois St                Bankruptcy Department                P.O. Box 3427
Carmel, IN 46032                    PO Box 5229                          Oshkosh, WI 54902
                                    Cincinnati, Ohio 45201-5229


(d)U.S. Bank, N.A.                  Kathleen L DiSanto +
Southeast RV/Marine                 Bush Ross, P.A.
P.O. Box 790179                     Post Office Box 3913
Saint Louis, MO 63179-0179          Tampa, FL 33601-3913




        The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Courtney Leasing, Inc.           (u)Caryl E. Delano                   (u)Moffa, Sutton & Donnini, P.A.
                                    Tampa




(u)NextGear Capital, Inc.           (u)Stichter, Riedel, Blain & Postler, P.A.   (d)CPX Holdings, LLC
                                                                         c/o Bush Ross, P.A.
                                                                         Attn. Kathleen L. DiSanto, Esq.
                                                                         Post Office Box 3913
                                                                         Tampa, FL 33601-3913


(d)THOMAS ZERVAS AND KONSTANTINOS PAPASPANOS   (u)Note: Entries with a '+' at the end of the   End of Label Matrix
c/o Nicole Mariani Noel             name have an email address on file in CMECF    Mailable recipients   116
P.O. Box 800                        ---------------------------------------------  Bypassed recipients     8
Tampa, FL 33601-0800                Note: Entries with a '-' at the end of the     Total                 124
                                    name have filed a claim in this case
```

# EXHIBIT A

4893-2657-0301, v. 3

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

MICHAEL KASTRENAKES,

    Debtor.

_____/

Case No.: 8:22-bk-01210-CED
Chapter: 11

## UNOPPOSED AMENDMENT TO
## DEBTOR'S PLAN OF REORGANIZATION

Pursuant to Federal Rules of Bankruptcy Procedure 3017(a) and 3020(b)(1), Bankruptcy Code §§1125 and 1129, and other applicable law, Michael Kastrenakes (the "**Debtor**"), with the consent and approval of Dr. Panayiotis Vasiloudes ("**Vasiloudes**"), Cygram Heritage, LLLP ("**Heritage**"), Cygram Holdings, L.P. ("**Holdings**"), Panevas, LLC ("**Panevas**"), Trifon Houvardas ("**Houvardas**"), and K&M Insurance Investors, LLC ("**K&M**"), collectively referred to herein as the "Class 8 and 10 Creditors," hereby proposes this amendment (this "First Plan Amendment") to the "Disclosure Statement and Plan of Reorganization for the Debtor Under Chapter 11"[1] (the "Plan") [Doc. No. 96], filed on July 1, 2022:

### A.    <u>Relevant Background</u>

1.    The Class 8 and 10 Creditors were all investors in business entities controlled by the Kastrenakeses[2] that failed. The Kastrenakeses and the Class 8 and 10 Creditors have

---

[1] All terms defined in the Plan shall have the same meanings in this First Plan Amendment.

[2] The term "Kastrenakeses" refers collectively to Michael and Maria Kastrenakes ("Mrs. Kastrenakes").

substantially conflicting views regarding the events and circumstances giving rise to Class 10 claims (collectively, the "Class 10 Claims") and the Class 8 claims (collectively, the "**Class 8 Claims**").  No relief under this First Plan Amendment or the Plan shall be construed as agreement on part of the Kastrenakeses with any allegations made by the Class 8 and 10 Creditors except as expressly set forth therein, and in the Confirmation Order.

      2.      In this Reorganization, the Class 8 and 10 Creditors have timely filed the following proofs of claim:

      a.  Vasiloudes has filed a proof of claim, claim number 19, in the amount of $6,000,000.

      b.  Cygram Heritage, LLLP has filed a proof of claim, claim number 18, in the amount of $6,000,000.

      c.  Cygram Holdings, L.P. has filed a proof of claim, claim number 17, in the amount of $85,914.76.

      d.  Trifon Houvardas has filed a proof of claim, claim number 16, in the amount of $273,800.80.

      e.  K&M Insurance Investors, LLC has filed a proof of claim, claim number 15, in the amount of $273,800.80.

One of the Class 8 and 10 Creditors, Panevas, LLC, has not filed a proof of claim; however, it possesses a potential and disputed inchoate claim.  This represents the totality of the Class 8 and 10 Claims.  For purposes of this First Plan Amendment, all of the Class 10 Claims will be allowed as filed, as an aggregate claim in the amount of $6,000,000, allocated as follows among the creditors.

