**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| In re: | Case No.:   8:22-bk-01210-CED |
| MICHAEL KASTRENAKES, | CHAPTER 11 |
| Debtor. | |

**CREDITOR FIRST HOME BANK'S PRELIMINARY OBJECTION TO DEBTOR'S UNOPPOSED FIRST AMENDMENT TO DEBTOR'S PLAN OF REORGANIZATION[1]**

Creditor First Home Bank ("**FHB**"), under Federal Rule of Bankruptcy Procedure 3020(b)(1), Bankruptcy Code §§ 1125 and 1129, Local Rule 3020-1, and applicable law, objects to Debtor Michael Kastrenakes' (the "**Debtor**") Unopposed Amendment to Debtor's Plan of Reorganization (the "**First Amendment**") [Doc. No. 164] to the "Disclosure Statement and Plan of Reorganization" (the "**Plan**") [Doc. No. 96] and states as follows:

**Abbreviated Factual Background**

1. On or about October 19, 2016, First Home extended a loan (the "**FHB Loan**") to Non-debtor New Wave Acceptance, LLC in the amount of $2,000,000.00. In connection with the FHB Loan, the Debtor, and Non-debtor Dr. Panayiotis Vasiloudes ("**Dr. Vasiloudes**") executed personal guarantees, and the primary security for the FHB Loan is a mortgage on certain commercial real property located in Pinellas County, Florida that is currently owned by Non-

---

[1] Debtor filed the Amendment on October 31, 2022. Given the Debtor filed the Amendment eight days before the Court's November 8, 2022 rescheduled confirmation hearing, FHB was not given ample time to prepare a comprehensive objection to the Amendment. Accordingly, FHB is filing this preliminary objection out of abundance of caution and intends to file a comprehensive objection to the Amendment.

debtor Panevas, LLC, a closely-held entity managed by Dr. Vasiloudes (the "**Real Property Collateral**").

2.  Dr. Vasiloudes and Panevas, LLC defaulted under their respective obligations owed to FHB under the FHB Loan, and as a result, on April 20, 2022, FHB commenced a state court action styled *First Home Bank v. Panayiotis Vasiloudes et al.*, Pinellas County Circuit Court Case Number: 22-0001852-CI (the "**FHB Action**"), thereby seeking to enforce Dr. Vasiloudes' personal guarantee obligation and foreclose the mortgage lien on the commercial property securing the FHB Loan.

3.  On June 6, 2022, FHB filed its proof of claim (Claim No. 14) in this Case in the amount of $1,674,992.40.

4.  On July 7, 2022, the Debtor filed the Plan. Pursuant to the express terms of the Plan, the Debtor proposed paying FHB's claim in full and listed FHB's claim as unimpaired.

5.  On August 25, 2022, FHB filed a motion for summary judgement in the FHB Action, and the state court has scheduled a hearing on the summary judgement motion for January 19, 2022.

6.  On October 31, 2022, the Debtor filed the First Amendment which appears to the product of an additional mediation between the Debtor and Dr. Panayiotis Vasiloudes that FHB was not invited to attend. The First Amendment seeks entry of a Section 105(a) injunction to enjoin FHB from continuing its collection efforts against Dr. Vasiloudes and Panevas LLC in the FHB Action.

7.  Further, the First Amendment seeks to substitute the Real Property Collateral securing FHB's loan with the following collateral:

- Stock in Atlas FinTech Holdings, a Puerto Rican Bank that is not publicly traded. The Atlas FinTech Holdings stock is currently owned by Non-debtor New Wave Acceptance, LLC and little is known as to the value of the stock or whether the stock has restrictions on its transferability;

- The Debtor's 50 percent membership interest in Kaz Reinsurance, Ltd. the Debtor's wife, Maria Kastrenakes ("**Ms. Kastrenakes**") would retain her 50 percent membership interest in Kaz Reinsurance, Ltd.  Notably, Kaz Reinsurance, Ltd. is a reinsurer of auto insurance policies.  Kaz Reinsurance, LTD.'s only asset is an investment portfolio consisting of reinsurance premiums that can't be liquidated because those premiums are needed to pay future claims; *and*

- Aged accounts receivables owned by various entities controlled by the Debtor.

8. Finally, the First Amendment seeks to reduce Dr. Vasiloudes' guaranty liability from "joint and several liability" to fifty-percent of the remaining amounts owed under to FHB with the remaining fifty-percent guaranteed by Ms. Kastrenakes.

**Preliminary Objection**

9. While the Debtor's First Amendment states the First Amendment is "unopposed", FHB objects to the First Amendment.

A. **The Plan, as amended by the First Amendment, is not fair and equitable.**

10. The Plan is not fair and equitable under the standards of § 1129(b)(2).  The Bankruptcy Code mandates that under no circumstance may the Plan be confirmed unless "the plan … is fair and equitable, with respect to each class or interests that is impaired under, and has not accepted, the plan." 11 U.S.C. §1129(b)(1).

