UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

MICHAEL KASTRENAKES

    Debtor.
_____/

Case No. 8:22-bk-1210-CED
Chapter 11

### MEMORANDUM OF LAW IN OPPOSITION TO CLAIM NO.2 OF THE FLORIDA DEPARTMENT OF REVENUE

Michael Kastrenakes, (the "**Debtor**" or "**Mr. Kastrenakes**"), in support of his Objection to the Florida Department of Revenue (the "**DOR**") Claim No. 2 files a Memorandum of Law in Support of said Objection and states:

### Undisputed Facts

The DOR seeks priority status pursuant to 11 U.S.C. § 507(a)(8) for its Claim No. 2 based upon Florida Sales and Use tax and penalty. DOR asserts that the Debtor is responsible for the debts of MK Automotive, Inc. The Debtor was a corporate officer of said corporation during the relevant periods. The DOR's claim of tax and penalty liability is based upon, Section 213.29, Fla. Stat. (2022). The DOR claim also seeks priority status pursuant to 11 U.S.C § 726(a)(1).

### Legal Analysis and Argument in Opposition

**There are 5 reasons why the claim is incorrect**

1)     The DOR reliance on Section 213.29 F.S. to claim a tax liability is incorrect and without legal support.

2)     Absolutely no due process has been followed prior to claiming taxes and penalties against the Debtor consequently there is no final liability against the Debtor.

3)     Even if, arguendo, the DOR is entitled to seek taxes and penalties, the claim presented is erroneous in its depiction of taxes due.

4) Even if, arguendo, the DOR is entitled to seek taxes and penalties, the vast majority of the tax claimed is outside the Florida statute of limitations and consequently no penalty exists.

5) Florida law does not support the attribution of any tax liability to the Debtor from a separate corporation ("pierce the corporate veil") because of the failure to procedurally comply with preconditions of Section 231.29 F.S.

## Discussion of these Reasons

**DOR reliance on Section 213.29 F.S. to seek tax is incorrect**.

Statutes imposing taxes and penalties must be strictly construed against the taxing authority, and any ambiguity in the provision of a tax statute must be resolved in the taxpayer's favor. *Verizon Bus. Purchasing, LLC v. State, Dep't of Revenue*, 164 So. 3d 806 (Fla. Dist. Ct. App. 2015), *Mikos v. Ringling Brothers, Barnun and Bailey Combined Shows, Inc.*, 497 So.2d 630, 632 (Fla.1986). This principal is easily applied to the instant claim because no tax is imposed by Section 213.29 F.S. The DOR claim nevertheless *asserts tax is due based upon this statute*. That is simply wholly without statutory or jurisprudential support. The Sales tax statute is 212.05. This would include leasing of tangible personal property, eg. rental cars. *See*: *Moore v. State, Dep't of Revenue*, 536 So. 2d 1050, 1051 (Fla.1st DCA 1988) ("Chapter 212 is a revenue act authorizing a tax on various business transactions….. to include occasional and isolated sales of motor vehicles, and "tangible personal property" to include motor vehicles). The DOR is without a doubt well aware of how the tax is actually imposed. The DOR assertion of tax due under Section 213.29 F.S. may be a legal oversight, however, it is much more likely <u>because it is the only statute which allows attribution of penalty to a corporate officer</u>, essentially piercing the corporate veil. The actual taxing statute does not allow for such attribution. The distinction is not without significance as penalty not tax is imposed under Section 213.29.

Section 213.29 F.S. does not impose tax and, further, this statute only applies to tax liabilities *already determined*. The DOR's claim seeks to simply skip that process entirely. Here there has been a total omission of any due process and consequently a lack of ANY "Final Assessment" (statutory term of art) against the Debtor. In the absence of a Final assessment, there is no liability upon which to claim imposition of double penalty. The absence of any tax imposition under Section 213.29 is plain from the statue, it states:

> Any person who is required to collect, truthfully account for, and pay over any tax enumerated in chapter 201, chapter 206, or chapter 212 and **who willfully fails to collect such tax……or any officer or director of a corporation who has administrative control over the collection** and payment of such tax and who willfully directs any employee of the corporation to fail to collect or pay over, evade, defeat, or truthfully account for such tax shall, ***in addition to other penalties provided by law***, ***be liable to a penalty equal*** to twice the total amount of the tax evaded

The statute imposes a double penalty based upon the determination of the conditions stated in the statute, eg. ….(*who willfully fails to collect such tax …*) The only appellate court interpreting the statute explicitly determined the statute imposes a penalty not a tax. Also, this law requires abatement for tax paid (ignored by the DOR here). The Second DCA opinion stated *" …….the statute's unambiguous command that <u>**a penalty assessed** **pursuant to the statute**</u> "shall be abated to the extent that the tax is paid." VMOB, LLC v. Dep't of Revenue, 292 So. 3d 23, 27 (Fla.2nd DCA. 2020)*. It is also plain from a reading of this statute that the penalty imposed is not for "actual pecuniary loss" required of priority status under 11 U.S.C. § 507(a)(8).

