UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                                    Chapter 11

MICHAEL KASTRENAKES,                                            Case No. *8:22-BK-01210-CED*

    Debtor.

### NEXTGEAR CAPITAL, INC.'S OBJECTION TO MOTION TO APPROVE COMPROMISE WITH DR. PANAYIOTIS VASILOUDES, CYGRAM HERITAGE, LLLP, CYGRAM HOLDINGS, L.P., PANEVAS, LLC, TRIFON HOUVARDAS, AND K&M INSURANCE INVESTORS, LLC

Comes now NextGear Capital, Inc. ("NextGear Capital"), an unsecured creditor of the Debtor, and hereby objects to the Motion to Approve Compromise With Dr. Panayiotis Vasiloudes, Cygram Heritage, LLLP, Cygram Holdings, L.P., Panevas, LLC, Trifon Houvardas, and K&M Insurance Investors, LLC (DE 178; the "9019 Motion") filed by the Debtor. For its Objection, NextGear Capital respectfully represents as follows:

### I. PROCEDURAL HISTORY AND FACTS

On October 31, 2022, Debtor filed a document which it incorrectly captioned "Unopposed Amendment to Debtor's Plan of Reorganization" (the "Plan Amendment") [DE 164].

On November 7, 2022, NextGear Capital filed its Objection to the Plan Amendment (the "NextGear Objection") [DE 177].[1]

On November 7, 2022, Debtor filed the 9019 Motion [DE 178].

### II. THE STANDARD GOVERNING RULE 9019 MOTIONS

The Debtor's 9019 Motion was filed under Rule 9019 of the Federal Rules of Bankruptcy Procedure. This rule states that "[o]n motion by the trustee and after notice and a hearing, the

---

[1] The NextGear Capital Objection is incorporated in this Objection by reference.

court may approve a compromise or settlement." Rule 9019. As a general matter, the bankruptcy court may approve settlements that are fair and equitable and in the best interest of the estate.

The Eleventh Circuit in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), *cert. denied* 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990), established the following factors to determine fairness and reasonableness of a proposed settlement:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

The Debtor bears the burden of establishing that the compromise is fair and equitable. *In re Kay*, 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998). While the Court does not have to conduct a mini-trial on the merits of the underlying litigation, approval of a compromise under Bankruptcy Rule 9019 requires more than just a rubber-stamping of an agreement.

"As the proponent of the settlement agreement, the Debtor bears the burden of showing by a preponderance of the evidence that the proposed settlement is fair and equitable for the nonsettling parties." *GMAC v. Flynn (In re Midway Motor Sales, Inc.)*, Case Nos. 08-8109 & 08-8110, 2009 Bankr. LEXIS 1969, at *27 (B.A.P. 6th Cir. July 6, 2009) (citing *Velde v. First Nat'l Bank & Trust (In re Y-Knot Constr., Inc.)*, 369 B.R. 405, 408 (B.A.P. 8th Cir. 2007)).

A bankruptcy court must "apprise itself of all necessary facts to make an intelligent evaluation and to make an independent judgment as to whether the settlement presented is fair and equitable." *Romagosa v. Thomas*, No. 6:06-CV-301-ORL-19, 2006 WL 2085461, at *5 (M.D. Fla. July 25, 2006). In addition, the Court should carefully review "whether the trustee's decision to enter into the settlement is consistent with the trustee's fiduciary obligations to the estate, they being the duty of obedience (i.e., the obligation not to act outside of the trustee's permitted

court may approve a compromise or settlement." Rule 9019. As a general matter, the bankruptcy court may approve settlements that are fair and equitable and in the best interest of the estate.

The Eleventh Circuit in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), *cert. denied* 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990), established the following factors to determine fairness and reasonableness of a proposed settlement:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

The Debtor bears the burden of establishing that the compromise is fair and equitable. *In re Kay*, 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998). While the Court does not have to conduct a mini-trial on the merits of the underlying litigation, approval of a compromise under Bankruptcy Rule 9019 requires more than just a rubber-stamping of an agreement.

"As the proponent of the settlement agreement, the Debtor bears the burden of showing by a preponderance of the evidence that the proposed settlement is fair and equitable for the nonsettling parties." *GMAC v. Flynn (In re Midway Motor Sales, Inc.)*, Case Nos. 08-8109 & 08-8110, 2009 Bankr. LEXIS 1969, at *27 (B.A.P. 6th Cir. July 6, 2009) (citing *Velde v. First Nat'l Bank & Trust (In re Y-Knot Constr., Inc.)*, 369 B.R. 405, 408 (B.A.P. 8th Cir. 2007)).

