**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:

                                                    Case No.: 8:22-bk-01210-CED
MICHAEL KASTRENAKES,                                Chapter: 11

    Debtor.
_____/

## VASILOUDES CREDITORS' OMNIBUS OBJECTION
## TO NEXTGEAR DISCOVERY AND MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), made applicable to this contested

matter by Federal Rules of Bankruptcy Procedure 7026 and 9014, and other applicable law,

Dr. Panayiotis Vasiloudes ("Vasiloudes"), Cygram Heritage, LLLP ("Heritage"), Cygram

Holdings, L.P. ("Holdings"), Panevas, LLC ("Panevas"), Trifon Houvardas

("Houvardas"), and K&M Insurance Investors, LLC ("K&M"), all of whom are

collectively referred to herein as the "Vasiloudes Creditors," by and through their

undersigned counsel, hereby request relief as against NextGear Capital, Inc. ("NextGear")

with respect to the following discovery requests (collectively, the "NextGear Discovery")

served on November 23, 2022:

   a. "First Request for Production of Documents Propounded by NextGear
      Capital, Inc. to Dr. Panayiotis Vasiloudes";

   b. "First Request for Production of Documents Propounded by NextGear
      Capital, Inc. to Trifon Houvardas";

   c. "First Request for Production of Documents Propounded by NextGear

Capital, Inc. to Cygram Holdings, L.P.";

d. "First Request for Production of Documents Propounded by NextGear Capital, Inc. to Cygram Heritage, LLLP"; and

e. "First Request for Production of Documents Propounded by NextGear Capital, Inc. to K&M Insurance Investors, LLC."

A set of all the NextGear Discovery is attached hereto as Composite Exhibit "A."

## A.    RELEVANT BACKGROUND ALLEGATIONS

1.    Michael Kastrenakes (the "Debtor") did pre-petition business with the Vasiloudes Creditors and NextGear, resulting in disputes.

2.    On March 27, 2022, the Debtor sought protection from creditors under chapter 11 of the Bankruptcy Code, thereby initiating this bankruptcy case (this "Reorganization").  The Debtor has been advancing this Reorganization in a responsible manner, pursuant to Bankruptcy Code §§1106, 1107, and the orders of this Court.

3.    On June 6, 2022, the Vasiloudes Creditors filed the following claims (collectively, the "Vasiloudes Claims"):

a.   K&M filed its proof of claim no. 15, in the amount of $273,800.80;

b.   Houvardas filed his proof of claim no. 16, in the amount of $273,800.80;

c.   Holdings filed its proof of claim no. 17, in the amount of $85,914.76;

d.   Heritage filed its proof of claim no. 18, in the amount of $6,000,000;

e.   Vasiloudes filed his proof of claim no. 19, in the amount of $6,000,000; and

f.   Heritage filed its proof of claim no. 20, in the amount of $3,000,000.

The Vasiloudes Claims are all subject to adjustment based upon events and circumstances, but were filed in good faith, based upon the information and documentation known at the time. Substantial additional documentation would show the exact amounts owed to each of the Vasiloudes Creditors, although the matter is largely moot.

4.      In addition to filing the Vasiloudes Claims, the Vasiloudes Creditors have participated in several adversary proceedings against the Debtor, his wife Maria, and related entities (collectively, the "Kastrenakes Parties"), and multiple contested matters. During this vigorous process, and over several months, the Vasiloudes Creditors also participated in an ongoing mediation process with the Kastrenakes Parties.

5.      Throughout this Reorganization, NextGear has joined in or copied certain pleadings and papers filed by the Vasiloudes Creditors in opposition to positions taken by the Debtor. Yet in the first seven (7) months that this Reorganization was pending, NextGear had never suggested that any of the Vasiloudes Claims were objectionable. That all changed on October 31, 2022, when the Vasiloudes Creditors produced a global mediated compromise with the Kastrenakes Parties (the "Pending Compromise").

6.      The Pending Compromise was first embodied in the Debtor's "Unopposed Amendment to Debtor's Plan of Reorganization" (the "Plan Amendment") [Doc. 164], filed on October 31, 2022. This rapidly triggered NextGear's transparently strategic, reflexive, and non-substantive objections to the Vasiloudes Claims (the "Claim Objections") [Docs. 167, 169, 170, 171, 172, 173].

7.      On November 7, 2022, the Debtor further documented the Pending Compromise by filing his "Motion to Approve Compromise with Dr. Panayiotis

Vasiloudes, Cygram Heritage, LLLP, Cygram Holdings, L.P., Panevas, LLC, Trifon Houvardas, and K&M Insurance Investors, LLC" (the "Compromise Motion") [Doc. 178].

8.      On November 28, 2022, NextGear filed its objection to the Compromise Motion (the "Compromise Objection") [Doc. 192].  The Compromise Objection was filed shortly after the NextGear Discovery was served.

