# Composite Exhibit "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                    Case No. *8:22-BK-01210-CED*

MICHAEL KASTRENAKES,

Debtor                                                    Chapter 11


**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY
NEXTGEAR CAPITAL, INC. TO DR. PANAYIOTIS VASILOUDES**

To:     Dr. Panayiotis Vasiloudes
        c/o John Anthony, Esq.
        Anthony & Partners
        100 S. Ashley Dr., #1600
        Tampa, Florida 33602

 Pursuant to Bankruptcy Rule 7034 You are directed to produce and permit the inspection and copying of any designated documents (including writings, drawings, graphs, charts, photographs, photorecords, and data compilations in any format, including but not limited to electronic media, from which information can be obtained, translated, if necessary, through detection devices into usable form), and to inspect, copy, test, or sample any tangible things, which are in Your actual or construction possession or control. In the event that You deliver any Document in electronic medium, please identify the software name and version used to create and access such data.

## I. <u>DEFINITIONS AND INSTRUCTIONS</u>

        The following definitions and instructions are to be used or referred to in connection

with "NextGear Capital, Inc.'s Request for Production of Documents to Dr. Panayiotis

Vasiloudes" (this "Production Request"):

        1.      The term "Vasiloudes" shall refer to Dr. Panayiotis Vasiloudes, together with

any past or present employees, accountants, attorneys, or other agents of Vasiloudes, together

with any business entity owned or controlled by Vasiloudes that was used by Vasiloudes as a

conduit to facilitate any commercial loan or investment referenced in the Operative Complaint

as defined below.

2.      The term "Cygram Heritage" shall refer to Cygram Heritage, LLLP, together with any partners, limited partners, members, managing members, employees, accountants, attorneys, or other agents of Cygram Heritage.

3.      The term "Cygram Holdings" shall refer to Cygram Holdings, L.P., together with any partners, limited partners, members, managing members, employees, accountants, attorneys, or other agents of Cygram Holdings.

4.      The term "Kastrenakes" shall refer to Michael Kastrenakes, together with any past or present employees, accountants, attorneys, or other agents of Kastrenakes.

5.      The term "Ms. Kastrenakes" shall refer to Maria Kokolakis Kastrenakes, together with any past or present employees, accountants, attorneys, or other agents of Ms. Kastrenakes.

6.      The term "New Wave" shall refer to New Wave Acceptance, LLC, together with any members, managing members, employees, accountants, attorneys, or other agents of New Wave.

7.      The term "Platinum" shall refer to Platinum Auto Finance, LLC n/k/a New Wave Auto Finance, LLC, together with any officers, directors, shareholders, employees, accountants, attorneys, or other agents of Platinum.

8.      The term "MK Automotive" shall refer to MK Automotive, Inc. d/b/a New Wave Auto Sales, together with any officers, directors, shareholders, employees, accountants, attorneys, or other agents of MK Automotive.

9.      The term "Vasiloudes Investors" shall refer to any combination of Vasiloudes, Cygram Heritage, and Cygram Holdings, together with any members, managing members, officers, directors, shareholders, employees, accountants, attorneys, or other agents of any of them.

10.    The term "Defendants" shall refer to any combination of Kastrenakes, Ms. Kastrenakes, New Wave, Platinum, Platinum Tampa and MK Automotive, together with any members, managing members, officers, directors, shareholders, employees, accountants, attorneys, or other agents of any of them.

11.    The term "Loan Documents," as applied to each of the Vasiloudes Investors, shall refer to (a) all letters of intent, commitment letters, loan applications, (b) all promissory notes, loan agreements, security agreements, pledge agreements, mortgages, perfection documents, renewal agreements, extension agreements, forbearance agreements, and other loan documents placing any of the Vasiloudes Investors in a commercial lending relationship with the Defendants, and (c) all documents pertaining to performance or default under any present or former lending relationship.

12.    The term "Banking Documents," as applied to each of the Defendant Entities, shall refer to all signature cards, resolutions, rules, statements, items, notices, overdraft fees and assessments, and other materials maintained by a financial institution or by the relevant Defendant Entity in connection with the operation of any checking account, payroll account, money market account, savings account, or other account used or maintained in connection with any part of the business activity of any or all of the Defendant Entities.

13.    The term "Operational Documents," as applied to each of the Defendant Entities, shall refer to all documentation reflecting the purchase, sale, finance, or other activities involving vehicles and substandard auto finance, also including without limitation insurance, tax, accounting, and related contracts and records maintained in the ordinary course of business.

14.    The term "Operative Complaint" shall mean the Complaint at issue in Case 8:22-ap-00113-CED.

3

15.     The term "Financial Documents" as applied to each of the Defendant Entities, shall refer to all financial documentation reflecting the business and financial affairs of each such Defendant Entity in its summary form for all any time period falling from January 1, 2015, through the date of response hereto, including monthly, quarterly, and annual financial statements, whether audited, reviewed, or compiled, and whether prepared by accountants, bookkeepers, or others, as well as all federal tax filings, including tax returns, schedules, and any follow up communications by and between the IRS and the relevant Defendant Entities.

