UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:  Chapter 11

MICHAEL KASTRENAKES,  Case No. *8:22-BK-01210-CED*

    Debtor.

**NEXTGEAR CAPITAL, INC.'S SUPPLEMENTAL OBJECTION TO MOTION TO APPROVE COMPROMISE WITH DR. PANAYIOTIS VASILOUDES, CYGRAM HERITAGE, LLLP, CYGRAM HOLDINGS, L.P., PANEVAS, LLC, TRIFON HOUVARDAS, AND K&M INSURANCE INVESTORS, LLC – BANKRUPTCY RULE 6004**

Comes now NextGear Capital, Inc. ("NextGear Capital"), an unsecured creditor of the Debtor, and hereby supplements its Objection to the Motion to Approve Compromise With Dr. Panayiotis Vasiloudes, Cygram Heritage, LLLP, Cygram Holdings, L.P., Panevas, LLC, Trifon Houvardas, and K&M Insurance Investors, LLC (DE 178; the "9019 Motion") filed by the Debtor. For its Supplemental Objection, NextGear Capital respectfully represents as follows:

### I. PROCEDURAL HISTORY AND FACTS

On October 31, 2022, Debtor filed a document which it incorrectly captioned "Unopposed Amendment to Debtor's Plan of Reorganization" (the "Plan Amendment") [DE 164].

On November 7, 2022, NextGear Capital filed its Objection to the Plan Amendment (the "NextGear Objection") [DE 177].

On November 7, 2022, Debtor filed the 9019 Motion [DE 178].

On November 28, 2022, NextGear Capital filed its Objection to Motion to Approve Compromise With Dr. Panayiotis Vasiloudes, Cygram Heritage, LLLP, Cygram Holdings, L.P., Panevas, LLC, Trifon Houvardas, and K&M Insurance Investors, LLC [DE 192].

## II. Rule 6004(h)

Paragraph 21 of the Debtor's 9019 Motion asks the Court to enter an order that includes a waiver of any stay of the effectiveness of the order approving the 9019 Motion pursuant to Bankruptcy Rule 6004(h). As stated in the 9019 Motion: "Pursuant to Bankruptcy Rule 6004(h), '[an] order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise.'" Fed. R. Bankr. P. 6004(h).

Other than restating the words of Bankruptcy Rule 6004(h), the 9019 Motion presents no explanation for why Bankruptcy Rule 6004(h) even applies to this 9019 Motion or what "property" is being used, sold or leased. Further, the 9019 Motion fails to assert a reason for waiving Bankruptcy Rule 6004(h). All creditors, including NextGear Capital, should be entitled to the protection of the Bankruptcy Code and Rules, this includes creditors' options to seek review of whatever order is entered on the 9019 Motion, without waiving the 14-day period.

## III. Conclusion

The 9019 Motion prayer for waiver of the stay of effectiveness of any order pursuant to Bankruptcy Rule 6004(h) should be denied.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By: /s/ Nicolette Corso Vilmos
Nicolette Corso Vilmos
Florida Bar No. 0469051
390 North Orange Avenue, Suite 1400
Orlando, FL 32801
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
nicolette.vilmos@nelsonmullins.com

**BOSE McKINNEY & EVANS LLP**
David J. Jurkiewicz *(Admitted Pro Hac Vice)*
Indiana Bar No. 18018-53
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 684-5364
Facsimile:  (317) 223-0364
djurkiewicz@boselaw.com

*Attorneys for NextGear Capital, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via transmission of Notices of Electronic Filing on all counsel of record or *pro se* parties identified on the CM/ECF service list maintained by the Court on November 30, 2022.

*/s/ Nicolette C. Vilmos*
Nicolette C. Vilmos

4872-6180-1025