**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| In re: | Case No.:   8:22-bk-01210-CED |
| MICHAEL KASTRENAKES, | **CHAPTER 11** |
| Debtor. | |

**NOTICE OF RULE 2004 EXAMINATION**
**AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Creditor First Home Bank ("Examining Party") will conduct a Bankruptcy 2004 Examination of Kaz Reinsurance LTD. and states:

1. Examining Party seeks to examine Kaz Reinsurance LTD. (the "Witness") under Fed. R. Bankr. P. 2004 and Local Rule 2004-1. The examination will relate to all matters within the scope of Fed. R. Bankr. P. 2004.

2. The examination of the witness will occur on December 15, 2022 at the offices of The Liles Firm, P.A., 50 North Laura Street, Suite 1200, Jacksonville, Florida 32202, commencing at 2:30 p.m. and will be recorded by stenographic means by a court reporter, pursuant to the Federal Rules of Bankruptcy Procedure. **THE PROPOSED TIME AND PLACE IS INTENDED TO BE A PRELIMINARY PLACEHOLDER AND IS SUBJECT TO CHANGE BASED ON THE AVAILABILITY OF THE WITNESS, INTERESTED PARTIES, AND COUNSEL FOR OTHER INTERESTED PARTIES**.

3. The examination will occur as scheduled and without a court order, unless, prior to the examination, the Witness seeks a protective order from the Court.

4. The Witness will produce the documents requested by the *Subpoena for Rule 2004 Examination* (hereinafter "Subpoena") attached hereto as Exhibit "1" pursuant to Fed. R. Bankr. P. 2004, Local Rule 2004-1 and Local Rule 9004-1 on or before 10:00 a.m., on December 12, 2022.

5. The Witness shall designate a person pursuant to Rule 2004 and Rule 7030(b)(6) of the Federal Rules of Bankruptcy Procedures that is knowledge regarding the collection, preparation, creation, and storage of each of the documents described in Exhibit "1" to the Subpoena.

6. Oral Examination will continue from day to day until completed.

WHEREFORE, the Examining Party provides notice to all interested parties of the Rule 2004 Examination of the Witness to be conducted on December 15, 2022, commencing at 10:00 a.m. at the offices of The Liles Firm, P.A., 50 North Laura Street, Suite 1200, Jacksonville, Florida 32202.

This 1st day of December 2022.

                                               **THE LILES FIRM, P.A.**

                                               */s/ Robert B. George*
                                               **ROBERT B. GEORGE**
                                               Florida Bar No. 0108995
                                               **RYAN J. MITTAUER**
                                               Florida Bar No. 091869
                                             50 North Laura Street, Suite 1200
                                             Jacksonville, Florida 32202
                                             (904) 634-1100 – Telephone
                                             (904) 634-1234 – Facsimile
                                             E-mail:  rgeorge@thelilesfirm.com
                                                           rmittauer@thelilesfirm.com
                                                           aperry@thelilesfirm.com

                                             *Counsel for Creditor, First Home Bank*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 1st day of December, 2022, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                                               */s/ Robert B. George*
                                                                               Attorney

# UNITED STATES BANKRUPTCY COURT

Middle _____ District of Florida _____

In re MICHAEL KASTRENAKES
              Debtor

Case No. 8:22-bk-01210-CED

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Kaz Reinsurance, LTD.

*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Your representative designated pursuant to instructions of the attached Exhibit "1" to this Subpoena shall appear at The Liles Firm, P.A., 50 North Laura Street, Suite 1200, Jacksonville, Florida 32202. | December 15, 2022 at 2:30 p.m. |

The examination will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please produce the documents described in the attached Exhibit 1 to Subpoena for 2004 Examination on before 10:00 a.m. on December 12, 2022 in the manner described in Exhibit 1.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 1, 2022

           CLERK OF COURT

                        OR

_____      /S/ Robert B. George_____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* First Home Bank , who issues or requests this subpoena, are:

Robert B. George, The Liles Firm, P.A., 50 North Laura Street, Suite 1200, Jacksonville, Florida 32202

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Exhibit "1"**

**<u>DEFINITIONS</u>**

As used herein, the following terms shall have the indicated meanings:

1.     The term "COMMUNICATION" or "COMMUNICATIONS" means any oral, written or electronic utterance, notation or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, any DOCUMENTS, correspondence, letters, facsimiles, e-mails, text messages, voice recordings, video recordings, voicemail, instant messages, conversations, dialogues, discussions, interviews, conferences, meetings, consultations, agreements, and other understandings or exchanges between or among two or more people.

