UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                Chapter 11

MICHAEL KASTRENAKES,                                 Case No. *8:22-BK-01210-CED*

   Debtor.

**NEXTGEAR CAPITAL, INC.'S RESPONSE TO VASILOUDES CREDITORS'
OMNIBUS OBJECTION TO NEXTGEAR DISCOVERY AND
MOTION FOR PROTECTIVE ORDER**

NextGear Capital, Inc. ("NextGear Capital"), an unsecured creditor of the Debtor, by counsel, submits this response to Vasiloudes Creditors'[1] Omnibus Objection to NextGear Discovery and Motion for Protective Order, and respectfully requests the Court to deny Vasiloudes Creditors' Motion for Protective Order.

**I. PRELIMINARY STATEMENT**

At the heart of the claim objections and discovery requests are issues related to the allowance of Class 8 claims, claims that are to share pro rata under the Plan Amendment. NextGear Capital seeks discovery of relevant information to support the claims of the Vasiloudes Creditors. The Vasiloudes Creditors ask the Court to enter a protective order which would completely deny NextGear Capital access to that relevant information.

The essence of the Vasiloudes Creditors' Discovery Objection is that the Federal Rules of Civil Procedure regarding discovery do not apply to them since seven (7) months have passed from the commencement of the Debtor's bankruptcy case. This position is clearly not supported by law or the facts of this unconfirmed case. Here there was no ambush or delay. NextGear Capital acted

---

[1] Dr. Panayiotis Vasiloudes, Cygram Heritage, LLLP, Cygram Holdings, L.P., Trifon Houvardas, and K&M Insurance Investors, LLC ("Vasiloudes Creditors").

promptly after the Plan Amendment was filed. Prior to Debtor filing the Plan Amendment, NextGear Capital had no notice, nor any reason to believe, that the amount of the Vasiloudes Creditors' claims would have any bearing on the NextGear Capital claim. As soon as the substance of the Vasiloudes Creditors' claims bore any relation to NextGear Capital's treatment in the Plan, as modified by the Plan Amendment, NextGear Capital objected to the Vasiloudes Creditors' claims and is now seeking discovery related to the Vasiloudes Creditors' claims. NextGear Capital was not a party to the mediation that resulted in the Plan Amendment.

The Vasiloudes Creditors have failed to show any reason to excuse them from their duties to respond to discovery, nor have they shown good cause for the entry of a protective order to bar discovery. The Vasiloudes Creditors' Motion for Protective Order should be denied and an Order should be entered allowing NextGear Capital to proceed with discovery via the NextGear Requests.

## II. INTRODUCTION AND BACKGROUND

On October 31, 2022, Debtor filed a document which it incorrectly captioned "Unopposed Amendment to Debtor's Plan of Reorganization" (the "Plan Amendment") [DE 164].

On November 4, 2022, NextGear Capital filed its objection to claims, including the claims filed by the Vasiloudes Creditors ("Claim Objections") [DE 166-173].

On November 7, 2022, NextGear Capital filed its Objection to the Plan Amendment (the "NextGear Objection") [DE 177].

On November 7, 2022, Debtor filed the Motion to Approve Compromise With Dr. Panayiotis Vasiloudes, Cygram Heritage, LLLP, Cygram Holdings, L.P., Panevas, LLC, Trifon Houvardas, and K&M Insurance Investors, LLC ("9019 Motion") [DE 178].

On November 23, 2022, NextGear Capital served its Requests for Production of Documents seeking documents relevant to the claims filed by creditors, including the Vasiloudes Creditors ("NextGear Requests") [DE 194, Ex. A].

On November 29, 2022, the Vasiloudes Creditors filed their Vasiloudes Creditors' Omnibus Objection to NextGear Discovery and Motion for Protective Order [DE 194].

### III. ARGUMENT

#### A. The Information NextGear Capital Seeks is Limited and Relevant.

The scope of discovery contemplated under the Federal Rules of Civil Procedure as incorporated into Bankruptcy Rule 7034 is fairly broad, and as a general rule, liberal discovery is permitted in federal courts. Rule 26 establishes a broad scope for discovery which includes discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.

The Vasiloudes Creditors bear the burden of demonstrating the need for a protective order:

> A party seeking a protective order bears the burden of establishing good cause. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001); *Landry v. Air Line Pilots Ass'n Int. 7 AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990). For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). Under the "good cause" standard, the court must balance the competing interests of the parties. *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989); *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985); *see Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016).

*Huddleston v. Bowling Green Inn of Pensacola,* 333 F.R.D. 581 (FLND 2019).

In this case the discovery NextGear Capital seeks from the Vasiloudes Creditors is relevant to the merits and amounts of their claims. NextGear Capital is absolutely entitled to seek and receive meaningful discovery responses concerning these claims.

