UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                  Case No.: 8:22-bk-01210-CED
                                                                        Chapter 11
MICHAEL KASTRENAKES,

        Debtor.
_____/

**CPX HOLDINGS, LLC'S RESPONSE IN OPPOSITION TO NEXTGEAR CAPITAL, INC.'S AMENDED OBJECTION TO CLAIM NO. 13 FILED BY CPX HOLDINGS, LLC**

      CPX Holdings, LLC ("**CPX Holdings**"), by and through the undersigned counsel, responds in opposition to NextGear Capital, Inc.'s Amended Objection to Claim No. 13 filed by CPX Holdings, LLC (Doc. No. 176) (the "**Objection**") filed by NextGear Capital, Inc. ("**NextGear**").  In response to the Objection, CPX Holdings states as follows:

**Introduction**[1]

      1.     The Objection is an unfortunate continuation of the litigation tactics employed by NextGear on both a pre- and post-petition basis and borders on patently frivolous.  Prior to the Petition Date, NextGear engaged in incredibly aggressive collection tactics, which ultimately forced the Debtor to shutter his businesses.  Following the Petition Date, in the face of a section 105 injunction, NextGear dismissed, without prejudice, its claims against Maria Kastrenakes ("**Mrs. Kastrenakes**"), only to then immediately initiate arbitration proceedings against Mrs. Kastrenakes, which were ultimately stayed by this Court.  The Objection is simply the next turn of the screw in NextGear's campaign to prevent the Debtor from reorganizing his financial affairs.  Not only does NextGear lack standing to interpose the claim objection, the Objection

---

[1] All capitalized terms not specifically defined in the Introduction shall have the meaning ascribed to them elsewhere in this response (the "**Response**").

itself is devoid of any meaningful or substantive allegations; rather, the Objection is premised on naked and unfounded allegations, which fall far short of NextGear's burden of proof.

## Factual Background

2. On March 27, 2022 (the "**Petition Date**"), Michael Kastrenakes (the "**Debtor**") filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code.[2]

3. Prior to the Petition Date, CPX Holdings loaned the Debtor $885,000.00 (the "**Loan**"). The Loan is evidenced by a Secured Interest Bearing Promissory Note (the "**Note**") and a the CallPass, LLC and Ximplipay, LLC Membership Units Pledge and Security Agreement (the "**Security Agreement**").[3]

4. On June 6, 2022, CPX Holdings filed a proof of claim asserting a claim in the amount of $885,763.77, secured by the Debtor's interests in CallPass, LLC and Ximplipay, LLC (the "**CPX Claim**").

5. Following several months of mediation, the Debtor, Mrs. Kastrenakes, and the Vasiloudes Creditors reached a settlement, which is memorialized in the Unopposed Amendment to Debtor's Plan of Reorganization (Doc. No. 164) (the "**Plan Amendment**"), which was filed on October 31, 2022.

6. On November 7, 2022, the Objection was filed, after the Plan Amendment.

## Response and Memorandum of Law

7. Given the timing of the filing of the Objection, it is clear that the Objection is purely tactical. More importantly, the Objection should be overruled for two reasons. First, NextGear lacks standing to object to CPX Holdings' claim. Second, NextGear has not come

---

[2] All references to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. All references to a "Bankruptcy Rule" or "Bankruptcy Rules" are to the applicable Federal Rule of Bankruptcy Procedure.

[3] The Note and Security Agreement are attached to the proof of claim filed by CPX Holdings.

close to meeting its burden of proof, as the Objection is based on unsupported allegations belied by the documents attached in support of CPX Holdings' claim.

**(i) NextGear does not have standing to pursue the Objection.**

8. NextGear lacks standing to assert the Objection. The Objection is essentially a request for derivative standing to pursue unsubstantiated fraudulent transfer claims against CPX Holdings. On its face, the Objection acknowledges that NextGear lacks standing, as the Objection itself alleges that "[t]he transfer of the Collateral with a value of $885,000.00 to an entity owned by an insider of the Debtor just days before the Petition Date may be voidable pursuant to 11 U.S.C. §547 and/or §548."

9. However, NextGear has not met the requirements for derivative standing to prosecute the Objection. Upon information and belief, NextGear has made no demands on the Debtor to evaluate or assert any claims against CPX Holdings. The Objection does not allege that the debtor-in-possession has unjustifiably refused to bring a claims objection or a fraudulent transfer claim. To allow a creditor to bring a derivative suit, the court must also find that (a) the proposed suit is in the best interest of the estate and (b) it is necessary and beneficial to the fair and efficient resolution of the bankruptcy proceedings.[4] Under the facts of this case, it would be impossible for the Court to conclude that litigation with CPX Holdings is in the interest of the estate and that it is necessary to promote fairness and equity in the chapter 11 case. Indeed, if anything, such litigation would increase CPX Holdings' attorney fees, potentially erode any equity cushion that may exist, while also discouraging CPX Holdings and Mrs. Kastrenakes from financially supporting the Debtor's reorganization efforts. In short, pursing claims objections or

---

[4] *PW Enter. Inc. v. N.D. Racing Comm'n (In re Racing Servs., Inc.)*, 540 F.3d 892, 900, 902 (8th Cir. 2008).

frivolous chapter 5 claims against CPX Holdings would actually be harmful to the estate and reduce, rather than enhance creditor recoveries.

