UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

                                                                                            Case No. 8:22-bk-1210-CED

MICHAEL KASTRENAKES            Chapter 11

                Debtor.
_____/

**MEMORANDUM OF LAW IN SUPPORT OF THE PRIORITY PORTION
OF CLAIM NO. 2 FILED BY
THE FLORIDA DEPARTMENT OF REVENUE**

      The claim filed in the instant bankruptcy case by the Florida Department of Revenue represents a tax obligation of the debtor by virtue of Florida Statute 213.29 which provides:

> "Any person who is required to collect, truthfully account for, and pay over any tax enumerated in chapter 201, chapter 206, or chapter 212 and who willfully fails to collect such tax or truthfully account for and pay over such tax or willfully attempts in any manner to evade or defeat such tax or the payment thereof; or any officer or director of a corporation who has administrative control over the collection and payment of such tax and who willfully directs any employee of the corporation to fail to collect or pay over, evade, defeat, or truthfully account for such tax shall, in addition to other penalties provided by law, be liable to a penalty equal to twice the total amount of the tax evaded or not accounted for or paid over."

The debt at issue is for taxes owed by corporations entirely controlled by debtor as the corporations' sole officer and director. The taxes in question are sales and use taxes required to be collected from customers and paid over to the state of Florida pursuant to Chapter 212 of the Florida Statutes. The question which the court has before it is whether the individual debtor's liability created by virtue of Florida Statute 213.29 would fall under Section 507(a)(8)(c) which reads as follows:

> **11 U.S.C. § 507 - Priorities**
>
> **(a)** The following expenses and claims have priority in the following order:
>
> **(8)**   Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—
>
> **(C)**   a tax required to be collected or withheld and for which the debtor is liable in whatever capacity;

There is no question that the claim filed by Florida has as its basis a tax that is required to be collected and turned over to the state of Florida, and that the debtor is liable for payment of the tax as a responsible party/corporate officer. However, debtor points out that the statute which makes debtor liable, uses the term "penalty", not "tax", and argues therefore that 11 U.S.C. 507(a)(8)(C) is inapplicable.

The question which the court must address is whether a claim filed under Florida Statute 213.29 is, in part, a tax claim for purposes of 11 U.S.C. 507(a)(8)(C), which would thus require full payment through debtor's Chapter 11 Plan. (*See* 11 U.S.C. 1129(a)(9)(C)).

The United States Supreme Court has addressed a similar issue and held that the funds were taxes at the time they were to be collected or withheld so even though "the funds due are referred to as a "penalty" when the Government later seeks to recover them does not alter their essential character as taxes for purposes of the Bankruptcy Act." *See United States v. Sotelo*, 436 U.S. 268 (1978).

When Congress enacted the Bankruptcy Code in 1978 it incorporated the language of the Bankruptcy Act addressed by the Supreme Court in the case of *U.S. v. Sotelo, supra*. and expanded upon it. The provision now appears as 11 U.S.C. 507 (a)(8)(C). In drafting the Bankruptcy Code Congress specifically addressed that it intended the results of this section to follow the ruling of the Supreme Court in *U.S. v Sotelo*, to include the liability of responsible officers. *See also In re Clark*, 64 B.R. 437 (M.D. Fla. 1986). It is interesting to note that the language of the Federal Statute in question in *Sotelo* and *Clark* - 26 U.S.C. 6672 - is nearly identical to the language of Florida Statute 213.29.

In the instant case the funds in question, like in *Sotelo*, were taxes at the time they were required to be collected, and should retain that characteristic even though referred to as a "penalty" at the time of collection.

WHEREFORE, the State of Florida, Department of Revenue, prays this honorable court hold the portion of the claim filed by Florida, identified as a priority,

represents taxes required to be collected and paid over to the state of Florida for which debtor is responsible in his capacity as a responsible party/officer.

                                              Respectfully submitted,

Dated: December 6, 2022            __/s/Frederick F. Rudzik_____
                                            Frederick F. Rudzik
                                            Fla Bar # 0749052
                                            Assistant General Counsel
                                            Florida Department of Revenue
                                            P.O. Box 6668
                                            Tallahassee, Florida 32314-6668
                                            (850) 617-8347
                                            rudzikf@dor.state.fl.us

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing *Memorandum of Law* has been furnished on this 17th day of November, 2022, by the Court's electronic noticing system to all parties receiving electronic noticing.

                                              /s/Frederick F. Rudzik_____
                                              Frederick F. Rudzik