UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                          Chapter 11

MICHAEL KASTRENAKES,                                       Case No. 8:22-bk-1210-CED

      Debtor.
_____/

**REPLY BRIEF: (I) IN SUPPORT OF (A) DEBTOR'S OBJECTION TO CLAIM NO. 2 FILED BY THE STATE OF FLORIDA-DEPARTMENT OF REVENUE; AND (B) MEMORANDUM OF LAW IN OPPOSITION TO CLAIM NO. 2 OF THE FLORIDA DEPARTMENT OF REVENUE AND (II) IN OPOSSITION TO THE MEMORADUM OF LAW IN SUPPORT OF THE PRIORITY PORTION OF CLAIM NO. 2 FILED BY THE FLORIDA DEPARTMENT OF REVENUE**

Michael Kastrenakes (the "**Debtor**") files this reply brief (the "**Reply**") in support of his *Debtor's Objection to Claim No. 2 filed by the State of Florida – Department of Revenue* (Doc No. 136) and *Memorandum of Law in Opposition to Claim No. 2 of the Florida Department of Revenue* (Doc. No. 188)  (Doc. Nos. 136 and 188, collectively, the "**Objection**") and in opposition to the *Memorandum of Law in Support of the Priority Portion of Claim No. 2 Filed by the Florida Department of Revenue* (Doc No. 210) and states as follows:

**Introductory Statement and Reservation of Rights**

The Debtor has asserted multiple objections to Claim No. 2 (the "**Claim**") filed by the State of Florida – Department of Revenue's (the "**DOR**").  This Reply focuses on the issue of whether any portion of the Claim is entitled to priority under Section 507(a)(8) of the Bankruptcy Code. The Debtor reserves all rights with respect to other objections to the Claim.

**Legal Analysis and Argument in Opposition**

    1.    **Florida Law Determines the Debtor's Obligation to the Florida Department of Revenue**

State law governs the substance of claims.[1]  In *Raleigh v. Illinois Dept. of Revenue*, the United States Supreme Court held that the state law with respect to a corporate officer's liability for a "responsible person" penalty when the corporation failed to pay state use taxes was not altered from what it would have been outside bankruptcy simply because the officer had filed for bankruptcy relief.[2]  The question in *Raleigh* related to the burden of proof on an Illinois Department of Revenue tax claim in bankruptcy court when the substantive law creating the tax obligation puts the burden on the taxpayer.  In resolving the question, the Supreme Court states:

> [c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code. *See Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *Vanston Bondholders Protective Comm. v. Green,* 329 U.S. 156, 161–162, 67 S.Ct. 237, 91 L.Ed. 162 (1946). The "basic federal rule" in bankruptcy is that state law governs the substance of claims, *Butner, supra,* at 57, 99 S.Ct. 914, Congress having "generally left the determination of property rights in the assets of a bankrupt's estate to state law," 440 U.S., at 54, 99 S.Ct. 914 (footnote omitted). "Unless some federal interest requires a different result, there is no reason why [the state] interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Id.,* at 55, 99 S.Ct. 914. In this case, the bankruptcy estate's obligation to the Illinois Department of Revenue is established by that State's tax code. . . .*see Branson, supra,* at 260–262, 213 Ill.Dec. 615, 659 N.E.2d, at 968.[3]

The Supreme Court's decision in *Raleigh* is instructive. To resolve the Objection to the Claim, this Court must first look to the Florida tax code, which serves as the basis for the Claim. In this case, the Claim arises from Florida Statute Section 213.29. Section 213.29 imposes a penalty on "responsible persons" who fail to collect and pay over tax or attempt to evade or defeat tax.[4] The penalty on the responsible person is 200% of the tax not paid by the business.[5]

---

[1] *Butner v. United States,* 440 U.S. 48, 57, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).
[2] 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13  (2000) (citing *Butner* and holding that state law applies to determination of question arising from the Illinois Department of Revenue's claim).
[3] *Id* at 20.
[4] Fla. Stat. § 213.29 (2015).
[5] *Id.*

