UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                          Chapter 11

MICHAEL KASTRENAKES,                          Case No. 8:22-bk-1210-CED

      Debtor.
_____/

**DEBTOR'S NOTICE OF PROPOSED**
**AGENDA FOR DECEMBER 16, 2022, HEARING**

The matters set forth on **Exhibit A** attached hereto are scheduled for a status hearing on December 16, 2022 at 10:00 a.m. (the "**Hearing**"). The Debtor anticipates that the Hearing will be utilized to: (i) identify contested legal and factual issues for confirmation; (ii) discuss rescheduling the January 11 and 12, 2023 trial to sometime in April 2023 to permit the parties to retain expert witnesses, enable their experts to perform analyses and prepare reports, conduct expert discovery, and prepare for trial; (iii) discuss whether the Court's approval of the compromise between the Debtor and the Vasiloudes Creditors moots any pending objections to the Vasiloudes Creditors' claims; and (iv) discuss the Court's ruling on whether any portion of Claim No. 2 filed by the Florida Department of Revenue is entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

The contested legal and factual issues for confirmation are set forth in the objections filed by First Home Bank ("**FHB**") (Doc. No. 215), NextGear Capital, Inc. ("**NextGear**") (Doc. Nos. 141 and 177), and Westlake Flooring Company, LLC ("**Westlake**") (Doc. No. 140). The issues can be summarized as follows:

- The adequacy of disclosure under Section 1125 of the Bankruptcy Code;
- Whether the plan was proposed in good faith under Section 1129(a)(3) of the

- Bankruptcy Code;

- The appropriateness of the classification and treatment of claims under Section 1122(a) and 1123(a)(1) through (4) of the Bankruptcy Code;

- The value of FHB's collateral and the value of collateral proposed to be surrendered to FHB under the plan (the "**Valuation Issue**");

- Whether plan provides FHB with the indubitable equivalent of its claim under Section 1129(b)(2)(A)(iii) of the Bankruptcy Code (the "**Indubitable Equivalent Issue**");

- Whether the Vasiloudes Creditors are entitled to a matching injunction; and

- Whether Maria Kastrenakes is entitled to a release in consideration for making the Maria Kastrenakes Contribution (as defined in the Plan).

Previously, the Debtor and FHB were focused on a potential resolution of contested issues, including plan treatment. Regrettably, resolution does not appear imminent. Accordingly, the parties are in the process of retaining experts to testify regarding the Valuation Issue and the Indubitable Equivalent Issue. The parties need time to formally retain experts, for the experts to perform an analysis, render their opinions, and prepare an expert report. They also need time to conduct expert discovery and prepare for trial. Unfortunately, with the intervening holidays, completing this process by January 11 and 12 is not feasible. Indeed, the potential experts that the Debtor has been communicating with have indicated that they need at least 2 months after being formally retained and provided with documents and information to render opinion and prepare an expert report. Counsel for the Debtor has communicated with counsel for FHB regarding the scheduling issues. Given their respective trial schedules, the parties would request that the Court continue the trial on confirmation and approval of the compromise with the Vasiloudes Creditors to sometime in April 2023, perhaps the week of April 17 if the Court's calendar permits.

Based upon the Court's bench ruling in *In re Banroc*, Case No. 21-1258 and the majority view[1] espoused by other bankruptcy courts, if the court approves a settlement under Federal Bankruptcy Rule 9019, then the court has determined and allowed the claims that are the subject of the motion to approve the compromise. In this case, the Debtor, in the exercise of his business judgment, has decided to settle all claims asserted by the Vasiloudes Creditors. Ironically, the very settlement that NextGear opposes benefits all unsecured creditors by providing for a waiver by the Vasiloudes Creditors of the right to share in distributions in the absence of a default. The settlement also terminates the litigation of a myriad of contested matters in the main case and litigation of six adversary proceedings, the costs of which could easily have caused the administrative insolvency of the estate. If, after considering the *Justice Oaks* factors, this Court approves the compromise, the Debtor submits that all objections to the Vasiloudes Creditors' claims become moot.

