**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:

MICHAEL KASTRENAKES,

    Debtor.
_____/

Case No.: 8:22-bk-01210-CED
Chapter: 11

**VASILOUDES CREDITORS' MOTION TO CONVERT**
**REORGANIZATION TO CHAPTER 7 LIQUIDATION**

Pursuant to Bankruptcy Code §1112(b)(4)(A), Federal Rule of Bankruptcy Procedure 2002(a)(4), and other applicable law, Dr. Panayiotis Vasiloudes ("Vasiloudes"), Cygram Heritage, LLLP ("Heritage"), Cygram Holdings, L.P. ("Holdings"), Panevas, LLC ("Panevas"), Trifon Houvardas ("Houvardas"), and K&M Insurance Investors, LLC ("K&M"), collectively referred to herein as the "Vasiloudes Creditors," move on the following grounds for the order of this Court that will convert the above-captioned Chapter 11 bankruptcy case (this "Reorganization"), filed by Michael Kastrenakes (the "Debtor") to a straight chapter 7 liquidation:

    **A.**    **Background, Jurisdiction, and Venue**

1.    On March 27, 2022 (the "Petition Date"), the Debtor filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition"), thereby initiating this Reorganization.

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157(a) and (b), and 1334(a) and (b).

3.     Venue is proper pursuant to 28 U.S.C. §1408.

### B.     Debtor, Related Parties and Estate Property:

4.     The Debtor is an individual who resides in Pinellas County, Florida, and is the husband of Maria Kokolakis Kastrenakes ("Ms. Kastrenakes"), a non-filing party-in-interest. Ms. Kastrenakes and the Debtor (together, the "Kastrenakeses") have been involved together as husband and wife in the restaurant business, the real estate business, and most notably the automobile business for many years.

5.     Prior to initiating this Reorganization, the Kastrenakeses owned and operated a consortium of auto businesses that sold, leased, and financed vehicles (collectively, the "Auto Business"). As of the date of initiating this Reorganization, the Kastrenakeses take the position that all of the Auto Businesses had all "shut down" and "ceased operations."

6.     Throughout this Reorganization, the Debtor has implausibly attempted to attribute the failure of his finances relating to the Auto Business to COVID-19, rather than fraud in self-dealing.

7.     The Vasiloudes Creditors were all investors in business entities controlled by the Kastrenakeses that failed. The Vasiloudes Creditors have traced millions of dollars from their investments to other business entities and individuals that should not have them.

8.     The Debtor's fraud in dealing with the Vasiloudes Creditors was not isolated. The Debtor also failed to pay the Florida Department of Revenue (the "FDOR") nearly $5,000,000 in sales tax liability.[1]

---

[1] With Florida's sales tax for automobiles at six (6%) percent, $5,000,000 in sales tax liability translates to $83,000,000 in automobile sales. Nobody knows where that money went.

9. Just before the Debtor's tax fraud became exposed, but when the Debtor was already aware that these problems could no longer be concealed, the Debtor made a series of tearful confessions and promises to Vasiloudes, some involving Ms. Kastrenakes and the various other Vasiloudes Creditors.[2] They vowed to work out of the situation in a satisfactory manner, but then failed to follow through.

10. Although not the only creditors of the Kastrenakeses, the Vasiloudes Creditors filed lawsuits in Pinellas County Circuit Court (the "State Court") during March 2022, that were the direct cause of the Debtor's chapter 11 filing.

11. Shortly before initiating this Reorganization, the Debtor pled guilty to tax fraud in the context of a criminal case pending in the State Court.[3] The Kastrenakeses paid a large tax liability just before the filing, and Ms. Kastrenakes formed a business entity[4] to handle the logistics of the payment which appears to be vulnerable under Bankruptcy Code §547, among other things. However, it then became apparent that the FDOR might still be claiming sums from the Debtor that should have been settled in the context of the Criminal Case.

