UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                        Chapter 11

MICHAEL KASTRENAKES,                                Case No. 8:22-BK-01210-CED

    Debtor.

## AMENDED MOTION TO CONVERT TO CHAPTER 7

NextGear Capital, Inc. ("NextGear Capital"), an unsecured creditor of the Debtor, by counsel, respectfully requests that the Court convert this case to a case under Chapter 7 and, in support thereof, states:

1. The Vasiloudes Creditors have filed their Motion to Convert Reorganization to Chapter 7 Liquidation (Doc. No. 225). NextGear Capital joins in the relief requested in the Vasiloudes Creditors' Motion.

2. The Debtor, Michael Kastrenakes ("Debtor"), has not proposed a confirmable plan. A reorganization is not feasible for the Debtor.

3. 11 U.S.C. 1112 (b) authorizes this Court to convert a case to a case under Chapter 7 of the United States Bankruptcy Code "for cause, including -

    (i) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;
    (ii) inability to effectuate a plan;
    (iii) unreasonable delay by the debtor that is prejudicial to creditors."

4. NextGear Capital and the Vasiloudes Creditors, the two largest unsecured, nonpriority creditors according to the Proofs of Claim on file, have each moved to convert this case to Chapter 7 based upon the inability of the Debtor to effectuate, or even propose, a confirmable plan.

5. Additionally, pursuant to the most recently proposed plan, unsecured creditors were not to be paid by the Debtor but by the non-debtor spouse, Maria Kastrenakes. This plan was not a reorganization, but a redistribution of Debtor obligations to non-debtor Maria Kastrenakes.

6. This case should be converted to Chapter 7 for the benefit of all creditors so that a Chapter 7 trustee can review pre-petition transfers between the Debtor, Maria Kastrenakes, and other related entities owned or controlled by one or both of the foregoing.

7. Furthermore, the preliminary injunction as to the NextGear Capital arbitration should be lifted so that NextGear Capital may proceed with its contractual arbitration claims against Maria Kastrenakes.

WHEREFORE, NextGear Capital, Inc. respectfully requests that the Court convert this case to a case under Chapter 7, and for such other relief as is just and proper in the premises.

Respectfully submitted,

**BOSE McKINNEY & EVANS LLP**

By: */s/ David J. Jurkiewicz*
David J. Jurkiewicz *(Admitted Pro Hac Vice)*
Indiana Bar No. 18018-53
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 684-5364
Facsimile: (317) 223-0364
djurkiewicz@boselaw.com

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
Nicolette Corso Vilmos
Florida Bar No. 0469051
390 North Orange Avenue, Suite 1400
Orlando, FL 32801
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
nicolette.vilmos@nelsonmullins.com

*Attorneys for NextGear Capital, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished via transmission of Notices of Electronic Filing on all counsel of record or *pro se* parties identified on the CM/ECF service list maintained by the Court on January 3, 2023.

I further certify that a true copy of the foregoing has been furnished by U.S. first class mail on the 3rd day of January, 2023, to the following non-CM/ECF participants:

Michael Kastrenakes
1755 McCauley Road
Clearwater, FL 33764
Debtor

James H. Sutton
Moffa, Sutton & Donnini, P.A.
8875 Hidden River Parkway, Suite 300
Tampa, FL 33637

Martha Thorn
The Thorn Collection
Coldwell Banker International Real Estate
598 Indian Rocks Road
Belleair Bluffs, FL 33770

*/s/ David J. Jurkiewicz*
David J. Jurkiewicz