# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Michael Kastrenakes,

    Debtor.

_____/

Chapter 7
Case No. 8:22-bk-01210-CED

**RULE 2014 VERIFIED STATEMENT IN SUPPORT OF CHAPTER 7 TRUSTEE'S *EX POST FACTO* APPLICATION TO EMPLOY TRENAM LAW AS GENERAL COUNSEL**

    I, Lynn Welter Sherman, in accordance with F.R.B.P. 2014, make the following verified statements in support of the Application to Employ Trenam Law as General Counsel to the Chapter 7 Trustee (the "Application"):

    1.    I am a shareholder of Trenam Law ("Trenam"), which is located at 200 Central Ave., Suite 1600, St. Petersburg, FL 33701. I am a member in good standing of The Florida Bar and am admitted to practice before the United States Bankruptcy Court for the Middle District of Florida and the United States District Court for the Middle District of Florida.

    2.    This verified statement it is submitted in compliance with 11 U.S.C. §§ 327, 328 and 329 and Federal Rules of Bankruptcy Procedure 2014 and 2016.

    3.    Traci K. Stevenson was appointed as Chapter 7 Trustee ("Trustee") in this matter on January 13, 2023. (Doc. 240.)

    4.    In preparing this verified statement, I have compared the creditors and interested parties listed on Exhibit "A" hereto with the information contained in Trenam's client and adverse party conflict check index system ("Trenam's Conflict Index"). The facts stated in this verified statement as to the relationship between other lawyers at Trenam and the Trustee, the Debtor, the Debtor's creditors, other parties-in-interest, their respective attorneys and accountants, the United

States Trustee, other persons employed in the office of the United States Trustee, and those persons and entities who are defined as not disinterested persons in § 101(14) of the Bankruptcy Code are based upon the results of the review of Trenam's Conflict Index.

5. Trenam's Conflict Index is comprised of records regularly maintained in the course of business of Trenam, includes all parties to Trenam's cases, and it is the regular practice of Trenam to make and maintain the records. Trenam's Conflict Index reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information.

6. To the best of my knowledge, no attorney employed by Trenam holds any interest adverse to the Trustee, the Debtor, its estate or any other parties in interest.

7. To the best of my knowledge, neither I nor any member or associate of Trenam has any connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Bankruptcy Court, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set forth below:

   a. The Honorable Roberta A. Colton, U.S. Bankruptcy Judge, was employed as an attorney with Trenam for over 30 years.

   b. The Honorable Lori V. Vaughan, U.S. Bankruptcy Judge, was employed as an attorney with Trenam for over 12 years.

   c. Attorney Benjamin Lambers, assistant counsel to the United States Trustee, was employed as an associate by Trenam more than 10 years ago.

   d. Attorney Lara Roeske Fernandez, a shareholder with Trenam, was employed by the United States Bankruptcy Court for the Middle District of Florida as a Judicial Law Clerk to the Honorable Alexander L. Paskay, Chief United States Bankruptcy Judge *Emeritus* in 1996 through 1997, and during the period from November 2001 through October 2004.

   e. Attorney Stephanie C. Lieb, a shareholder with Trenam, was employed by the United States Bankruptcy Court for the Middle District of Florida as a

        Judicial Law Clerk to the Honorable Catherine P. McEwen, United States Bankruptcy Judge in 2006 through 2008 and acting Judicial Law Clerk to the Honorable Michael G. Williamson in 2007 through 2008.

    f.    Trenam has represented and continues to represent certain creditors of the Debtor in matters unrelated to the Debtor. It is not anticipated that the Trustee will be adverse to these creditors; to the extent the Trustee does contemplate taking action adverse to any current clients of Trenam, the Trustee will retain special counsel.

8.    No attorney employed by Trenam holds a direct or indirect equity interest in the Debtor, or any of its affiliates, and no such attorney has any right to acquire such an interest.

9.    No attorney employed by Trenam now holds, or has ever held, a direct or indirect equity interest (including stock, stock warrants or a partnership interest) in the Debtor, and no such attorney now has, nor has ever had, any right to acquire such an interest.

10.    No attorney in Trenam is now, or has ever served in the past, as an officer, director or employee of the Debtor.

11.    No attorney in Trenam is, or has ever been, in control of the Debtor or is a relative of a director, officer or person in control of the Debtor.

12.    No attorney in Trenam is, or has ever been, a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

13.    No attorney in Trenam is, or has ever served as, an officer, director or employee of a financial advisor which has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor.

14.    No attorney in Trenam has ever represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor.

15.    To the best of my knowledge, except as otherwise set forth herein, no attorney in Trenam presently represents any creditor, general partner, lessor, lessee, party to an executory

3

contract with the Debtor, or person otherwise adverse to the Debtor or the estate, on any matter related to the Debtor or its estate. Trenam does not believe that any actual conflict of interest exists with respect to its representation of the Trustee.

16. To the best of my knowledge after inquiry, Trenam and I are disinterested persons within the meaning of 11 U.S.C. § 101(14). We will supplement this affidavit as additional information is obtained. If any unknown conflict should arise, conflicts counsel will be sought.

17. There are no other agreements for the sharing of compensation received or to be received for services in or in connection with the case, other than among the members and regular associates of Trenam.

18. Nothing herein is intended to waive, and does not waive, any attorney-client privilege with respect to confidential communications between the Trustee and Trenam.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 27, 2023

*/s/ Lynn Sherman*
_____
Lynn Welter Sherman

## EXHIBIT A

Traci K. Stevenson
Michael Kastrenakes
Maria Kastrenakes
Evangelina Kastrenakes
CPX Holdings, LLC
MK Automotive, Inc. dba New Wave Auto Sales
Platinum Auto Finance, LLC aka New Wave Auto Finance, LLC
New Wave Acceptance, LLC
Instant Car Offer, LLC
Platinum Auto Finance of Tampa Bay, LLC
Ximplipay, LLC
KAZ Reinsurance FL, LLC
Call Pass, LLC
Thomas K. Rowe
William Hilgenfeldt
Panayiotis Vasiloudes
Cygram Holdings, LP
Cygram Heritage, LLLP
Panevas, LLC
Mark Lagos
Michael Kaplanis
Michael Kokolakis
Joseph Kokolakis
Trifon Houvardas
K&M Insurance Investors, Inc.
Next Gear Capital, Inc.
Thomas Zervas
Konstantinos Papaspanos