# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Michael Kastrenakes,

    Debtor.
_____/

Chapter 7
Case No. 8:22-bk-01210-CED

## CHAPTER 7 TRUSTEE'S AGREED MOTION FOR REFERRAL TO MEDIATION

Traci K. Stevenson, as chapter 7 trustee (the "**Trustee**") of the estate of Michael Kastrenakes (the "**Debtor**"), by counsel, files this motion (the "**Motion**") seeking the entry of an order referring to mediation all contested matters, adversary proceedings, pending and contemplated Chapter 5 avoidance claims, issues, and case disputes (collectively, the "**Disputes**") by and among the Trustee, the Debtor, and Maria Kastrenakes ("**Mrs. Kastrenakes**"), with the objective of consensually resolving the Disputes and providing a forum for the negotiation a global settlement of the disputes, claims, and defenses among the Parties and an opportunity for the Debtor and Mrs. Kastrenakes to provide additional documents and information to the Trustee that are necessary for her to evaluate any settlement offer by the Debtor and Mrs. Kastrenakes.[1]  The Trustee has conferred with Mr. Kastrenakes, who is presently proceeding *pro se*, and counsel for Mrs. Kastrenakes, and they consent to the relief requested by this Motion.  A proposed form of order granting the Motion is attached as Exhibit "A".  In support of the relief requested in the Motion, the Trustee states as follows:

---

[1] The term "Parties" shall refer to the Trustee, the Debtor, and Mrs. Kastrenakes, collectively.

**Jurisdiction and Venue**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background and Procedural History**

2. On March 27, 2022, the Debtor filed a voluntary petition for relief under chapter 11, subchapter V of the Bankruptcy Code.[2]

3. The case was converted to one under chapter 7 on January 22, 2023 (Doc. No. 239), and the Trustee was appointed on January 13, 2023 (Doc. No. 240).

4. A section 341 meeting of creditors was held on February 15, 2023. The meeting was continued to April 12, 2023, and continued again to May 3, 2023.

5. The Trustee has conferred on many occasions with the Debtor (through his former counsel) and Mrs. Kastrenakes regarding the Disputes. Based on those conferrals, the Trustee and the other Parties believe mediation of the Disputes (the "**Mediation**") would be beneficial.

6. The Trustee needs to conduct additional due diligence to evaluate the settlement offer made by Mrs. Kastrenakes. The Debtor and Mrs. Kastrenakes are willing to provide the information that has been informally requested by the Trustee under the protection of mediation confidentiality. Mediation, therefore, will facilitate further negotiations.

**Relief Requested and Grounds for Relief**

7. Given the number and nature of the Disputes among the Parties, the Trustee requests that the Court: (i) refer the Parties to mediation with respect to all the Disputes; (ii) toll all deadlines for the Trustee to file objections to discharge pursuant to 11 U.S.C. § 727 or

---

[2] All references to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. All references to a "Bankruptcy Rule" or "Bankruptcy Rules" are to the applicable to the Federal Rules of Bankruptcy Procedure.

objections to exemptions until the Termination Date (as hereinafter defined), and (iii) schedule a status conference approximately thirty (30) days after the conclusion of the Mediation.

8. Local Rule 9019-2(i) provides that "[a]ny pending case, proceeding, or contested matter may be referred to mediation by the Court at such time as the Court may determine to be in the interest of justice. The parties may request the Court to submit any pending case proceeding, or contested matters to mediation at any time."

9. The Parties believe that their time and resources will be utilized more efficiently if they are devoted to exploring a consensual resolution of the myriad of disputes among the Parties.

10. Often, it is challenging to determine when a case is in a posture where mediation will be most effective. This chapter 7 case is at an appropriate juncture for mediation, as the Parties are each subject to a number of unresolved contingencies that could have a significant impact on the ultimate outcome of the case. Had the case remained in chapter 11, Mrs. Kastrenakes would have provided a substantial portion of the plan funding. However, Mrs. Kastrenakes has taken the position that she has limited resources, which will only be depleted by further litigation. The Parties recognize this dynamic and have agreed to participate in the Mediation and have selected Keith Appleby, Esq., as their proposed mediator.

WHEREFORE, the Trustee respectfully requests that this Court enter an order (i) granting this Motion and entering the proposed order in substantially the form attached as Exhibit "A", (ii) referring the Parties to mediation, (iii) authorizing the estate of the Debtor to pay one-third of the expense of the Mediation, with the Debtor and Mrs. Kastrenakes sharing equally in the remaining two-thirds expense of the Mediation, and (iii) granting such other and further relief as the Court deems appropriate.

Dated: April 21, 2023

*/s/ Lynn Welter Sherman*
Lynn Welter Sherman
Florida Bar No. 0375616
TRENAM LAW
200 Central Avenue, Suite 1600
St. Petersburg, FL 33701
Telephone: 727.896.7171
Email: lsherman@trenam.com

*Counsel for the Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on this 21st day of April, 2023, a copy of the foregoing has been furnished by electronic service to all persons receiving notice by CM/ECF and by First Class U.S. Mail, postage prepaid, and electronic mail to the following:

Michael Kastrenakes
1755 McCauley Rd.
Clearwater, FL 33764

*/s/ Lynn Welter Sherman*
Lynn Welter Sherman