ORDERED.

Dated: April 21, 2023

*Caryl E. Delano*
Caryl E. Delano
Chief United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:

Michael Kastrenakes,

    Debtor.
_____/

Chapter 7
Case No. 8:22-bk-01210-CED

**AGREED ORDER GRANTING CHAPTER 7 TRUSTEE'S**
**AGREED MOTION FOR REFERRAL TO MEDIATION**

THIS CASE came on for consideration without hearing upon the Chapter 7 Trustee's Agreed Motion for Referral to Mediation (the "**Motion**") (Doc. 276). Through the Motion, Traci K. Stevenson, as chapter 7 trustee (the "**Trustee**") of the estate of Michael Kastrenakes (the "**Debtor**"), seeks the entry of an order referring to mediation all contested matters, adversary proceedings, pending and contemplated Chapter 5 avoidance claims, issues, and case disputes (collectively, the "**Disputes**") by and among the Trustee, the Debtor, and Maria Kastrenakes ("**Mrs. Kastrenakes**"), with the objective of consensually resolving the Disputes and providing a forum for the negotiation a global settlement of the disputes, claims, and defenses among the

Parties[1] and an opportunity for the Debtor and Mrs. Kastrenakes to provide additional documents and information to the Trustee that are necessary for her to evaluate any settlement offer by the Debtor and Mrs. Kastrenakes.  By submission of this order for entry, Plaintiff's counsel represents that the Debtor and counsel for Mrs. Kastrenakes consent to its entry and, accordingly, the Court enters this Agreed Order Granting Chapter 7 Trustee's Agreed Motion for Referral to Mediation (the "**Agreed Order**"), and rules as follows:

1. This Agreed Order sets forth a protocol and schedule for the exchange of information and documents among the Parties, as set forth herein, for the appointment of a Mediator (as defined below), a proposed date for Mediation (as defined below) between the Parties, and a protocol for third parties, who the Trustee, the Debtor, and Mrs. Kastrenakes mutually agree could elect to participate in discovery and/or Mediation (the "**Consenting Third Parties**"), on the terms set forth herein.

2. With the consent of the Parties, Consenting Third Parties may participate in Mediation by executing a consent to be bound by the confidentiality provision of this Agreed Order in the form attached as Exhibit A to this Agreed Order.  Consenting Third Parties do not become subject to this Court's jurisdiction or waive any objections to the Court's exercising jurisdiction over the Consenting Third Parties by electing to participate in discovery and/or Mediation (as defined below).

3. On or before April 28, 2023, the Debtor and Mrs. Kastrenakes shall produce to the Trustee information and documents requested by the Trustee's April 9, 2023 email correspondence (the "**Kastrenakes Production**").

4. Within seven (7) days after receipt of the Kastrenakes Production, the Trustee may request (a "**Supplemental Request**") additional specific documentation or information that may be

---

[1] The term "Parties" shall refer to the Trustee, the Debtor, and Mrs. Kastrenakes, collectively.

2

reasonably necessary to evaluate the Disputes. The Debtor and Mrs. Kastrenakes shall produce the additional documents and information within seven (7) days of receipt of the Supplemental Request.

5. The deadlines set forth in paragraphs 3 and 4, respectively, may be extended for an additional three (3) day period, automatically upon the making of a written request to counsel for the Trustee, as appropriate. Any additional extensions shall be either by written agreement of all Parties or pursuant to order of this Court for good cause shown.

6. The Parties each agree to respond in good faith to any reasonable request of a Party seeking further information. To the extent the Parties are not able to agree to the relevancy or the reasonableness of a request for information or documentation and/or the assertion of privilege, the Parties shall meet and confer with the Mediator or may contact the Court's law clerk to request the Court's advice under the Court's informal discovery dispute resolution practice.

7. Nothing in this Agreed Order is intended to waive any claims or privilege of any party that might be applicable under federal law or any state law.

8. All documents or information exchanged pursuant to this Agreed Order shall constitute a "Mediation Communication" within the meaning of Rule 9019-2(g) of the Local Rules of the United States Bankruptcy Court of the Middle District of Florida and shall constitute a "Compromise Offer" or "Compromise Negotiation" within the meaning of Federal Rules of Evidence 408. Without limiting the generality of the foregoing, any action taken or not taken pursuant to this Agreed Order, or any communication in any form, brief, statement, negotiation, claim, denial, demand or offer made or not made, or absence of same, shall not be used in any subsequent proceedings should a settlement not be reached; and nothing done or not done pursuant to this Agreed Order shall waive or prejudice any claim, right, argument or defense of any Party or Consenting Third Party affected by this Agreed Order, and no delay occasioned by this Agreed Order shall be the basis

for any claim, right, argument or defense in any lawsuit or claim. However, any factual information exchanged may be used as a basis to take formal discovery by any of the Parties in a subsequent proceeding.

9. The Parties have selected Keith Appleby, Esq. to act as mediator. If Keith Appleby is unable to act as mediator, the Parties shall select another mutually agreeable party to act as mediator (the "**Mediator**") to conduct the mediation (the "**Mediation**"). The Parties agree to use best efforts to conduct the Mediation on or before May 31, 2023. The Mediation may be conducted by Zoom unless the Parties agree in writing otherwise.

10. Each of the Parties, and any Consenting Third Parties, shall have the right to appear and participate in the Mediation. The Mediator's fees and costs shall be split between the Parties (one-third each). The Trustee is authorized to pay her share of the mediator's fee without further order of the Court.

11. The Mediation is deemed concluded upon the earlier to occur of a settlement by the Mediator or an impasse is declared (the "**Termination Date**").

12. In the event the Mediation results in an impasse, any of the Parties may request the Court to schedule a pretrial conference or hearing on any pending motions.

13. From the date of the Agreed Order until the Termination Date the Trustee's deadlines for filing an objection to Debtor's discharge under 11 U.S.C. § 727 and objections to Debtor's exemptions shall be extended until the date that is 30 days after the Termination Date.

Attorney Lynn Welter Sherman is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this order.

**EXHIBIT A**

CONSENT TO BE BOUND BY CONFIDENTIALITY
PROVISIONS OF AGREED ORDER ON GRANTING
CHAPTER'S 7 TRUSTEE'S AGREED MOTION FOR
REFERRAL TO MEDIATION

_____ (hereinafter the "Receiving Party"), acknowledges that Receiving Party:

(a) has reviewed a copy of the attached Agreed Order on Granting Chapter's 7 Trustee's Agreed Motion for Referral to Mediation (the "Order") and agrees to be bound by the terms of the Order;
(b) elects to participate the Mediation contemplated by the Order as a Consenting Third Party and to pay a pro rata portion of the Mediator's fees; and
(c) acknowledges and agrees that all documents or information provided to the Receiving Party pursuant the Order shall constitute a "Mediation Communication" within the meaning of Rule 9019-2(g) of the Local Rules of the United States Bankruptcy Court of the Middle District of Florida and a "Compromise Offer" or "Compromise Negotiation" within the meaning of Federal Rules of Evidence 408.

Dated this \_\_\_ day of _____, 2023.

RECEIVING PARTY:


Name of Receiving Party:_____
By: _____
Its: _____

**Error! Unknown document property name.**