IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

```
- - - - - - - - - - - - - - - x
IN RE:                        :
                              :
  MICHAEL KASTRENAKES         : Case No. 8:22-bk-01210-CED
                              :        Chapter 7
           Debtor            :
- - - - - - - - - - - - - - - x
  DR. PANAYIOTIS VASILOUDES   :
                              :
           Plaintiff         :
    vs.                      : Adversary 8:22-ap-0113-CED
                              :  and related Adversaries
  MICHAEL KASTRENAKES and     :  22-ap-55, 22-ap-95,
  MARIA KOKOLAKIS KASTRENAKES :  22-ap-96, 22-ap-112,
                              :  22-ap-113, 22-ap-114,
           Defendants        :  22-ap-115, 23-ap-118.
- - - - - - - - - - - - - - - x
```

U.S. Courthouse
801 North Florida Avenue
Tampa, Florida 33602
Held April 10, 2023
3:34 P.M.

**TRANSCRIPT OF HEARING**

[NATURE OF PROCEEDINGS BEGINS NEXT PAGE]

**BEFORE THE HONORABLE CARYL E. DELANO
CHIEF UNITED STATES BANKRUPTCY JUDGE**

PROCEEDINGS RECORDED BY COURT PERSONNEL.
TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE
APPROVED BY ADMINISTRATIVE OFFICE OF U.S. COURTS.
_____
SCHULTZ REPORTING OF PASCO, INC.
3350 Chickadee Dr.
Holiday, Florida 34690
(727) 808-1484

[NATURE OF PROCEEDINGS]

22-bk-1210.  Status Conference  and  (1) Continued
Objection to Claim No. 11 Filed by NextGear Capital, Inc.
Filed by Amy Denton Mayer on behalf of Debtor Michael
Kastrenakes (Doc. #127);  Response to Debtor's Objection to
Claim No. 11 Filed by David J. Jurkiewicz on behalf of
Creditor NextGear Capital, Inc. (related document(s)127)
(Doc. #148);

(2) Continued Motion to Consolidate Objection to Claim No.
11 in 8:22-bk-1210-CED with Complaint in Adversary Case No.
8:22-ap-112-CED Filed by Amy Denton Mayer on behalf of
Debtor Michael Kastrenakes (Doc. #152);

(3) Objection to Claim No. 16 of Trifon Houvardas Filed by
Nicolette C. Vilmos on behalf of Creditor NextGear Capital,
Inc. (Doc. #168);

(4) Objection to Claim No. 17 of Cygram Holdings, L.P.
Filed by Nicolette C. Vilmos on behalf of Creditor NextGear
Capital, Inc. (Doc. #169);

(5) Objection to Claim No. 18 of Cygram Heritage, LLLP
Filed by Nicolette C. Vilmos on behalf of Creditor NextGear
Capital, Inc. (Doc. #170);

(6) Objection to Claim No. 19 of Dr. Panayiotis Vasiloudes
Filed by Nicolette C. Vilmos on behalf of Creditor NextGear
Capital, Inc. (Doc. #171);

(7) Objection to Claim No. 20 of Cygram Heritage, LLLP.
Contains negative notice. Filed by Nicolette C. Vilmos on
behalf of Creditor NextGear Capital, Inc. (Doc. #172);

(8) Objection to Claim(s). Claim No. 15 of K&M Insurance
Investors, LLC. Contains negative notice. Filed by
Nicolette C. Vilmos on behalf of Creditor NextGear Capital,
Inc. (Doc. #173);  Response to NextGear Claim Objections
Filed by John A. Anthony on behalf of K&M Insurance
Investors, LLC, Cygram Heritage, LLLP, Derivatively, on
behalf of New Wave Acceptance, LLC, Cygram Holdings, L.P.,
Trifon Houvardas, Cygram Heritage, LLLP, Panayiotis
Vasiloudes (related document(s)168, 170, 171, 173, 172,
169) (Doc. #174);

(9) Priority Status Continued Objection to Claim(s). Claim
No. 2 filed by State of Florida - Department of Revenue
Filed by Edward J. Peterson III on behalf of Debtor Michael
Kastrenakes (Doc. #136);

[NATURE OF PROCEEDINGS CONTINUED]

