# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:

MICHAEL KASTRENAKES,

    Debtor.

_____/

Case No.: 8:22-bk-01210-CED

Chapter: 7

## MOTION TO COMPROMISE CONTROVERSY BETWEEN VASILOUDES CREDITORS AND KASTRENAKES PARTIES

Pursuant to Federal Rules of Bankruptcy Procedure 2002(a) and 9019, Rule 9019-1 of the Local Rules of the United States Bankruptcy Court for the Middle District of Florida, and other applicable law, a set of litigants before this Court (collectively, the "Compromise Parties"), by and through their undersigned counsel, hereby move on the following grounds for a compromise of controversy (the "Compromise") pertaining to a set of contested matters (defined below as the "Controversy").

The Compromise Parties include in the first instance, the "Vasiloudes Creditors," including Dr. Panayiotis Vasiloudes ("Vasiloudes"), Helen Vasiloudes ("Ms. Vasiloudes")[1], Cygram Heritage, LLLP ("Heritage"), Cygram Holdings, L.P. ("Holdings"), Panevas, LLC ("Panevas")[2], Trifon Houvardas ("Houvardas"), K&M Insurance Investors, LLC ("K&M"). The Vasiloudes Creditors have all asserted claims

---

[1] Ms. Vasiloudes is not a direct party in this Bankruptcy Case, but is being included as one of the Vasiloudes Creditors because she owns or controls some or all of the business entities identified as Vasiloudes Creditors. Among other things, Ms. Vasiloudes controls Heritage and Panevas.

[2] Panevas is the subject of a separate bankruptcy case, and approval of participation by Panevas in connection with the Compromise as defined below, is subject to a separate order in connection with the bankruptcy case of Panevas; however, the equity interest holders of Panevas, including primarily Ms. Vasiloudes.

in one form or another against the "Kastrenakes Parties," including Michael Kastrenakes (the "Debtor") and Maria Kokolakis Kastrenakes ("Ms. Kastrenakes")[3], and several business entities owned and controlled by either or both of them, some active and some not active.[4] The Vasiloudes Creditors[5] and the Kastrenakes Parties comprise all of the Compromise Parties, and the relief requested herein is intended to resolve all manner of claims and defenses asserted by and between either set of litigants.

### I.      JURISDICTION AND VENUE

1.      On March 27, 2022, the Debtor filed his voluntary petition for relief under Chapter 11 of Bankruptcy Code (the "Petition"), thereby initiating this above-captioned bankruptcy case (this "Bankruptcy Case").

2.      On December 28, 2022, the Vasiloudes Creditors filed "Vasiloudes Creditors' Motion to Convert Reorganization to Chapter 7 Liquidation" [Doc. 231], seeking to convert this Bankruptcy Case from a chapter 11 reorganization to a chapter 7 liquidation.

3.      On January 13, 2023, this Court entered "Order Converting Case from Chapter 11 to Chapter 7," [Doc. 240], thereby converting this Bankruptcy Case to Chapter 7. Traci K. Stevenson (the "Trustee") has been appointed chapter 7 trustee for

---

[3] Ms. Kastrenakes is a party to this motion (this "Compromise Motion") in her own right and as the authorized agent/controlling equity interest holder in CPX Holdings, LLC ("CPX"). Both the Debtor and Ms. Kastrenakes are collectively referred to herein as the "Kastrenakeses."

[4] Among the business entities formerly owned and controlled by the Debtor (the "Debtor Entities") are a set of business entities appearing on the Debtor's schedules and statement of affairs [Doc. 27] filed on April 15, 2022, as amended. Notwithstanding any other term or condition seemingly to the contrary, the Debtor does not intend in this motion to act on behalf of any business entity that is now owned or controlled by the Trustee.

[5] Throughout this Compromise Motion, reference is sometimes made to the Vasiloudes Creditors when fewer than all of them filed a given motion, asserted a given claim, or acted in any other applicable manner, for ease of general reference.

the estate of the Debtor, but the Trustee is not one of the Compromise Parties and the interests of the Trustee are not impacted by the Compromise.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157(a) and (b), 1334(a) and (b).

5. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

6. The statutory predicates in support of the relief requested is Bankruptcy Code §§105, 363, 365, and 506, Federal Rules of Bankruptcy Procedure 2002 and 9019, Local Rule 9019-1, and other applicable law.

7. Each of the Compromise Parties has a right to be heard in this Bankruptcy Case under Bankruptcy Code §1109.

## II.     THE CONTROVERSY

8. The Compromise contemplated in this Compromise Motion is intended to completely resolve a Hydra-headed Controversy, including but not limited to the Removed New Wave Proceeding[6], the Remanded ICO Proceeding[7], the Remanded Trusts Proceeding[8], the Dischargeability Proceeding[9], the Derivative Dischargeability

---

[6] <u>Dr. Panayiotis Vasiloudes And Cygram Heritage, LLLP v. Michael Kastrenakes; Maria Kokolakis Kastrenakes; New Wave Acceptance LLC; Platinum Auto Finance, LLC n/k/a New Wave Auto Finance, LLC, And MK Automotive, Inc. d/b/a New Wave Auto Sales (collectively, the "New Wave Defendants")</u>, Adversary Proceeding No.: 8:22-ap-00113-CED, currently pending before this Court.

[7] <u>Panayiotis Vasiloudes, M.D., Ph.D, Cygram Heritage, LLLP, Cygram Holdings, L.P., Trifon Houvardas, And K&M Insurance Investors, LLC v. Michael Kastrenakes, William Hilgenfeldt, Thomas K. Rowe, And Kevin E. Hawkins</u>, Case No.: 22-000956-CI, currently pending before the Sixth Judicial Circuit in and for Pinellas County, Florida (the "State Court").

[8] <u>Panayiotis Vasiloudes, M.D., Ph.D., Cygram Heritage, L.L.L.P., Cygram Holdings, L.P., And Panevas L.L.C. v. Maria Kastrenakes, Individually And As Trustee For The Maria Kastrenakes Irrevocable Trust, The Emmanuel Kastrenakes Irrevocable Trust, The Evangelia Kastrenakes Irrevocable Trust, The John Kastrenakes Irrevocable Trust, And The Joseph Kastrenakes Irrevocable Trust</u>, Case No.: 22-2403-CI, currently pending before the State Court.

3

Proceeding[10], the Discharge Proceeding[11], and the Equitable Subordination Proceeding.[12]

9. It is noted in these regards that the Remanded ICO Proceeding[13] and the Remanded Trusts Proceeding were both remanded as a result of a hearing that occurred on May 8, 2023, and the Dischargeability Proceeding, Derivative Dischargeability Proceeding, and the Discharge Proceeding were all consolidated before this Court in the context of the same hearing.

10. Although there may have been other claims and defenses that could have been raised either before this Court or the State Court in connection with any aspect of the Controversy, all are intended to be resolved by the Compromise.

### III. THE COMPROMISE

11. The Compromise Parties have agreed to bargain, settle, forgive, and otherwise reach a plenary and final conclusion regarding all matters raised or that could have been raised before this Court, before the State Court, or in any other fora, between any of the Vasiloudes Creditors and any of the Kastrenakes Parties.

---

[9] Dr. Panayiotis Vasiloudes, Cygram Heritage, LLLP, and Cygram Holdings, L.P. v. Michael Kastrenakes, Adversary Proceeding No.: 8:22-ap-00095-CED, currently pending before this Court.

[10] Cygram Heritage, LLP, derivatively on behalf of New Wave Acceptance, LLC v. Michael Kastrenakes and New Wave Acceptance, LLC, Adversary Proceeding No.: 8:22-ap-00096-CED, currently pending before this Court.

[11] Dr. Panayiotis Vasiloudes, Cygram Heritage, LLLP, and Cygram Holdings, L.P. v. Michael Kastrenakes, Adversary Proceeding No.: 8:23-ap-00039-CED, currently pending before this Court.

