# EXHIBIT "B"

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:
MICHAEL KASTRENAKES,
    Debtor.

Case No.: 8:22-bk-01210-CED
_____/ Chapter: 7

DR. PANAYIOTIS VASILOUDES, CYGRAM HERITAGE, LLLP, and CYGRAM HOLDINGS, L.P.,

    Plaintiffs,

vs.

Adversary No.: 8:22-ap-00095-CED

MICHAEL KASTRENAKES,

    Defendant.
_____/

CYGRAM HERITAGE, LLLP, derivatively, on behalf of NEW WAVE ACCEPTANCE, LLC, Plaintiffs,

vs.

MICHAEL KASTRENAKES,

    Defendant,

and

NEW WAVE ACCEPTANCE, LLC,

    Nominal Defendant.
_____/

DR. PANAYIOTIS VASILOUDES, CYGRAM HERITAGE, LLLP, and CYGRAM HOLDINGS, L.P.,

    Plaintiffs,

vs.

MICHAEL KASTRENAKES,

    Defendant.
_____/

## STIPULATED JUDGMENT FOR NON-DISCHARGEABILITY

THIS CAUSE came on for consideration in a manner consistent with this Court's "Order Granting Motion to Compromise Controversy Between Vasiloudes Creditors and Kastrenakes Parties" (the "Compromise Order") [Doc. XX], entered in the chapter 7 liquidation of Michael Kastrenakes (the "Debtor"), granting the "Motion to Compromise Controversy Between Vasiloudes Creditors and Kastrenakes Parties" (the "Compromise Motion") [Doc. XXX] filed on July XX, 2023, by Dr. Panayiotis Vasiloudes ("Vasiloudes"), Cygram Heritage, LLLP ("Heritage"), Cygram Holdings, L.P. (the "Holdings"), collectively referred to herein as the "Plaintiffs," and the Debtor.  For purposes of this judgment (this "Stipulated Judgment"), the Plaintiffs and the Debtor are collectively referred to herein as the "Movants."  The Compromise Order approved of a plenary compromise of controversies (the "Compromise"), and the granting of extensive relief as to the Movants, as well as other parties in interest.  This Stipulated Judgment is being entered in furtherance of the Compromise.

2

By its express terms, the Compromise Motion contemplated the entry of a final judgment denying dischargeability of the debt of the Debtor to Heritage (the "Obligation"), up to the extent of $1,500,000 (the "Judgment Amount"), to facilitate a broader compromise of controversies described therein.  No relief is contemplated in favor of Vasiloudes or Holdings.

This Court, being fully advised in the premises, entered the Compromise Order.  At this juncture, it is incumbent upon this Court to enter this Stipulated Judgment, in favor of Heritage and against the Debtor, but against Vasiloudes and Holdings and in favor of the Debtor.

All findings of fact, conclusions of law, and holdings in connection with the Compromise Order are hereby reincorporated in a manner consistent with requirements of Federal Rule of Civil Procedure 52 and Federal Rule of Bankruptcy Procedure 7052.  It is

**ORDERED, ADJUDGED, AND DECREED** as follows:

1. This Stipulated Judgment is hereby entered in favor of Heritage, and against the Debtor, for the Judgment Amount, for which let execution issue, subject only to the other terms and conditions of this Stipulated Judgment.

2. Judgment in favor of the Debtor and against both Vasiloudes and Holdings is entered, and these two (2) Plaintiffs shall go forth without day.

3. Except as otherwise set forth in the Compromise Order, the Movants shall bear their respective fees and costs.

4. For purposes of this Stipulated Judgment, the address of Heritage is 6319

Memorial Hwy Tampa, Florida 33615, and this address is intended for purposes of notice, as well as compliance with Florida Statutes §55.10.

5. Notwithstanding any other relief granted in this Stipulated Judgment, the Movants are all bound by the terms of forebearance set forth in the Compromise Order. Accordingly, while Heritage shall have every right of a Florida judgment creditor under Florida law, including the right to perfect their judgment lien, Heritage shall take no action to collect the Judgment Amount for so long as the Debtor is compliant with the terms of the Compromise.

6. Each of the Movants is expressly found and held to have waived any right to rehearing, reconsideration, appeal, or any other procedural device intended to alter the effectiveness of this Stipulated Judgment.

7. This Court hereby retains jurisdiction over the subject matter and the Movants to the extent required to construe, apply, and enforce the relief granted herein. This Court's exercise of jurisdiction is intended to be coterminous with that under the Compromise Order itself.

> Attorney, John A. Anthony, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three (3) days of entry of this order.