# EXHIBIT "C"

This Instrument Prepared By and Return to:

C. Paige Andringa, Esq.
Anthony & Partners, LLC
100 S. Ashley Drive, Suite 1600
Tampa, FL 33602

## MORTGAGE

THIS MORTGAGE, (the "Mortgage"), executed this _____ day of July, 2023, by **MICHAEL KASTRENAKES** and **MARIA KASTRENAKES**, a married couple, at 1755 McCauley Rd, Clearwater, Florida 33765 (the "Mortgagors"), in favor of **CYGRAM HERITAGE, LLLP**, a Florida limited partnership at 6319 Memorial Highway, Tampa, Florida 33615 (the "Mortgagee").

**W I T N E S S E T H:**

**GRANTING CLAUSE**

**AMOUNT OF LIEN; "JUDGMENT"; "DESCRIPTION OF PROPERTY"; "PREMISES"**

Mortgagors, in order to secure Mortgagors' obligations under the 523 judgment (the "Judgment") entered pursuant to that "Motion to Compromise Controversy" (the "Motion") entered in Case No.: 8:23-bk-01210-CED pending in the Unites Sates Bankruptcy Court for the Middle District of Florida, Tampa Division and to secure the payment of the Judgment defined herein, do grant, bargain, sell, alien, remise, release, convey, assign, transfer, mortgage, hypothecate, pledge, deliver, set over, warrant and confirm unto Mortgagee, its successors and assigns, Mortgagors' fee simple interest in the land and properties in Pinellas County, Florida (the "Property"), more particularly described in Exhibit "A" attached hereto and made a part hereof, of which Mortgagors are now seized and possessed, together with all buildings and improvements now owned or hereafter acquired by Mortgagors situate upon said Property and all fixtures now owned or hereafter acquired by Mortgagors located in the buildings and improvements on said Property, together with the following property and rights, all of which is hereafter referred to as the "Premises":

TO HAVE AND TO HOLD the Premises unto Mortgagee, its successors and assigns forever, subject, however, to the terms and conditions of this Mortgage.

**EQUITY OF REDEMPTION**.

CONDITIONED, HOWEVER, that if (i) Mortgagors shall pay or cause to be paid to Mortgagee, at its office and principal place of business as set forth above, or at such other place which may hereafter be designated by Mortgagee, its or their successors or assigns, with interest the sums due under Judgment sum as set forth therein, unless amended or extended by Mortgagee, as well as all future advances and all other sums, indebtedness, obligations and liabilities for which this instrument is security, and (ii) if Mortgagors shall also pay all future advances and other sums, indebtedness, obligations and liabilities for which this Mortgage is

security and for which Mortgagors are obligated or liable, and (iii) if Mortgagors shall fully perform all the covenants, conditions and terms of this Mortgage or relating hereto, then this Mortgage, and all the properties, interests and rights hereby granted, bargained, sold, alienated, remised, released, conveyed, assigned, transferred, mortgaged, hypothecated, pledged, delivered, set over, warranted and confirmed, shall cease, terminate and be void; but shall otherwise remain in full force and effect.

## ARTICLE 2

## EVENTS OF DEFAULT AND REMEDIES

**Section 2.1 EVENTS OF DEFAULT.**

The occurrence of any one of the following events, which shall not be cured within five (5) business days of written notice of the occurrence of such an event, shall constitute an "Event of Default"; time is of the essence herein:

2.1.1  Failure to Pay Debt.  Mortgagors fails to pay the Judgment secured hereby in accordance with the terms approved by the Bankruptcy Court.

2.1.2  Breach of Warranty.  Any warranty of Mortgagors herein contained, or contained in any instrument, document, transfer, conveyance, assignment or agreement given with respect to the Judgment, or proves untrue or misleading in any material respect.

