# EXHIBIT "F"

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:

MICHAEL KASTRENAKES

    Debtor.

_____/

CYGRAM HERITAGE, LLLP, Derivatively, on behalf of NEW WAVE ACCEPTANCE, LLC, a Florida limited liability company,

    Plaintiff,

v.

MICHAEL KASTRENAKES

    Defendant,

and

NEW WAVE ACCEPTANCE, LLC, a Florida limited liability company,

    Nominal Defendant.

_____/

Case No.: 8:22-bk-01210-CED
Chapter: 7

Adversary No.: 8:22-ap-00096-CED

## **STIPULATED ORDER GRANTING DISMISSAL WITH PREJUDICE**

THIS CAUSE came on for consideration in a manner consistent with this Court's

"Order Granting Motion to Compromise Controversy Between Vasiloudes Creditors and

Kastrenakes Parties" (the "Compromise Order") [Doc. XXX], entered in the chapter 7 liquidation of Michael Kastrenakes (the "Debtor"), granting the "Motion to Compromise Controversy Between Vasiloudes Creditors and Kastrenakes Parties" (the "Compromise Motion") [Doc. XXX] filed on July XX, 2023, by Cygram Heritage, LLLP ("Heritage"), the Debtor, and several other parties in interest.  It is noted in these regards that Heritage has initiated this above-captioned adversary proceeding (this "Derivative Dischargeability Proceeding") derivatively on behalf of New Wave Acceptance, LLC ("New Wave").

The Compromise Order approved of a plenary compromise of controversies (the "Compromise"), and the granting of extensive relief as to both the Debtor and Heritage (together, the "Parties"), as well as other parties in interest.

In this Derivative Dischargeability Proceeding, Heritage has alleged certain conduct by the Debtor as to New Wave, a business entity that was half-owned by the Debtor and half-owned by Heritage.  By its express terms, the Compromise Motion contemplated the entry of an order dismissing this Derivative Dischargeability Proceeding.

This Court, being fully advised in the premises, entered the Compromise Order. At this juncture, it is incumbent upon this Court to enter this dismissal order (this "Dismissal Order"), dismissing this Derivative Dischargeability Proceeding.  All findings of fact, conclusions of law, and holdings in connection with the Compromise Order are hereby reincorporated in a manner consistent with requirements of Federal Rule of Bankruptcy Procedure 7052.  It is

**ORDERED, ADJUDGED, AND DECREED** as follows:

1. The Dismissal Order is hereby entered.

2. All claims brought, or that could have been brought, in the context of this Derivative Dischargeability Proceeding, are hereby dismissed with prejudice.

3. Each of the Parties will each bear their own attorneys' fees and costs associated with this Derivative Dischargeability Proceeding.

4. Each of the Parties is expressly found and held to have waived any right to rehearing, reconsideration, appeal, or any other procedural device intended to alter the effectiveness of this Dismissal Order.

5. This Court hereby retains jurisdiction over the subject matter and the Parties to the extent required to construe, apply, and enforce the relief granted herein. This Court's exercise of jurisdiction is intended to be coterminous with that under the Compromise Order itself.

> Attorney, John A. Anthony, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three (3) days of entry of this order.