[Doepvhlt] [District Order Establishing Procedures for Video Hearings – Limited Parties]

ORDERED.

**Dated: July 25, 2023**

Caryl E. Delano
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 8:22–bk–01210–CED<br>Chapter 7 |
| Michael Kastrenakes | |
| _____Debtor*_____ / | |

ORDER ESTABLISHING PROCEDURES FOR VIDEO HEARINGS

   This order establishes procedures for a video hearing in this case. Under Federal Rule of Civil Procedure 43, made applicable in this case under Federal Rule of Bankruptcy Procedure 9017, the Court, for good cause in compelling circumstances and with appropriate safeguards, may permit testimony in open court by contemporaneous transmission from another location. The Court finds that good cause and compelling circumstances exist in this case to permit the following court hearing and testimony by video.

Accordingly, it is

   **ORDERED:**

   1. The Court will permit parties and attorneys to attend the hearing scheduled for July 31, 2023 at 10:30 AM (the "Hearing") via ZOOM. Parties who wish to attend the hearing by Zoom must register at https://pacer.flmb.uscourts.gov/fwxflmb/zoom/.

   2. Parties who wish to listen only, who do not anticipate active participation in the Hearing, or who lack the necessary technology to participate by video may attend the Hearing by telephone following the procedures set forth below. However, a party who wishes to examine a witness or to make evidentiary objections must attend the hearing by video on Zoom; parties are not permitted to examine witnesses or make evidentiary objections by telephone.

Note: There is no charge for attending a hearing by video or by telephone on Zoom.

| | |
|---|---|
| Judges Delano and McEwen | via CourtCall by calling (888–882–6878) OR by registering for the Zoom Meeting and selecting the audio option by 5:00 p.m. the business day preceding the hearing. |

| Judge Colton | via Court Solutions by registering at www.court–solutions.com by 5:00 p.m. the business day preceding the hearing. |
|---|---|

3. Witnesses must participate by video. Counsel for the party presenting the witness must coordinate all aspects of the witness's participation including designating an estimated time when the witness will connect to the video conference, establishing an off–line method to contact the witness, and implementing safeguards to insure that the witness is sequestered until called to testify. The party sponsoring a remote witness is responsible for supplying all exhibits, deposition transcripts and other needed papers prior to the hearing. Failure to properly sequester a witness may result in sanctions against the attorney and the party calling the witness. Only one participant is permitted per video link, i.e., each participant must use a separate computer and video camera to connect to the hearing.

4. Under Federal Rule of Civil Procedure 43(a), made applicable by Federal Rule of Bankruptcy Procedure 9017, witnesses who testify remotely by contemporaneous transmission, will be sworn in by video, and their testimony will be accepted and binding as if they were testifying live in the courtroom.

5. During the Hearing, all participants must:

    a. Dress in appropriate court attire (if appearing by video);

    b. Mute their microphone when not speaking;

    c. Wait until called upon by the Court before speaking;

    d. Not speak over other participants;

    e. Participate from a quiet location; and

    f. Announce themselves prior to speaking.

6. Parties are reminded of the requirements of Local Rule 9070–1 regarding the filing and use of exhibits. Local Rule 9070–1(c)(2)'s requirement that paper copies of exhibits to be used by witnesses be provided to opposing counsel and the Court is waived, except that a party shall deliver a binder or binders of exhibits at least forty–eight (48) hours before the Hearing to:

    a. Any *pro se* party;

    b. Any party that requests a copy; and

    c. All witnesses.

7. Participants are reminded that photographing, recording or further broadcasting the Hearing is strictly prohibited. Violation of these prohibitions may result in sanctions. All hearings will continue to be recorded using the Court's official digital recording system. The process for requesting an official transcript has not changed.

The Clerk is directed to serve a copy of this order on all interested parties.

*All references to "Debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.