4880-4706-4885, v. 20

| Creditor | Allowed Claim Amount |
|---|---|
| Vasiloudes | $2,683,241.82 |
| Cygram Heritage, LLLP | $2,683,241.82 |
| Cygram Holdings, L.P. | $85,914.76 |
| Trifon Houvardas | $273,800.80 |
| K&M Insurance Investors, LLC | $273,800.80 |
| **TOTAL** | **$6,000,000.00** |

The Class 8 Claims shall be allowed in the additional aggregate amount of $6,000,000 and represent the alleged claims against Mrs. Kastrenakes and shall be allocated in the same amounts as the Class 10 Claims.  Notwithstanding the allowed amounts of the claims, the Debtor has no position regarding allocation of distributions between and among the Class 8 and 10 Creditors inter se, which will be handled in all respects by the Class 8 and 10 Creditors under the guidance of Vasiloudes (the "**Claims Representative**").  In addition, as a result of this First Plan Amendment, each of the Class 8 and 10 Creditors will vote their Class 8 Claims in favor of Class 8 and each will vote their Class 10 Claims in favor of Class 10.

3.      The Debtor notes that several of the Class 8 and 10 Creditors have filed lawsuits in Pinellas County Circuit Court (the "**State Court**"), and all of those lawsuits are intended to be addressed in this First Plan Amendment as they relate to the Kastrenakeses.

4.      The Debtor is or claims to be a party to the following adversary proceedings either removed from State Court or initiated in the Reorganization (the "**Relevant Adversary Proceedings**"), all of which involve one or more of the Class 8 and 10 Creditors as parties:

a. **New Wave Proceeding:**[3] On February 20, 2022, some of the Class 8 and 10 Creditors commenced this as a State Action[4] in State Court, and the Debtor removed the action to this Court. A set of unliquidated claims is asserted against the Kastrenakeses, and others (collectively, the "New Wave Defendants").

b. **ICO Proceeding:**[5] On February 28, 2022, some of the Class 8 and 10 Creditors commenced this as a State Action[6] shortly before the Debtor initiated this Reorganization. The Debtor removed the action to this Court. A set of unliquidated claims is asserted against the Debtor and others (collectively, the "ICO Defendants").

---

[3] Dr. Panayiotis Vasiloudes and Cygram Heritage, LLLP v. Michael Kastrenakes; Maria Kokolakis Kastrenakes; New Wave Acceptance LLC; Platinum Auto Finance, LLC n/k/a New Wave Auto Finance, LLC, and MK Automotive, Inc., d/b/a New Wave Auto Sales, Adv. Proc. No. 8:22-ap-00113-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Removed New Wave Proceeding").

[4] Dr. Panayiotis Vasiloudes and Cygram Heritage, LLLP v. Michael Kastrenakes; Maria Kokolakis Kastrenakes; New Wave Acceptance LLC; Platinum Auto Finance, LLC n/k/a New Wave Auto Finance, LLC, and MK Automotive, Inc., d/b/a New Wave Auto Sales, Adv. Proc. No.: 22-000829-CI, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida (the "New Wave Case").

[5] Panayiotis Vasiloudes, Cygram Heritage, LLLP, Cygram Holdings, L.P., Trifon Houvardas, and K&M Insurance Investors, LLC v. Michael Kastrenakes; William Hilgenfeldt, Thomas K. Rowe, and Kevin E. Hawkins, Adv. Proc. No. 8:22-ap-00114-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Removed ICO Proceeding").

[6] Panayiotis Vasiloudes, Cygram Heritage, LLLP, Cygram Holdings, L.P., Trifon Houvardas, and K&M Insurance Investors, LLC v. Michael Kastrenakes; William Hilgenfeldt, Thomas K. Rowe, and Kevin E. Hawkin, Case No.: 22-000956-CI, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida (the "ICO Case").

c. **The Trusts Proceeding:**[7] On May 20, 2022, some of the Class 8 and 10 Creditors commenced this as a State Action[8] while this Reorganization was pending. The Debtor removed the action to this Court. A set of unliquidated claims is asserted against Mrs. Kastrenakes and others (collectively, the "**Trusts Defendants**"). The Debtor filed a motion to intervene in the Trusts Case and takes the position that he is a party to the Removed Trusts Proceeding. Some of the Class 8 and 10 Creditors have disputed this.

d. **The Injunction Proceeding:**[9] At the outset of this Reorganization, the Debtor sought an injunction for Mrs. Kastrenakes from any litigation by creditors, including the Class 8 and 10 Creditors who had initially commenced the New Wave Proceeding and the ICO Proceeding. The Debtor's rationale for requesting relief under Bankruptcy Code §105(a)

---

[7] Panayiotis Vasiloudes, M.D. PH.D., and Cygram Heritage, LLLP, Cygram Holdings, L.P., and Panevas, L.L.C. v. Maria Kastrenakes, individually and as trustee for the Maria Kastrenakes Irrevocable Trust; The Emmanuel Kastrenakes Irrevocable Trust; The Evangelia Kastrenakes Irrevocable Trust, The John Kastrenakes Irrevocable Trust, and The Joseph Kastrenakes Irrevocable Trust, Case No. 8:22-ap-00115-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Removed Trusts Proceeding").