11. First, the First Amendment is not fair and equitable in that it seeks to unfairly strip FHB's first priority mortgage interest lien on the Real Property Collateral (the Real Property Collateral is owned by Panevas LLC which is managed by Dr. Vasiloudes and is not contributing anything to the Debtor's Plan) and substitute the Real Property Collateral for collateral with little or no practical value. Specifically, is it fair to force FHB to become "business partners" with the Debtor's wife in Kaz Reinsurance, LTD whose only asset is reinsurance premiums that can't be liquidated because the premiums are needed to pay future claims? Further, are FHB and Maria Kastrenakes going to sign an operating agreement? Is Maria Kastrenakes going to be the manager of the entity? Is FHB going to be personally liability if Kaz Reinsurance, Ltd. is insolvent and can't pay reinsurance claims?

12. Further, the Debtor should be required to amend the Disclosure Statement to provide sufficient evidence as to the value of the collateral the Debtor is proposing to substitute for FHB's Real Property Collateral. For example, the Debtor has not provided any information as to which entity owns the accounts receivables, the age of the accounts receivables, etc. that it plans to substitute as collateral for the Real Property Collateral. Given Dr. Vasiloudes' accusations against the Debtor regarding the Debtor's alleged misappropriation of New Wave Acceptance, LLC's receivables, it is really fair for FHB's to forfeit its mortgage lien on the Real Property Collateral for aged receivable that little or no information has been provided to FHB?

**B.  FHB should not be enjoined from continuing its collection efforts against Dr. Vasiloudes and Panevas, LLC.**

13. As part of the settlement of the numerous adversary proceedings filed between the Debtor and Dr. Vasiloudes, FHB, through the proposed First Amendment, would be enjoined from pursuing further collection efforts against Dr. Vasiloudes and Panevas, LLC, including FHB's collection efforts in the FHB Action.

14. However, the Debtor has not and cannot meet its burden of proof demonstrating the necessity of an injunction under Section 105(a) of the Bankruptcy Code, which only authorizes the Court to issue orders that are "necessary or appropriate to carry out the provisions of" the Bankruptcy Code. [2] With respect to an injunction under section 105 of the Bankruptcy Code, such relief is "an extraordinary and drastic remedy which may be granted only upon a *clear and convincing showing that the movant has carried its heavy burden on each element…*" *Steven P. Nelson, D.C., P.A.*, 140 B.R. 814, 816 (Bankr. M.D. Fla. 1992) (emphasis added). In order to receive an injunction, the moving party must establish the following: (1) a substantial likelihood of success on the merits; (2) that the movant will suffer irreparable injury unless an injunction issues; (3) that the threatened injury to the movant outweighs any damage the injunction may cause the opposing party; and (4) that the injunction would not adversely affect the public interest. *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985).

15. Here, the Debtor has not provided any evidence or made any showing that the Debtor will suffer irreparable injury unless an injunction is ordered against FHB or that the threatened injury to the Debtor outweighs any damage the injunction may cause to FHB.

16. Specifically, FHB's rights under the FHB Loan should not be prejudiced just so the Debtor can settle the litigation against him by Dr. Vasiloudes. Dr. Vasiloudes owes FHB contractual obligations under the FHB Loan. It was Dr. Vasiloudes that initiated the voluminous adversary proceedings against the Debtor, and the consideration given to Dr. Vasiloudes under the

---

[2] *See Ameriquest Mortg. Co. v. Nosek (In re Nosek)*, 544 F.3d 34, 44 (1st Cir. 2008) (finding that section 105 is not "a roving commission to do equity …"); *Scrivner v. Mashburn (In re Scrivner)*, 535 F.3d 1258, 1265 (10th Cir. 2008) (same); *Vill. of Rosemont v. Jaffee*, 482 F.3d 926, 935 (7th Cir. 2006) (same); *Smart World Techs., LLC v. Juno Online Servs. (In re Smart World Technologies, LLC)*, 423 F.3d 166, 184 (2nd Cir. 2005) (same); *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986) (same); *see also Whitaker v. ICC (In re Olympia Holding Corp.)*, 161 B.R. 524, 528 (M.D. Fla. 1993) ("Section 105 does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity.").

settlement agreement should not come at the cost of FHB (especially, given that FHB was not even invited to attend the mediation where the settlement was reached).

### Conclusion

Creditor First Home Bank objects to the First Amendment, requests that Debtor's request for confirmation be denied, and for FHB be awarded such other relief that is just and proper.

Dated: November 7, 2022

**THE LILES FIRM, P.A.**

    */s/ Ryan J. Mittauer*
**ROBERT B. GEORGE**
Florida Bar No. 0108995
**RYAN J. MITTAUER**
Florida Bar No. 091869
50 North Laura Street, Suite 1200
Jacksonville, Florida 32202
(904) 634-1100 – Telephone
(904) 634-1234 – Facsimile
E-mail:  rgeorge@thelilesfirm.com
           rmittauer@thelilesfirm.com
           aperry@thelilesfirm.com

*Counsel for Creditor, First Home Bank*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of November, 2022, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

    */s/ Ryan J. Mittauer*
Attorney