**Absolutely no due process has been undertaken prior to claiming taxes and penalties against the Debtor, consequently there is no final liability against the Debtor**.

Each state taxing authority in this country is required to comply with basic due process rights under the Fifth and Fourteenth amendments of the United States Constitution. These due process rights are to afford taxpayers with proper notice of a proposed tax liability and to afford the taxpayer time and proper procedural safeguards to challenge proposed tax liabilities. Absent

3

Section 213.29 F.S. does not impose tax and, further, this statute only applies to tax liabilities *already determined*. The DOR's claim seeks to simply skip that process entirely. Here there has been a total omission of any due process and consequently a lack of ANY "Final Assessment" (statutory term of art) against the Debtor. In the absence of a Final assessment, there is no liability upon which to claim imposition of double penalty. The absence of any tax imposition under Section 213.29 is plain from the statue, it states:

> Any person who is required to collect, truthfully account for, and pay over any tax enumerated in chapter 201, chapter 206, or chapter 212 and **who willfully fails to collect such tax……or any officer or director of a corporation who has administrative control over the collection** and payment of such tax and who willfully directs any employee of the corporation to fail to collect or pay over, evade, defeat, or truthfully account for such tax shall, ***in addition to other penalties provided by law***, ***be liable to a penalty equal*** to twice the total amount of the tax evaded

The statute imposes a double penalty based upon the determination of the conditions stated in the statute, eg. ….(*who willfully fails to collect such tax …*) The only appellate court interpreting the statute explicitly determined the statute imposes a penalty not a tax. Also, this law requires abatement for tax paid (ignored by the DOR here). The Second DCA opinion stated *" …….the statute's unambiguous command that <u>**a penalty assessed** **pursuant to the statute**</u> "shall be abated to the extent that the tax is paid." VMOB, LLC v. Dep't of Revenue, 292 So. 3d 23, 27 (Fla.2nd DCA. 2020)*. It is also plain from a reading of this statute that the penalty imposed is not for "actual pecuniary loss" required of priority status under 11 U.S.C. § 507(a)(8).

**Absolutely no due process has been undertaken prior to claiming taxes and penalties against the Debtor, consequently there is no final liability against the Debtor**.

Each state taxing authority in this country is required to comply with basic due process rights under the Fifth and Fourteenth amendments of the United States Constitution. These due process rights are to afford taxpayers with proper notice of a proposed tax liability and to afford the taxpayer time and proper procedural safeguards to challenge proposed tax liabilities. Absent

3

basic due process required for a tax assessment, including at a minimum delivery of a "Notice of Intent" to make an assessment, any sum claimed by the DOR against the Debtor is not based on a "Final Assessment". The requirements of due process mandated by the Florida legislature apply to ANY tax assessment. Section 72.011 states in part:

> "(1)(a) A taxpayer may contest the legality of any assessment or denial of refund of tax, fee, surcharge, permit, interest, or penalty provided for under……., **chapter 212, chapter 213**,….."

This procedural statute is designed to apply to all tax determinations by the agency under each Chapter of Florida law *imposing tax or penalty*, including by it very terms Chapter 213.[i] The Southern District recognized the procedural requirements of Florida tax law long ago in. *In re Gen. Dev. Corp*. 165 B.R. 691, 696 (S.D. Fla. 1994) ("It is common sense that *a tax assessment, as a formal act with significant consequences, cannot occur before it is final....*"), There is ***no final assessment*** as recognized by Florida law against this Debtor. Any attempt by the DOR to impose a § 213.29 penalty on an owner of a business must follow the same U.S. Constitutional requirements and Florida law notice and appeal processes as any other tax or penalty listed under § 72.011(1)(a). The DOR has wholly failed to give the Debtor his notice and appeal rights to the proposed § 213.29 penalties.

**Even if, arguendo, the DOR is entitled to seek taxes and penalties, the claim as presented is erroneous in its depiction of taxes due**.