A bankruptcy court must "apprise itself of all necessary facts to make an intelligent evaluation and to make an independent judgment as to whether the settlement presented is fair and equitable." *Romagosa v. Thomas*, No. 6:06-CV-301-ORL-19, 2006 WL 2085461, at *5 (M.D. Fla. July 25, 2006). In addition, the Court should carefully review "whether the trustee's decision to enter into the settlement is consistent with the trustee's fiduciary obligations to the estate, they being the duty of obedience (i.e., the obligation not to act outside of the trustee's permitted

authority), the duty of loyalty (i.e., the obligation not to act in the trustee's own interests), and the duty of care (i.e., the obligation not to act negligently)." *In re Levine*, 287 B.R. 683, 688 (E.D. Mich. 2002). As discussed below, all of these factors weigh in favor of rejecting the proposed settlement and denying the Debtor's 9019 Motion.

### III. ARGUMENT

**A.  The Debtor's Proposed Settlement Is An Inappropriate End-Run Around the Plan Confirmation Process.**

The 9019 Motion ignores the paramount interest of the non-settling creditors, such as NextGear Capital, and therefore violates the requirements set forth in *In re Justice Oaks*. Settlement motions under Bankruptcy Rule 9019 are typically filed to resolve adversary proceedings or contested matters where the outcome of litigation is uncertain. Indeed, as noted above, the factors used to evaluate the fairness of settlements include the probability of success in the litigation, difficulties in collection, and the complexity of the litigation.

The Debtor's 9019 Motion asks the Court to approve the Plan Amendment by way of the 9019 Motion, rather than through the required plan confirmation channels. 11 U.S.C. §§ 1122 through 1129 provide a detailed roadmap for a debtor to follow when seeking confirmation of a plan. This process provides creditors with statutorily protected rights. On the other hand, under Rule 9019, the Court has only to determine that the proposed settlement is not beneath the lowest point in the range of reasonableness. This is a far cry from the detailed protections afforded under the Chapter 11 confirmation process.

**B.  The Settlement Motion Does Not Address Any Of The Factors Used To Determine Whether A Settlement Is In The Best Interest Of The Estate.**

The settlement motion is facially deficient for not even attempting to satisfy the standards of Bankruptcy Rule 9019. In the 9019 Motion, the Debtor merely attaches the Plan Amendment

as an exhibit, and asserts that the proposed settlement is in the best interest of creditors because "the less administrative expense burden imposed upon the estate, the greater the Debtor's ability to fund distribution to creditors." (9019 Motion ¶19)  The 9019 Motion fails to assert how the best interest of all creditors—including the non-settling creditors—would be served by the proposed settlement.  Furthermore, the administrative expenses of the estate are not even relevant to the Class 8 creditors, including NextGear Capital, because the Plan and Plan Amendment propose to pay Class 8 creditors by a "Pro Rata Share of the Maria Kastrenakes Contribution,"[2] rather than from property of the estate.

## IV. CONCLUSION

The 9019 Motion should be denied because the proposed settlement is not in the best interest of the estate and threatens the paramount interests of creditors, including NextGear Capital, which are best served by the statutorily required confirmation process.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By:  */s/ Nicolette Corso Vilmos*
Nicolette Corso Vilmos
Florida Bar No. 0469051
390 North Orange Avenue, Suite 1400
Orlando, FL  32801
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
nicolette.vilmos@nelsonmullins.com

---

[2] Creditors and the Court are left in the dark as to source, value, accounting veracity and feasibility of the proposed Maria Kastrenakes Contribution as the Debtor provides no information regarding this Maria Kastrenakes contribution. [*see* Monthly Operating Report, reporting period ended 10/31/22, DE 191].

4

**BOSE McKINNEY & EVANS LLP**
David J. Jurkiewicz *(Admitted Pro Hac Vice)*
Indiana Bar No. 18018-53
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 684-5364
Facsimile:  (317) 223-0364
djurkiewicz@boselaw.com

*Attorneys for NextGear Capital, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via transmission of Notices of Electronic Filing on all counsel of record or *pro se* parties identified on the CM/ECF service list maintained by the Court on November 28, 2022.

*/s/ Nicolette C. Vilmos*
Nicolette C. Vilmos

4894-4078-7520