9.      NextGear has filed a claim in this Reorganization (the "NextGear Claim"), and the Debtor has filed an objection to the same (the "NextGear Objection").  NextGear also is a party to an adversary proceeding pending before this Court, and there are multiple state court actions initiated by NextGear against the Kastrenakes Parties.  The timing and other attributes of the Claim Objections and Compromise Objection leave little doubt that NextGear's efforts to derail the Pending Compromise are tied to NextGear's own problems with a claim that is at best dubious.  Accordingly, the NextGear Discovery must be viewed askance.

10.      One of the main reasons that the Vasiloudes Creditors reached the Pending Compromise with the Kastrenakes Parties is to save time and money in connection with laborious discovery.  If the Vasiloudes Creditors were required to prove each of the Vasiloudes Claims to the extent necessary to appease NextGear, they would just as likely instead assert them as filed.  This would ruin the Pending Compromise, and all the work that has been done by the Vasiloudes Creditors and the Kastrenakes Parties at mediation.

11.      NextGear's pretext of requiring discovery as against the Vasiloudes Creditors, motivated by a quixotic effort to derail a thoughtful compromise of myriad claims and interests, misses the point that the Debtor in the exercise of his business

4

judgment has approved of the Pending Compromise. Although this Court must ultimately determine whether to approve the Pending Compromise, this is not a license for NextGear to belatedly initiate contested matters against the Vasiloudes Creditors as payback for settling with the Debtor. Moreover, NextGear cannot substitute its business judgment for that of the Debtor under <u>Justice Oaks</u> analysis.

12.    In light of the foregoing, the NextGear Discovery is entirely unnecessary and therefore the Vasiloudes Creditors would suffer an undue burden in the event they were required to respond to it. Accordingly, a protective order is appropriate to protect the Vasiloudes Creditors from having to respond to the NextGear Discovery.

## B.    <u>MEMORANDUM OF LAW</u>

13.    Federal Rule of Civil Procedure 26(c) allows the Court to issue a protective order to limit discovery or make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. <u>Moore v. Potter</u>, 141 Fed. Appx. 803, (11th Cir. 2005) (citing Fed. R. Civ. P. 26(c)). Courts have broad discretion at the discovery stage to determine whether or not a protective order is appropriate and what degree of protection is required. <u>Seattle Times v. Rhinehart</u>, 467 U.S. 20, 36–37 (1984). A court may issue a protective order, <u>inter</u> <u>alia</u>, "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1).

14.    The general scope of discovery is defined by Federal Rule of Civil Procedure 26(b)(1) as follows:

Unless otherwise limited by court order, the scope of discovery

> is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The key phrase in this definition is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." See, Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978). Accordingly, "[r]requested discovery must be relevant, and it must not impose an undue burden or be unreasonably cumulative, under the standards described in Rule 26(b)(2)(C)." Stern v. O'Quinn, 253 F.R.D. 663, 670 (S.D. Fla. 2008). Although "relevance" has been found to have somewhat of a broad meaning, "[a]s with most things in life, Rule 26 is not an all-or-nothing proposition," and the rule does not permit to issue expansive requests seeking information unrelated to the actual claims and defenses at issue, or which are unlikely to lead to such information. Smith v. Café Asia, 246 F.R.D. 19, 20 (D.D.C. 2007) (citing Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd., 242 F.R.D. 1, 6 (D.D.C. 2007)); see also, Oppenheimer, 437 U.S. at 352 ("discovery, like all matters of procedure, has ultimate and necessary boundaries"). Thus, "it is proper to deny discovery of [a] matter that is relevant to claims or defenses that have been stricken, unless the information sought is otherwise relevant to the issues." Tequila, 424 F.R.D. at 6 (citing Oppenheimer, 437 U.S. at 352).

15.    For at least five (5) reasons, there is no need for NextGear to engage in any

6

discovery of the Vasiloudes Creditors.

    a.  First, the contested matters created by the Claim Objections are of no consequence, having been filed after the Pending Compromise came of record, and having no substantive content of any kind.

    b.  Second, the Compromise Objection is even more pellucid in demonstrating that NextGear has no good reason to obstruct the Pending Compromise other than to gain leverage on the Debtor and his wife.

    c.  Third, given the business judgment rule as it relates to Federal Rule of Bankruptcy Procedure 9019, NextGear's obvious tactic of loading up the Vasiloudes Creditors with discovery makes no sense within this process.

    d.  Fourth, NextGear's claim in this Reorganization is dubious, for reasons that have been a matter of record since the beginning of this Reorganization, and its standing to perpetuate the Claim Objections, Compromise Objection, and NextGear Discovery is questionable under Bankruptcy Code §1109.

    e.  Finally, all the foregoing lead to an inference that the NextGear Discovery has not been propounded in good faith, but only to use as a chip in NextGear's unfortunate dealings with the Kastrenakes Parties in other proceedings and matters.

For all the foregoing reasons, governing law comports with the proposition that the NextGear Discovery is improper in the present context.