16.     The term "Proof of Claim" shall refer to Claim No. 19 filed by Vasiloudes in the above-referenced bankruptcy case.

17.     The term "communication" shall mean every manner or means of disclosure, transfer or exchange, and every disclosure, transfer, or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

## II. CATEGORIES OF DOCUMENTS TO BE PRODUCED

Dr. Panayiotis Vasiloudes is requested to produce the documents described as follows:

Request for Production No. 1:

All documents that confirm, rebut, or otherwise relate to any loan, investments, or other contribution of value from the Vasiloudes Investors to the Defendants.

Request for Production No. 2:

All documents that confirm, rebut, or otherwise relate to the use of proceeds of any loan, investment, or other contribution of value from the Vasiloudes Investors to the Defendants.

Request for Production No. 3:

All documents evidencing the formation, capitalization, and ongoing operation of the Vasiloudes Investors from inception, including articles, bylaws, resolutions, meeting minutes, equity ledger, and any other document reflecting corporate action on the part of the Vasiloudes Investors.

Request for Production No. 4:

All documents pertaining to "substantial additional documentation which shows the exact amounts owed to each of the Vasiloudes Investors", as referenced in Vasiloudes Investors' response to NextGear's Claim Objection [Doc. 147, page 3, section 4].

Request for Production No. 5:

All documents that were produced by the Vasiloudes Investors in the mediation with Defendants.

Request for Production No. 6:

All documents constituting Organizational Documents for the Vasiloudes Investors.

Request for Production No. 7:

All documents that support the Proof of Claim and amount set forth in the Proof of Claim.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By: */s/ Nicolette Corso Vilmos*
Nicolette Corso Vilmos
Florida Bar No. 0469051
390 North Orange Avenue, Suite 1400
Orlando, FL  32801
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
nicolette.vilmos@nelsonmullins.com

**BOSE McKINNEY & EVANS LLP**
David J. Jurkiewicz *(Admitted Pro Hac Vice)*
Indiana Bar No. 18018-53
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 684-5364
Facsimile:  (317) 223-0364
djurkiewicz@boselaw.com

*Attorneys for NextGear Capital, Inc.*

## CERTIFICATE OF SERVICE

I certify that on the 23rd day of November, 2022, I served a copy of the foregoing First Request for Production of Documents Propounded by NextGear Capital, Inc. to Dr. Panayiotis Vasiloudes by United States first class mail and email on Dr. Panayiotis Vasiloudes, c/o John Anthony, Esq., Anthony & Partners, 100 S. Ashley Drive, Suite 1600, Tampa, Florida 33602; janthony@anthonyandpartners.com.

*/s/ David J. Jurkiewicz*
David J. Jurkiewicz

4471127

6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                        Case No. *8:22-BK-01210-CED*

MICHAEL KASTRENAKES,

Debtor                                        Chapter 11

**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY
NEXTGEAR CAPITAL, INC. TO TRIFON HOUVARDAS**

To:     Trifon Houvardas
        c/o John Anthony, Esq.
        Anthony & Partners
        100 S. Ashley Dr., #1600
        Tampa, Florida 33602

Pursuant to Bankruptcy Rule 7034 You are directed to produce and permit the inspection and copying of any designated documents (including writings, drawings, graphs, charts, photographs, photorecords, and data compilations in any format, including but not limited to electronic media, from which information can be obtained, translated, if necessary, through detection devices into usable form), and to inspect, copy, test, or sample any tangible things, which are in Your actual or construction possession or control. In the event that You deliver any Document in electronic medium, please identify the software name and version used to create and access such data.

## I. DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are to be used or referred to in connection with "NextGear Capital, Inc.'s Request for Production of Documents to Trifon Houvardas" (this "Production Request"):

1.     The term "Houvardas" shall refer to Trifon Houvardas, together with any past or present employees, accountants, attorneys, or other agents of Vasiloudes, together with any business entity owned or controlled by Houvardas that was used by Houvardas as a conduit to facilitate any commercial loan or investment referenced in the Operative Complaint as defined below.

2.      The term "Vasiloudes" shall refer to Dr. Panayiotis Vasiloudes, together with any past or present employees, accountants, attorneys, or other agents of Vasiloudes, together with any business entity owned or controlled by Vasiloudes that was used by Vasiloudes as a conduit to facilitate any commercial loan or investment referenced in the Operative Complaint as defined below.

3.      The term "Cygram Heritage" shall refer to Cygram Heritage, LLLP, together with any partners, limited partners, members, managing members, employees, accountants, attorneys, or other agents of Cygram Heritage.

4.      The term "Cygram Holdings" shall refer to Cygram Holdings, L.P., together with any partners, limited partners, members, managing members, employees, accountants, attorneys, or other agents of Cygram Holdings.