2.     The terms "DOCUMENT" or "DOCUMENTS" means all paper DOCUMENTS, graphic or auditory records or representations, tangible items, and electronically stored information, and shall have the broadest possible meaning accorded to it consistent with Fla. R. Civ. P. 1.280 (which is incorporated in this definition as if folly set forth), and includes, by way of illustration only and not by way of limitation, the following items which are in YOUR possession, control, knowledge, or are known to YOU:

(1)     all written, paper or printed material of any kind, including, but not limited to: all transmittal slips, memorandum, notes, schedules, agendas, notices, books, brochures, calendars, employment files, announcements, meeting minutes, records of meetings, records of conversations, newsletters, telegrams, summaries, lists, compilations, facsimile transmissions, transcripts, diaries, appointment books, agreements, contracts, reports, studies, checks, check stubs, invoices, financial statements, bank statements, receipts, COMMUNICATIONS, interoffice and intraoffice exchanges, conversations, inquiries,

replies, correspondence, and letters, whether in PERSON, by telephone, in writing, or by means of any other transmittal devices, and all originals, reproductions, copies, changes, amendments, drafts and all non-identical copies of the foregoing;

(2)    graphic or auditory records or representations of any kind, including, but not limited to: all images, photographs, charts, drawings, sketches, diagrams, maps, schematics, microfiche, microfilm, slides, videotapes, laser discs, digital versatile discs, Blu-ray discs, UltraViolet discs, cassette tapes, reel to reel tapes, recordings, sound bites, motion pictures, voice messages, and all originals, reproductions, copies, changes, amendments, drafts and all non-identical copies of the foregoing; and

(3)    electronically stored information, electronic, mechanical and electrical records or representations of any kind including, but not limited to: all electronic COMMUNICATIONS, text messages, e-mails, instant messages, computer logs, network logs, Internet history, DOCUMENT files, spreadsheet files, presentation files, database files, desktop publishing files, source code files, object code files, executable files, data files, script files, project management files, text files, portable DOCUMENT format files, tabulated data files, virtual machine files, XML files, webpage files, image files, design files, GIS files, system files, compressed files, disk image files, audio files, video files, backup files, metadata and all originals, reproductions, copies, changes, amendments, drafts, and all non-identical copies of the foregoing (defined herein as "ESI"; each individual electronically stored DOCUMENT is defined herein as an "ESI DOCUMENT").

For purposes of the foregoing, DOCUMENTS may be located, stored or archived in any physical location or on any electronic storage media, including, without limitation, any computer, server, appliance, cloud-based service, web-based service, database, internal hard

drive, external hard drive, solid-state drive, hard or floppy diskette, compact disc, digital versatile disc, Blue-ray disc, UltraViolet disc, flash memory, flash card, thumb drive, cartridge, magnetic tape, mobile phone, tablet device, or personal digital assistant. Moreover, for purposes of the foregoing, the term "draft" means any earlier, preliminary, preparatory, or tentative version of all or part of a DOCUMENT, whether or not such draft was superseded by a later draft and whether or not the draft's terms are the same as or different from the final DOCUMENT's terms. **Please note that "DOCUMENT" and "DOCUMENTS" as defined herein specifically include "COMMUNICATION" and "COMMUNICATIONS" as defined above**.

3. The term "PERSON" as used herein means any natural PERSON or any entity, including, without limitation, any individual, public company, private company, firm, corporation, limited liability company, joint venture, trust, proprietorship, tenancy, association, partnership, business, agency, department, governmental body, bureau, board, commission, or any other form of public or private entity. With respect to an entity, PERSON shall include all subsidiaries and affiliates of the entity, as well as the present and former directors, officers, employees, attorneys, agents and anyone acting on behalf of, at the direction of, or under the control of, the entity or its subsidiaries or affiliates.

4. The term "RELATES TO" or "RELATING TO" means authorizing, concerning, constituting, comprising, containing, consisting of, connected with, describing, disclosing, discussing, evidencing, explaining, mentioning, pertaining to, proposing, reflecting, regarding, referring to, directly or indirectly, setting forth, showing, or summarizing.

5. "YOU" or "KAZ REINSURANCE LTD" means Kaz Reinsurance LTD. and all of its parents, subsidiaries, predecessors, successors, assigns, directors, officers, fiduciaries,

agents, affiliates, employees, representatives, partners, accountants, consultants, attorneys, and all other PERSONS acting on its behalf.

## INSTRUCTIONS

General Instructions:

1. In response to this Subpoena, YOU are required to furnish all information and DOCUMENTS which are, or have been, in YOUR possession, custody, or control, or in the possession, custody, or control of YOUR agents, representatives, attorneys, accountants, affiliates, and all PERSONS acting or purporting to act on behalf of any of the foregoing.

2. If any DOCUMENT is withheld under a claim of privilege or immunity, in order that the Court and the parties may determine the validity of the claim of privilege or immunity, YOU must provide sufficient information to determine the identity of the DOCUMENT as well as the basis for any asserted claim of privilege or immunity. DOCUMENTS shall be deemed adequately described for this purpose if YOU have supplied the following information: (1) a description of the nature of the DOCUMENT (e.g., letter or memorandum); (2) the date of the DOCUMENT; (3) the identity of the PERSON(s) who sent and received the original and any copy(ies) of the DOCUMENT as well as his or her respective capacity; (4) the identity of the custodian of the DOCUMENT; (5) a description of the subject matter of the DOCUMENT; (6) a description of the basis upon which YOU contend YOU are entitled to withhold the DOCUMENT from production; and (7) the identity of all PERSONs who have seen the DOCUMENT.