The Vasiloudes Creditors cite the following five reasons in refusing to comply with Bankruptcy Rule 7034:

a. First, the contested matters created by the Claim Objections are of no consequence, having been filed after the Pending Compromise came of record, and having no substantive content of any kind. **As previously demonstrated, NextGear Capital promptly objected to the Vasiloudes Creditors' claims and sought discovery related to the Vasiloudes Creditors' claims once it was apprised of the Plan Amendment and the addition of the Vasiloudes Creditors to Class 8.**

b. Second, the Compromise Objection is even more pellucid in demonstrating that NextGear has no good reason to obstruct the Pending Compromise other than to gain leverage on the Debtor and his wife. **NextGear Capital is neither obstructing nor acting in bad faith. NextGear Capital has statutory rights to serve discovery (see Bankruptcy Rule 7034) and obtain a court ruling on its Claim Objections (see 11 U.S.C. § 502(b)).**

c. Third, given the business judgment rule as it relates to Federal Rule of Bankruptcy Procedure 9019, NextGear's obvious tactic of loading up the Vasiloudes Creditors with discovery makes no sense within this process. **NextGear Capital has objected to the 9019 Motion. Debtor and the Vasiloudes Creditors bear the burden of presenting facts regarding the Vasiloudes Creditors' claims sufficient to warrant Court approval. Furthermore, the NextGear Requests merely seek documents that will support the Vasiloudes Creditors rights to payment, within the Class 8 framework.**

d.  Fourth, NextGear's claim in this Reorganization is dubious, for reasons that have been a matter of record since the beginning of this Reorganization, and its standing to perpetuate the Claim Objections, Compromise Objection, and NextGear Discovery is questionable under Bankruptcy Code § 1109.  **NextGear Capital filed a Proof of Claim, Debtor objected to the Proof of Claim, no discovery or other motion practice has been advanced by the Debtor or other parties to have a judicial determination of the "dubious" NextGear Capital Proof of Claim.  If anything, the Vasiloudes Creditors' claims deserve the "dubious" moniker.  These claims were determined in a confidential mediation.  The Vasiloudes Creditors' claims are based upon alleged contracts to which the Debtor is not even a party and include treble damages although no judicial determination of fraudulent intent or other facts to support an award of treble damages exists.**

e.  Finally, all the foregoing lead to an inference that the NextGear Discovery has not been propounded in good faith, but only to use as a chip in NextGear's unfortunate dealings with the Kastrenakes Parties in other proceedings and matters.  **NextGear Requests were timely served after the Plan Amendment was filed.  Furthermore, NextGear Capital has offered to address any specific concerns of the Vasiloudes Creditors regarding any particular NextGear Request.  The Vasiloudes Creditors have failed to proceed in good faith and have refused to identify any specific claimed defects in the NextGear Requests.  See email correspondence attached as Exhibit A.**

### B. **Vasiloudes Creditors Have Not Shown Good Cause for the Entry of a Protective Order.**

In this context, good cause for entry of a protective order has not been shown. The party who seeks to avoid disclosure of information by a protective order under Rule 26 bears a heavy burden of demonstrating that production of documents will work a clearly defined and very serious injury. As set forth in **Exhibit A**, NextGear Capital has been prompt and diligent in communicating with the Vasiloudes Creditors regarding the NextGear Requests and offered to tailor the NextGear Requests upon reasonable demand by the Vasiloudes Creditors.

Rather than engage in a meaningful discussion of the scope of the NextGear Requests, the Vasiloudes Creditors immediately filed the Motion for Protective Order. The Motion for Protective Order fails to "show specific prejudice or harm that will result" to the Vasiloudes Creditors if they have to provide documents that supports their Class 8 claims. Instead the Vasiloudes Creditors take umbrage with the audacity of NextGear Capital's seeking discovery. There has been no showing of good cause to warrant the denial of discovery or a protective order.

### IV. CONCLUSION

The Vasiloudes Creditors have failed to satisfy their burden for the entry of a protective order and, therefore, the Motion for Protective Order should be denied.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By: */s/ Nicolette Corso Vilmos*
Nicolette Corso Vilmos
Florida Bar No. 0469051
390 North Orange Avenue, Suite 1400
Orlando, FL  32801
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
nicolette.vilmos@nelsonmullins.com

**BOSE McKINNEY & EVANS LLP**
David J. Jurkiewicz *(Admitted Pro Hac Vice)*
Indiana Bar No. 18018-53
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 684-5364
Facsimile:  (317) 223-0364
djurkiewicz@boselaw.com

*Attorneys for NextGear Capital, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via transmission of Notices of Electronic Filing on all counsel of record or *pro se* parties identified on the CM/ECF service list maintained by the Court on December 2, 2022.

*/s/ Nicolette C. Vilmos*
Nicolette C. Vilmos

4872-0134-4321