**(ii) NextGear has not and, indeed, cannot meet its burden of proof.**

10. Pursuant to Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and amount of the claim.[5] Upon the filing of an objection to claim, the burden

> shifts to the objecting party to produce evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. This can be done by the objecting party producing specific and detailed allegations that place the claim into dispute, by the presentation of legal arguments based on the contents of the claim and its supporting documents … in which evidence is presented to bring the validity of the claim into question. If the objecting party meets these evidentiary requirements, then the burden of going forward with the evidence shifts back to the claimant to sustain its ultimate burden of persuasion to establish the validity and amount of the claim by a preponderance of the evidence."[6]

11. Despite bearing the burden of proof, NextGear has failed to make any specific or detailed allegations calling the CPX Claim into dispute, nor has NextGear raised any legal arguments challenging the validity of the CPX Claims. The two-page Objection is premised on the bald and unsupported allegation that "[t]here is no indication that value was given by Claimant to the Debtor in exchange for the Debtor's pledge of Collateral." However, such an allegation rings hollow, as the Note and Mortgage are attached in support of the CPX Claim, and CPX completed no discovery prior to filing the Objection to support such an allegation or state any valid challenge to the CPX Loan Documents. The mere fact that the CPX Loan Documents were executed in the weeks immediately prior to the Petition Date does not call the claim's

---

[5] Fed. R. Bankr. P. 3001(f).

[6] *Gardner v. State of N.J.*, 329 U.S. 565, 573, 67 S.Ct. 467, 91 L.Ed. 504 (1947).

validity into question. NextGear has wholly failed to meet its burden, and the Objection should be overruled.

WHEREFORE, CPX Holdings respectfully requests that the Court enter an order (i) overruling the Objection and (ii) granting such other relief deemed just and proper.

Dated: Tampa, Florida
December 5, 2022

BUSH ROSS, P.A.
Post Office Box 3913
Tampa, Florida  33601-3913
(813) 224-9255
(813) 223-9620 (telecopy)
Counsel for CPX Holdings, LLC

By: /s/ Kathleen L. DiSanto
Kathleen L. DiSanto
Florida Bar No. 058512
kdisanto@bushross.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 5, 2022, I electronically filed a true and correct copy of *CPX Holdings, LLC's Response in Opposition to NextGear Capital, Inc.'s Amended Objection to Claim No. 13 filed by CPX Holdings, LLC* with the Clerk of the United States Bankruptcy Court for the Middle District of Florida by using the CM/ECF system and I furnished a copy of the foregoing to the following parties in the manner of service indicated below:

/s/ *Kathleen L. DiSanto*
ATTORNEY

**Via the CM/ECF system which will send a Notice of Electronic Filing to:**

United States Trustee (USTPRegion21.TP.ECF@USDOJ.GOV)
Ruediger Mueller, Subchapter V Trustee (trustee@tcmius.com)
J. Steven Wilkes, Esq. (steven.wilkes@usdoj.gov)
Nathan A. Wheatley, Esq. (nathan.a.wheatley@usdoj.gov)
Amy Denton Mayer, Esq. (amayer.ecf@srbp.com)
Edward J. Peterson, III, Esq. (epeterson@srbp.com)
Becky Ferrell-Anton, Esq. (bfanton.ecf@srbp.com)
David Delrahim, Esq. (ddelrahim@eflegal.com)
John A. Anthony, Esq. (janthony@anthonyandpartners.com)
Andrew J. Ghekas, Esq. (aghekas@anthonyandpartners.com)
Nicolette C. Vilmos, Esq. (nicolette.vilmos@nelsonmullins.com)
David J. Jurkiewicz, Esq. (djurkiewicz@boselaw.com)
Joel M. Aresty, Esq. (aresty@icloud.com)
John Blair Boyd, Esq. (bk@svllaw.com)
Robert Bruce George, Esq. (rgeorge@thelilesfirm.com)
Teresa M. Hair, Esq. (teresa.hair@brockandscott.com)
Danielle S. Kemp, Esq. (kempd@gtlaw.com)
James Randolph Liebler, II, Esq. (jrlii@lgplaw.com)
Andrew J. Mongelluzzi, Esq. (courtdocs@clearwaterbusinesslaw.com)
Nicole Mariani Noel, Esq. (bankruptcynotices@kasslaw.com)
Kristian S. Oldham, Esq. (kristian.oldham@floridarevenue.com)
Shirley R. Palumbo, Esq. (shirley.palumbo@gmlaw.com)
Robert C. Schermer, Esq. (rschermer@manateelegal.com)
Ira Scot Silverstein, Esq. (iss@lgplaw.com)
Murray B. Silversten, Esq. (murray.silverstein@gmlaw.com)
Jennifer Smith Thomas, Esq. (jthomas@rumberger.com)
All parties who receive service electronically via the CM/ECF system