### 2. Florida Statute Section 213.29 is a Penalty, Not a Tax

Florida's Second District Court of Appeal (the "**Second DCA**") explains the assessment of this penalty in its 2020 opinion entitled, *VMOB, LLC v. Department of Revenue*.[6] In *VMOB*, the officer of a limited liability company appealed the DOR's personal liability assessment penalizing her for the LLC's failure to remit sales taxes, which the LLC paid in part prior to the administrative hearing on the assessment.[7] The *VMOB* opinion is primarily concerned with calculating the amount of the personal liability penalty that is abated when the LLC remits the previously unpaid taxes.[8] The Second DCA upheld the imposition of a Section 213.29 200% penalty on the responsible party and denied that any portion of the penalty be considered a tax.[9] What is clear from the language of Section 213.29 and the Second DCA's *VMOB* opinion, discussed in detail below, is that the personal liability assessed by the statute is a penalty and <u>not</u> a tax. If a statute is not ambiguous, its unambiguous meaning is dispositive and resolves the case.[10]

Section 213.29 provides that the penalty shall be equal to twice the total amount of the tax evaded or not accounted for or paid over.[11] The LLC is liable for the tax and if the tax is not paid, a penalty equal to 200% of the tax may be imposed on the person that failed to collect or remit the taxes.[12] In *VMOB*, the DOR assessed a penalty of $81,060.04 against Ms. Bartlett (the sole officer of the company) based on the LLC's failure to pay the total of $40,530.02 of sales taxes as they

---

[6] *VMOB, LLC v. Department of Revenue*, 292 So.3d 23 ( Fla. 2d DCA 2020).
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S. Ct. 1942, 1947, 147 L. Ed. 2d 1 (2000) ("when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms."); *Eng. v. State*, 191 So. 3d 448, 450 (Fla. 2016) ("When the statutory language is clear or unambiguous, this Court need not look behind the statute's plain language or employ principles of statutory construction to determine legislative intent.").
[11] Fla. Stat. § 213.29 (2022).
[12] *Id.*

came due.[13] Prior to the hearing on the penalty assessment, the LLC paid $31,779.06 of the sales-tax amount upon which the penalty assessed against Ms. Bartlett was based, leaving a balance of $8,750.96.[14] The Second DCA held that "[u]nder the plain meaning of the abatement provision, then, the Department should have reduced the $81,060.04 penalty assessed against Ms. Bartlett by the $31,779.06 VMOB paid before the hearing.[15] Once that reduction is made, the proper amount of the penalty against Ms. Bartlett under section 213.29 is $49,280.98."[16]

The *VMOB* opinion is instructive in analyzing the issue presented here. In *VMOB*, the Second DCA held that the language of the statute "reasonably expresses a legislative decision to impose a penalty for the willful dodging of a tax liability…[i]t does not reasonably express a legislative decision to forego or limit the imposition of a penalty so long as some day, no matter how long after the tax was due, the tax is paid in some amount."[17] The *VMOB* case, decided by the Second DCA and interpreting the specific Florida law before this Court, makes it clear that the LLC's tax liability and the personal liability penalty imposed by Section 213.29 are separate and distinct liabilities. The tax owed by the LLC is not included in the penalty; the penalty is 200% of the amount of the unpaid tax. The personal liability imposed under Section 213.29 is a penalty on the responsible person for the LLC's failure to pay the tax. Even when the tax is paid and a portion of the penalty is abated as a result of that payment, a portion of the penalty will remain as punishment for willfully evading the tax payment.

The statutory language is clear, and the mandate from the Second DCA[18] instructs that Section 213.29 is a penalty, not a tax. In addition, other courts have held that any statute that

---

[13] *VMOB* at 28.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*

4

imposes an amount on an owner of a company for double the amount of tax owed by that company can only be considered a penal provision.[19]

Therefore, the DOR's Claim incorrectly asserts a priority tax claim against the Debtor. Pursuant to the plain language of Section 213.29 and the Second DCA's analysis in *VMOB*, the DOR's Claim is a penalty against the Debtor in the amount of 200% of the tax liability owed by the LLC. Based upon the foregoing, this Court should sustain the Objection.

3.  **Penalties Assessed Pursuant to Florida Statute Section 213.29 are General Unsecured Claims**

Sections 507(a)(8)(A) through (F) of the Bankruptcy Code refer to six categories of tax claims that are entitled to priority. The DOR argues that the personal liability penalty imposed on the Debtor pursuant to Section 213.29 is a tax claim entitled to priority under Section 507(a)(8)(C) of the Bankruptcy Code. There are no cases directly on point to support the DOR's argument. The DOR argues that the U.S. Supreme Court case, *U.S. v. Sotelo,*[20] is instructive. However, *Sotelo* is easily distinguishable from the instant case *Sotelo* deals with the dischargeability of an IRS claim, and is therefore, decided under federal rather than state law. In this case, the Court is asked to determine the priority of a personal liability penalty assessed under Florida Statute Section 213.29. As discussed above, the Supreme Court's *Raleigh* opinion instructs that this Court must apply state rather than federal law to determine the basis of the DOR's Claim. For the reasons stated above, the Debtor is not liable for a tax, but rather a penalty equal to 200% of the LLC's tax liability.