As of December 13, the parties had fully briefed the issue of whether any portion of Claim No. 2 filed by the Florida Department of Revenue is entitled to priority. The Court's ruling on this issue may provide the parties with guidance regarding litigation of the remaining objections to Claim No. 2 and the direction of the case in general.

---

[1] *See e.g., In re DVR, LLC*, 582 B.R. 507, 65 Bankr. Ct. Dec. (CRR) 141 (Bankr. D. Colo. 2018); *In re Heritage Org., L.L.C.*, 375 B.R. 230 (Bankr. N.D. Tex. 2007); *In re Tri-State Ethanol Co. LLC*, 370 B.R. 222 (Bankr. D.S.D. 2007); *Law Debenture Trust Co. v. Kaiser Aluminum Corp. (In re Kaiser Aluminum Corp.)*, 339 B.R. 91 (D. Del. 2006); *RenGen Capital III, Inc. v. Official Comm. of Unsecured Creditors (In re Trism, Inc.)*, 282 B.R. 662 (B.A.P. 8th Cir. 2002); *In re Dow Corning Corp.*, 244 B.R. 72 (Bankr. E.D. Mich. 1999).

**Exhibit A**

| Doc. No. | Filing Party(ies) | Matter | Status |
|---|---|---|---|
| colspan="4" | **MAIN BANKRUPTCY CASE** **CASE NO. 8:22-bk-1210-CED** | | |
|  | Confirmation Issues | | |
| 96 | Debtor | Confirmation Hearing on Plan of Reorganization Under Chapter 11 | Continue the January 11 and 12 trial to April 2023 (preferably the week of April 17) |
| 164 | Debtor | Unopposed Amendment to Debtor's Plan of Reorganization | |
| 103 | Cygram Heritage, et al | Objection to Disclosure Statement and Confirmation | Settled per Doc. No. 164 and 178 |
| 138 | Thomas Zervas and Konstantinos Papaspanos | Joinder in Doc. 103 | Moot based upon settlement of underlying objection |
| 140 | Westlake Flooring Company, LLC | Objection to Disclosure Statement and Confirmation | Debtor intends to file an objection to the secured claim and a motion to value; continue objection to April 2023 (preferably the week of April 17) |
| 141 | NextGear Capital, Inc. | Objection to Disclosure Statement and Confirmation | Continue to April 2023 (preferably the week of April 17) |
| 177 | NextGear Capital, Inc. | Objection to Plan Amendment | Continue to April 2023 (preferably the week of April 17) |
| 180 | First Home Bank | Objection to Plan Amendment | Continue to April 2023 (preferably the week of April 17) |
| 215 | First Home Bank | Amended Objection to Confirmation | Continue to April 2023 (preferably the week of April 17) |

4883-3867-2195, v. 3

| Doc. No. | Filing Party(ies) | Matter | Status |
|---|---|---|---|
| <td colspan="4" align="center">Objections to Claims</td> |
| 136 | Debtor | Objection to Claim No. 2 | Fully briefed as to priority issue. The Court's ruling on the priority issue may provide guidance to the parties with respect to litigation of the remaining objections to the claim as well as the direction of the case in general. |
| 154 | Florida Dept. of Revenue | Response to Objection to Claim No. 2 | |
| 188 | Debtor | Memorandum in Opposition of Claim No. 2 | |
| 210 | Florida Dept. of Revenue | Memorandum in Support of Claim No. 2 | |
| 218 | Debtor | Reply Brief in Opposition of Claim No. 2 | |
| 127 | Debtor | Objection to Claim No. 11 of NextGear Capital, Inc. | Not required to be litigated prior to confirmation, however, need to set for hearing |
| 148 | NextGear Capital, Inc. | Response to Debtor's Objection to Claim No. 11 | Not required to be litigated prior to confirmation, however, need to set for hearing |
| 152 | Debtor | Motion to Consolidate Objection to Claim No. 11 with Adversary Proc. No. 8:22-ap-112-CED | Debtor requests that the Court grant the motion or set for further hearing |
| 168 | NextGear Capital, Inc. | Objection to Claim No. 16 of Trifon Houvardas | Moot if the Court approves the compromise between the Debtor and the Vasiloudes Creditors |
| 169 | NextGear Capital, Inc. | Objection to Claim No. 17 of Cygram Holdings, LP | |
| 170 | NextGear Capital, Inc. | Objection to Claim No. 18 of Cygram Heritage, LLLP | |
| 171 | NextGear Capital, Inc. | Objection to Claim No. 19 of Dr. Panayiotis Vasiloudes | |
| 172 | NextGear Capital, Inc. | Objection to Claim No. 20 of Cygram Heritage, LLLP | |