12. As noted above, the Debtor filed a voluntary chapter 11 petition on March 27, 2022, electing treatment as a Subchapter V.[5]

---

[2] The Debtor confided that his conduct was not just fraudulent toward Vasiloudes and his family, but that it was criminal. For purposes of this Reorganization, the most important point is that the relevant claims of the Vasiloudes Creditors not be ignored or trivialized.
[3] State of Florida v. Michael Kastrenakes, Case No.: 20-11345-CF, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida (the "Criminal Case").
[4] CPX, LLC ("CPX") was formed by Ms. Kastrenakes days before the Debtor initiated this Reorganization. Any real or imagined claim CPX may possess in this Reorganization arises in the context of the Kastrenakeses' self-dealing, at the expense of arms' length creditors and this estate.
[5] The Debtor has since dropped this designation and is proceeding under chapter 11.

C. **Adversary Proceedings Removed From State Court:**

13. The Debtor has been embroiled in five (5) actions (collectively, the "State Actions"), initiated by various creditors against the Debtor or insiders of the Debtor in the State Court, all subsequently removed by the Debtor and pending before this Court as adversary proceedings (collectively, the "Removed Adversary Proceedings"). The Removed Adversary Proceedings are in gridlock.

    a. **NextGear Adversary Proceeding:**[6] The Debtor has removed the underlying State Action,[7] that was initiated by NextGear Capital, Inc. ("NextGear"), seeking $1,237,031.70 against the Kastrenakeses relating to the Auto Business.

    b. **Zervas Adversary Proceeding:**[8] Similarly, the Debtor has removed another State Action[9] filed by Thomas Zervas and Konstantinos Papaspanos seeking

---

[6] NextGear Capital, Inc. v. MK Automotive, Inc., d/b/a New Wave Auto Sales; Maria J. Kastrenakes; Michael Kastrenakes; New Wave Auto Finance, LLC; Automotive Finance Corporation; Centerstate Bank, N.A., Ascentium Capital, LLC; Republic Bank and Trust Company; Great America Financial Services Corporation; U.S. Small Business Administration, and Unknown Persons-in-Possession, Case No. 8:22-ap-00112-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Removed NextGear Proceeding").

[7] NextGear Capital, Inc. v. MK Automotive, Inc., d/b/a New Wave Auto Sales; Maria J. Kastrenakes; Michael Kastrenakes; New Wave Auto Finance, LLC; Automotive Finance Corporation; Centerstate Bank, N.A., Ascentium Capital, LLC; Republic Bank and Trust Company; Great America Financial Services Corporation; U.S. Small Business Administration, and Unknown Persons-in-Possession, Case No.: 22-003846-CI, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida (the "NextGear Case").

[8] Thomas Zervas and Konstantinos Papaspanos v. Platinum Auto Finance, LLC n/k/a New Wave Auto Finance, LLC, Michael Kastrenakes, and Maria Kastrenakes, Adv. Proc. No. 8:22-ap-00122-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Removed Zervas Proceeding").

[9] Thomas Zervas and Konstantinos Papaspanos v. Platinum Auto Finance, LLC n/k/a New Wave Auto Finance, LLC, Michael Kastrenakes, and Maria Kastrenakes, Case No.: 21-001223-CI, in

$285,735 against the Kastrenakeses, also relating to the Auto Business.

c. **New Wave Adversary Proceeding:**[10]  On February 20, 2022, some of the Vasiloudes Creditors commenced this State Action[11] in State Court, seeking millions from the Kastrenakeses tied to his mishandling of the Auto Business, with Ms. Kastrenakes also a defendant.

d. **ICO Adversary Proceeding:**[12]  On February 28, 2022, some of the Vasiloudes Creditors commenced this State Action[13] shortly before the Debtor initiated this Reorganization, involving facts similar to the New Wave adversary proceeding but with a different business entity involved.

e. **The Removed Trusts Proceeding:**[14]  On May 20, 2022, some of the

---

the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida (the "Zervas Case").

[10] Dr. Panayiotis Vasiloudes and Cygram Heritage, LLLP v. Michael Kastrenakes; Maria Kokolakis Kastrenakes; New Wave Acceptance LLC; Platinum Auto Finance, LLC n/k/a New Wave Auto Finance, LLC, and MK Automotive, Inc., d/b/a New Wave Auto Sales, Adv. Proc. No. 8:22-ap-00113-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Removed New Wave Proceeding").