(10) Continued Motion for Protective Order and Omnibus
Objection to NextGear Discovery Filed by John A. Anthony on
behalf of Panevas, L.L.C., Cygram Heritage, LLLP, Cygram
Holdings, L.P., Trifon Houvardas, K&M Insurance Investors,
LLC, Panayiotis Vasiloudes (Attachments) (Doc. #194);
Response to Vasiloudes Creditors' Omnibus Objection to
NextGear Discovery and Motion for Protective Order Filed by
Nicolette C. Vilmos on behalf of Creditor NextGear Capital,
Inc. (related document(s)194) (Attachments) (Doc. #206);

(11) Objection to Claim No. 14 of First Home Bank Filed by
Nicolette C. Vilmos on behalf of Creditor NextGear Capital,
Inc. (Doc. #167);  Response to Creditor NextGear Capital,
Inc.'s Objection to Claim No. 14 Filed by Robert Bruce
George on behalf of Creditor First Home Bank (related
document(s)167) (Doc. #207);

(12) Amended Objection to Claim No. 13 of CPX Holdings,
LLC. Contains negative notice. Filed by Nicolette C. Vilmos
on behalf of Creditor NextGear Capital, Inc. (related
document(s)166) (Doc. #176); Opposition Response to
NextGear Capital, Inc.'s Amended Objection to Claim No. 13
filed by CPX Holdings, LLC Filed by Kathleen L. DiSanto on
behalf of Creditor CPX Holdings, LLC (related
document(s)176) (Doc. #209);

(13) Continued Motion for Relief from StayRe: 2017 Sailfish
325 DC, VIN YSIX0040C717. Filed by Toni Townsend on behalf
of Creditor U.S. Bank National Association (Attachments)
(Doc. #227); Limited Objection to U.S. Bank National
Association's Motion for Relief from Automatic Stay Filed
by Lynn Welter Sherman on behalf of Trustee Traci K.
Stevenson (related document(s)227) (Doc. #254);

22-ap-55.  Status Conference.

22-ap-95.  (1) Status Conference and Motion to Abate
Adversary Proceeding and to Extend Time to Respond to
Discovery Requests Filed by Kathleen DiSanto on behalf of
Interested Party Maria Kastrenakes (Doc. #59);

[NATURE OF PROCEEDINGS CONTINUED]

SCHULTZ REPORTING OF PASCO, INC.    (727) 808-1484

4

(2) Continued Motion to Dismiss Adversary Proceeding Filed
by Amy Denton Mayer on behalf of Defendant Michael
Kastrenakes (Doc. #6); Response to the Debtor's Motion to
Dismiss Adversary Complaint Filed by John A. Anthony on
behalf of Plaintiffs Cygram Heritage, LLLP, Cygram
Holdings, LP, Panayiotis Vasiloudes (related document(s)6)
(Doc. #11);

(3) Continued Objection to Vasiloudes Creditors Notice of
Serving Subpoena to Produce Documents to Non-Parties Filed
by Amy Denton Mayer on behalf of Defendant Michael
Kastrenakes (Doc. #7); Response to the Debtor's Subpoena
Objection Filed by John A. Anthony on behalf of Plaintiffs
Cygram Heritage, LLLP, Cygram Holdings, LP, Panayiotis
Vasiloudes (related document(s)7) (Doc. #12);

 (4) Continued Objection to Vasiloudes Creditors' Notice of
Serving Subpoena to Produce Documents to Non-Parties Filed
by Kathleen L DiSanto on behalf of Interested Parties CPX
Holdings, LLC, Maria Kastrenakes (Doc. #8); Response to
Maria Kastrenakes and CPX Holdings, LLC's Subpoena
Objection Filed by John A. Anthony on behalf of Plaintiffs
Cygram Heritage, LLLP, Cygram Holdings, LP, Panayiotis
Vasiloudes (related document(s)8) (Doc. #13);

(5) Continued Pretrial Conference;

(6) Continued Motion to Enforce Agreement Reached with
Plaintiffs for Extension of Time to Respond to Discovery
or, in the Alternative, Motion for Extension of Time to
Respond to Discovery Filed by Edward J. Peterson III on
behalf of Defendant Michael Kastrenakes. (Doc. #29);

(7) *Ore Tenus* Motion to Consolidate Adversary No. 23-39,
22-95 and 22-96.