[12] Dr. Panayiotis Vasiloudes, Cygram Heritage, LLLP, Cygram Holdings, L.P., Trifon Houvardas, And K&M Insurance Investors, LLC V. Michael Kastrenakes, Maria Kastrenakes, CPX Holdings, LLC, Pagona Kokolakis, And Evangeline Kastrenakes, Adversary Proceeding No.: 8:22-ap-00118-CED, currently pending before this Court.

[13] The Remanded ICO Proceeding and the Removed New Wave Proceeding relate to two (2) of the Debtor Entities, the first being Instant Car Offer, LLC, and the second being New Wave Acceptance, LLC both being defunct entities, and the Debtor's equity in both entities is property of the estate.

12. Except as expressly indicated, no other parties-in-interest in this Bankruptcy Case or in any of the constituent lawsuits or disputes comprising the Controversy is impacted in any way by the relief requested.

13. For purposes of the entire Compromise, the "Effective Date" is the date of entry of the Compromise Order, a copy of which is provided in proposed form as Exhibit "A."

14. The Compromise Parties hereby agree to the following treatment of the Controversy in the context of this Bankruptcy Case:

    a. **Dischargeability Proceeding:**

        i. **Final Judgment:** The parties to the Dischargeability Proceeding agree to the entry of a final judgment of non-dischargeability (the "Non-Dischargeability Judgment") in the amount of $1,500,000 (the "Non-Dischargeable Judgment Obligation"), will be entered in favor of Heritage and against the Debtor, a copy of which is attached hereto as Exhibit "B."

        ii. **Forbearance Payments:** Without in any way changing the character of the Non-Dischargeability Judgment as final and non-appealable, the Debtor will commence making a series of forbearance payments in the amount of $9,500 (the "Forbearance Payments") on September 1, 2023, which will continue for a total of sixty (60) consecutive months. The Forbearance Payments are calculated as the sum of interest accruing at an interest rate of five

5

and a half (5.5%) percent per annum, with the balance to amortization at approximately twenty-five (25) years. Payments will be directed to Heritage. At maturity, the Debtor will have the right to continue making Forbearance Payments for an additional term of sixty (60) consecutive months, based upon the same interest rate and amortization. Should the Debtor wish to continue at maturity, the Debtor will again have the right to continue making Forbearance Payments for an additional term of sixty (60) consecutive months, based upon the same interest rate and amortization. However, any default in Forbearance Payments will automatically extinguish the two (2) opportunities to renew for a total of ten (10) additional years. Notwithstanding any other term or condition, the Non-Dischargeable Judgment Obligation shall be due and payable on the fifteenth (15th) anniversary of the Effective Date. There is no prepayment penalty associated with the Non-Dischargeable Judgment Obligation.

iii. **FHB Collateral:** The Atlas Stock (the "FHB Collateral") serves as collateral for an unrelated debt (the "FHB Debt") owed to First Home Bank ("FHB"). In the event that FHB applies a credit against the FHB Debt as a result of the liquidation of the FHB Collateral, a credit in equal amount will be applied against the Non-Dischargeable Judgment Obligation.

iv. **Homestead Mortgage:** To secure the Non-Dischargeable Judgment

        Obligation, the Kastrenakeses will grant Heritage a third mortgage lien with additional protections to secure the final judgment of dischargeability on the homestead of the Kastrenakeses (the "Homestead")[14], pursuant to a set of mortgage documents (the "Homestead Mortgage Documents"), a copy of which is attached hereto as Composite Exhibit "C."  It is stipulated that the third mortgage position in favor of Heritage is secured to the extent of no less than $1,100,000 (the "Minimum Equity"), based upon the two (2) existing senior mortgages totaling approximately $831,456.67, given the stipulated current $2,000,000 estimate of value.

v. **Potential Downsized Homestead:**  Should the Kastrenakeses wish to downsize from the Homestead, then Heritage will facilitate the sale of the Homestead, and the acquisition of their new homestead (the "Potential Downsized Homestead"), provided that (A) Heritage simultaneously obtains identical mortgage rights encumbering the Potential Downsized Homestead to secure the then-outstanding balance of the Non-Dischargeable Judgment Obligation, (B) there are no senior encumbrances to the position of Heritage, and (C) the ratio of the balance of the Non-Dischargeable Judgment Obligation