2.1.3  Failure to Pay Taxes and Assessments.  Mortgagors fail to pay, when due, all taxes, assessments, rates, dues, charges, fees, impositions, obligations and encumbrances of every kind whatsoever now or hereafter imposed, levied or assessed upon or against the Mortgaged Property or any part thereof, or upon or against this Mortgage or other sums secured hereby, or upon or against the interest of Mortgagee in the Property, as well as all income taxes, assessments and other governmental charges levied or imposed by any taxing authority upon or against Mortgagors, the Mortgaged Property or any part thereof and any charge which, if unpaid, would become a lien or charge upon the Property.

2.1.4  Failure to Keep Insurance.  Mortgagors fail to insure and keep insured, in such amounts and types as are commercially reasonable, the Property against loss or damage by fire, and/or other casualty, in such form, such amounts, and in such company or companies as shall be satisfactory to Mortgagee, the loss, if any, to be payable to Mortgagee as its interest may appear at the time of the loss.

**Section 2.2 DUE ON SALE.**

2.2.1  If all or any part of the Premises or any interest therein is sold or transferred by Mortgagors without Mortgagee's prior written consent, Mortgagee may, at its option, declare all the sums secured by this Mortgage to be immediately due and payable.

2.2.2  A "sale or transfer" shall be defined to include, without limitation:  conveyance by deed; lease of the Premises in excess of thirty years; or contract or agreement for deed.

**Section 2.3  OPTIONS OF MORTGAGEE UPON EVENT OF DEFAULT.**

Upon the occurrence of any event of default under the Judgment or Motion, after notice and which is not cured within the applicable grace period, Mortgagee may immediately do any one or more of the following:

2.3.1 Acceleration.  Declare the Judgment, including without limitation all outstanding principal and accrued interest, as well as all payments for taxes, assessments, insurance premiums, liens, costs, expenses and attorney's fees herein specified, without notice to Mortgagors (such notice being hereby expressly waived), to be due and collectible in full at once;

2.3.2 Intervene.  Intervene, without the consent of Mortgagors, in any pending lawsuit or other proceedings materially affecting the Premises as a proper party having an interest in the outcome of the lawsuit or proceedings;

2.3.3 No Election of Remedies.  In the event that Mortgagee has elected to accelerate the maturity of the Judgment and has declared the Judgment to be due and payable in full at once under the provisions of Section 2.3.1., above, this Mortgage or any other document which gives Mortgagee the right to accelerate the maturity date of the Judgment or any part thereof, then Mortgagee shall have the right to pursue all of Mortgagee's rights and remedies for the collection of such Judgment, whether such rights and remedies are granted by this Mortgage, any other agreement or at law, equity or otherwise, to include, without limitation, the institution of foreclosure proceedings against the Premises under the terms of this Mortgage and applicable state or federal law.

**Section 2.4  MORTGAGEE'S RIGHTS SEPARATE, DISTINCT AND CUMULATIVE: ELECTION OF REMEDIES.**

The rights of Mortgagee and its successors and assigns which are granted and arise under the clauses and covenants contained in this Mortgage or Judgment, shall be separate, distinct and cumulative of other powers and rights herein granted and all other rights which Mortgagee may have in law or equity or by agreement, and none of them shall be in exclusion of the others; and all of them are cumulative to the remedies for collection of indebtedness, enforcement of rights under mortgages and preservation of security as provided at law. No act of Mortgagee or its successors or assigns shall be construed as an election to proceed under anyone provision to the exclusion of any other provision, or an election of remedies to the bar of any other remedy allowed at law or in equity, or by agreement, anything herein or otherwise to the contrary notwithstanding.