[8] Panayiotis Vasiloudes, M.D. PH.D., and Cygram Heritage, LLLP, Cygram Holdings, L.P., and Panevas, L.L.C. v. Maria Kastrenakes, individually and as trustee for the Maria Kastrenakes Irrevocable Trust; The Emmanuel Kastrenakes Irrevocable Trust; The Evangelia Kastrenakes Irrevocable Trust, The John Kastrenakes Irrevocable Trust, and The Joseph Kastrenakes Irrevocable Trust, Case No. 22-CI-2403, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida (the "Trusts Case").

[9] Michael Kastrenakes v. Nextgear Capital, Inc., Panayiotis Vasiloudes, Cygram Heritage, LLLP, Thomas Zervas, and Konstantinos Papaspanos, Adv. Proc. No. 8:22-ap-00055-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Injunction Proceeding").

is premised upon Mrs. Kastrenakes's anticipated contribution to the Debtor's reorganization effort.

e. **The Dischargeability Proceeding:**[10]  The Class 8 and 10 Creditors have objected to the Debtor's discharge under Bankruptcy Code §523(a)(2)(4) and (6), based upon all of the conduct articulated in their complaints initiated the New Wave Case and the ICO Case.

f. **The Derivative Proceeding:**[11]   New Wave Acceptance is a business entity that was half-owned by Vasiloudes and other Class 8 and 10 Creditors, and half-owned by the Debtor.  On behalf of non-debtor New Wave Acceptance, the relevant Class 8 and 10 Creditors initiated the Derivative Proceeding to pursue derivative claims on behalf of New Wave Acceptance under Bankruptcy Code §523(a)(2)(4) and (6).

g. **The Equitable Subordination Proceeding:**[12]  Pursuant to Bankruptcy Code §510(c), the Class 8 and 10 Creditors seek the subordination of

---

[10] Dr. Panayiotis Vasiloudes, Cygram Heritage, LLLP, and Cygram Holdings, L.P. v. Michael Kastrenakes, Adv. Proc. No. 8:22-ap-00095-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Dischargeability Proceeding").

[11] Cygram Heritage, LLLP, Derivatively, on behalf of New Wave Acceptance, LLC v. Michael Kastrenakes and New Wave Acceptance, LLC, Adv. Proc. No. 8:22-ap-00096-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Derivative Proceeding").

[12] Dr. Panayiotis Vasiloudes, Cygram Heritage, LLLP, Cygram Holdings, L.P., Trifon Houvardas, and K&M Insurance Investors, LLC v. Michael Kastrenakes, Maria Kastrenakes, CPX Holdings, LLC, Pagona Kokolakis, and Evangeline Kastrenakes, Adv. Proc. No. 8:22-ap-00114-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Equitable Subordination Proceeding").

claims asserted by the Debtor's immediate family and their wholly-owned business entities (the "Insider Creditors").

5.      On April 20, 2022, BayFirst Bank, f/k/a First Home Bank ("FHB") initiated another action in the State Court, styled <u>First Home Bank v. New Wave Acceptance, LLC, Panayiotis Vasiloudes, Panevas LLC, and Unknown Parties in Possession</u>, Case No. 22-001852-CI (the "FHB Action").  The FHB Action remains pending and relates to a demand letter dated April 21, 2021, attempting to collect a debt (the "FHB Obligation") against the Kastrenakeses, Vasiloudes, Panevas, and New Wave Acceptance; however, the Debtor was not joined as a defendant due to the pendency of this Reorganization.  The Plan reflects that the balance of the FHB Obligation is $1,674,992.40, and is treated as a "Class 5" claim thereunder.

6.      **The Mediation:**  The Class 8 and 10 Creditors and the Kastrenakeses have participated in a continuing mediation process (the "Mediation") presided over by R. Scott Shuker, Esquire (the "**Mediator**"), with FHB participating during a portion of the Mediation.  The Mediation is and shall remain confidential.

7.      <u>**Acceptance of Plan**</u>:  As modified by this First Plan Amendment, Vasiloudes as the Claims Representative, represents and warrants that he has authority to act on behalf of each of the holders of the Class 8 and 10 Claims and is acknowledging that the Class 8 and 10 Creditors will support confirmation, provided that the Debtor refrains from filing any future amendment to the Plan and this First Plan Amendment that either (a) expressly conflicts with the material terms of this First Plan Amendment, or (b) renders the material terms of this First Plan Amendment unfeasible, unlikely to occur, and/or

7

unconfirmable under Bankruptcy Code §1129(a)(11).  Notwithstanding the foregoing, if the Debtor fails to obtain confirmation of the Plan, as amended by this First Plan Amendment, and any other or additional amendments or modifications as do not conflict herewith, within sixty (60) days from the date of filing of this First Plan Amendment, the parties shall be status quo ante, and this First Plan Amendment shall be avoidable at the option of either the Kastrenakeses or the Class 8 and 10 Creditors.  Nothing in this Plan Amendment will be construed to be an admission of any fact or otherwise be binding upon the Debtor, Mrs. Kastrenakes, or any other person in any manner prior to the effective date of the Plan.