The claim misrepresents what occurred in the underlying tax reporting and transactions. Florida Statute § 95.091(3)(a)1.b establishes a statute of limitation for the taxes claimed in this case. It is *3 years from the date the tax is due, or the return is filed*, whichever is later. The claim includes the sum of $255,927.20. The claim asserts this sum was due on 12/16. This is not true. *In fact, the taxes claimed arose between 2014 and 2016 based on the DOR's own records*. This assessment was against M.K. Automotive Inc. based on audit, not Mr. Kastrenakes. No findings

4

were made of intent of willful failure to collect tax.  Mr. Kastrenakes was not assessed for the audit. Importantly, *the claim is based on transactions that were all more than 3 years old at the time the Claim was filed*. *The due dates for the returns and taxes on such returns are also more than 3 years old.* The DOR knew or should have known this fact when the claim was filed. In any case, the sum claimed is wholly and completely outside the statute of limitations and not collectable.

In addition, the claim also seeks $621,618.76. The DOR claim states the accumulated total from each month was all due in July 2019. The claim asserts this sum was due on 07/19. This is wholly incorrect.  In fact, the taxes claimed arose between 2017 and 2019 on a monthly basis. based on a DOR investigative unit determination. *The claim is based largely on transactions that were more than 3 years old at the time the Claim was filed*   The investigative determination was never properly assessed against M.K. Automotive, let alone Mr. Kastrenakes.  *All sums from 2017 and 2018 are outside the statute of limitations as the due dates for the returns and taxes on such returns are more than 3 years old.  All of the sums claimed for 2017, 2018 and part of 2019 are outside the statute of limitations and not collectable*.

**Even if, arguendo, the DOR is entitled to seek taxes and penalties the tax and penalties, most of the tax claimed is outside the Florida statute of limitations**.

Taxing statutes or statutes conferring authority to impose taxes must be strictly construed, and that if they are so drawn that the legislative intent is in doubt, such statutes should be construed most strongly against the government, and liberally in favor of the taxpayer or citizen.  *Harris Corp. v. Dep't of Revenue,* 409 So. 2d 91, 93 (Fla. Dist. Ct. App. 1982) *citing*: *De Vore v. Gay*, 39 So.2d 796 (Fla.1949); State ex rel. *Tampa Electric Co. v. Gay,* 40 So.2d 255 (Fla.1959).  The Harris court interpreted the Florida statute of limitations on taxing.  This same principal applies here. Florida Statute § 95.091(3)(a)1.b. provides that the statute of limitations for penalties due

under Chapter 213, (including § 213.29) is 3 years from the date the tax is due or the return is filed, whichever is later. The DOR is asserting a claim under § 213.29 based on transactions that were more than 3 years old at the time the Claim was filed. The *due dates for the returns and taxes on such returns are also more than 3 years old*. Furthermore, these taxes were based on returns due to be filed by the corporate entity, not a corporate officer.  By incorrectly claiming the amounts are due for (2014 and 2016) and in July 2019 (instead of between 2017 and 2019), the DOR is seeking to avoid the Florida statue of statute of limitations, § 95.091(3)(a)1.b as a bar to recovery.

**Florida law does not support the attribution of any tax liability to the Debtor from a separate corporation ("pierce the corporate veil") because of the failure to procedurally comply with preconditions of Section 231.29 F.S.**

The DOR's entire claim is based on alleged tax liabilities of a completely separate Debtor, MK Auto. The DOR has no legal means civilly to impose tax liabilities of a separate legal entity on the Debtor absent compliance with due process and obtaining a Final Assessment against the Debtor.  The only possible path for the DOR to assert any claim against an individual for the state tax liabilities of a separate legal entity is for penalties under Section 213.29, Florida Statutes. The DOR, by virtue of the construction of its Claim, conflates excise taxes asserted against MK Auto with a personal assessment made against the Debtor by using Florida Statute § 213.39 and attempts to do so through a Bankruptcy claim entirely skipping over any assessment against the individual and proving the preconditions required under Section 213.29, Florida Statutes.

*/s/ Amy Denton Mayer*
Edward J. Peterson (FBN 0014612)
Amy Denton Mayer (FBN 0634506)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida   33602
Telephone:  (813) 229-0144
Email:  epeterson@srbp.com; amayer@srbp.com
Attorneys for Debtor

4860-4855-1487, v. 2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that true and correct copies of the foregoing *Memorandum of Law* has been furnished on this 17th day of November, 2022, by the Court's electronic noticing system to all parties receiving electronic noticing.

                                         */s/ Amy Denton Mayer*
                                         Amy Denton Mayer

---

[i] See, Florida Taxpayer Bill of Rights §§ 213.015(5), (6), (7), & (8).