### C.    LOCAL RULE 7026-1(d) CONFER REQUIREMENT

16.    Although NextGear waited more than six (6) months to object to claims asserted by the Vasiloudes Creditors at the outset of this Reorganization, and only injected itself into this situation after a settlement was reached with the Kastrenakes Parties, the Vasiloudes Creditors have moved rapidly to address this discovery dispute.  At 11:30 a.m. on November 29, 2022, one of the undersigned counsel conferred in good faith with counsel for NextGear regarding the Vasiloudes Creditors' intent to seek a protective order against the NextGear Discovery in advance of filing this motion, but the Parties were unable to reach an agreement regarding the same.  The undersigned will continue to seek a resolution with counsel for NextGear in advance of a hearing on the merits.

WHEREFORE, the Vasiloudes Creditors respectfully request the order of this Court that will:

a.    grant this motion;

b.    sustain the Vasiloudes Creditors' objection to the NextGear Discovery;

c.    enter a protective order excusing the Vasiloudes Creditors from responding to the NextGear Discovery; and

d.    provide for such other relief as this Court determines to be necessary and appropriate in the circumstances.

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number:  0731013
janthony@anthonyandpartners.com
**NICHOLAS LAFALCE, ESQUIRE**

Florida Bar Number: 0119250
nlfalce@anthonyandpartners.com
**ANTHONY & PARTNERS, LLC**
100 S. Ashley Drive, Suite 1600
Tampa, Florida 33602
Telephone:  813/273-5616
Facsimile:  813/221-4113
Attorneys for Vasiloudes Creditors

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been
furnished via electronic means and/or U.S. Mail on this 29th day of September 2022 to the
following, as well as to the attached matrix of parties in interest under L.B.R. 1007-1::

Adam L Alpert on behalf of Creditor CPX Holdings, LLC
aalpert@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

Adam L Alpert on behalf of Interested Party Maria Kastrenakes
aalpert@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

John Blair Boyd on behalf of Creditor Grow Financial Federal Credit Union
bk@svllaw.com

Kathleen L DiSanto on behalf of Creditor CPX Holdings, LLC
kdisanto@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

Kathleen L DiSanto on behalf of Interested Party Maria Kastrenakes
kdisanto@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

Robert Bruce George on behalf of Creditor First Home Bank
rgeorge@thelilesfirm.com, aperry@thelilesfirm.com; rmittauer@thelilesfirm.com

Teresa M Hair on behalf of Creditor Wells Fargo Bank, N.A.
teresa.hair@brockandscott.com, WBECF@brockandscott.com

Danielle S Kemp on behalf of Creditor Courtney Leasing, Inc.
kempd@gtlaw.com, meyerp@gtlaw.com; FLService@gtlaw.com

Amy Denton Mayer on behalf of Debtor Michael Kastrenakes
amayer.ecf@srbp.com, srbpecf@srbp.com; aharris@srbp.com

9

Amy Denton Mayer on behalf of Plaintiff Michael Kastrenakes
amayer.ecf@srbp.com, srbpecf@srbp.com; aharris@srbp.com

Ruediger Mueller
trustee@tcmius.com, crm11@trustesolutions.net

Edward J. Peterson, III on behalf of Attorney Stichter, Riedel, Blain & Postler,
P.A.
epeterson@srbp.com, epeterson.ecf@srbp.com; srbpecf@srbp.com

Edward J. Peterson, III on behalf of Debtor Michael Kastrenakes
epeterson@srbp.com, epeterson.ecf@srbp.com; srbpecf@srbp.com

Edward J. Peterson, III on behalf of Plaintiff Michael Kastrenakes
epeterson@srbp.com, epeterson.ecf@srbp.com; srbpecf@srbp.com

Robert C Schermer on behalf of Creditor SouthState Bank, N.A.
rschermer@manateelegal.com

United States Trustee - TPA
USTPRegion21.TP.ECF@USDOJ.GOV

Nicolette C Vilmos on behalf of Creditor NextGear Capital, Inc.
nicolette.vilmos@nelsonmullins.com, francis.santelices@nelsonmullins.com;
allison.abbott@nelsonmullins.com

Nicolette C Vilmos on behalf of Defendant NextGear Capital, Inc.
nicolette.vilmos@nelsonmullins.com, francis.santelices@nelsonmullins.com;
allison.abbott@nelsonmullins.com

Nathan A Wheatley on behalf of U.S. Trustee United States Trustee - TPA
nathan.a.wheatley@usdoj.gov

J Steven Wilkes on behalf of U.S. Trustee United States Trustee - TPA
steven.wilkes@usdoj.gov

Joel M. Aresty, P.A. on behalf of Platinum Auto Finance of Tampa Bay, LLC,
Aresty@Mac.com

Nicole Mariani Noel on behalf of Thomas Zervas and Konstantinos Papaspanos
nmnoel@kasslaw.com

Shirley Palumbo on behalf of Defendant William Hilgenfeldt
shirley.palumbo@gmlaw.com, bankruptcy@gmlaw.com;
Edmund.Loos@gmlaw.com

I further certify that a true copy of the foregoing has been furnished by U.S. first

class mail on the 29th day of November, 2022, to the following non-CM/ECF participants:

Michael Kastrenakes
1755 McCauley Road
Clearwater, Florida 33764
Debtor

/s/ John A. Anthony
**ATTORNEY**