5.      The term "Kastrenakes" shall refer to Michael Kastrenakes, together with any past or present employees, accountants, attorneys, or other agents of Kastrenakes.

6.      The term "Ms. Kastrenakes" shall refer to Maria Kokolakis Kastrenakes, together with any past or present employees, accountants, attorneys, or other agents of Ms. Kastrenakes.

7.      The term "New Wave" shall refer to New Wave Acceptance, LLC, together with any members, managing members, employees, accountants, attorneys, or other agents of New Wave.

8.      The term "Platinum" shall refer to Platinum Auto Finance, LLC n/k/a New Wave Auto Finance, LLC, together with any officers, directors, shareholders, employees, accountants, attorneys, or other agents of Platinum.

9.      The term "MK Automotive" shall refer to MK Automotive, Inc. d/b/a New Wave Auto Sales, together with any officers, directors, shareholders, employees, accountants, attorneys, or other agents of MK Automotive.

10.      The term "Houvardas Investors" shall refer to any combination of Houvardas, and K&M Insurance Investors, LLC, together with any members, managing members, officers, directors, shareholders, employees, accountants, attorneys, or other agents of any of them.

11.      The term "Defendants" shall refer to any combination of Kastrenakes, Ms. Kastrenakes, New Wave, Platinum, Platinum Tampa and MK Automotive, together with any members, managing members, officers, directors, shareholders, employees, accountants, attorneys, or other agents of any of them.

12.      The term "Loan Documents," as applied to each of the Houvardas Investors, shall refer to (a) all letters of intent, commitment letters, loan applications, (b) all promissory notes, loan agreements, security agreements, pledge agreements, mortgages, perfection documents, renewal agreements, extension agreements, forbearance agreements, and other loan documents placing any of the Houvardas Investors in a commercial lending relationship with the Defendants, and (c) all documents pertaining to performance or default under any present or former lending relationship.

13.      The term "Banking Documents," as applied to each of the Defendant Entities, shall refer to all signature cards, resolutions, rules, statements, items, notices, overdraft fees and assessments, and other materials maintained by a financial institution or by the relevant Defendant Entity in connection with the operation of any checking account, payroll account, money market account, savings account, or other account used or maintained in connection with any part of the business activity of any or all of the Defendant Entities.

14.     The term "Operational Documents," as applied to each of the Defendant Entities, shall refer to all documentation reflecting the purchase, sale, finance, or other activities involving vehicles and substandard auto finance, also including without limitation insurance, tax, accounting, and related contracts and records maintained in the ordinary course of business.

15.     The term "Operative Complaint" shall mean the Complaint at issue in Case 8:22-ap-00113-CED.

16.     The term "Financial Documents" as applied to each of the Defendant Entities, shall refer to all financial documentation reflecting the business and financial affairs of each such Defendant Entity in its summary form for all any time period falling from January 1, 2015, through the date of response hereto, including monthly, quarterly, and annual financial statements, whether audited, reviewed, or compiled, and whether prepared by accountants, bookkeepers, or others, as well as all federal tax filings, including tax returns, schedules, and any follow up communications by and between the IRS and the relevant Defendant Entities.

17.     The term "Proof of Claim" shall refer to Claim No. 16 filed by Houvardas in the above-referenced bankruptcy case.

18.     The term "communication" shall mean every manner or means of disclosure, transfer or exchange, and every disclosure, transfer, or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

## II.  CATEGORIES OF DOCUMENTS TO BE PRODUCED

Trifon Houvardas is requested to produce the documents described as follows:

Request for Production No. 1:

All documents that confirm, rebut, or otherwise relate to any loan, investments, or other contribution of value from the Houvardas Investors to the Defendants.

4

Request for Production No. 2:

All documents that confirm, rebut, or otherwise relate to the use of proceeds of any loan, investment, or other contribution of value from the Houvardas Investors to the Defendants.

Request for Production No. 3:

All documents evidencing the formation, capitalization, and ongoing operation of the Houvardas Investors from inception, including articles, bylaws, resolutions, meeting minutes, equity ledger, and any other document reflecting corporate action on the part of the Houvardas Investors.

Request for Production No. 4:

All documents pertaining to "substantial additional documentation which shows the exact amounts owed to each of the Houvardas Investors", as referenced in Houvardas Investors' response to NextGear's Claim Objection [Doc. 147, page 3, section 4].

Request for Production No. 5:

All documents that were produced by the Houvardas Investors in the mediation with Defendants.

Request for Production No. 6:

All documents constituting Organizational Documents for the Houvardas Investors.