3. If any DOCUMENT or portion thereof has been destroyed, redacted in whole or in part, purged, or is no longer in YOUR possession, custody or control, state: (1) the date of the occurrence and reason why it was destroyed, redacted, purged, or no longer in YOUR

possession, custody or control; (2) the PERSON who destroyed, redacted, purged or caused the DOCUMENT to no longer be in YOUR possession, custody or control; and (3) if the DOCUMENT was completely destroyed, the file where the DOCUMENT was maintained before its destruction.

4. ESI (Electronically Stored Information) shall be produced electronically, either in (1) Native Format, or (2) as single-page, uniquely and sequentially numbered Group IV TIFF image files. For each ESI DOCUMENT, all metadata must remain intact and all parent/child document relationships must be maintained. All ESI shall be collected using methods that prevent the spoliation of data.

5. On or before December 12, 2022, you shall serve the responses and designated documents upon Robert B. George by delivering the responses and a copy of the designated documents to the offices of The Liles Firm, P.A. 50 North Laura Street, Suite 1200, Jacksonville, Florida 32202 or by delivering the responses and a copy of the designated documents to Mr. George via e-mail to rgeorge@thelilesfirm.com. Alternatively, upon request to Mr. George via e-email, Mr. George may provide you a link in which you may securely upload the documents to him.

6. The person(s) designated by YOU pursuant to Rule 2004 and Rule 7030(b)(6) of the Federal Rules of Bankruptcy Procedure shall be knowledgeable regarding the collection, preparation, creation, and storage of each of the below-described documents and the source of documents or data used in preparing each of the below-described documents.

7. Please complete, execute and return Business Records Certificate to Robert B. George, The Liles Firm, P.A., 50 North Laura Street, Suite 1200, Jacksonville, Florida 32202, rgeorge@thelilesfirm.com.

**DOCUMENTS REQUESTED**

**Request No. 1:** All DOCUMENTS RELATING TO any interest, stock, or equity in KAZ REINSURNACE, LTD. owned by Michael Kastrenakes or Maria Kastrenakes.

**Request No. 2:** All DOCUMENTS RELATING TO any valuations of KAZ REINSURNACE, LTD. completed in the last 3 years.

**Request No. 3:** All DOCUMENTS RELATING TO any year-end financial statements, including but not limited to balance sheets, profit and loss statements, etc., for KAZ REINSURNACE, LTD. prepared in the last 3 years.

**Request No. 4:** All DOCUMENTS RELATING TO any federal tax return filed by KAZ REINSURNACE, LTD. prepared in the last 3 years.

**Request No. 5:** All DOCUMENTS RELATING TO any monthly statements for any account (i.e., savings, checking, trust, investment, brokerage, etc.) owned by or on behalf of KAZ REINSURNACE, LTD. for the last 3 years.

**Request No. 6:** All DOCUMENTS RELATING TO any reporting of any portfolio of reinsurance premiums owned or managed by KAZ REINSURNACE, LTD.

**Request No. 7:** All DOCUMENTS RELATING TO any reinsurance agreements entered into between KAZ REINSURNACE, LTD. and any PERSON.

**Request No. 8:** All DOCUMENTS RELATING TO any audit, investigation or inquiry performed by the Florida Department of Financial Services or any other state or federal agency regarding KAZ REINSURNACE, LTD.

**Request No. 9:** All DOCUMENTS RELATING TO any license, application or authority obtained by KAZ REINSURNACE, LTD. to conduct business in the State of Florida.

**Request No. 10:** All DOCUMENTS RELATING TO any operating agreement, shareholder agreement or any other agreement entered into between the equity owners of KAZ REINSURNACE, LTD.

**Request No. 11:** All DOCUMENTS RELATING TO any asset of KAZ REINSURNACE, LTD.

**Request No. 12:** All DOCUMENTS RELATING TO any liability of KAZ REINSURNACE, LTD.

**Request No. 13:** All DOCUMENTS RELATING TO any distribution, salary, or any other compensation paid in the last 3 years to any member, manager, or owner of KAZ REINSURNACE, LTD.

# RECORDS CUSTODIAN
# CERTIFICATION OF BUSINESS RECORDS

Record Provider:	Kaz Reinsurance, LTD.

To:	Robert B. George, Esquire

Re:	*In re: Michael Kastrenakes*
	Case No.: 8:22-bk-01210-CED
	United States Bankruptcy Court, Middle District of Florida, Tampa Division

    I, _____, record custodian of the above named Record Provider, hereby certify that the enclosed records regarding the above named claimant, consisting of _____ photocopied pages, are correct copies of all records maintained in a designated record set, that were made by a person with knowledge of the matters therein, and that the records were kept in the course of regularly conducted business activity and made as a regular practice in the course of the regularly conducted business activity.

_____
Signature

_____
Print Signature

_____
Date