---

[19] *See*, *In re Juv. Shoe Corp. of Am.*, 99 F.3d 898, 900 (8th Cir. 1996) (*citing: United States v. Reorganized CF & I Fabricators of Utah, Inc.,* 518 U.S. 213, 221, 116 S. Ct. 2106, 2111, 135 L. Ed. 2d 506 (1996)), in which the court defined a tax as "a pecuniary burden laid upon individuals or property for the purpose of supporting the government. A penalty, in contrast, is "an exaction imposed by statute as punishment *901 for an unlawful act*." Id.* (citing United States v. La Franca, 282 U.S. 568, 572, 51 S.Ct. 278, 280, 75 L.Ed. 551 (1931)). Based upon the definition in *Reorganized CF & I Fabricators* ("… *an exaction imposed by statute as punishment…*") a statute which doubles the amount of tax owed can only be considered a penal provision.
[20] *U.S. v. Sotelo*, 436 U.S. 268 (1978).

Since the obligation is a penalty rather than a tax, Sections 507(a)(8)(A) through (F) of the Bankruptcy Code do not apply.

Tax penalties are dealt with in Section 507(a)(8)(G) of the Bankruptcy Code,[21] which provides for a priority unsecured claim for a penalty that is related to a claim of a kind specified in subsections (A) through (F), if the claim is compensation for actual pecuniary loss.[22] "[I]t is the general rule that the purpose of tax penalties is to punish those who fail to abide by the taxing structure, and to deter those who might be inclined to avoid tax payment."[23] "A tax is an enforced contribution to provide for the support of government; a penalty, as the word is here used, is an exaction imposed by statute as punishment for an unlawful act." *U.S. v. Reorganized CF & I Fabricators of Utah, Inc.*, 518 U.S. 213, 224 (1996) (citing *United States v. La Franca,* 282 U.S. 568, 572, 51 S.Ct. 278, 280, 75 L.Ed. 551 (1931)). "Consequently, most tax penalties, being punitive in nature, are not meant to compensate a taxing authority for an actual pecuniary loss."[24] For the reasons stated above, the *VMOB* case is clear that the penalty imposed by Section 213.29 is punitive rather than compensatory. Based upon the foregoing analysis, the DOR's Claim is not entitled to priority status, but is a general unsecured claim.

---

[21] Neither the Claim nor the DOR's pleadings assert priority status pursuant to Section 507(a)(8)(G) of the Bankruptcy Code. The Debtor provides this analysis to demonstrate that no provision of Section 507(a)(8) affords the Claim with priority status.
[22] 11 U.S.C. § 507(a)(8)(G).
[23] *In re Bair*, 302 B.R. 564, 566 (Bankr. N.D. Ohio 2003) (citing *In re Manchester Lakes Assoc.,* 117 B.R. 221, 224 (Bankr.E.D.Va.1990) (County's tax claim for penalties assessed upon real estate taxes was not entitled to treatment as secured claim, but rather, would be allowed as unsecured claim to be subordinated to claims of all other general unsecured creditors).
[24] *Id.*

Importantly, in an effort to protect the general unsecured creditor class from being punished along with the debtor, many bankruptcy courts have subordinated tax penalty claims pursuant to Section 510(c) o the Bankruptcy Code.[25] As explained in *In re Manchester Lakes Assocs.,*

> The rationale behind subordination of penalty claims in bankruptcy proceedings stems from the classification of both tax penalty and punitive damage claims as nonpecuniary losses originating from the debtor's wrongdoing. Under this rationale, the general unsecured creditors should not be penalized for such losses in view of the fact that tax penalties are to punish late-paying debtors, not the creditors. *See In re Virtual Network Services Corp.,* 902 F.2d 1246, 1250 (7th Cir.1990) (affirming the district court's reliance on section 510(c)(1) in subordinating an IRS prepetition tax penalty claim in a liquidating Chapter 11 and noting that "the purpose behind ... tax penalties [is] to punish those who fail to abide by the taxing structure, and to deter those who might be inclined to avoid tax payment ... [a]s such ... allowing the IRS to recover its nonpecuniary loss claims along with others who have actually 'invested' in VNS and lost would be unfair on these facts.");[9] *In re Merwede,* 84 B.R. 11, 14 (Bankr.D.Conn.1988) (subordinating IRS tax penalty in a Chapter 13 case and noting that "[t]he subordination of penalty claims is necessary to avoid the inequity of requiring innocent creditors to share the cost of a debtor's misconduct."); *In re Colin,* 44 B.R. 806, 810 (Bankr.S.D.N.Y.1984) (subordinating under section 510(c), punitive damage portion of claim in Chapter 11 reorganization and noting that penalty claims "should not be allowed to share *in pari passu* with other general unsecured creditors" since doing so would result in innocent creditors paying for the debtor's alleged misconduct.).