| Doc. No. | Filing Party(ies) | Matter | Status |
|---|---|---|---|
| 173 | NextGear Capital, Inc. | Objection to Claim No. 15 of K&M Insurance Investors, LLC | |
| 174 | Vasiloudes Creditors | Response to Objections to Claims 15 through 20 | |
| 167 | NextGear Capital, Inc. | Objection to Claim No. 14 of First Home Bank | Not a Debtor issue |
| 207 | First Home Bank | Response to Objection to Claim No. 14 | |
| 176 | NextGear Capital, Inc. | Amended Objection to Claim No. 13 of CPX Holdings, LLC | Not a Debtor issue |
| 209 | CPX Holdings, LLC | Response to Amended Objection to Claim No. 13 | |
| | | Compromise Issues | |
| 178 | Debtor | Motion to Approve Compromise with Vasiloudes Creditors | Continue to April 2023 (preferably the week of April 17) |
| 192 | NextGear Capital, Inc. | Objection to Compromise with Vasiloudes Creditors | |
| 198 | NextGear Capital, Inc. | Supplemental Objection to Compromise with Vasiloudes Creditors | |
| 199 | First Home Bank | Objection to Compromise with Vasiloudes Creditors | |
| | | Discovery Issues | |
| 194 | Vasiloudes Creditors | Motion for Protective Order and Omnibus Objection to NextGear Discovery | Not a Debtor issue |
| 206 | NextGear Capital, Inc. | Response to Motion for Protective Order and Omnibus Objection to NextGear Discovery | |

| | | | |
|---|---|---|---|
| | | **ADVERSARY PROCEEDINGS** | |
| | | **8:22-ap-55-CED – Kastrenakes v NextGear Capital, Inc.** <br> **Complaint for Injunctive Relief** | |
| 2 | Debtor | Continued Motion for Preliminary Injunction with Supporting Memorandum of Law | |

| | | | |
|---|---|---|---|
| 12 | Cygram Heritage, et al | Response and Memorandum of Law in Opposition to Motion for Preliminary Injunction | Given the substantial progress being made in the case, the Debtor requests an extension of the preliminary injunction pending confirmation. NextGear opposes the injunction. |
| 30 | Thomas Zervas | Joinder to Response and Memorandum of Law in Opposition to Motion for Preliminary Injunction | |
| 43 | Debtor | Renewed Emergency Motion for Preliminary Injunction | |
| 49 | NextGear | Objection to Renewed Emergency Motion for Preliminary Injunction | |
| **VASILOUDES LITIGATION** | | | |
| **8:22-ap-95-CED – Vasiloudes et al v Kastrenakes**<br>**Conversion of Funds/Fraud** | | | |
| 1 | | Pre-Trial Conference | This adversary proceeding will be dismissed with prejudice if the plan is confirmed. The parties request that these matters be continued with confirmation. |
| 6 | Debtor | Motion to Dismiss Adversary Proceeding | |
| 11 | Plaintiff | Response to Motion to Dismiss Adversary Proceeding | |
| 39 | Debtor | Amended Agreed Motion for Extension of Time for all Defendants to Respond to Discovery Propounded by the Vasiloudes Creditors | The parties request that the motion be granted. |
| **Discovery Disputes** | | | |
| 7 | Debtor | Objection to Notice of Serving Subpoena to Non-Parties | These pleadings will be withdrawn if the plan is confirmed. The parties request that these matters be continued with confirmation. |
| 8 | Maria Kastrenakes | Objection to Notice of Serving Subpoena to Non-Parties | |
| 12 | Plaintiff | Response to Objection to Notice of Serving Subpoena (Doc. 7) | |
| 13 | Plaintiff | Response to Objection to Notice of Serving Subpoena (Doc. 8) | |
| 29 | Debtor | Motion to Enforce Agreement with Plaintiffs for Extension of Time to Respond to Discovery or in the Alternative, Motion for Extension of Time to Respond to Discovery | |