[11] Dr. Panayiotis Vasiloudes and Cygram Heritage, LLLP v. Michael Kastrenakes; Maria Kokolakis Kastrenakes; New Wave Acceptance LLC; Platinum Auto Finance, LLC n/k/a New Wave Auto Finance, LLC, and MK Automotive, Inc., d/b/a New Wave Auto Sales, Adv. Proc. No.: 22-000829-CI, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida (the "New Wave Case").

[12] Panayiotis Vasiloudes, Cygram Heritage, LLLP, Cygram Holdings, L.P., Trifon Houvardas, and K&M Insurance Investors, LLC v. Michael Kastrenakes; William Hilgenfeldt, Thomas K. Rowe, and Kevin E. Hawkins, Adv. Proc. No. 8:22-ap-00114-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Removed ICO Proceeding").

[13] Panayiotis Vasiloudes, Cygram Heritage, LLLP, Cygram Holdings, L.P., Trifon Houvardas, and K&M Insurance Investors, LLC v. Michael Kastrenakes; William Hilgenfeldt, Thomas K. Rowe, and Kevin E. Hawkin, Case No.: 22-000956-CI, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida (the "ICO Case").

[14] Panayiotis Vasiloudes, M.D. PH.D., and Cygram Heritage, LLLP, Cygram Holdings, L.P., and Panevas, L.L.C. v. Maria Kastrenakes, individually and as trustee for the Maria Kastrenakes Irrevocable Trust; The Emmanuel Kastrenakes Irrevocable Trust; The Evangelia Kastrenakes Irrevocable Trust, The John Kastrenakes Irrevocable Trust, and The Joseph Kastrenakes

    Vasiloudes Creditors commenced this State Action[15] against Ms. Kastrenakes and a set of trusts (the "Concealed Family Trusts") that she formed for herself and her children.

None of the Removed Adversary Proceedings has been developed since removal, with discovery stalemated and the parties focused on remand issues.

    **D.**  **<u>Summary of Developments During this Reorganization</u>:**

  14.  There are four (4) additional adversary proceedings that have not been removed but were commenced before this Court and seek relief under the Bankruptcy Code (collectively, the "Core Adversary Proceedings").

    a. **<u>The Injunction Adversary Proceeding</u>:**[16] The Debtor sought an injunction against himself and Ms. Kastrenakes from any litigation by the plaintiffs identified in the NextGear Case, the Zervas Case, the New Wave Case, and the ICO Case. The Injunction Adversary Proceeding has served no obvious purpose at present.

---

Irrevocable Trust, Case No. 8:22-ap-00115-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Removed Trusts Proceeding").

[15] <u>Panayiotis Vasiloudes, M.D. PH.D., and Cygram Heritage, LLLP, Cygram Holdings, L.P., and Panevas, L.L.C. v. Maria Kastrenakes, individually and as trustee for the Maria Kastrenakes Irrevocable Trust; The Emmanuel Kastrenakes Irrevocable Trust; The Evangelia Kastrenakes Irrevocable Trust, The John Kastrenakes Irrevocable Trust, and The Joseph Kastrenakes Irrevocable Trust</u>, Case No. 22-CI-2403, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida (the "Trusts Case").

[16] <u>Michael Kastrenakes v. Nextgear Capital, Inc., Panayiotis Vasiloudes, Cygram Heritage, LLLP, Thomas Zervas, and Konstantinos Papaspanos</u>, Adv. Proc. No. 8:22-ap-00055-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Injunction Proceeding").

b. **The Dischargeability Adversary Proceeding:**[17] The Vasiloudes Creditors have objected to the Debtor's discharge under Bankruptcy Code §523(a)(2)(4) and (6), and no other creditor has done so.

c. **The Derivative Adversary Proceeding:**[18] One of the Vasiloudes Creditors brought a derivative proceeding for New Wave[19] objecting to the Debtor's discharge under Bankruptcy Code §523(a)(2)(4) and (6).

d. **The Equitable Subordination Adversary Proceeding:**[20] Pursuant to Bankruptcy Code §510(c), the Vasiloudes Creditors seek to subordination of claims asserted by the Debtor's immediate family and their wholly-owned business entities.