22-ap-96.  Status Conference and (1) Continued Motion to
Dismiss Adversary Proceeding Filed by Amy Denton Mayer on
behalf of Defendant Michael Kastrenakes (Doc. #9 );
Response to the Debtor's Motion to Dismiss Adversary
Complaint Filed by John A. Anthony on behalf of Plaintiff
Cygram Heritage, LLLP, Derivatively, on behalf of New Wave
Acceptance, LLC (related document(s)9)(Doc. #13);

(2) Continued Pretrial Conference.

[NATURE OF PROCEEDINGS CONTINUED]

22-ap-112.  *Ore Tenus* Motion to Remand and sever out Mr. Kastrenakes and (1) Continued Pretrial Conference in Notice of Removal by Michael Kastrenakes Objection to Claim No. 11 in Case No. 8:22-bk-1210-CED with Complaint in Adversary Case No. 8:22-ap-112-CED Filed by Amy Denton Mayer on behalf of Defendant Michael Kastrenakes (Doc. #1);

(2) Continued Motion to Consolidate Objection to Claim No. 11 in Case No. 8:22-bk-1210-CED with Complaint in Adversary Case No. 8:22-ap-112-CED Filed by Amy Denton Mayer on behalf of Defendant Michael Kastrenakes (Doc. #37).

22-ap-113.  (1) Continued Pretrial Conference on Notice of Removal (Doc. #1);

(2) Continued Motion to Compel Mediation as Against PAF Filed by John A. Anthony on behalf of Plaintiffs Cygram Heritage, LLLP, Panayiotis Vasiloudes (Doc. #50);

(3) Continued Motion to Dismiss Adversary Proceeding and to Strike Plaintiffs' Claim for Attorney's Fees Filed by Marc Rosenthal on behalf of Defendant Platinum Auto Finance of Tampa Bay, LLC (related document(s)22)(Doc. #54); Response to Dismissal Motions Filed by John A. Anthony on behalf of Plaintiffs Cygram Heritage, LLLP, Panayiotis Vasiloudes (related document(s)62, 65, 63, 54)(Doc. #80);

(4) Continued Motion to Dismiss Counts I-V, VII and IX of Plaintiff's Amended Complaint Filed by Amy Denton Mayer on behalf of Defendant Michael Kastrenakes (Doc. #62);

(5) Continued Motion to Dismiss Adversary Proceeding Maria Kastrenakes' Motion to Dismiss Counts VII and IX of Amended Complaint Filed by Kathleen L. DiSanto on behalf of Defendant Maria Kokolakis Kastrenakes (related document(s)22) (Doc. #63);

(6) Motion to Stay Discovery Pending The Court's Resolution of Defendant Platinum Auto Finance of Tampa Bay, LLC's Motion to Dismiss Counts V, VII, and IX-XI of Plaintiffs' Amended Complaint, and to Strike Plaintiffs' Claim for Attorney's Fees Filed by Marc Rosenthal on behalf of Defendant Platinum Auto Finance of Tampa Bay, LLC (related document(s)54). (Attachments) (Doc. #56);  Objection to PAF Abatement Motion Filed by John A. Anthony on behalf of Plaintiffs Cygram Heritage, LLLP, Panayiotis Vasiloudes (related document(s)56)(Doc. #76);

[NATURE OF PROCEEDINGS CONTINUED]

(7) Motion to Dismiss Adversary Proceeding regarding Counts II, VIII, and IX Filed by David Delrahim on behalf of Defendants MK Automotive, Inc., New Wave Acceptance, LLC, Platinum Auto Finance, LLC (related document(s)22) (Doc. #65);

(8) Motion to Enforce Agreement Reached With Plaintiffs for Extension of Time to Respond to Discovery or, in the Alternative, Motion for Extension of Time to Respond to Discovery Filed by Edward J. Peterson III on behalf of Defendant Michael Kastrenakes (Doc. #83).