---

[14] The Homestead is located at 1755 McCauley Road, Clearwater, Florida 33765, is currently subject to Florida homestead exemption, is held in the entireties by the Kastrenakeses, and the Kastrenakeses agree to all manner of collateral maintenance covenants in order to maintain the Minimum Equity, including payment of taxes, maintenance of insurance coverages, limitations on future advances of senior liens, and prohibition against omissive and commissive waste. However, Ms. Kastrenakes is not assuming liability for the Non-Dischargeable Judgment Obligation in personam.

            to the value of the Potential Downsized Homestead is at least ninety (90%) percent.[15]

   vi.    **Additional Collateral:**  To further secure the Non-Dischargeable Judgment Obligation, Ms. Kastrenakes will also (A) cause CPX to grant Heritage a security interest in all business assets of CPX, including without limitation CPX's interests in CallPass, LLC and Ximplipay, LLC, and (B) hypothecate her equity position in CPX as well as any respective subsidiaries of CPX if any, to Heritage.  A set of security and hypothecation documents intended to effectuate these transactions (the "CPX Security Documents"), is attached hereto as Composite Exhibit "D."

   vii.    **Prohibition Against Forming New Business Entities in a Manner that Might Unfairly Impact Heritage's Collateral Position:**  The Kastrenakeses agree that for so long as the Non-Dischargeable Judgment Obligation remains outstanding in any amount, neither of them will own an interest in any business involved in the sub-prime automobile industry, including purchase, sale, finance, insurance, or

---

[15] For example, if the Non-Dischargeable Judgment Obligation were reduced from $1,500,000 to $750,000, the value of the Potential Downsized Homestead would have to be no less than $833,334, but if the Non-Dischargeable Judgment Obligation were reduced to $1,400,000, the new homestead would necessarily have to be worth at least $1,555,556, to achieve ninety (90%) percent LTV.  The Kastrenakeses agree to all manner of collateral maintenance covenants in order to maintain the ninety (90%) percent LTV on the Potential Downsized Homestead, including payment of taxes, maintenance of insurance coverages, limitations on future advances of senior liens, and prohibition against omissive and commissive waste.  If there is a dispute between Heritage and the Kastrenakeses, the ratio must be calculated by reference to a valuation by an arm's length MAI appraisal.

    any related service similar to any present or prior business model of any of the Debtor Entities. However, the Kastrenakeses will be permitted to do so if the individual seeking to hold such an interest grants Heritage a senior perfected lien and security interest consistent with the rights created above with respect to CPX.

b. **Disposition of Remaining Litigation:**

    i. **Discharge Proceeding:** The Vasiloudes Creditors and the Debtor stipulate to the entry of a final judgment denying all relief sought by the Vasiloudes Creditors, a copy of which is attached hereto as Exhibit "E."

    ii. **Derivative Dischargeability Proceeding:** The Vasiloudes Creditors and the Debtor stipulate to the entry of a final judgment denying all relief sought by the Vasiloudes Creditors, a copy of which is attached hereto as Exhibit "F."

    iii. **Removed New Wave Proceeding:** The Vasiloudes Creditors, the Debtor, and Ms. Kastrenakes, stipulate to the entry of a final judgment denying all relief sought by the Vasiloudes Creditors, a copy of which is attached hereto as Exhibit "G."

    iv. **Remanded ICO Proceeding:** The Vasiloudes Creditors and Kevin E. Hawkins ("Hawkins") stipulate to dismissal of all relief sought by the Vasiloudes Creditors against Hawkins, a copy of which is attached hereto as Exhibit "H." However, nothing about this filing

will preclude the Vasiloudes Creditors from seeking other relief against the remaining defendants.