## ARTICLE 3

## MISCELLANEOUS

**Section 3.1 <u>NOTICE, DEMAND AND REQUEST</u>**.

Any notice to be given or to be served upon any party hereto, in connection with this Mortgage, must be in writing, and may be given by certified or registered mail and shall be deemed to have been given and received on the third business day after a certified or registered letter containing such notice, properly addressed, with postage prepaid, is deposited in the United States mails; and if given otherwise than by certified or registered mail, it shall be deemed to have been given when delivered to and received by the party to whom it is addressed.  Any notice required Any communications concerning this Agreement or the Controversies described herein shall be addressed (and telecopied if telecopier number is set forth below) as follows:

**As to the Cygram Heritage, LLLP**:

6319 Memorial Hwy
Tampa, FL 33615

**With a copy to**:

John A. Anthony, Esquire
janthony@anthonyandpartners.com
Anthony & Partners, LLC
100 S. Ashley Drive, Suite 1600
Tampa, Florida 33602

**As to the Kastrenakeses:**

Michael and Maria Kastrenakes
1755 McCauley Rd.
Clearwater, FL 33764

**With a copy to:**

Buddy D. Ford, Esquire
buddy@tampaesq.com
9301 W Hillsborough Ave.
Tampa, FL 33615

**And a copy to:**

Kathleen Disanto, Esquire
kdisanto@bushross.com
Bush Ross, P.A.

1801 N Highland Ave

Any party hereto may, at any time by giving five (5) days' written notice to the other party hereto, designate any other party or address in substitution of any foregoing party or address to which such notice shall be given.

### Section 3.2 MODIFICATION OR WAIVER.

Any indulgence or departure at any time by Mortgagors, its successors or assigns from any of the provisions hereof, or of any obligation hereby secured, shall not modify the same or relate to the future or waive future compliance therewith by Mortgagors. No act of omission or commission of Mortgagee, including, without limitation, any failure to exercise any right, remedy or recourse, shall be deemed to be a waiver, release or modification of the same, such waiver, release or modification to be effected only through a written document executed by Mortgagee and then only to the extent specifically recited therein.

### Section 3.3 GOVERNING LAW.

This Mortgage and its terms and provisions are to be governed by the laws of the State of Florida and the United States of America where applicable. No sum charged or collected as interest or in the nature of interest with respect to any sum the repayment of which is secured by the lien of this Mortgage shall exceed the maximum amount allowed to be contracted for by applicable law, as changed from time to time ("maximum amount"). Any payment of interest or in the nature of interest in excess of the maximum amount, shall be applied or disbursed as provided in the Note in regard to such amounts which are paid by Mortgagors or received by Mortgagee.

### Section 3.4 DESCRIPTIVE HEADINGS.

The descriptive headings used herein are for convenience in reference only and they are not intended to have any effect whatsoever in determining the rights or obligations of Mortgagors or Mortgagee.

### Section 3.5 CONSTRUCTION.

Neither this Mortgage nor any other Judgment Document shall be construed more strongly against any party regardless of who was more responsible for its preparation.

### Section 3.6 ATTORNEY'S FEES.

As used in this Mortgage attorney's fees shall include, but not be limited to, fees incurred in all matters of collection and enforcement, construction and interpretation, before, during and after suit, trial, proceedings and appeals, as well as appearances in and connected with any administrative proceedings or bankruptcy proceedings, or creditors' reorganization or arrangement proceedings.

**Section 3.7 <u>JURY TRIAL WAIVER</u>**

MORTGAGORS AND MORTGAGEE HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT EITHER MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED THEREON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS MORTGAGE AND ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITIEN) OR ACTIONS OF EITHER PARTY. THIS PROVISION IS A MATERIAL INDUCEMENT FOR MORTGAGEE'S ENTERING INTO THE JUDGMENT EVIDENCED BY THE NOTE.

**Section 3.8 <u>NO PREPAYMENT PENALTY</u>**

The Mortgagors shall have the right to prepay the Judgment and Mortgage at any time without penalty. No payment or fee shall be incurred solely as a result of the Mortgagors' election to prepay all or any portion of the Judgment.

**Section 3.9 <u>NO IN PERSONAM RELIEF AGAINST MARIA KASTENAKES</u>**

Notwithstanding the foregoing, nothing herein is intended or does in fact entitle Mortgagee to <u>in personam</u> relief against Maria Kastrenakes on account of the Judgment.

IN WITNESS WHEREOF, Mortgagors has executed this instrument as of the day and year first above written.