### B.  Treatment of Class 8 and 10 Creditors

1.  **Classification:**  For purposes of the Plan and this First Plan Amendment, each of the Class 10 Claims are deemed allowed as filed, are deemed to have voted for the Plan, as amended.  The Class 10 Creditors shall forego any distribution except as set forth in the Plan, this First Plan Amendment, and the Confirmation Order.  Each of the Class 8 Claims are deemed allowed as filed, and are deemed to have voted for the Plan, as amended.  The distribution to which the Class 8 and 10 Creditors would be entitled on account of the Class 8 Claim is hereinafter referred to as the "Class 8 Distribution."  The Class 8 and 10 Creditors have agreed to forbear from receiving the Class 8 Distribution unless and until Vasiloudes is required to pay any amounts toward the FHB Obligation.  Proof of escrowing distribution payments in a segregated account at FHB shall be provided to the Claims Representative when reasonably requested.  The Debtor shall reserve the Class 8 Distribution until the FHB Obligation is paid in full.  Upon payment in full of the

FHB Obligation, the Class 8 Distribution shall be distributed to the remaining Creditors in Class 8 on a pro rata basis.

2.  **FHB Obligation:**  In addition to the terms already set forth in the Plan relating to the balance, repayment schedule, interest rate, and the like, the treatment of the FHB Obligation is hereby modified in the following respects:

> a.  **Transferred Collateral:**  On the Effective Date, the Kastrenakeses shall transfer to FHB full ownership of the Atlas Stock and the Debtor's ownership interest in Kaz Reinsurance (the "Transferred Collateral"), in consideration for a reduction of the outstanding principal balance of the FHB Obligation to $900,000.  The Kastrenakeses will reasonably cooperate in all efforts of FHB to realize maximum value on account of these assets.

> b.  **Several Liability Guarantees:**  Of the remaining $900,000 balance of the FHB Obligation, Mrs. Kastrenakes shall guarantee half of the current outstanding principal balance (i.e., $450,000.00) until the FHB Obligation is paid in full, and Vasiloudes shall guarantee half of the outstanding principal balance until the FHB Obligation is paid in full.  To the extent the FHB Obligation is partially satisfied, the guaranty obligations of Mrs. Kastrenakes and Vasiloudes shall be reduced in equal corresponding amounts.  FHB shall be required to release all guarantor rights except those expressly set forth herein, including without limitation the disputed claim and lien that FHB asserts against Panevas, and that is

9

the basis for the contingent claims of Panevas against the Kastrenakeses, the Trusts Defendants, and others. The release of the disputed claim and lien that FHB has asserted against Panevas is part of the consideration for Panevas' release of its contingent claims, included among the claims of the Class 8 and 10 Creditors. FHB shall not make any concession for the benefit of one of the emergent guarantors, Mrs. Kastrenakes or Vasiloudes, without making the same concession to the other, under a "most favored nation" covenant to be approved by the Bankruptcy Court.

c. **Mrs. Kastrenakes' Guaranty of Vasiloudes' Guaranty:** If the Debtor defaults on the FHB Obligation under the Plan, and such default is not timely cured in a manner acceptable to FHB, and Vasiloudes is required to pay amounts to FHB pursuant to his limited guaranty of one-half the FHB Obligation ($450,000), Mrs. Kastrenakes shall guarantee in favor of Vasiloudes the amount actually paid by Vasiloudes to FHB on account of his limited guaranty of one-half the FHB Obligation, up to a maximum of $450,000. Prior to the Confirmation Hearing, the parties shall present a proposed form of Mrs. Kastrenakes' guaranty of any and all payments on his limited guaranty to FHB by Vasiloudes, that shall properly track the documentation evidencing the FHB Obligation and its repayment.

d. **New Collateral:** In the Debtor's Case Management Summary, it is stated that $2,600,000 in aged accounts receivable (the "New Collateral") exists that have not yet been collected by the entities that own them free and

clear of liens, all of which are controlled by the Kastrenakes. A description of the New Collateral will be provided to FHB in advance of confirmation, together with a current aging. The Kastrenakeses will pledge the New Collateral and pay all net proceeds to FHB to reduce the FHB Obligation. Vasiloudes shall have a reasonable right of inspection to verify collection activities. Nothing about the pledge of the New Collateral and paying down proceeds toward the FHB Obligation will excuse the Debtor's obligation to make monthly payments as provided in the Plan for so long as any portion of it remains outstanding.

e. **No Prepayment Penalty:** Any of the obligors of the FHB Obligation are entitled, at any time and without penalty or premium, to pay off the then-outstanding balance of the FHB Obligation.