Request for Production No. 7:

All documents that support the Proof of Claim and amount set forth in the Proof of Claim.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**


By: */s/ Nicolette Corso Vilmos*
Nicolette Corso Vilmos
Florida Bar No. 0469051
390 North Orange Avenue, Suite 1400
Orlando, FL  32801
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
nicolette.vilmos@nelsonmullins.com

**BOSE McKINNEY & EVANS LLP**
David J. Jurkiewicz *(Admitted Pro Hac Vice)*
Indiana Bar No. 18018-53
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 684-5364
Facsimile:  (317) 223-0364
djurkiewicz@boselaw.com

*Attorneys for NextGear Capital, Inc.*


## CERTIFICATE OF SERVICE

I certify that on the 23rd day of November, 2022, I served a copy of the foregoing First Request for Production of Documents Propounded by NextGear Capital, Inc. to Trifon Houvardas by United States first class mail and email on Trifon Houvardas, c/o John Anthony, Esq., Anthony & Partners, 100 S. Ashley Drive, Suite 1600, Tampa, Florida 33602; janthony@anthonyandpartners.com.


*/s/ David J. Jurkiewicz*
David J. Jurkiewicz

4475487

6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                    Case No. *8:22-BK-01210-CED*

MICHAEL KASTRENAKES,

Debtor                                                    Chapter 11

**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY
NEXTGEAR CAPITAL, INC. TO CYGRAM HOLDINGS, L.P.**

To:    Cygram Holdings, L.P.
       c/o John Anthony, Esq.
       Anthony & Partners
       100 S. Ashley Dr., #1600
       Tampa, Florida 33602

Pursuant to Bankruptcy Rule 7034 You are directed to produce and permit the inspection and copying of any designated documents (including writings, drawings, graphs, charts, photographs, photorecords, and data compilations in any format, including but not limited to electronic media, from which information can be obtained, translated, if necessary, through detection devices into usable form), and to inspect, copy, test, or sample any tangible things, which are in Your actual or construction possession or control. In the event that You deliver any Document in electronic medium, please identify the software name and version used to create and access such data.

## I. <u>DEFINITIONS AND INSTRUCTIONS</u>

      The following definitions and instructions are to be used or referred to in connection

with "NextGear Capital, Inc.'s Request for Production of Documents to Cygram Holdings, L.P."

(this "Production Request"):

      1.      The term "Cygram Holdings" shall refer to Cygram Holdings, L.P., together with

any partners, limited partners, members, managing members, employees, accountants, attorneys,

or other agents of Cygram Holdings.

2.      The term "Cygram Heritage" shall refer to Cygram Heritage, LLLP, together with any partners, limited partners, members, managing members, employees, accountants, attorneys, or other agents of Cygram Heritage.

3.      The term "Vasiloudes" shall refer to Dr. Panayiotis Vasiloudes, together with any past or present employees, accountants, attorneys, or other agents of Vasiloudes, together with any business entity owned or controlled by Vasiloudes that was used by Vasiloudes as a conduit to facilitate any commercial loan or investment referenced in the Operative Complaint as defined below.

4.      The term "Kastrenakes" shall refer to Michael Kastrenakes, together with any past or present employees, accountants, attorneys, or other agents of Kastrenakes.

5.      The term "Ms. Kastrenakes" shall refer to Maria Kokolakis Kastrenakes, together with any past or present employees, accountants, attorneys, or other agents of Ms. Kastrenakes.

6.      The term "New Wave" shall refer to New Wave Acceptance, LLC, together with any members, managing members, employees, accountants, attorneys, or other agents of New Wave.

7.      The term "Platinum" shall refer to Platinum Auto Finance, LLC n/k/a New Wave Auto Finance, LLC, together with any officers, directors, shareholders, employees, accountants, attorneys, or other agents of Platinum.

8.      The term "MK Automotive" shall refer to MK Automotive, Inc. d/b/a New Wave Auto Sales, together with any officers, directors, shareholders, employees, accountants, attorneys, or other agents of MK Automotive.

9.      The term "Vasiloudes Investors" shall refer to any combination of Vasiloudes, Cygram Heritage, and Cygram Holdings, together with any members, managing members,

officers, directors, shareholders, employees, accountants, attorneys, or other agents of any of them.

10.      The term "Defendants" shall refer to any combination of Kastrenakes, Ms. Kastrenakes, New Wave, Platinum, Platinum Tampa and MK Automotive, together with any members, managing members, officers, directors, shareholders, employees, accountants, attorneys, or other agents of any of them.

11.      The term "Loan Documents," as applied to each of the Vasiloudes Investors, shall refer to (a) all letters of intent, commitment letters, loan applications, (b) all promissory notes, loan agreements, security agreements, pledge agreements, mortgages, perfection documents, renewal agreements, extension agreements, forbearance agreements, and other loan documents placing any of the Vasiloudes Investors in a commercial lending relationship with the Defendants, and (c) all documents pertaining to performance or default under any present or former lending relationship.

12.      The term "Banking Documents," as applied to each of the Defendant Entities, shall refer to all signature cards, resolutions, rules, statements, items, notices, overdraft fees and assessments, and other materials maintained by a financial institution or by the relevant Defendant Entity in connection with the operation of any checking account, payroll account, money market account, savings account, or other account used or maintained in connection with any part of the business activity of any or all of the Defendant Entities.