Other taxing agencies have attempted to avoid subordination by recharacterizing penalties as a tax. *See, e.g. Matter of Virtual Network Servs. Corp.*, 902 F.2d 1246, 1249 (7th Cir. 1990)("IRS's attempt to recharacterize the tax penalty as a tax claim in order to avoid subordination is not new but it has never succeeded nor do we conclude it should be successful here").

4.    **Section 726 of the Bankruptcy Code is Not Applicable to This Chapter 11 Case**

The DOR also argues that liabilities owed pursuant to Section 213.29 are entitled to priority status pursuant to Sections 726 (a)(1) and (a)(4) of the Bankruptcy Code. However, Section 726

---

[25] *In re Manchester Lakes Assocs.*, 117 B.R. 221, 225 (Bankr. E.D. Va. 1990); Collier on Bankruptcy 507.11[8].

7

governs the priority of distributions in Chapter 7 liquidation and is inapplicable to a Chapter 11 case.

Based upon the foregoing arguments and authorities, this Court should sustain the Objection.

*/s/ Amy Denton Mayer*
Amy Denton Mayer (FBN 634506)
Barbara A. Hart (FBN 512036)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida  33602
Telephone:  (813) 229-0144
Email:  amayer@srbp.com; bhart@srbp.com
Attorneys for Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that true and correct copies of the foregoing *Reply Brief* has been furnished on this 13th day of December, 2022, by the Court's CM/ECF electronic mail system to all parties receiving electronic service and to the LBR 1007-2 Parties in Interest matrix attached hereto..