4883-3867-2195, v. 3

| | | 8:22-ap-96-CED – Cygram Heritage, LLLP et al v Kastrenakes<br>Conversion of Funds/Fraud | |
|---|---|---|---|
| 1 | | Pretrial Conference | This adversary proceeding will be dismissed with prejudice if the plan is confirmed. The parties request that these matters be continued with confirmation. |
| 9 | Debtor | Motion to Dismiss Adversary Proceeding | |
| 13 | Plaintiff | Response to Motion to Dismiss Adversary Proceeding | |
| | | 8:22-ap-112-CED – Removed Action<br>NextGear Capital, Inc. v Kastrenakes et al<br>Complaint for Damages and Replevin | |
| 1 | | Pretrial Conference | The Debtor filed an objection to NextGear's claim and filed a motion to consolidate the claim objection with the removed adversary proceeding. The Debtor intends to proceed with this litigation; however, the litigation does not need to occur prior to confirmation. |
| 37 | Debtor | Motion to Consolidate Objection to Claim No. 11 in Main Case with Adversary Proceeding | The Debtor requests that the motion be granted. |
| | | 8:22-ap-113-CED – Removed Action<br>Vasiloudes et al v Kastrenakes et al<br>Complaint for Damages | |
| 1 | Debtor | Continued Pretrial Conference | The Debtor, Maria Kastrenakes, New Wave Acceptance, LLC, Platinum Auto Finance, LLC, and MK Automotive, Inc. will be dismissed with prejudice if the plan is confirmed. The remaining claims against Platinum Auto Finance of Tampa Bay, LLC would likely be remanded to state court. The parties request that these matters be continued with confirmation. |
| 62 | Debtor | Motion to Dismiss Counts I-V, VII and IX of Amended Complaint | |
| 63 | Maria Kastrenakes | Motion to Dismiss Counts VII and IX of Amended Complaint | |
| 65 | New Wave | Motion to Dismiss Counts II, VIII, and IX of Amended Complaint | |
| 76 | Cygram Heritage, et al | Objection to PAF Abatement Motion | |
| 80 | Cygram Heritage | Response to Dismissal Motions | |