None of the Core Adversary Proceedings have progressed.

**E.    The Mediation, the Original Plan, Compromise, the Compromise Objections, and the Practical Limits of this Reorganization:**

15.    The Vasiloudes Creditors and the Kastrenakeses have participated in a

---

[17] Dr. Panayiotis Vasiloudes, Cygram Heritage, LLLP, and Cygram Holdings, L.P. v. Michael Kastrenakes, Adv. Proc. No. 8:22-ap-00095-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Dischargeability Adversary Proceeding").

[18] Cygram Heritage, LLLP, Derivatively, on behalf of New Wave Acceptance, LLC v. Michael Kastrenakes and New Wave Acceptance, LLC, Adv. Proc. No. 8:22-ap-00096-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Derivative Adversary Proceeding").

[19] New Wave Acceptance, LLC ("New Wave") is a defunct business entity half owned by the Debtor and Cygram LLLP, used by the Kastrenakeses as a conduit to take money from the Vasiloudes Creditors without their knowledge and consent.

[20] Dr. Panayiotis Vasiloudes, Cygram Heritage, LLLP, Cygram Holdings, L.P., Trifon Houvardas, and K&M Insurance Investors, LLC v. Michael Kastrenakes, Maria Kastrenakes, CPX Holdings, LLC, Pagona Kokolakis, and Evangeline Kastrenakes, Adv. Proc. No. 8:22-ap-00114-CED, pending in the United States Bankruptcy Court Middle District of Florida Tampa Division (the "Equitable Subordination Adversary Proceeding").

continuing mediation process (the "Mediation") presided over by R. Scott Shuker, Esquire, with in-person mediation events occurring on April 22 and continuing on for nearly seven (7) months. The parties have proceeded with good faith, and earnestly attempted to resolve their differences. More recently, BayFirst Bank, f/k/a First Home Bank ("FHB"), has also participated.

16. On July 21, 2022, the Debtor filed what he proposed to serve as a combined plan and disclosure statement (the "Original Plan") [Doc. 96], while Mediation was ongoing.

17. On July 29, 2022, the Vasiloudes Creditors filed extensive objections to the Original Plan (the "Vasiloudes Confirmation Objections") [Doc. 103], seeking to block confirmation.

18. On October 31, 2022, while the Original Plan and the Vasiloudes Confirmation Objections were pending, the Vasiloudes Creditors and the Kastrenakeses reached agreement on a broad array of issues, as reflected in an amendment to the Original Plan (the "Plan Amendment") [Doc. 164], as well as a motion to compromise controversy consistent with the terms of the Plan Amendment (the "Compromise Motion") [Doc. 178], filed on November 7, 2022.

19. After filing of the Plan Amendment and the Compromise Motion, creditors NextGear and FHB each filed exhaustive objections to the Plan Amendment and the Compromise Motion, and propounded onerous discovery on the Vasiloudes Creditors and the Kastrenakeses, prompting ongoing discovery disputes [see Docs. 166, 167, 168, 169, 170, 171, 172, 173, 177, 180, 198, 199, 202, and 203].

8

20. The expense of responding to NextGear and FHB would be significant for the Vasiloudes Creditors and the Kastrenakeses. Moreover, all of the discovery served upon the Vasiloudes Creditors is intended to enable NextGear and FHB, who had previously been inert throughout this Reorganization, to catch up on the case at the expense of the Vasiloudes Creditors.

21. The result achieved by the Vasiloudes Creditors and the Kastrenakeses is only intended to bind the Vasiloudes Creditors if confirmation can be achieved by December 31, 2022. However, the filings of NextGear and FHB confirm that the results of the Mediation cannot be achieved by that time, and that continued expense will be incurred in dealing with these matters.

### F. The FDOR Claim and its Consequences

22. On April 6, 2022, the FDOR filed its proof of claim in this Reorganization (the "FDOR Claim"), asserting a total claim of $1,903,523.64, of which $951,761.82 is claimed to be entitled to priority treatment under Bankruptcy Code §507(a)(8) and Florida Statutes §213.29. The Vasiloudes Creditors, and perhaps the Kastrenakeses, did not anticipate the FDOR's filing.