22-ap-114. (1) Continued Pretrial Conference on Notice of Removal by Michael Kastrenakes. (Attachments) (Doc. #1);

92) Continued Motion to Compel Mediation as Against ICO Defendants Filed by John A. Anthony on behalf of Plaintiffs Cygram Heritage, LLLP, Cygram Holdings, L.P., Trifon Houvardas, K&M Insurance Investors, LLC, Panayiotis Vasiloudes (Doc. #32);

(3) Continued Motion to Enforce Agreement Reached with Plaintiff for Extension of Time to Respond to Discovery or, in the Alternative, Motion for Extension of Time to Respond to Discovery Filed by Edward J. Peterson III on behalf of Defendant Michael Kastrenakes (Doc. #41);

(4) Continued Motion to Compel Discovery. Filed by John A. Anthony on behalf of Plaintiffs Cygram Heritage, LLLP, Cygram Holdings, L.P., Trifon Houvardas, K&M Insurance Investors, LLC, Panayiotis Vasiloudes (Attachments)(Doc. #57);

(5) Motion to Abate Adversary Proceeding as to Michael Kastrenakes and to Extend Time to Respond to Discovery Requests Filed by Kathleen DiSanto on behalf of Interested Party Maria Kastrenakes (Doc. #88); Motion to Sever Claims and Remand to State Court Filed by John A. Anthony on behalf of Plaintiffs Cygram Heritage, LLLP, Cygram Holdings, L.P., K&M Insurance Investors, LLC, Panayiotis Vasiloudes (Doc. #93);

22-ap-115.  Status Conference and (1) Continued Pretrial Conference on Notice of Removal by Michael Kastrenakes (Attachments); (Doc. #1);

[NATURE OF PROCEEDINGS CONTINUED]

(2) Continued/Deferred Motion for Remand, for Mandatory
Abstention and/or Permissive Abstention, and for Related
Relief, together with Memorandum of Law Filed by John A.
Anthony on behalf of Plaintiffs Cygram Heritage, LLLP,
Cygram Holdings, L.P., Panevas, L.L.C., Panayiotis
Vasiloudes (Doc. #7); Response to Motion for Remand, for
Mandatory Abstention and/or Permissive Abstention, and for
Related Relief, together with Memorandum of Law Filed by
Edward J. Peterson III on behalf of Debtor Michael
Kastrenakes (related document(s)7)(Doc. #15); Supplemental
Memorandum in Support of their Remand Motion Filed by John
A. Anthony on behalf of Plaintiffs Cygram Heritage, LLLP,
Cygram Holdings, L.P., Panevas, L.L.C., Panayiotis
Vasiloudes (Doc. # 54 ).

22-ap-118.   Status Conference and (1) Continued Motion to
Dismiss Adversary Proceeding Filed by Kathleen L DiSanto on
behalf of Defendants CPX Holdings, LLC, Evangeline
Kastrenakes, Maria Kastrenakes, Pagona Kokolakis (related
document(s)1)  (Doc. #20 );  Response to Insider Claimants'
Dismissal Motion Filed by John A. Anthony on behalf of
Plaintiffs Cygram Heritage, LLLP, Cygram Holdings, L.P.,
Trifon Houvardas, K&M Insurance Investors, LLC, Panayiotis
Vasiloudes (related document(s)20)(Doc. #23);

(2) Continued Motion to Dismiss Adversary Proceeding
Contains negative notice. Filed by Amy Denton Mayer on
behalf of Defendant Michael Kastrenakes (related
document(s)1) (Doc. #19); Response to Debtor Dismissal
Motion Filed by John A. Anthony on behalf of Plaintiffs
Cygram Heritage, LLLP, Cygram Holdings, L.P., Trifon
Houvardas, K&M Insurance Investors, LLC, Panayiotis
Vasiloudes (related document(s)19) (Doc. #24).

APPEARANCES:

For
Panayiotis Vasiloudes:              NICHOLAS LAFALCE, Esquire
                                    Anthony & Partners, LLC
                                    100 S. Ashley Drive
                                    Suite 1600
                                    Tampa, FL 33602
                                    813-273-5616
                                    nlafalce@
                                     anthonyandpartners.com

For NextGear Capital:               NICOLETTE VILMOS, Esquire
                                    Nelson Mullins Broad and
                                     Cassel
                                    390 N. Orange Ave.
                                    Suite 1400
                                    Orlando, FL 32801
                                    407-839-4200
                                    nicolette.vilmos@
                                     nelsonmullins.com