    v.    **Remanded Trusts Proceeding:** The parties to the Remanded Trusts Proceeding stipulate to the dismissal of the Remanded Trusts Proceeding, a copy of which is attached hereto as Exhibit "I."[16]

    vi.    **Equitable Subordination Proceeding:** The Vasiloudes Creditors, the Debtor, Ms. Kastrenakes, and CPX, stipulate to the entry of a final judgment denying all relief sought by the Vasiloudes Creditors, a copy of which is attached hereto as Exhibit "J."

c.  **Other Consideration:**

    i.    **Third Party Releases:** As additional consideration, the Compromise Parties agree that the Vasiloudes Creditors shall not initiate litigation against Michael Kaplanis, Mark Lagos, the children of the Debtor and Maria Kastrenakes (the "Kastrenakes Children"), the Kastrenakes Children's trusts, the Maria Kastrenakes Irrevocable Trust 12/30/2009, and the Maria Kastrenakes Irrevocable Trust 1998 (collectively, the "Third Party Releasees"); however, in the event that any of the Third Party Releasees ever initiates any form of claim of any kind, the Vasiloudes Creditors will have the right to bring any claim of any kind against either of them.

    ii.    **No Admission:** None of the Compromise Parties are admitting

---

[16] Based upon the procedural history, it is the intent of the Compromised Parties that this judgment operates as a general release in favor of Ms. Kastrenakes and the other named defendants.

        wrongdoing, but all the Compromise Parties are acknowledging sufficiency of consideration.

   iii.    **Mediator Fees:** The Vasiloudes Creditors and the Kastrenakes Parties shall each be liable for half of the mediator fees and costs incurred in mediating with R. Scott Shuker, Esquire, to be paid no later than five (5) business days following the Effective Date.

   iv.    **Integration Clause:** The Compromise is intended to resolve all business between the Kastrenakes Parties and the Vasiloudes Creditors, including the Controversy as outlined above. There are no separate agreements of any kind relating to the business, financial, or legal affairs of the Compromise Parties, and any such terms or agreements are hereby deemed to be void <u>ab</u> <u>initio</u>.

   v.    **Non-Severability:** The Compromise is non-severable, such that the terms and conditions cannot be selectively incorporated into an agreement, and the Compromise must either be approved as presented or disapproved, unless every one of the Compromise Parties expressly agrees.

   vi.    **Amendments in Writing:** Any amendments to the terms of the Compromise must be made in writing, and are subject to approval by this Court following notice and hearing, failing which such purported amendments are void. No claims such as course of performance, estoppel, waiver, or the like shall excuse breach of an

express provision of the Compromise.

vii. **Duty Regarding Further Assurances:** Each of the Compromise Parties shall timely execute all documents necessary to effectuate this Compromise. In these regards, it is expressly noted that all the Compromise Parties waives all rights to rehearing, relief from judgment, or appeal, as they might otherwise relate to any judgment or order to be entered in furtherance of the Compromise.

viii. **Duty of Good Faith:** All of the Compromise Parties shall have a duty of good faith and fair dealing with all aspects of the Compromise, and shall provide any further assurances regarding documents required to effectuate the benefit of the bargain.

ix. **No Implied Third-Party Beneficiaries:** Other than as expressly set forth above, there are no third-party beneficiaries to the Compromise, and any third-party beneficiary receiving a release under the Compromise is deemed to have granted a release reciprocally.

x. **Mothers' Promise:** Ms. Vasiloudes and Ms. Kastrenakes expressly represent that they will take no action on behalf of any business entity either of them owns/controls that would impede the intention of the Compromise that the Vasiloudes Family will recover $1,500,000 with interest at five and a half (5.5%) percent, and that the Kastrenakes Family will be free of all claims and litigation

involving the Vasiloudes Family.

  xi. **Preserved Privileges:** The Vasiloudes Creditors agree that they shall assert attorney-client, work-product, and mediation privileges to the fullest extent possible, with respect to all matter of material generated with the involvement of counsel, to aid in achieving finality.

  xii. **Retention of Jurisdiction and Related Provisions:** Florida Law shall govern the construction, interpretation, and enforcement of the Compromise, with proper consideration to substantive bankruptcy law where applicable. This Court shall retain jurisdiction over all Compromise Parties referenced herein to enforce the terms of the Compromise. The Compromise Parties waive any rights to a trial by jury, having fully consulted with their respective counsel regarding the same.