**MORTGAGORS:**

_____
Michael Kastrenakes

_____
Maria Kastrenakes

STATE OF FLORIDA
COUNTY OF _____

  The foregoing instrument was acknowledged before me by means of \_\_ physical presence or \_\_ online notarization this \_\_\_\_\_ of July, 2023, by Michael Kastrenakes, who ☐ is personally known to me, or ☐ produced _____ as identification.

                _____
                NOTARY PUBLIC
                STATE OF FLORIDA
                Print Name: _____
                My Commission Number: _____
(Seal)           My Commission Expires: _____

STATE OF FLORIDA
COUNTY OF _____

  The foregoing instrument was acknowledged before me by means of \_\_ physical presence or \_\_ online notarization this \_\_\_\_\_ of July, 2023, by Maria Kastrenakes, who ☐ is personally known to me, or ☐ produced _____ as identification.

                _____
                NOTARY PUBLIC
                STATE OF FLORIDA
                Print Name: _____
                My Commission Number: _____
(Seal)           My Commission Expires: _____

**EXHIBIT "A"**

Lot 33, Coachman Lakes Estates, according to the map or plat thereof as recorded in Plat Book 62, Page 26, Public Records of Pinellas County, Florida.

This Instrument prepared by
and to be returned to:
C. Paige Andringa, Esq.
Anthony & Partners, LLC
100 S. Ashley Drive, Suite 1600
Tampa, FL 33602

---

## NOTICE OF LIMITATION ON MORTGAGE FUTURE ADVANCE

THIS NOTICE OF LIMITATION ON MORTGAGE FUTURE ADVANCE is made this ___ day of July, 2023, by MICHAEL KASTRENAKES and MARIA KASTRENAKES, a married couple (the "Mortgagor").

### WITNESSETH

WHEREAS, pursuant to that certain Mortgage with CENTERSTATE BANK N.A., a national association (the "Mortgagee") recorded as Instrument No. 2019093677, recorded on March 27, 2019, in the Public Records of Pinellas County, Florida (the "Mortgage") between Mortgagor and the Mortgagee, in mortgaging the following described real property, together with all improvements thereon, located in Pinellas County, Florida, to-wit:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

WHEREAS, the Mortgage may provide for future advances to be made against the security of the mortgage lien granted thereunder; and

WHEREAS, Mortgagor desires to limit the maximum principal amount that may be secured under the Mortgage in accordance with Florida Statutes §697.04(1)(b).

NOW, THEREFORE, in accordance with Florida Statutes §697.04(1)(b), notice is hereby given that the maximum principal amount that may be secured by the Mortgage shall be the actual amount secured by the Mortgage that is advanced and outstanding this date.

Pursuant to Florida Statutes §697.04(1)(b), a copy of this notice is being sent this date to Mortgagee or Mortgagee's successors or assigns by certified mail.

*SIGNATURES CONTINUED ON NEXT PAGE*

IN WITNESS WHEREOF, Mortgagor has set its hand and seal the day and year first above written.

WITNESSES:

                                                                                      By: Michael Kastrenakes

                                                                                      By: Maria Kastrenakes

STATE OF FLORIDA
COUNTY OF _____

      The foregoing instrument was acknowledged before me by means of \_\_ physical presence or \_\_ online notarization this \_\_\_\_\_ of July, 2023, by Michael Kastrenakes, who ☐ is personally known to me, or ☐ produced _____ as identification.

(Seal)                                                 NOTARY PUBLIC
                                                           Print Name: _____
                                                           My Commission Number: _____
                                                           My Commission Expires: _____

STATE OF FLORIDA
COUNTY OF _____

      The foregoing instrument was acknowledged before me by means of \_\_ physical presence or \_\_ online notarization this \_\_\_\_\_ of July, 2023, by Maria Kastrenakes, who ☐ is personally known to me, or ☐ produced _____ as identification.