f. **105(a) Matching Injunction:** For so long as the Debtor complies with the payment terms of the Plan as they relate to the Class 5 Claim of FHB, the FHB Action shall be stayed and FHB will be precluded from pursuing any further claims asserted therein and from pursuing any guaranty obligations. Nothing about the matching injunction under Bankruptcy Code §105(a) prevents Mrs. Kastrenakes, or any business entity owned or controlled by the Kastrenakeses or either of them, from making payments on the FHB Obligation on behalf of the Debtor in order to extend said injunction.

3.    **PAFTB Account:**  Vasiloudes has alleged that there are certain funds in an account titled in the name of Platinum Auto Finance of Tampa Bay, LLC at Valley Bank (the "PAFTB Account").  As of the Effective Date, the Vasiloudes Creditors shall be authorized to pursue any claims of the estate to the funds in the PAFTB Account, without having an obligation to do so or any specific threshold objectives.  Any net proceeds that are recovered from the PAFTB Account shall be applied first to the FHB Obligation, and shall be subject to a dollar for dollar reduction of the Vasiloudes limited guaranty, notwithstanding any other term and condition hereof.  Any funds in excess of the balance, if any, of Vasiloudes' limited guaranty obligation, shall be paid to the Vasiloudes Creditors. The objective of this treatment is to prevent the applicable Class 8 and 10 Creditors from being pursued by FHB for any portion of the FHB Obligation.  The Class 8 and 10 Creditors deny liability for all or any portion of the FHB Obligation, and Vasiloudes's willingness to provide the guarantee referenced above is intended to resolve that dispute as it relates to any and all of the Class 8 and 10 Creditors.  To the extent that this First Plan Amendment conflicts with the Plan, this First Plan Amendment will control.

4.    **Relevant Adversary Proceedings:**    The Kastrenakeses propose the following disposition of the Relevant Adversary Proceedings, and this Court will retain exclusive jurisdiction of each of the Relevant Adversary Proceedings through adjudication, in furtherance of confirmation, with all pending motions for remand, abstention, and withdrawal of the reference being denied as moot:

5.    **Removed New Wave Proceeding:**  The resolution of this proceeding shall contain the following terms:

a.  As of the Effective Date, the Debtor shall transfer his ownership of New Wave Acceptance to the Class 8 and Class 10 Creditors.

b.  Pursuant to Federal Rule of Civil Procedure 41, the Kastrenakeses will be dropped/dismissed with prejudice as defendants in the Removed New Wave Proceeding as of the Effective Date, with the Kastrenakeses and the Plaintiffs to bear their own respective fees and costs bilaterally.

c.  The Confirmation Order will reflect the Bankruptcy Court's retained jurisdiction over the Removed New Wave Proceeding, through the point of full adjudication, with motions for remand, abstention, and withdrawal of the reference denied as moot in light of the fact that retention of jurisdiction shall be in furtherance of a confirmed plan of reorganization. Ten percent of any net recoveries in the Removed New Wave Proceeding shall be paid pro rata to the Holders of Allowed Unsecured Claims in Class 8.

d.  Each of the Kastrenakeses shall appear without subpoena to testify truthfully in connection with all proceedings before this Court regarding the merits of the claims to be asserted by the Class 8 and 10 Creditors.

e.  Each of the Kastrenakeses shall maintain, preserve, and provide reasonable access to documentation relevant to the claims currently asserted against the New Wave Defendants, to the extent such documentation exists.

4880-4706-4885, v. 20

6.    **Removed ICO Proceeding:** The resolution of this proceeding shall contain the following terms:

    a.  As of the Effective Date, the Debtor shall transfer his ownership of ICO to the Class 8 and Class 10 Creditors.

    b.  Pursuant to Federal Rule of Civil Procedure 41, the Kastrenakeses and Kevin Hawkins will be dropped/dismissed as defendants with prejudice in the Removed ICO Proceeding as of the Effective Date, with the Kastrenakeses, Kevin Hawkins, and the Plaintiffs to bear their own respective fees and costs.

    c.  The Confirmation Order will reflect the Bankruptcy Court's retained jurisdiction over the Removed ICO Proceeding, through the point of full adjudication, with motions for remand, abstention, and withdrawal of the reference denied as moot in light of the fact that retention of jurisdiction shall be in furtherance of a confirmed plan of reorganization.  Ten percent of any net recoveries in the Removed ICO Proceeding shall be paid pro rata to the Holders of Allowed Unsecured Claims in Class 8.

    d.  Each of the Kastrenakeses shall appear without subpoena to testify truthfully in connection with all proceedings before this Court regarding the merits of the claims to be asserted by the Class 8 and 10 Creditors.

    e.  Each of the Kastrenakeses shall maintain, preserve, and provide reasonable access to documentation relevant to the claims currently

asserted against the ICO Defendants, to the extent such documentation exists.