13.      The term "Operational Documents," as applied to each of the Defendant Entities, shall refer to all documentation reflecting the purchase, sale, finance, or other activities involving vehicles and substandard auto finance, also including without limitation insurance, tax, accounting, and related contracts and records maintained in the ordinary course of business.

3

14.    The term "Operative Complaint" shall mean the Complaint at issue in Case 8:22-ap-00113-CED.

15.    The term "Financial Documents" as applied to each of the Defendant Entities, shall refer to all financial documentation reflecting the business and financial affairs of each such Defendant Entity in its summary form for all any time period falling from January 1, 2015, through the date of response hereto, including monthly, quarterly, and annual financial statements, whether audited, reviewed, or compiled, and whether prepared by accountants, bookkeepers, or others, as well as all federal tax filings, including tax returns, schedules, and any follow up communications by and between the IRS and the relevant Defendant Entities.

16.    The term "Proof of Claim" shall refer to Claim No. 17 filed by Cygram Holdings in the above-referenced bankruptcy case.

17.    The term "communication" shall mean every manner or means of disclosure, transfer or exchange, and every disclosure, transfer, or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

## II.  CATEGORIES OF DOCUMENTS TO BE PRODUCED

Cygram Holdings, L.P. is requested to produce the documents described as follows:

Request for Production No. 1:

All documents that confirm, rebut, or otherwise relate to any loan, investments, or other contribution of value from the Vasiloudes Investors to the Defendants.

Request for Production No. 2:

All documents that confirm, rebut, or otherwise relate to the use of proceeds of any loan, investment, or other contribution of value from the Vasiloudes Investors to the Defendants.

4

Request for Production No. 3:

All documents evidencing the formation, capitalization, and ongoing operation of the Vasiloudes Investors from inception, including articles, bylaws, resolutions, meeting minutes, equity ledger, and any other document reflecting corporate action on the part of the Vasiloudes Investors.

Request for Production No. 4:

All documents pertaining to "substantial additional documentation which shows the exact amounts owed to each of the Vasiloudes Investors", as referenced in Vasiloudes Investors' response to NextGear's Claim Objection [Doc. 147, page 3, section 4].

Request for Production No. 5:

All documents that were produced by the Vasiloudes Investors in the mediation with Defendants.

Request for Production No. 6:

All documents constituting Organizational Documents for the Vasiloudes Investors.

Request for Production No. 7:

All documents that support the Proof of Claim and amount set forth in the Proof of Claim.

<div style="margin-left:40%">

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By:  */s/ Nicolette Corso Vilmos*
Nicolette Corso Vilmos
Florida Bar No. 0469051
390 North Orange Avenue, Suite 1400
Orlando, FL  32801
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
nicolette.vilmos@nelsonmullins.com

</div>

**BOSE McKINNEY & EVANS LLP**
David J. Jurkiewicz *(Admitted Pro Hac Vice)*
Indiana Bar No. 18018-53
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 684-5364
Facsimile:  (317) 223-0364
djurkiewicz@boselaw.com

*Attorneys for NextGear Capital, Inc.*

## CERTIFICATE OF SERVICE

I certify that on the 23rd day of November, 2022, I served a copy of the foregoing First Request for Production of Documents Propounded by NextGear Capital, Inc. to Cygram Holdings, L.P. by United States first class mail and email on Cygram Holdings, L.P., c/o John Anthony, Esq., Anthony & Partners, 100 S. Ashley Drive, Suite 1600, Tampa, Florida 33602; janthony@anthonyandpartners.com.

*/s/ David J. Jurkiewicz*
David J. Jurkiewicz

4475495

6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                          Case No. *8:22-BK-01210-CED*

MICHAEL KASTRENAKES,

Debtor                                          Chapter 11

**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY
NEXTGEAR CAPITAL, INC. TO CYGRAM HERITAGE, LLLP**

To:     Cygram Heritage, LLLP
        c/o John Anthony, Esq.
        Anthony & Partners
        100 S. Ashley Dr., #1600
        Tampa, Florida 33602

Pursuant to Bankruptcy Rule 7034 You are directed to produce and permit the inspection and copying of any designated documents (including writings, drawings, graphs, charts, photographs, photorecords, and data compilations in any format, including but not limited to electronic media, from which information can be obtained, translated, if necessary, through detection devices into usable form), and to inspect, copy, test, or sample any tangible things, which are in Your actual or construction possession or control. In the event that You deliver any Document in electronic medium, please identify the software name and version used to create and access such data.

## I. DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are to be used or referred to in connection with "NextGear Capital, Inc.'s Request for Production of Documents to Cygram Heritage, LLLP" (this "Production Request"):

1.      The term "Cygram Heritage" shall refer to Cygram Heritage, LLLP, together with any partners, limited partners, members, managing members, employees, accountants, attorneys, or other agents of Cygram Heritage.