*/s/ Amy Denton Mayer*
Amy Denton Mayer

```
Label Matrix for local noticing          Automotive Finance Corporation           CPX Holdings, LLC
113A-8                                   Jennifer Smith Thomas                    c/o Bush Ross, P.A.
Case 8:22-bk-01210-CED                   Rumberger Kirk & Caldwell P.A.           Attn. Kathleen L. DiSanto, Esq.
Middle District of Florida               300 South Orange Avenue, Suite 1400      Post Office Box 3913
Tampa                                    Orlando, Florida 32801-3380              Tampa, FL 33601-3913
Tue Dec 13 14:52:04 EST 2022

CPX Holdings, LLC                        Courtney Leasing, Inc.                   Courtney Leasing, Inc.
c/o Bush Ross, P.A.                      Danielle S. Kemp, Esq.                   8126 Benrus Street
Attn. Adam Lawton Alpert, Esq.           GREENBERG TRAURIG, P.A.                  Orlando, FL 32827-5074
Post Office Box 3913                     101 E. Kennedy Blvd., Suite 1900
Tampa, FL 33601-3913                     Tampa, FL 33602-5148


Cygram Heritage, LLLP                    Cygram Heritage, LLLP                    Cygram Heritage, LLLP
c/o John A. Anthony, Esquire             c/o Andrew J. Ghekas, Esq.               c/o John Anthony, Esq.
Anthony & Partners, LLC                  Anthony & Partners, LLC                  Anthony & Partners
100 S. Ashley Drive, Suite 1600          100 S. Ashley Dr., Suite 1600            100 S. Ashley Dr., #1600
Tampa, FL 33602-5318                     Tampa, FL 33602-5318                     Tampa, FL 33602-5318


Deanna Tsetsekas                         Dr. Panayiotis Vasiloudes                First Home Bank
300 Lepredhaun Lane                      c/o Andrew J. Ghekas, Esq.               ATT: Robert B. George & Ryan J. Mittauer
Dunedin, FL 34698                        Anthony & Partners, LLC                  The Liles Firm, PA
                                         100 S. Ashley Dr., Suite 1600            50 N Laura St., Ste. 1200
                                         Tampa, FL 33602-5318                     Jacksonville, FL 32202-3670


George Lagos                             Greenspoon Marder LLP                    Grow Financial
1473 Sturbridge Ct.                      C/O Shirley Palumbo, Esq.                P.O. Box 89909
Dunedin, FL 34698-2263                   City Place,525 Okeechobee Blvd, Suite 90 Tampa, FL 33689-0415
                                         West Palm Beach, FL 33401-6306


Grow Financial Credit Union              HF Financial, LLC                        Irene Pappas, Trustee of the Irene
Sorenson Van Leuven, PLLC.               701 Spottis Woode Lane                   Pappas Revocable Trust utd 8/23/99
J. Blair Boyd, Esquire                   Clearwater, FL 33756-5267                2632 Velventos Dr.
Post Office Box 3637                                                              Clearwater, FL 33761-1710
Tallahassee, FL  32315-3637


Jeff Hackett                             K&M Insurance Investors, LLC -           Konstantinos Papaspanos
1515 E. Lake Woodlands Pkwy.             c/o John Anthony, Esq.                   c/o Gilbert M. Singer, Esq.
Oldsmar, FL 34677-1903                   Anthony & Partners                       5104 S. Westshore Blvd.
                                         100 S. Ashley Dr., #1600                 Tampa, FL 33611-5650
                                         Tampa, FL 33602-5318


NextGear Capital, Inc.                   NextGear Capital, Inc.                   Pagona Kokolakis
c/o Nicolette C. Vilmos, Esq.            c/o Nicolette Vilmos, Esq.               103 Buena Vista Dr. S.
Nelson Mullins Riley & Scarborough LLP   390 N. Orange Ave., #1400                Dunedin, FL 34698-3305
390 North Orange Avenue                  Orlando, FL 32801-1687
Suite 1400
Orlando, FL 32801-1687

Panayiotis Vasiloudes, MD, PHD           Platinum Auto Finance of Tampa Bay, LLC  Shirley Palumbo, Esq.
c/o John Anthony, Esq.                   c/o Joel M. Aresty, P.A.                 Greenspoon Marder LLP
Anthony & Partners                       309 1st Ave S.                           401 E Jackson Street, Suite 3650
100 S. Ashley Dr., #1600                 Tierra Verde, FL 33715-2231              Tampa FL 33602-5252
Tampa, FL 33602-5318


Shirley Palumbo, Esq.                    SouthState Bank                          SouthState Bank, NA
Edmund O. Loos, III, Esq.                3711 Tampa Rd.                           Att: Edward J Peterson III, Esq
201 E. Pine St., Ste 500                 Oldsmar, FL 34677-6309                   Stichter Riedel Blain & Postler, PA
Orlando FL 32801-2718                                                             110 East Madison Street, Suite 200
                                                                                  Tampa, FL 33602-4718
```

```
THOMAS ZERVAS AND KONSTANTINOS PAPASPANOS      Teresa M. Hair                      Thomas Zervas
c/o Nicole Mariani Noel                        Brock and Scott, PLLC               2632 Velventos Dr.
P.O. Box 800                                   Attorneys at Law                    Clearwater, FL 33761-1710
Tampa, FL 33601-0800                           8757 Red Oak Blvd.
                                               Charlotte, NC 28217-3983


Trifon Houvardas -                             (p)US BANK                          Vasilios and Eva Gargeros
c/o John Anthony, Esq.                         PO BOX 5229                         2132 Gulf View Blvd., Unit 14/24
Anthony & Partners                             CINCINNATI OH 45201-5229            Dunedin, FL 34698-2101
100 S. Ashley Dr., #1600
Tampa, FL 33602-5318


WESTLAKE FLOORING COMPANY, LLC                 Wells Fargo, N.A.                   Westlake Flooring Co., LLC
c/o Ira Scot Silverstein, Esquire              3476 Stateview Blvd                 c/o James R. Liebler, II, Esq.
Liebler Gonzalez & Portuondo                   Fort Mill, SC 29715-7200            Liebler Gonzalez & Portuondo
44 West Flagler Street- 25th Floor                                                 44 West Flagler Street 25th Floor
Miami, FL 33130-1817                                                               Miami, FL 33130-1817


Westlake Flooring Co., LLC
8000 Wilshire Blvd.
Los Angeles, CA 90010
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
U.S. Bank, N.A.
Southeast RV/Marine
P.O. Box 790179
Saint Louis, MO 63179-0179
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Note: Entries with a '+' at the end of the      End of Label Matrix
name have an email address on file in CMECF        Mailable recipients   39
--------------------------------------------       Bypassed recipients    1
Note: Entries with a '-' at the end of the         Total                 40
name have filed a claim in this case
```