| | | | |
|---|---|---|---|
| 83 | Debtor | Motion to Enforce Agreement with Plaintiffs for Extension of Time to Respond to Discovery or in the Alternative, Motion for Extension of Time to Respond to Discovery | This motion will be withdrawn if the Court confirms the plan. The Debtor requests that the motion be continued with confirmation. |
| 97 | Debtor | Amended Agreed Motion for Extension of Time for all Defendants to Respond to Discovery Propounded by the Vasiloudes Creditors | The parties request that the motion be granted. |
| 50 | Cygram Heritage, et al | Motion to Compel Mediation against Platinum Auto Finance | Not a Debtor issue |
| 54 | Platinum Auto Finance | Motion to Dismiss Adversary Proceeding and to Strike Plaintiff's Claim for Attorney Fees | Not a Debtor issue |
| 56 | Platinum Auto Finance | Motion to Stay Discovery Pending Resolution of Motion to Dismiss | Not a Debtor issue |
| colspan | **8:22-ap-114-CED – Removed Action**<br>**Vasiloudes et al v Kastrenakes et al**<br>**Complaint for Damages** | | |
| 1 | Debtor | Pretrial Conference | The Debtor and Kevin E. Hawkins will be dismissed with prejudice if the plan is confirmed. The remaining claims against the other defendants would likely be remanded to state court. The parties request that these matters be continued with confirmation. |
| 32 | Cygram Heritage, et al | Motion to Compel Mediation as to ICO Defendants | Not a Debtor issue |
| 41 | Debtor | Motion to Enforce Agreement with Plaintiffs for Extension of Time to Respond to Discovery or in the Alternative, Motion for Extension of Time to Respond to Discovery | This motion will be withdrawn if the Court confirms the plan. The Debtor requests that the motion be continued with confirmation. |

9

| 54 | Debtor | Amended Agreed Motion for Extension of Time for all Defendants to Respond to Discovery Propounded by the Vasiloudes Creditors | The parties request that the motion be granted. |
|---|---|---|---|
| 57 | Cygram Heritage, et al | Motion to Compel Discovery | Not a Debtor issue |
| **8:22-ap-115-CED – Removed Action**<br>**Vasiloudes et al v Maria Kastrenakes et al**<br>**Complaint as to Trusts** | | | |
| 1 | Debtor | Pretrial Conference | This adversary proceeding will be dismissed with prejudice if the plan is confirmed. The parties request that these matters be continued with confirmation. |
| 7 | Plaintiffs | Motion for Remand, Abstention and/or Permissive Abstention | |
| 14 | Maria Kastrenakes | Response in Opposition to Plaintiff Creditors' Motion for Remand, for Mandatory Abstention and/or Permissive Abstention | |
| 15 | Debtor | Response in Opposition to Plaintiff Creditors' Motion for Remand, for Mandatory Abstention and/or Permissive Abstention | |
| 24 | Debtor | Motion to Intervene as Defendant and Motion for Extension of Time to File a Responsive Pleadings Required by Fed.R.Civ.P. 24(c) | |
| 25 | Debtor | Motion to Extend Time to File Responsive Pleading | |
| 28 | Plaintiffs | Objection to Debtor/Intervenor's Motion to Extend Time to File the Responsive Pleadings Required by Fed.R.Civ.P. 24(c) | |
| **8:22-ap-118-CED – Vasiloudes et al v Kastrenakes**<br>**Complaint Objecting to Insider Claims and Seeking Equitable Subordination** | | | |
| 19 | Debtor | Motion to Dismiss Adversary Proceeding | The Plan currently provides for a partial subordination of CPX Holdings, LLC's secured claim. The Debtor does not oppose complete subordination of the unsecured claims of Evangeline Kastrenakes and Pagona Kokolakis. The |
| 20 | Maria Kastrenakes, et al | Motion to Dismiss Adversary Proceeding | |
| 23 | Cygram Heritage, et al | Response to Motion to Dismiss (Doc. 20) | |

| 24 | Cygram Heritage, et al | Response to Motion to Dismiss (Doc. 19) | parties request that these matters be continued with confirmation. |
|----|------------------------|------------------------------------------|----------------------------------------------------------------------|
| **8:22-ap-122-CED – Removed Action** <br> **Zervas, et al v Kastrenakes et al** <br> **Complaint for Damages, Unjust Enrichment** ||||
| 1 | Debtor | Pretrial Conference | This adversary proceeding was remanded to state court and abated in state court pending confirmation, dismissal or conversion of the case. *See* Doc. No. 21. |

*/s/ Amy Denton Mayer*
Edward J. Peterson (FBN 0014612)
Amy Denton Mayer (FBN 0634506)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Email: epeterson@srbp.com; amayer@srbp.com
Attorneys for Debtor

4883-3867-2195, v. 3