23. On September 7, 2022, the Debtor filed its initial objection to the FDOR Claim (the "FDOR Claim Objection") [Doc. 136]. On October 6, 2022, the FDOR filed a response (the "FDOR Response") [Doc. 154], and supplemental filings followed (collectively, the "FDOR Claim Submissions") [Docs. 188, 205, 210, and 218].

24. On December 16, 2022, and following oral argument to consider the FDOR Claim Objection, FDOR Response, and the FDOR Claim Submissions, this Court

announced the result of the contested matter in a bench ruling. Consequently, this Court will imminently enter an order overruling objections to the FDOR Claim and allowing the same as filed.

25. The Debtor's filings to date remove any doubt that the Debtor lacks the ability to generate income sufficient to satisfy the priority portion of the FDOR Claim as allowed by this Court through ordinary business activity.

### G.     Basis for Relief Requested

26. Under Bankruptcy Code §1112, this Reorganization should be converted because (a) the Debtor has liability to the FDOR that cannot possibly be repaid from the Debtor's earnings, (b) the compromise reached through Mediation would take too much time and money to confirm even if the FDOR problem did not exist, and (c) the Kastrenakeses are unwilling to dedicate vulnerable assets to this Reorganization in order to address legitimate concerns of all involved. The Chapter 11 process does not offer any meaningful chance of successful reorganization, and the administrative expense is no longer justified. However, a chapter 7 fiduciary can likely investigate, litigate, and recover for the benefit of the estate and its creditors.

27. Bankruptcy Code §1112(b) permits the bankruptcy court, on request of a party in interest or the Office of the United States Trustee, to dismiss a Chapter 11 case or convert the case to one under Chapter 7 for "cause." In re Pegasus Wireless Corp., 391 Fed. App'x 802, 803 (11th Cir. 2010). A non-exclusive list of events, circumstances, and conditions that constitute "cause" under this statutory scheme are found at Bankruptcy Code §1112(b)(4).

28. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") substantively modified Bankruptcy Code §1112. Prior to BAPCPA, Bankruptcy Code §1112 provided that a court "may" convert or dismiss a case upon a finding of cause; however, under the BAPCPA amendments, a finding of "cause" under Bankruptcy Code §1112(b) requires mandatory dismissal or conversion, unless there are "unusual circumstances" identified by the court justifying a different result. Pegasus Wireless, 391 Fed. App'x at 803; In re Gateway Access Solutions, Inc., 374 B.R. 556, 560 (Bankr. M.D. Pa. 2007) (stating that "the statutory language has been changed from permissive to mandatory"). The burden shifting analysis in light of BAPCPA is therefore apparent, to the extent that "cause" can be found to exist.

29. Bankruptcy Code §1112(b)(4) illustrates sixteen (16) specific bases, which constitute cause. Bankruptcy Code §1112(b)(4) is not an exhaustive list. In re Mulholland, Case No. 3:18-bk-4096-JAF, 2022 WL 145151 at *3 (Bankr. M.D. Fla. January 14, 2022). The first codified basis for conversion is "substantial and continuing loss or diminution of the estate and absence of a reasonable likelihood of rehabilitation."

### H. Conclusion

30. The Debtor is capably represented in this Reorganization, and all shortcomings are clearly attributable to the past business, financial, and legal affairs of the Kastrenakeses. The Mediation was a worthy endeavor, but the combined pressures of the

FDOR, NextGear, and FHB require that the Reorganization convert.[21]

WHEREFORE, the Vasiloudes Creditors move for the order of this Court providing for the conversion of this Reorganization to one pending pursuant to chapter 7 of the Bankruptcy Code, and for such other relief as this Court may determine to be just and appropriate.

DATED this 28th day of December, 2022.