For U.S. Bank National
Association:                        TONI TOWNSEND, Esquire
                                    McCalla, Raymer, Leibert,
                                     Pierce, LLC
                                    Grants Lake Townhomes
                                    2910 Grants Lake Blvd.
                                    Unit 1305
                                    Sugar Land, TX 77479
                                    312-476-5174
                                    toni.townsend@mccalla.com

For Thomas Rowe:                    SEAN WAGNER, Esquire
                                    Clearwater Business Law, LLC
                                    30846 US Hwy. 19 N.
                                    Palm Harbor, FL 34684
                                    727-789-2759
                                    courtdocs@
                                     clearwaterbusinesslaw.com

For Automotive Finance
Corporation:                        JENNIFER THOMAS, Esquire
                                    Rumberger Kirk
                                    300 South Orange Avenue
                                    Orlando, FL 32801
                                    407-839-4538
                                    jthomas@rumberger.com

APPEARANCES:   (Continued)


For William Hilgenfeldt:          MURRAY SILVERSTEIN, Esquire
                                  Greenspoon Marder, LLP
                                  401 E. Jackson St.
                                  Suite 3650
                                  Tampa, FL 33602
                                  813-769-7036
                                  murray.silverstein@gmlaw.com

For
Maria Kokolakis Kastrenakes
and CPS Holdings:                 KATHLEEN DISANTO, Esquire
                                  Bush Ross, P.A.
                                  Post Office Box 3913
                                  Tampa, FL 33601-3913
                                  813-224-9255
                                  kdisanto@bushross.com


For Chapter 7 Trustee
Traci Stevenson:                  LYNN WELTER SHERMAN, Esquire
                                  Trenam Law
                                  200 Central Avenue
                                  Suite 1600
                                  St. Petersburg, FL  33701
                                  727-896-7171
                                  lsherman@Trenam.com


ALSO PRESENT:

MICHAEL KASTRENAKES

1          **P R O C E E D I N G S**

2               COURTROOM DEPUTY:  All rise.  This Honorable

3     Court is again in session.  The Honorable Caryl E. Delano

4     presiding.

5               THE COURT:  Good afternoon.  Please be seated.

6               COURTROOM DEPUTY:  The 3:30 hearing, Judge, is

7     Michael Kastrenakes, Case No. 22-1210, Adversary No. 22-55,

8     Adversary No. 22-115, Adversary No. 22-118, Adversary No.

9     22-95, Adversary No. 22-96, Adversary No. 22-113, Adversary

10    No. 22-114, and Adversary No. 22-112.

11              THE COURT:  Okay.  Thank you.  I'm going to try

12    and call roll for the attorneys who are appearing by Zoom.

13    I have a list and I don't think everyone is here.

14              Is Mr. Anthony here?  Oh, Mr. Lafalce is here.

15              MR. LAFALCE:  Good afternoon, Your Honor.

16    Nicholas Lafalce on behalf of Dr. Panayiotis Vasiloudes and

17    various Vasiloudes creditors in the main case and in the

18    various adversary proceedings.

19              THE COURT:  Okay.  Thank you.  Ms. Vilmos?

20              MS. VILMOS:  Good afternoon, Your Honor.

21    Nicolette Vilmos on behalf of NextGear Capital.

22              THE COURT:  All right.  Thank you.  Ms. Townsend?

23              MS. TOWNSEND:  Toni Townsend on behalf of U.S.

24    Bank National Association.

25              THE COURT:  All right.  Thank you.  I have

1    another gentleman on the Zoom screen.

2              MR. WAGNER:  Good afternoon, Judge.  Sean Wagner

3    on behalf of Thomas Rowe in the 22-ap-114 adversary

4    proceeding.

5              THE COURT:  All right.  Thank you.  Other

6    appearances by Zoom?

7              MR. KASTRENAKES:  Michael Kastrenakes, the

8    Debtor.

9              THE COURT:  All right.  Mr. Kastrenakes, thank

10   you.  Good afternoon.

11             MS. THOMAS:  Good afternoon, Your Honor.

12   Jennifer Thomas on behalf of AFC in the adversary 112.

13             THE COURT:  All right.  Thank you.  Is there

14   anyone else appearing by Zoom or by telephone?  I saw Mr.