15. The Compromise Parties note that the Vasiloudes Creditors continue to have a set of proofs of claim (the "Vasiloudes POCs") filed of record, and nothing about the Compromise is intended to waive or relinquish the same.

16. There is just cause to reduce the notice period pursuant to the Compromise, as the swift approval of the Compromise and other related relief is in the best interests of the estate as there are no other creditors as to the Compromise and the logical ramifications of approval of the same.

17. By this Compromise Motion, the Compromise Parties seek the entry of an

order: (a) approving the Compromise; (b) authorizing the Compromise Parties to execute and comply with all terms of the Compromise; (c) reducing the notice period provided in Bankruptcy Rule of Procedure 2002(a) for cause; and (d) granting such other relief as this Court deems just and proper.

### IV.  FACTORS MILITATING IN FAVOR OF COMPROMISE

18. Bankruptcy Rule 9019(a) provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

19. Rule 9019(a) gives this Court broad authority in approving compromises or settlements. In re Biocoastal Corp., 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (citing In re Charter Co., 72 B.R. 70 (Bankr. M.D. Fla.1987). The determination of whether to approve a compromise is a matter committed to the sound discretion of Bankruptcy judge. River City v. Herpel (In re Jackson Brewing Co.), 624 F.2d 599, 602-603 (5th Cir. 1980). In exercising this discretion, the court should approve the proposed settlement if it is in the best interests of the estate. Id. In determining whether a proposed compromise is in the best interests of the estate, Bankruptcy court should consider the following factors: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interests of the creditors and a proper deference to their reasonable views in the premises. In re Justice Oaks II, Ltd., 898 F.2d 1544, 1549 (11th Cir. 1990), cert denied, 498 U.S.

959 (1990).

20. After consideration of the non-existent probability of success, and the complexity, expense, inconvenience, and delay attendant to the Controversy, the Compromise Parties believe that the Compromise set forth above is fair and equitable and in the best interests of creditors and the Debtors' estate.

21. In particular, the Compromise Parties, following careful consideration of controlling law, and all facts relevant to the consideration of this Compromise Motion, would represent the following:

   a. the time, expense, and other resources that would be allocated to the continued prosecution of the Controversy by the Compromise Parties, are better spent on other endeavors; and

   b. controlling law and facts, as currently understood by the Compromise Parties, justify approval of the Compromise, based upon the fact that the result would fall within the range of foreseeable results that could be expected if the Controversy was prosecuted through to their conclusions.

WHEREFORE, the Compromise Parties move for the entry of an order that will:

   a. grant this Compromise Motion;

   b. reduce the otherwise applicable notice period for cause shown;

   c. approve the Compromise;

   d. authorize the Compromise Parties to take such action as required to consummate the Compromise; and

15

e. grant such other additional relief as is necessary and appropriate.

Dated this 23rd day of July 2023.

| /s/ Buddy D. Ford | /s/ Kathleen L. DiSanto | /s/ John A. Anthony |
|---|---|---|
| **BUDDY D. FORD, ESQ.** | **KATHLEEN L. DISANTO, ESQ.** | **JOHN A. ANTHONY, ESQ.** |
| Florida Bar Number: 654711 | Florida Bar Number: 58512 | Florida Bar Number: 0731013 |
| buddy@tampaesq.com | kdisanto@bushross.com | janthony@anthonyandpartners.com |
| **BUDDY D. FORD PA** | **BUSH ROSS, P.A.** | **NICHOLAS LAFALCE, ESQ.** |
| 9301 W Hillsborough Avenue | 1801 North Highland Ave. | Florida Bar Number: 0119250 |
| Tampa, Florida 33615 | Tampa, Florida 33602 | nlafalce@anthonyandpartners.com |
| Attorney for the Debtor | Attorney for Ms. Kastrenakes | **CAMERYN R. LACKEY, ESQ.** |
| | | Florida Bar Number: 1038915 |
| | | clackey@anthonyandpartners.com |
| | | **ANTHONY & PARTNERS, LLC** |
| | | 100 S. Ashley Drive, Suite 1600 |
| | | Tampa, Florida 33602 |
| | | Attorneys for the Vasiloudes Creditors |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of July, 2023, a true and correct copy of the foregoing has been served via e-mail on the following parties:

Adam L Alpert on behalf of Creditor CPX Holdings, LLC
aalpert@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

Adam L Alpert on behalf of Interested Party Maria Kastrenakes
aalpert@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

John Blair Boyd on behalf of Creditor Grow Financial Federal Credit Union
bk@svllaw.com

Kathleen L DiSanto on behalf of Creditor CPX Holdings, LLC
kdisanto@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

Kathleen L DiSanto on behalf of Interested Party Maria Kastrenakes
kdisanto@bushross.com, bnkecf@bushross.com; ksprehn@bushross.com

Robert Bruce George on behalf of Creditor First Home Bank
rgeorge@thelilesfirm.com, aperry@thelilesfirm.com; rmittauer@thelilesfirm.com

Teresa M Hair on behalf of Creditor Wells Fargo Bank, N.A.
teresa.hair@brockandscott.com, WBECF@brockandscott.com

Danielle S Kemp on behalf of Creditor Courtney Leasing, Inc.
kempd@gtlaw.com, meyerp@gtlaw.com; FLService@gtlaw.com

Amy Denton Mayer on behalf of Debtor Michael Kastrenakes
amayer.ecf@srbp.com, srbpecf@srbp.com; aharris@srbp.com

Amy Denton Mayer on behalf of Plaintiff Michael Kastrenakes
amayer.ecf@srbp.com, srbpecf@srbp.com; aharris@srbp.com

Ruediger Mueller
trustee@tcmius.com, crm11@trustesolutions.net

Edward J. Peterson, III on behalf of Attorney Stichter, Riedel, Blain & Postler, P.A.
epeterson@srbp.com, epeterson.ecf@srbp.com; srbpecf@srbp.com

Edward J. Peterson, III on behalf of Debtor Michael Kastrenakes
epeterson@srbp.com, epeterson.ecf@srbp.com; srbpecf@srbp.com

Edward J. Peterson, III on behalf of Plaintiff Michael Kastrenakes
epeterson@srbp.com, epeterson.ecf@srbp.com; srbpecf@srbp.com

Robert C Schermer on behalf of Creditor SouthState Bank, N.A.
rschermer@manateelegal.com

United States Trustee - TPA
USTPRegion21.TP.ECF@USDOJ.GOV

Nicolette C Vilmos on behalf of Creditor NextGear Capital, Inc.
nicolette.vilmos@nelsonmullins.com, francis.santelices@nelsonmullins.com; allison.abbott@nelsonmullins.com

Nicolette C Vilmos on behalf of Defendant NextGear Capital, Inc.
nicolette.vilmos@nelsonmullins.com, francis.santelices@nelsonmullins.com; allison.abbott@nelsonmullins.com

Nathan A Wheatley on behalf of U.S. Trustee United States Trustee - TPA
nathan.a.wheatley@usdoj.gov

J Steven Wilkes on behalf of U.S. Trustee United States Trustee - TPA
steven.wilkes@usdoj.gov

17

Lynn Welter Sherman on behalf of the chapter 7 trustee - lsherman@trenam.com

Ryan J. Mittauer on behalf of creditor, First Home Bank, rmittauer@thelilesfirm.com

Grey Squires-Binford on behalf of SouthState Bank, N.A., gsquires@kpsds.com

Joel M. Aresty, P.A. on behalf of Platinum Auto Finance of Tampa Bay, LLC, Aresty@Mac.com

Nicole Mariani Noel on behalf of Thomas Zervas and Konstantinos Papaspanos nmnoel@kasslaw.com

Shirley Palumbo on behalf of Defendant William Hilgenfeldt
shirley.palumbo@gmlaw.com, bankruptcy@gmlaw.com; Edmund.Loos@gmlaw.com

/s/ John A. Anthony
**ATTORNEY**