(Seal)                                                 NOTARY PUBLIC
                                                           Print Name: _____
                                                           My Commission Number: _____
                                                           My Commission Expires: _____

This Instrument prepared by
and to be returned to:
C. Paige Andringa, Esq.
Anthony & Partners, LLC
100 S. Ashley Drive, Suite 1600
Tampa, FL 33602

## NOTICE OF LIMITATION ON MORTGAGE FUTURE ADVANCE

THIS NOTICE OF LIMITATION ON MORTGAGE FUTURE ADVANCE is made this ___ day of July, 2023, by MICHAEL KASTRENAKES and MARIA KASTRENAKES, a married couple (the "Mortgagor").

### WITNESSETH

WHEREAS, pursuant to that certain Mortgage with WELLS FARGO BANK, N.A., a national association (the "Mortgagee") recorded as Instrument No. 2013248009, recorded on July 30, 2023, in the Public Records of Pinellas County, Florida (the "Mortgage") between Mortgagor and the Mortgagee, in mortgaging the following described real property, together with all improvements thereon, located in Pinellas County, Florida, to-wit:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

WHEREAS, the Mortgage may provide for future advances to be made against the security of the mortgage lien granted thereunder; and

WHEREAS, Mortgagor desires to limit the maximum principal amount that may be secured under the Mortgage in accordance with Florida Statutes §697.04(1)(b).

NOW, THEREFORE, in accordance with Florida Statutes §697.04(1)(b), notice is hereby given that the maximum principal amount that may be secured by the Mortgage shall be the actual amount secured by the Mortgage that is advanced and outstanding this date.

Pursuant to Florida Statutes §697.04(1)(b), a copy of this notice is being sent this date to Mortgagee or Mortgagee's successors or assigns by certified mail.

*SIGNATURES CONTINUED ON NEXT PAGE*

2

IN WITNESS WHEREOF, Mortgagor has set its hand and seal the day and year first above written.

WITNESSES:

                                                                                                                   By: Michael Kastrenakes

                                                                                                                    By: Maria Kastrenakes

STATE OF FLORIDA
COUNTY OF _____

The foregoing instrument was acknowledged before me by means of \_\_ physical presence or \_\_ online notarization this \_\_\_\_\_ of July, 2023, by Michael Kastrenakes, who ☐ is personally known to me, or ☐ produced _____ as identification.

(Seal)                                                NOTARY PUBLIC
                                                        Print Name: _____
                                                        My Commission Number: _____
                                                        My Commission Expires: _____

STATE OF FLORIDA
COUNTY OF _____

The foregoing instrument was acknowledged before me by means of \_\_ physical presence or \_\_ online notarization this \_\_\_\_\_ of July, 2023, by Maria Kastrenakes, who ☐ is personally known to me, or ☐ produced _____ as identification.

(Seal)                                                NOTARY PUBLIC
                                                        Print Name: _____
                                                        My Commission Number: _____
                                                        My Commission Expires: _____

# Closing Affidavit
(Refinance)

**Before me**, the undersigned authority, personally appeared **Michael Kastrenakes and Maria Kastrenakes, a married couple** ("Affiant"), who being by me first duly sworn, on oath, depose(s) and say(s) that:

1. **Michael Kastrenakes and Maria Kastrenakes, a married couple** ("Mortgagor"), is the owner of and is mortgaging the following described property to **Cygram Heritage, LLLP**, a Florida limited partnership, ("Mortgagee"), to wit:

   **Lot 33, Coachman Lakes Estates, according to the map or plat thereof as recorded in Plat Book 62, Page 26, Public Records of Pinellas County, Florida.**

2. The above described property is free and clear of all liens, taxes, encumbrances and claims of every kind, nature and description of record whatsoever, except for real estate and personal property taxes for the year **2023**, which are not yet due and payable, and the mortgages with CENTERSTATE BANK N.A., recorded as Instrument No. 2019093677, on March 27, 2019, in the Public Records of Pinellas County, Florida, and the mortgage with WELLS FARGO BANK, N.A., recorded as Instrument No. 2013248009, on July 30, 2023, in the Public Records of Pinellas County, Florida.