7. **The Removed Trusts Proceeding:** Resolution of this proceeding shall be reflected in an order abating this proceeding, pending satisfaction of the FHB Obligation.

a. Upon payment in full of the FHB Obligation by the Debtor, without any funds being paid by Vasiloudes on account of his guarantee referenced above, the Removed Trusts Proceeding shall be dismissed with prejudice, with all parties to bear their own attorneys' fees and costs incurred in connection therewith.

b. To the extent that the Trust Defendants keep books and records in the ordinary course of business, Mrs. Kastrenakes will use best efforts to ensure that such books and records are maintained. Mrs. Kastrenakes shall retain all records provided to her with respect to the Trusts Defendants, all of which will remain confidential pending satisfaction of the FHB Obligation.

c. To the extent that Vasiloudes is required to pay any portion of the FHB Obligation based upon the guarantee referenced above, the Class 8 and 10 Creditors shall be entitled to reopen the Removed Trusts Proceeding and pursue claims against the Trust Defendants, but only to the extent of the guarantee referenced above and any payment actually made by Vasiloudes to FHB on account of such guaranty. All parties retain their

rights, claims, and defenses with respect to the Removed Trusts Proceeding.

d.  The Confirmation Order will reflect the Bankruptcy Court's retained jurisdiction over the Removed Trusts Proceeding, through the point of full adjudication, with motions for remand, abstention, and withdrawal of the reference denied as moot in light of the fact that retention of jurisdiction shall be in furtherance of a confirmed plan of reorganization.

8.  **The Injunction Proceeding**:  Based upon all of the other relief set forth in the Plan, this First Plan Amendment, and the Confirmation Order, the Kastrenakeses and the relevant Class 8 and 10 Creditors shall stipulate for the relevant Class 8 and 10 Creditors to be dismissed from the Injunction Proceeding with prejudice, with all parties to bear their own attorneys' fees and costs incurred in connection therewith.

9.  **The Dischargeability Proceeding**:  Based upon all of the other relief set forth in the Plan, this First Plan Amendment, and the Confirmation Order, the Kastrenakeses and the relevant Class 8 and 10 Creditors shall stipulate for the Dischargeability Proceeding to be dismissed with prejudice, with all parties to bear their own attorneys' fees and costs incurred in connection therewith.  The objective is to enable the Debtor to obtain a discharge at confirmation, apart from those obligations arising by virtue of confirmation.

10.  **The Derivative Proceeding**:  Based upon all of the other relief set forth in the Plan, this First Plan Amendment, and the Confirmation Order, the Kastrenakeses and the relevant Class 8 and 10 Creditors shall stipulate for the Derivative Proceeding to be

dismissed with prejudice, with all parties to bear their own attorneys' fees and costs incurred in connection therewith.  The Kastrenakeses will transfer ownership of New Wave Acceptance to the Class 8 and 10 Creditors as of the Effective Date.

11.  **The Equitable Subordination Proceeding:**  The disposition of this proceeding shall be memorialized in a consent judgment granting some of the relief requested by the Class 8 and 10 Creditors, but denying other relief.

    a.  The claims of the Insider Creditors shall be allowed as filed, but the Insider Creditors shall receive no distribution or other transfer of value from either of the Kastrenakeses for so long as all or any portion of the FHB Obligation remains due and owing to FHB.  Notwithstanding the foregoing, the Kastrenakes may continue to contribute up to $2,500.00 per month in the ordinary course of business towards the living expenses of Evangeline Kastrenakes (collectively, the "Support Payment"), for any month in which the Debtor has also made a monthly payment to FHB on account of the FHB Obligation.  The Debtor will not make a Support Payment unless FHB has received an installment payment, for so long as the FHB Obligation is outstanding.

    b.  To the extent that Vasiloudes is required to pay any portion of the FHB Obligation pursuant to the guarantee referenced above and any payment actually made by Vasiloudes to FHB on account of such guaranty, his resulting claim may be reimbursed from any distributions that would

otherwise be paid to the Insider Creditors, with the exception of the Support Payment.

12. **The Mediation and Related Logistics:**  The following miscellaneous terms and conditions apply:

    a.  Mrs. Kastrenakes and Vasiloudes shall each be responsible for half of the expenses of the Mediator, through the Effective Date.

    b.  Attached as exhibits to the Confirmation Affidavit to be filed in anticipation of confirmation, the Debtor shall provide (i) a proposed form of guarantee for Mrs. Kastrenakes and Vasiloudes, (ii) a proposed form of order or judgment corresponding to the disposition of the Relevant Adversary Proceedings to conform to the preceding provisions hereof, and (iii) documents of conveyance or transfer with respect to the Transferred Collateral.