2.      The term "Cygram Holdings" shall refer to Cygram Holdings, L.P., together with any partners, limited partners, members, managing members, employees, accountants, attorneys, or other agents of Cygram Holdings.

3.      The term "Vasiloudes" shall refer to Dr. Panayiotis Vasiloudes, together with any past or present employees, accountants, attorneys, or other agents of Vasiloudes, together with any business entity owned or controlled by Vasiloudes that was used by Vasiloudes as a conduit to facilitate any commercial loan or investment referenced in the Operative Complaint as defined below.

4.      The term "Kastrenakes" shall refer to Michael Kastrenakes, together with any past or present employees, accountants, attorneys, or other agents of Kastrenakes.

5.      The term "Ms. Kastrenakes" shall refer to Maria Kokolakis Kastrenakes, together with any past or present employees, accountants, attorneys, or other agents of Ms. Kastrenakes.

6.      The term "New Wave" shall refer to New Wave Acceptance, LLC, together with any members, managing members, employees, accountants, attorneys, or other agents of New Wave.

7.      The term "Platinum" shall refer to Platinum Auto Finance, LLC n/k/a New Wave Auto Finance, LLC, together with any officers, directors, shareholders, employees, accountants, attorneys, or other agents of Platinum.

8.      The term "MK Automotive" shall refer to MK Automotive, Inc. d/b/a New Wave Auto Sales, together with any officers, directors, shareholders, employees, accountants, attorneys, or other agents of MK Automotive.

9.      The term "Vasiloudes Investors" shall refer to any combination of Vasiloudes, Cygram Heritage, and Cygram Holdings, together with any members, managing members,

officers, directors, shareholders, employees, accountants, attorneys, or other agents of any of them.

10.     The term "Defendants" shall refer to any combination of Kastrenakes, Ms. Kastrenakes, New Wave, Platinum, Platinum Tampa and MK Automotive, together with any members, managing members, officers, directors, shareholders, employees, accountants, attorneys, or other agents of any of them.

11.     The term "Loan Documents," as applied to each of the Vasiloudes Investors, shall refer to (a) all letters of intent, commitment letters, loan applications, (b) all promissory notes, loan agreements, security agreements, pledge agreements, mortgages, perfection documents, renewal agreements, extension agreements, forbearance agreements, and other loan documents placing any of the Vasiloudes Investors in a commercial lending relationship with the Defendants, and (c) all documents pertaining to performance or default under any present or former lending relationship.

12.     The term "Banking Documents," as applied to each of the Defendant Entities, shall refer to all signature cards, resolutions, rules, statements, items, notices, overdraft fees and assessments, and other materials maintained by a financial institution or by the relevant Defendant Entity in connection with the operation of any checking account, payroll account, money market account, savings account, or other account used or maintained in connection with any part of the business activity of any or all of the Defendant Entities.

13.     The term "Operational Documents," as applied to each of the Defendant Entities, shall refer to all documentation reflecting the purchase, sale, finance, or other activities involving vehicles and substandard auto finance, also including without limitation insurance, tax, accounting, and related contracts and records maintained in the ordinary course of business.

14.     The term "Operative Complaint" shall mean the Complaint at issue in Case 8:22-ap-00113-CED.

15.     The term "Financial Documents" as applied to each of the Defendant Entities, shall refer to all financial documentation reflecting the business and financial affairs of each such Defendant Entity in its summary form for all any time period falling from January 1, 2015, through the date of response hereto, including monthly, quarterly, and annual financial statements, whether audited, reviewed, or compiled, and whether prepared by accountants, bookkeepers, or others, as well as all federal tax filings, including tax returns, schedules, and any follow up communications by and between the IRS and the relevant Defendant Entities.

16.     The term "Proofs of Claim" shall refer to Claim Nos. 18 and 20 filed by Cygram Heritage in the above-referenced bankruptcy case.

17.     The term "communication" shall mean every manner or means of disclosure, transfer or exchange, and every disclosure, transfer, or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

## II.  CATEGORIES OF DOCUMENTS TO BE PRODUCED

Cygram Heritage, LLLP is requested to produce the documents described as follows:

Request for Production No. 1:

All documents that confirm, rebut, or otherwise relate to any loan, investments, or other contribution of value from the Vasiloudes Investors to the Defendants.

Request for Production No. 2:

All documents that confirm, rebut, or otherwise relate to the use of proceeds of any loan, investment, or other contribution of value from the Vasiloudes Investors to the Defendants.

**Request for Production No. 3:**

All documents evidencing the formation, capitalization, and ongoing operation of the Vasiloudes Investors from inception, including articles, bylaws, resolutions, meeting minutes, equity ledger, and any other document reflecting corporate action on the part of the Vasiloudes Investors.