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQ.**
Florida Bar Number: 0731013
janthony@anthonyandpartners.com
**NICHOLAS LAFALCE, ESQ.**
Florida Bar Number: 0119250
nlfalce@anthonyandpartners.com
**CAMERYN R. LACKEY, ESQ.**
Florida Bar Number: 1038915
clackey@anthonyandpartners.com
**ANTHONY & PARTNERS, LLC**
100 S. Ashley Drive, Suite 1600
Tampa, Florida 33602
Telephone: 813/273-5616
Facsimile: 813/221-4113
Attorneys for Vasiloudes Creditors

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of December, 2022, a true and correct copy of the foregoing has been served via e-mail on the following parties:

Adam L Alpert on behalf of Creditor CPX Holdings, LLC
aalpert@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

Adam L Alpert on behalf of Interested Party Maria Kastrenakes
aalpert@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

---

[21] This is not to say that the claims and positions of NextGear and FHB are in any way legitimate. To the contrary, a chapter 7 trustee can most efficiently address claims and counterclaims involving these parties.

John Blair Boyd on behalf of Creditor Grow Financial Federal Credit Union
bk@svllaw.com

Kathleen L DiSanto on behalf of Creditor CPX Holdings, LLC
kdisanto@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

Kathleen L DiSanto on behalf of Interested Party Maria Kastrenakes
kdisanto@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

Robert Bruce George on behalf of Creditor First Home Bank
rgeorge@thelilesfirm.com, aperry@thelilesfirm.com; rmittauer@thelilesfirm.com

Teresa M Hair on behalf of Creditor Wells Fargo Bank, N.A.
teresa.hair@brockandscott.com, WBECF@brockandscott.com

Danielle S Kemp on behalf of Creditor Courtney Leasing, Inc.
kempd@gtlaw.com, meyerp@gtlaw.com; FLService@gtlaw.com

Amy Denton Mayer on behalf of Debtor Michael Kastrenakes
amayer.ecf@srbp.com, srbpecf@srbp.com; aharris@srbp.com

Amy Denton Mayer on behalf of Plaintiff Michael Kastrenakes
amayer.ecf@srbp.com, srbpecf@srbp.com; aharris@srbp.com

Ruediger Mueller
trustee@tcmius.com, crm11@trustesolutions.net

Edward J. Peterson, III on behalf of Attorney Stichter, Riedel, Blain & Postler, P.A.
epeterson@srbp.com, epeterson.ecf@srbp.com; srbpecf@srbp.com

Edward J. Peterson, III on behalf of Debtor Michael Kastrenakes
epeterson@srbp.com, epeterson.ecf@srbp.com; srbpecf@srbp.com

Edward J. Peterson, III on behalf of Plaintiff Michael Kastrenakes
epeterson@srbp.com, epeterson.ecf@srbp.com; srbpecf@srbp.com

Robert C Schermer on behalf of Creditor SouthState Bank, N.A.
rschermer@manateelegal.com

United States Trustee - TPA
USTPRegion21.TP.ECF@USDOJ.GOV

Nicolette C Vilmos on behalf of Creditor NextGear Capital, Inc.
nicolette.vilmos@nelsonmullins.com, francis.santelices@nelsonmullins.com; allison.abbott@nelsonmullins.com

Nicolette C Vilmos on behalf of Defendant NextGear Capital, Inc.
nicolette.vilmos@nelsonmullins.com, francis.santelices@nelsonmullins.com; allison.abbott@nelsonmullins.com

Nathan A Wheatley on behalf of U.S. Trustee United States Trustee - TPA
nathan.a.wheatley@usdoj.gov

J Steven Wilkes on behalf of U.S. Trustee United States Trustee - TPA
steven.wilkes@usdoj.gov

Joel M. Aresty, P.A. on behalf of Platinum Auto Finance of Tampa Bay, LLC,
Aresty@Mac.com

Nicole Mariani Noel on behalf of Thomas Zervas and Konstantinos Papaspanos
nmnoel@kasslaw.com

Shirley Palumbo on behalf of Defendant William Hilgenfeldt
shirley.palumbo@gmlaw.com, bankruptcy@gmlaw.com; Edmund.Loos@gmlaw.com

I further certify that a true copy of the foregoing has been furnished by U.S. first class mail on the 28th day of December, 2022, to the following non-CM/ECF participants:

Michael Kastrenakes
1755 McCauley Road
Clearwater, Florida 33764
Debtor

/s/ John A. Anthony
**ATTORNEY**