15   Silverstein.

16             MR. SILVERSTEIN:  Sorry, Your Honor.  Something

17   just disconnected.  Murray Silverstein for William

18   Hilgenfeldt in the adversary 114.

19             THE COURT: All right.  Thank you.  Good

20   afternoon.

21             All right.  And then I'll take appearances in the

22   courtroom.

23             MS. SHERMAN:  Good afternoon, Your Honor.  Lynn

24   Welter Sherman representing Traci Stevenson as Chapter 7

25   Trustee.

1          THE COURT:  All right.  Thank you.

2          MS. DISANTO:  Good afternoon, Your Honor.  I

3   apologize in advance for the long appearance.  Maria

4   Kastrenakes and CPX Holdings in the main case, Mrs.

5   Kastrenakes in 22-115, Mrs. Kastrenakes, CPX Holdings,

6   Pagona Kokolakis, and Evangeline Kastrenakes in 22-114, and

7   in 22-113, Mrs. Kastrenakes.

8          THE COURT:  All right.  Thank you.  And, Mr.

9   Rudzik, are you appearing?

10          MR. RUDZIK:  No, Your Honor.

11          THE COURT:  Okay.  All right.  Good afternoon

12   anyway.

13          Okay.  So with respect to the adversaries.  We

14   had a hearing on a motion to compel in adversary I believe

15   it was 22-13; am I correct?

16          COURTROOM DEPUTY:  113.

17          THE COURT:  22-113, which Mr. Lafalce's firm

18   represents the Vasiloudes entities in, and at that hearing,

19   to which not all the parties representing all -- not all

20   the attorneys who represent parties in all the adversary

21   proceedings were present.  But at that hearing, we decided

22   to set a status conference, I believe it's for May 8th, and

23   to direct the parties to file joint status reports between

24   now and then.

25          So if you saw an order in an adversary proceeding

1   in which you are an interested party setting that status

2   conference, that's the reason why.  We did not continue

3   today's hearings over to that May 8th date at that -- when

4   we were in court at that hearing, so that's why all these

5   adversaries are on the calendar today.  I'm not sure, you

6   know, how best to deal with all those issues and perhaps

7   we'll just end up rolling most of them over to May 8th

8   unless there are resolutions.

9          So, Ms. Sherman, as counsel for the Chapter 7

10  Trustee, I'll ask you to take the lead.

11         MS. SHERMAN:  Your Honor, last time we were here,

12  I believe it was Valentine's Day, on certain of the

13  adversaries and in the main case, and at that point in time

14  Stichter Riedel had filed their motion to withdraw on

15  negative notice but it hadn't yet been granted.  And so

16  Your Honor entered an order at Doc. 263 in the main case on

17  March 27, which authorized Stichter Riedel to withdraw and

18  gave -- further provided that all pending deadlines,

19  hearings, and meetings shall be abated for a period of 30

20  days to permit the Debtor to retain replacement counsel.

21         So that would put us out to about April 26, 2023.

22  To my knowledge, we haven't had a notice of appearance by

23  replacement counsel yet.  Although I understand that for

24  certain limited purposes some State Court counsel that may

25  have been representing Michael Kastrenakes may have had

1    some negotiations with some creditors.

2            And as Your Honor mentioned earlier, after the

3    last hearing you also entered all the orders in the

4    adversaries asking the parties to file joint reports by May

5    1, and attend a status conference by May 8th.

6            So with the withdrawal of counsel, and I don't

7    remember whether there were companion orders in each and

8    every adversary proceeding for Stichter Riedel's

9    withdrawal, but it sort of put us at a standstill for

10   anything that requires communicating with Mr. Kastrenakes.

11           But in the meantime we have been in negotiations

12   with Mrs. Kastrenakes, who is represented by Ms. DiSanto.

13   We have exchanged some documents and we have given her a

14   more formal wish list, a longer wish list of documents with

15   the hope of kicking the tires and hoping to get to an early

16   mediation on the claims that have been asserted against Ms.

17   Kastrenakes and some of the children, and I believe that

18   CSX is the entity that she owns.

19           And our hope would be to get to a mediation after

20   we've had a chance to do some due diligence, and before Ms.