3. There have been no improvements, alterations, or repairs to the above described property for which the costs thereof remain unpaid, and there are no claims for labor or material furnished for repairing or improving the same which remain unpaid.

4. There have been no documents recorded in the Public Records of **Pinellas County**, **Florida**, subsequent to **June 23, 2023**, which affect title to the Property and Mortgagor has not entered into any contracts for the sale, disposition or leasing of the Property since said date except as may have been disclosed to **Anthony & Partners LLC** in writing, and Mortgagor has no knowledge of any matter affecting title to the Property.

5. The Mortgagor knows of no violations of Municipal or County Ordinances pertaining to the above described property. No judgment or decree has been entered in any court in this State or the United States against said Mortgagor which remains unsatisfied, with the exception of the lien held by the Mortgagee pursuant to the "Motion to Compromise Controversy" and the "Order Granting the Motion to Compromise Controversy" granted by the United States Bankruptcy Court, Middle District of Florida, Case No. 8:22-bk-01210-CED. There are no persons other than Mortgagor in possession of the above described property.

6. There are no matters pending against the Mortgagor that could give rise to a lien that would attach to the property between the effective date of commitment and the recording of the interest to be insured. Mortgagor has not and will not execute any instruments that would adversely affect the interest to be insured.

7. Mortgagor title to, and possession and enjoyment of, the property have been open, notorious, peaceable and undisturbed, and have never been disputed nor questioned.

8. There are no disputes concerning the boundary lines of the property, and the operation of any buildings on said property has been in compliance with the applicable building codes, ordinances and statutes.

9. Affiant has received no notice of any public hearing regarding assessment for improvements or changes in applicable zoning laws concerning said property within the past ninety (90) days.

10. There are no actions or proceedings now pending in any State or Federal Court to which the Mortgagor is a party, including but not limited to, proceedings in bankruptcy, receivership or insolvency, nor are there any judgments, bankruptcies, liens or executions of any nature which constitute or could constitute a charge or lien upon said property, with the exception of the Chapter 7 Bankruptcy stated in item 5 above.

11. There are no unrecorded easements, claims of easement or rights-of-way affecting all or any portion of the property.

12. This affidavit is given for the purpose of clearing any possible question or objection to the title to the above referenced property and, for the purpose of inducing **Cygram Heritage, LLLP**, **to make its agreement for judgment in the amount of $1,500,000.00** and to induce **Anthony & Partners LLC** and **Old Republic National Title Insurance Company** to issue title insurance on the subject property with the knowledge that said lender and title companies are relying upon the statements set forth herein.

13. Mortgagor hereby holds **Anthony & Partners LLC** and **Old Republic National Title Insurance Company** harmless and fully indemnifies same (including but not limited to attorney's fees, whether suit be brought or not, and at trial and all appellate levels, and court costs and other litigation expenses) with respect to the matters set forth herein. "Affiant", "Mortgagor" and "Mortgagee" include singular or plural as context so requires or admits. Mortgagor further states that he/she is familiar with the nature of an oath and with the penalties as provided by the laws of the United States and the State of Florida for falsely swearing to statements made in an instrument of this nature. Mortgagor further certifies that he/she has read, or heard read, the full facts of this Affidavit and understands its context.

**Under penalties of perjury**, I declare that I have read the foregoing Affidavit and that the facts stated in it are true.

_____
Michael Kastrenakes

_____
Maria Kastrenakes

State of Florida
County of _____

The foregoing instrument was sworn to and subscribed before me by means of [_] physical presence or [_] online notarization, this ___ day of July, 2023 by Michael Kastrenakes, who [_] are personally known or [_] have produced _____ as identification.

[Notary Seal]                                    Notary Public

                                                 Printed Name:

State of Florida
County of _____

The foregoing instrument was sworn to and subscribed before me by means of [_] physical presence or [_] online notarization, this ___ day of July, 2023 by Maria Kastrenakes, who [_] are personally known or [_] have produced _____ as identification.