    c.  The Confirmation Order shall be deemed to release not only the Debtor, but also Mrs. Kastrenakes, from all claims of the Class 8 and 10 Creditors except as expressly contemplated under this First Plan Amendment. However, if the Debtor fails to pay any or all of the FHB Obligation as provided herein and in the Plan, Vasiloudes shall have indemnification rights against the Debtor for any sums that Vasiloudes is required to pay on account of his guarantee.  In addition, in such circumstance, the Class 8 and 10 Creditors shall be entitled to their pro rata share of the Class 8 Distribution.

4880-4706-4885, v. 20

    d. The Parties shall continue to utilize the Mediator for so long as he remains

available, at his standard hourly rates, based upon the same allocation,

with this Court retaining jurisdiction to ensure payment. In connection

with all of the Relevant Adversary Proceedings not fully adjudicated

pursuant to this First Plan Amendment upon confirmation, the Mediator

will preside at any mediations unless he is precluded based upon a conflict

or otherwise for cause.

WHEREFORE, the Debtor seeks confirmation of the Plan as hereby amended, and

all other relief consistent with the foregoing.

DATED this 31st day of October, 2022.

| | |
|---|---|
| /s/ John A. Anthony | /s/ Edward J. Peterson |
| **JOHN A. ANTHONY, ESQ.** | **EDWARD J. PETERSON, III, ESQ.** |
| Florida Bar Number: 0731013 | Florida Bar Number: 14612 |
| janthony@anthonyandpartners.com | epeterson@srbp.com |
| **ANTHONY & PARTNERS, LLC** | **STICHTER, RIEDEL, BLAIN &** |
| 100 S. Ashley Drive, Suite 1600 | **POSTLER P.A.** |
| Tampa, Florida 33602 | 110 East Madison Street, Suite 200 |
| Telephone: 813/273-5616 | Tampa, Florida 33602 |
| Facsimile: 813/221-4113 | Telephone: 813-229-0144 |
| Counsel for Class 8 and 10 Creditors | Facsimile: 813-229-1811 |
| | Counsel for the Debtor |

The Class 8 and 10 Creditors hereby
agree that they support confirmation of
the Plan as Modified by this First Plan
Amendment, through their Counsel

/s/ _____

**DR. PANAYIOTIS VASILOUDES,**
individually and as Class 8 and 10
Representative for himself and Cygram
Heritage, LLLP, Cygram Holdings, L.P.,
Panevas, LLC, Trifon Houvardas, and

**MICHAEL KASTRENAKES**
1755 McCauley Road
Clearwater, Florida 33764
Debtor

d. The Parties shall continue to utilize the Mediator for so long as he remains available, at his standard hourly rates, based upon the same allocation, with this Court retaining jurisdiction to ensure payment. In connection with all of the Relevant Adversary Proceedings not fully adjudicated pursuant to this First Plan Amendment upon confirmation, the Mediator will preside at any mediations unless he is precluded based upon a conflict or otherwise for cause.

WHEREFORE, the Debtor seeks confirmation of the Plan as hereby amended, and all other relief consistent with the foregoing.

DATED this 31st day of October, 2022.

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQ.**
Florida Bar Number: 0731013
janthony@anthonyandpartners.com
**ANTHONY & PARTNERS, LLC**
100 S. Ashley Drive, Suite 1600
Tampa, Florida 33602
Telephone: 813/273-5616
Facsimile: 813/221-4113
Counsel for Class 8 and 10 Creditors


The Class 8 and 10 Creditors hereby agree that they support confirmation of the Plan as Modified by this First Plan Amendment, through their Counsel


**DR. PANAYIOTIS VASILOUDES**, individually and as Class 8 and 10 Representative for himself and Cygram Heritage, LLLP, Cygram Holdings, L.P., Panevas, LLC, Trifon Houvardas, and

/s/ Edward J. Peterson
**EDWARD J. PETERSON, III, ESQ.**
Florida Bar Number: 14612
epeterson@srbp.com
**STICHTER, RIEDEL, BLAIN & POSTLER P.A.**
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone: 813-229-0144
Facsimile: 813-229-1811
Counsel for the Debtor


**MICHAEL KASTRENAKES**
1755 McCauley Road
Clearwater, Florida 33764
Debtor

4880-4706-4885_v_20

K&M Insurance Investors, LLC, collectively referred to herein as the "Class 8 and 10 Creditors."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of October, 2022, a true and correct copy of the foregoing has been served via e-mail on the following parties:

Adam L Alpert on behalf of Creditor CPX Holdings, LLC
aalpert@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

Adam L Alpert on behalf of Interested Party Maria Kastrenakes
aalpert@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

John Blair Boyd on behalf of Creditor Grow Financial Federal Credit Union
bk@svllaw.com

Kathleen L DiSanto on behalf of Creditor CPX Holdings, LLC
kdisanto@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

Kathleen L DiSanto on behalf of Interested Party Maria Kastrenakes
kdisanto@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

Robert Bruce George on behalf of Creditor First Home Bank
rgeorge@thelilesfirm.com, aperry@thelilesfirm.com; rmittauer@thelilesfirm.com

Teresa M Hair on behalf of Creditor Wells Fargo Bank, N.A.