**Request for Production No. 4:**

All documents pertaining to "substantial additional documentation which shows the exact amounts owed to each of the Vasiloudes Investors", as referenced in Vasiloudes Investors' response to NextGear's Claim Objection [Doc. 147, page 3, section 4].

**Request for Production No. 5:**

All documents that were produced by the Vasiloudes Investors in the mediation with Defendants.

**Request for Production No. 6:**

All documents constituting Organizational Documents for the Vasiloudes Investors.

**Request for Production No. 7:**

All documents that support the Proofs of Claim and amount set forth in the Proofs of Claim.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By:  */s/ Nicolette Corso Vilmos*
Nicolette Corso Vilmos
Florida Bar No. 0469051
390 North Orange Avenue, Suite 1400
Orlando, FL  32801
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
nicolette.vilmos@nelsonmullins.com

**BOSE McKINNEY & EVANS LLP**
David J. Jurkiewicz *(Admitted Pro Hac Vice)*
Indiana Bar No. 18018-53
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 684-5364
Facsimile:  (317) 223-0364
djurkiewicz@boselaw.com

*Attorneys for NextGear Capital, Inc.*


## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 23rd day of November, 2022, I served a copy of the foregoing First Request for Production of Documents Propounded by NextGear Capital, Inc. to Cygram Holdings, L.P. by United States first class mail and email on Cygram Holdings, L.P., c/o John Anthony, Esq., Anthony & Partners, 100 S. Ashley Drive, Suite 1600, Tampa, Florida 33602; janthony@anthonyandpartners.com.


*/s/ David J. Jurkiewicz*
David J. Jurkiewicz

4475504

6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                              Case No. *8:22-BK-01210-CED*

MICHAEL KASTRENAKES,

Debtor                                              Chapter 11

**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY
NEXTGEAR CAPITAL, INC. TO K&M INSURANCE INVESTORS, LLC**

To:    K&M Insurance Investors, LLC
       c/o John Anthony, Esq.
       Anthony & Partners
       100 S. Ashley Dr., #1600
       Tampa, Florida 33602

Pursuant to Bankruptcy Rule 7034 You are directed to produce and permit the inspection and copying of any designated documents (including writings, drawings, graphs, charts, photographs, photorecords, and data compilations in any format, including but not limited to electronic media, from which information can be obtained, translated, if necessary, through detection devices into usable form), and to inspect, copy, test, or sample any tangible things, which are in Your actual or construction possession or control. In the event that You deliver any Document in electronic medium, please identify the software name and version used to create and access such data.

## I. <u>DEFINITIONS AND INSTRUCTIONS</u>

The following definitions and instructions are to be used or referred to in connection with "NextGear Capital, Inc.'s Request for Production of Documents to K&M Insurance Investors, LLC" (this "Production Request"):

1.    The term "K&M" shall refer to K&M Insurance Investors, LLC, together with any partners, limited partners, members, managing members, employees, accountants, attorneys, or other agents of K&M.

2.    The term "Houvardas" shall refer to Trifon Houvardas, together with any past or present employees, accountants, attorneys, or other agents of Houvardas, together with any

business entity owned or controlled by Houvardas that was used by Houvardas as a conduit to facilitate any commercial loan or investment referenced in the Operative Complaint as defined below.

3.      The term "Vasiloudes" shall refer to Dr. Panayiotis Vasiloudes, together with any past or present employees, accountants, attorneys, or other agents of Vasiloudes, together with any business entity owned or controlled by Vasiloudes that was used by Vasiloudes as a conduit to facilitate any commercial loan or investment referenced in the Operative Complaint as defined below.

4.      The term "Cygram Heritage" shall refer to Cygram Heritage, LLLP, together with any partners, limited partners, members, managing members, employees, accountants, attorneys, or other agents of Cygram Heritage.

5.      The term "Cygram Holdings" shall refer to Cygram Holdings, L.P., together with any partners, limited partners, members, managing members, employees, accountants, attorneys, or other agents of Cygram Holdings.

6.      The term "Kastrenakes" shall refer to Michael Kastrenakes, together with any past or present employees, accountants, attorneys, or other agents of Kastrenakes.

7.      The term "Ms. Kastrenakes" shall refer to Maria Kokolakis Kastrenakes, together with any past or present employees, accountants, attorneys, or other agents of Ms. Kastrenakes.

8.      The term "New Wave" shall refer to New Wave Acceptance, LLC, together with any members, managing members, employees, accountants, attorneys, or other agents of New Wave.

9.      The term "Platinum" shall refer to Platinum Auto Finance, LLC n/k/a New Wave Auto Finance, LLC, together with any officers, directors, shareholders, employees, accountants, attorneys, or other agents of Platinum.

10.      The term "MK Automotive" shall refer to MK Automotive, Inc. d/b/a New Wave Auto Sales, together with any officers, directors, shareholders, employees, accountants, attorneys, or other agents of MK Automotive.