21   Kastrenakes, who was going to the Plan funder, so it's no

22   secret that she was perhaps was going to be the source of

23   funding for settlement in this case.  We would like to get

24   there before she has exhausted everything she has defending

25   litigation all over, whether it's the cases that are back

1    in arbitration out of state or other cases.  So that's kind

2    of where we're going right now, hopefully to get there

3    before the assets are depleted on legal fees.

4         Given where we are with Mr. Kastrenakes and the

5    fact that we really shouldn't be doing anything in the

6    adversaries until he's represented, I don't think it really

7    makes too much sense to do anything today other than

8    perhaps roll everything to the May 8th date and see where

9    we are at that point in time.

10        You know, it's likely, I think, that Ms. DiSanto

11   and I will have uploaded an agreed order on mediation, at

12   least as to Maria Kastrenakes, prior to that time and it

13   will allow for other parties to join in the mediation,

14   whether that's creditors, whether that's Mr. Kastrenakes,

15   providing they agree to confidentiality.

16        So, that seems to be the best we can do given

17   where we are in this kind of limbo state with the Debtor's

18   counsel.

19        THE COURT:  Okay.  I'm happy to hear from other

20   counsel.  I do know Ms. Townsend has a motion for relief

21   from stay on for today, which the Trustee had filed a

22   limited objection to.

23        Ms. Sherman, have you taken a look at that?

24        MS. SHERMAN:  Your Honor, we had filed a limited

25   objection.  I don't believe that the lien of U.S. Bank was

1    properly recorded.  I also don't believe that the purchaser

2    recorded their title to the boat with the Coast Guard

3    either.  It's a documented vessel.  So, we may have an

4    interesting conundrum where we have a sale of the boat, it

5    was a pre-petition sale, it was disclosed in the Schedules.

6         We had asked for information from Mr. Peterson on

7    the boat before he withdrew and we haven't yet gotten that

8    -- those documents.  It's part of what we're hoping to get

9    through Mrs. Kastrenakes now.

10        But I believe that U.S. Bank knew at least that

11   the boat had been sold pre-petition and that was part of

12   their stay relief motion.  And one of -- part of the relief

13   they were asking for was permission -- stay relief to go

14   investigate what happened to the boat.  And certainly to

15   the extent that someone wants to help the Trustee figure

16   out what happened to the boat, I think that's great.

17   Taking any action to actually foreclose or take possession

18   of the boat, the Trustee would want to be involved on that,

19   Your Honor.

20        THE COURT:  All right.  Ms. Townsend?

21        MS. TOWNSEND:  I have no objection to that

22   language in an order.

23        THE COURT:  All right.  So why don't -- Ms.

24   Townsend, why don't you prepare an order, run it by Ms.

25   Sherman, continue the hearing on the motion for relief from

1    stay to the May 8th date, but provide that interim relief

2    authorizing you to investigate what happened with the boat;

3    okay?

4            MS. TOWNSEND:  Yes, ma'am.

5            THE COURT:  All right.  Anyone else wish to be

6    heard?  Ms. DiSanto?

7            MS. DISANTO:  Everything Ms. Sherman said tracks

8    with what the game plan is between Ms. Kastrenakes and the

9    Trustee.  Just one point of clarification, is that given

10   the documents that Ms. Sherman is asking get to the issues

11   of collectability and rightly so because that's where we're

12   going to land, you know, assuming that we're able to get to

13   a settlement.  I think that's going to be a very important

14   part of any 9019 motion in terms of Justice Oaks.

15           Obviously those are sensitive documents that I

16   don't think there really would be a basis for, you know,

17   other parties to get at at this point, so it's important to

18   us that those are provided in connection with the mediation

19   order and are afforded that confidentiality and mediation

20   protection.  So that's why we're going to work on that

21   quickly so that we can get Ms. Sherman those documents.

22           THE COURT:  Okay.  That sounds fine.

23           MS. DISANTO:  Yeah.  The only other thing I would

24   note, Your Honor, I mean, I know you were very clear at the

25   last hearing relative to, you know, the Vasiloudes

1  creditors and the pending discovery in adversary 113.  In

2  formulating and beginning to prepare responses there, I

3  think there's a couple issues and I think the informal

4  document requests that Ms. Sherman provided, you know,

5  really made me look at those discovery requests, you know,

6  differently.