[Notary Seal]                                    Notary Public

                                                 Printed Name:

                                                 My Commission Expires:

**Affidavit**

**[Continuous Marriage Affidavit — by Spouses]**

**BEFORE ME**, the undersigned authority, duly authorized to take acknowledgments and administer oaths, personally appeared MICHAEL KASTRENAKES and MARIA KASTRENAKES ("Affiants"), who depose(s) and say under penalties of perjury that:

1. This affidavit is made with regard to the following described property:

   Lot 33, Coachman Lakes Estates, according to the map or plat thereof as recorded in Plat Book 62, Page 26, Public Records of Pinellas County, Florida.

2. Affiants are the fee simple owners of the property described in item 1 above.

3. Affiants hereby affirm that the property described in item 1 above was acquired by them during their marriage and that they have remained married to each other without interruption through the date hereof.

4. This affidavit is made to induce **Old Republic National Title Insurance Company** ("Title Insurer") to insure title to the real property described in item 1 above. Affiant agrees to indemnify **Title Insurer** and hold it harmless from any loss or damage resulting from its reliance on the matters set forth in this affidavit.

_____
(Affiant)
Print Name: Michael Kastrenakes

_____
(Affiant)
Print Name: Maria Kastrenakes

STATE OF  _____
COUNTY OF  _____
The foregoing instrument was sworn to and subscribed before me by means of [ ] physical presence or [ ] online notarization this \_\_\_ day of July, 2023, by Michael Kastrenakes, who [ ] is personally known or [ ] has produced _____ as identification.

[Notary Seal]

_____
Notary Public

Printed Name: _____

My Commission Expires: _____

STATE OF  _____
COUNTY OF  _____
The foregoing instrument was sworn to and subscribed before me by means of [ ] physical presence or [ ] online notarization this \_\_\_ day of July, 2023, by Maria Kastrenakes, who [ ] is personally known or [ ] has produced _____ as identification.

[Notary Seal]

_____
Notary Public

Printed Name: _____

My Commission Expires: _____

1 | P a g e

## LOAN CLOSING STATEMENT

As of July ___, 2023

MORTGAGOR:

**MICHAEL KASTRENAKES and MARIA KASTRENAKES,**

MORTGAGEE:

**CYGRAM HERITAGE, LLLP**

**Principal Amount**

Judgment Amount:                                    $1,500,000.00

**Recording Fees / Taxes:**                        $8,362.25

Mortgage, Security Agreement, Financing Statement and Assignment of Rents
Documentary Stamps: $5,250.00
Intangible Tax: $3,000.00
Recording Fee: $98.00
(Mortgage – 7 Pages)
(Limitation of Future Advances, Wells Fargo, N.A. – 2 pages)
(Limitation of Future Advances, CenterState Bank N.A. – 2 pages)
Electronic Recording Fee: $14.25

**Title Expenses:**                                  $6,425.00

Title Search Fee: $100.00
Mortgagee Policy: $6,325.00

**TOTAL DISBURSEMENTS:**              **$14,787.25**


THE UNDERSIGNED MORTGAGOR ACKNOWLEDGES RECEIPT OF THIS CLOSING SETTLEMENT STATEMENT AND AGREES TO THE CORRECTNESS THEREOF AND AUTHORIZES AND RATIFIES THE DISBURSEMENT OF THE FUNDS AS STATED ABOVE.

BORROWER ACKNOWLEDGES THAT SOME OF THE ABOVE COSTS MAY BE ESTIMATES; EXCESS COSTS SHALL BE BILLED TO AND REIMBURSED BY BORROWER.

BORROWER FURTHER ACKNOWLEDGES THAT THE LOAN PROCEEDS ARE FOR

2 | P a g e

BUSINESS PURPOSES ONLY AND ARE NOT FOR PERSONAL, FAMILY OR HOUSEHOLD USE.

**MORTGAGOR:**

_____
Michael Kastrenakes

_____
Maria Kastrenakes