teresa.hair@brockandscott.com, WBECF@brockandscott.com

Danielle S Kemp on behalf of Creditor Courtney Leasing, Inc.
kempd@gtlaw.com, meyerp@gtlaw.com; FLService@gtlaw.com

Amy Denton Mayer on behalf of Debtor Michael Kastrenakes
amayer.ecf@srbp.com, srbpecf@srbp.com; aharris@srbp.com

Amy Denton Mayer on behalf of Plaintiff Michael Kastrenakes
amayer.ecf@srbp.com, srbpecf@srbp.com; aharris@srbp.com

Ruediger Mueller trustee@tcmius.com, crm11@trustesolutions.net

Edward J. Peterson, III on behalf of Attorney Stichter, Riedel, Blain & Postler, P.A. epeterson@srbp.com, epeterson.ecf@srbp.com; srbpecf@srbp.com

Edward J. Peterson, III on behalf of Debtor Michael Kastrenakes
epeterson@srbp.com, epeterson.ecf@srbp.com; srbpecf@srbp.com

Edward J. Peterson, III on behalf of Plaintiff Michael Kastrenakes
epeterson@srbp.com, epeterson.ecf@srbp.com; srbpecf@srbp.com

Robert C Schermer on behalf of Creditor SouthState Bank, N.A.
rschermer@manateelegal.com

United States Trustee - TPA USTPRegion21.TP.ECF@USDOJ.GOV

Nicolette C Vilmos on behalf of Creditor NextGear Capital, Inc.
nicolette.vilmos@nelsonmullins.com, francis.santelices@nelsonmullins.com; allison.abbott@nelsonmullins.com

Nicolette C Vilmos on behalf of Defendant NextGear Capital, Inc.
nicolette.vilmos@nelsonmullins.com, francis.santelices@nelsonmullins.com; allison.abbott@nelsonmullins.com

Nathan A Wheatley on behalf of U.S. Trustee United States Trustee - TPA
nathan.a.wheatley@usdoj.gov

J Steven Wilkes on behalf of U.S. Trustee United States Trustee - TPA
steven.wilkes@usdoj.gov

Joel M. Aresty, P.A. on behalf of Platinum Auto Finance of Tampa Bay, LLC,
Aresty@Mac.com

Nicole Mariani Noel on behalf of Thomas Zervas and Konstantinos Papaspanos
nmnoel@kasslaw.com

Shirley Palumbo on behalf of Defendant William Hilgenfeldt
shirley.palumbo@gmlaw.com, bankruptcy@gmlaw.com; Edmund.Loos@gmlaw.com

I further certify that a true copy of the foregoing has been furnished by U.S. first class mail on the 31st day of October, 2022, to the following non-CM/ECF participants:

Michael Kastrenakes

1755 McCauley Road
Clearwater, Florida 33764
Debtor

/s/ Edward J. Peterson
**EDWARD J. PETERSON**

4880-4706-4885, v. 20

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                          Chapter 11

MICHAEL KASTRENAKES,                            Case No. 8:22-bk-1210-CED

        Debtor.
_____/

**ORDER GRANTING MOTION TO APPROVE COMPROMISE WITH DR.
PANAYIOTIS VASILOUDES, CYGRAM HERITAGE, LLLP, CYGRAM HOLDINGS, L.P.,
PANEVAS, LLC, TRIFON HOUVARDAS, AND K&M INSURANCE INVESTORS, LLC**

THIS CASE came before the Court for consideration of the *Motion to Approve Compromise with Dr. Panayiotis Vasiloudes, Cygram Heritage, LLLP, Cygram Holdings, L.P., Panevas, LLC, Trifon Houvardas, and K&M Insurance Investors, LLC* (Doc. No. \*\*\*) (the "**Motion**")[1].  The Court finds that under the circumstances of this case, due and sufficient notice of the Motion was provided to parties, and that such notice was adequate and appropriate in the current circumstances of this Chapter 11 case as contemplated by the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.  Therefore, any requests for other and further

---

[1] Unless otherwise defined herein, capitalized terms have the same meanings ascribed to them in the Motion.

notice shall be and hereby are dispensed with and waived, and no other or further notice is necessary.  Accordingly, it is

**ORDERED** that:

1.    The Motion is granted.

2.    The Parties shall take any and all actions necessary to consummate the Settlement.

3.    Notwithstanding Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, the effectiveness of this Order shall not be stayed for 14 days after entry on the docket and shall be effective and enforceable immediately upon entry.

4.    This Court retains jurisdiction over any matter or dispute arising from or relating to the implementation and/or enforcement of the Settlement and this Order.

*Attorney Edward J. Peterson is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the Order.*

4888-9036-2685, v. 2