11.      The term "Houvardas Investors" shall refer to any combination of Houvardas and K&M, together with any members, managing members, officers, directors, shareholders, employees, accountants, attorneys, or other agents of any of them.

12.      The term "Defendants" shall refer to any combination of Kastrenakes, Ms. Kastrenakes, New Wave, Platinum, Platinum Tampa and MK Automotive, together with any members, managing members, officers, directors, shareholders, employees, accountants, attorneys, or other agents of any of them.

13.      The term "Loan Documents," as applied to each of the Houvardas Investors, shall refer to (a) all letters of intent, commitment letters, loan applications, (b) all promissory notes, loan agreements, security agreements, pledge agreements, mortgages, perfection documents, renewal agreements, extension agreements, forbearance agreements, and other loan documents placing any of the Houvardas Investors in a commercial lending relationship with the Defendants, and (c) all documents pertaining to performance or default under any present or former lending relationship.

14.      The term "Banking Documents," as applied to each of the Defendant Entities, shall refer to all signature cards, resolutions, rules, statements, items, notices, overdraft fees and assessments, and other materials maintained by a financial institution or by the relevant

3

Defendant Entity in connection with the operation of any checking account, payroll account, money market account, savings account, or other account used or maintained in connection with any part of the business activity of any or all of the Defendant Entities.

15.     The term "Operational Documents," as applied to each of the Defendant Entities, shall refer to all documentation reflecting the purchase, sale, finance, or other activities involving vehicles and substandard auto finance, also including without limitation insurance, tax, accounting, and related contracts and records maintained in the ordinary course of business.

16.     The term "Operative Complaint" shall mean the Complaint at issue in Case 8:22-ap-00113-CED.

17.     The term "Financial Documents" as applied to each of the Defendant Entities, shall refer to all financial documentation reflecting the business and financial affairs of each such Defendant Entity in its summary form for all any time period falling from January 1, 2015, through the date of response hereto, including monthly, quarterly, and annual financial statements, whether audited, reviewed, or compiled, and whether prepared by accountants, bookkeepers, or others, as well as all federal tax filings, including tax returns, schedules, and any follow up communications by and between the IRS and the relevant Defendant Entities.

18.     The term "Proof of Claim" shall refer to Claim No. 15 filed by K&M in the above-referenced bankruptcy case.

19.     The term "communication" shall mean every manner or means of disclosure, transfer or exchange, and every disclosure, transfer, or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

## II.  <u>CATEGORIES OF DOCUMENTS TO BE PRODUCED</u>

K&M Insurance Investors, LLC is requested to produce the documents described as follows:

Request for Production No. 1:

All documents that confirm, rebut, or otherwise relate to any loan, investments, or other contribution of value from the Houvardas Investors to the Defendants.

Request for Production No. 2:

All documents that confirm, rebut, or otherwise relate to the use of proceeds of any loan, investment, or other contribution of value from the Houvardas Investors to the Defendants.

Request for Production No. 3:

All documents evidencing the formation, capitalization, and ongoing operation of the Houvardas Investors from inception, including articles, bylaws, resolutions, meeting minutes, equity ledger, and any other document reflecting corporate action on the part of the Houvardas Investors.

Request for Production No. 4:

All documents pertaining to "substantial additional documentation which shows the exact amounts owed to each of the Houvardas Investors", as referenced in Houvardas Investors' response to NextGear's Claim Objection [Doc. 147, page 3, section 4].

Request for Production No. 5:

All documents that were produced by the Houvardas Investors in the mediation with Defendants.

Request for Production No. 6:

All documents constituting Organizational Documents for the Houvardas Investors.

Request for Production No. 7:

All documents that support the Proof of Claim and amount set forth in the Proof of Claim.

Respectfully submitted,

**NELSON MULLINS RILEY &
SCARBOROUGH, LLP**


By:  */s/ Nicolette Corso Vilmos*
Nicolette Corso Vilmos
Florida Bar No. 0469051
390 North Orange Avenue, Suite 1400
Orlando, FL  32801
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
nicolette.vilmos@nelsonmullins.com

**BOSE McKINNEY & EVANS LLP**
David J. Jurkiewicz *(Admitted Pro Hac Vice)*
Indiana Bar No. 18018-53
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 684-5364
Facsimile:  (317) 223-0364
djurkiewicz@boselaw.com

*Attorneys for NextGear Capital, Inc.*


<u>**CERTIFICATE OF SERVICE**</u>

I certify that on the 23rd day of November, 2022, I served a copy of the foregoing First Request for Production of Documents Propounded by NextGear Capital, Inc. to K&M Insurance Investors, LLC by United States first class mail and email on K&M Insurance Investors, LLC, c/o John Anthony, Esq., Anthony & Partners, 100 S. Ashley Drive, Suite 1600, Tampa, Florida 33602; janthony@anthonyandpartners.com.


*/s/ David J. Jurkiewicz*
David J. Jurkiewicz

4475528

6