7         They get to the merits of the Vasiloudes claims,

8  which I think, you know, when these were being litigated in

9  State Court made a lot of sense.  But given where we are at

10 this posture in the case and given what we're trying to

11 accomplish with the Chapter 7 Trustee may not be the best

12 use of resources.  Also, we had the order coming in that

13 authorized Stichter Riedel's withdrawal and stayed

14 everything for 30 days.  And right now I think, as we sit

15 here today, that discovery is due on the 28th of April

16 which is before that 30 days runs.

17        So, I think there's a little bit of, as there

18 always is in this case, just complexity there.  I don't

19 know if it makes sense to extend that deadline a little bit

20 further.  I was moving in real time with the Trustee and

21 haven't had an opportunity to confer with the Vasiloudes

22 creditors.  I know Mr. Kastrenakes is trying to get new

23 counsel in as well, and I just would really like to be able

24 to focus on the Trustee's needs here --

25        THE COURT:  Well, why don't you speak with --

1        MS. DISANTO:  -- not have the distraction of that

2    discovery.

3        THE COURT:  -- Mr. Lafalce or Mr. Anthony about

4    that issue and see what can be resolved.  And it may be in

5    the context of a Chapter 7 liquidation that the -- to the

6    extent that the Vasiloudes creditors assert claims and the

7    discovery relates to the allowance of those claims, that

8    maybe that's not the best usage of everybody's resources at

9    this time.  I don't know the answer to that question and

10   I'm not sure what Mr. Lafalce's position or Mr. Anthony's

11   position would be on that.

12       There's a lot of moving parts here and it may be

13   that it makes sense for you to communicate with counsel for

14   the Vasiloudes creditors in terms of prioritizing what work

15   should be done first.  Because you've got all sorts of

16   issues here; discharge, dischargeability, property of the

17   estate, all sorts of issues, and it may be late in the day

18   before the claims allowance process really becomes

19   important.

20       I don't know the answers to those questions.  I'm

21   sure there's a lot of nuances here that I am not aware of,

22   but that might be something that, you know, a reason why it

23   would make sense for counsel to coordinate with each other,

24   and if they have a dispute file a motion and we'll figure

25   it out.

1          MS. DISANTO:  That sounds like a plan, Your

2     Honor, and I think that's exactly right.  The claims

3     allowance process is where these issues will be brought to

4     a head if they even are and I don't know -- you know, that

5     will probably be something more in the Trustee's, you know,

6     bailiwick than, you know, necessarily ours.  There are no

7     objections to those claims pending.

8          But I didn't want the Court or the parties to be

9     surprised if a motion ends up coming in between now and the

10    28th just because of where we are with Ms. Sherman and

11    where, at least from Mrs. Kastrenakes's perspective, we

12    think the energies need to be focused to give the greatest

13    return to creditors here.

14         THE COURT:  Well, I think the more transparent

15    that Mrs. Kastrenakes's counsel is with counsel for the

16    other parties in terms of what is actually being done

17    behind the scenes to try to get things worked out with the

18    Trustee, the more, you know, the more well received any

19    suggestions might be.

20         MS. DISANTO:  Thank you, Your Honor.

21         THE COURT:  Okay.  All right.  So May 8th.  And

22    what time is that Lisa?

23         COURTROOM DEPUTY:  3:00 o'clock.

24         THE COURT:  May 8th at 3:00 o'clock.

25         So, I think unless someone wants to raise a hand

1   and has a question for me or a question for someone else

2   here at the hearing, I think that takes care of it and I

3   will see you all May 8th at 3:00 o'clock.

4                   (No response.)

5                   THE COURT:  All right.  Court will be in recess

6   then.

7                   COURTROOM DEPUTY:  All rise.

8                   (Whereupon, the hearing concluded at 3:48 p.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATE


        I, Gretchen L. Schultz, Certified Electronic
Reporter and Transcriber, hereby certify that the foregoing
is the official transcript, prepared to the best degree
possible from the digital audio recording provided by the
court.

        I further certify that I am neither counsel for,
nor related to, nor an employee of any of the parties to
the action in which this hearing was taken.

        I further certify that I have no personal
interest in the outcome of the action.

        SIGNED this 18th day of May, 2023.


        _____

        GRETCHEN L. SCHULTZ, CER 3573
        Transcriber